**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** )<br><br>**Plaintiff,** )<br><br>**v.** )<br><br>**BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO,** )<br><br>**Defendants.** ) | **Civil Action No. 1:23-cv-01599** |

**TEMPORARY RESTRAINING ORDER**
**FREEZING ASSETS, GRANTING OTHER RELIEF, AND**
**ORDER TO SHOW CAUSE WHY RELIEF SHOULD NOT CONTINUE**

This matter comes before the Court upon the Emergency Motion by Plaintiff United

States Securities and Exchange Commission ("SEC" or "Commission") for the following orders

with respect to Defendants Binance Holdings Limited ("Binance"), BAM Trading Services, Inc.

("BAM Trading"), BAM Management US Holdings, Inc. ("BAM Management"), and

Changpeng Zhao ("Zhao"):

1.  an Order to Show Cause Why a Preliminary Injunction Should Not be Granted as to Defendants;

2.  an Order Freezing the Assets of Defendant BAM Management and BAM Trading (together, "BAM") as set forth herein;

3.  an Order Directing Defendants to Repatriate Assets Held for the Benefit of BAM Customers;

4.      an Order for Other Relief Concerning the Custody and Control of BAM

Customers' Assets;

5.      an Order Prohibiting the Destruction of Records by the Defendants;

6.      an Order Requiring Sworn Accountings of Certain Assets from the Defendants;

7.      an Order Authorizing Expedited Discovery from the Defendants; and

8.      an Order Authorizing Alternative Means of Service.

The Court has considered the Commission's Complaint; its Emergency Motion for a

Temporary Restraining Order Freezing Assets, Granting Other Relief, and Order to Show Cause

Why Relief Should Not Continue; supporting Memorandum of Law; and the declarations,

exhibits, and other materials filed in support thereof.  The Court now finds as follows:

1.      This Court has jurisdiction over the subject matter of this action and over

Defendants, and venue properly lies in this District as to all Defendants.

2.      The Commission has made a sufficient and proper showing in support of the relief

granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15

U.S.C. § 77t(b)] and Section 21(d)(1) of the Securities Exchange Act of 1934 ("Exchange Act")

[15 U.S.C. § 78u(d)], by setting forth evidence from which an inference of a violation can be

drawn and showing a likelihood that the Commission will prevail at trial on the merits and that

the Defendants have engaged in and, unless temporarily restrained and enjoined by order of this

Court, will continue to engage in acts, practices, and courses of business constituting violations

of Section 5 and Section 17(a)(2) and (3) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)]

[15 U.S.C. § 77q(a)(2) and 77q(a)(3)] as well as Sections 5, 15(a), and 17A(b) of the Exchange

Act [15 U.S.C. §§ 78e, 78o(a), and 78q-1(b)] .

3.      An order freezing BAM's assets is necessary to preserve the status quo, prevent dissipation or transfer of those assets from the jurisdiction of this Court, and protect this Court's ability to award relief in the form of disgorgement, prejudgment interest, and civil penalties.

4.      It further appears that an order requiring Defendants to repatriate assets held for the benefit of customers of BAM and the Binance.US crypto asset trading platform ("Binance.US Platform") is necessary to preserve the status quo, ensure the safety and availability those assets held, and prevent dissipation or transfer of those assets from the jurisdiction of this Court.

5.      It further appears that an order requiring Defendants to transfer to, and otherwise ensure that, Defendant BAM Trading and Defendant BAM Management, through their officers and employees, have sole possession, custody, and control of all BAM and Binance.US Platform customer assets as defined below, including, for the avoidance of doubt, assets deposited, held, traded, and/or accrued by the customers to transact on the Binance.US Platform and assets committed to BAM's "staking as a service" investment product, is necessary to preserve the status quo, ensure the safety and availability of BAM customer assets, and prevent dissipation or transfer of those assets from the jurisdiction of this Court.

6.      It further appears that an order prohibiting Defendants from destroying, altering, or concealing records of any kind—including documents concerning the allegations in the Complaint or Defendants' assets, finances, business operations, or customer assets—is necessary to ensure compliance with the relief granted herein and to protect the integrity of this litigation.

7.      There is good cause to grant the SEC's requests for a verified accounting of assets as set forth herein and alternative means of service.

8.    Good and sufficient reasons have been shown why expedited discovery is necessary.

Accordingly, the Motion is **GRANTED**, and the Court hereby orders as follows:

## I.

## <u>SHOW CAUSE HEARING</u>

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the**

Defendants show cause, if any, before the Honorable _____ of this Court, at __ o'clock _.m., on the __ day of ____, 2023, in Courtroom _____, United States Courthouse, in Washington, D.C., or as soon thereafter as the matter can be heard, why a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be granted against the Defendants, as requested by the Commission.  Defendants shall serve any papers in opposition to such relief by hand delivery, overnight courier service, or electronic mail to the Commission's counsel, Matthew Scarlato, Senior Trial Counsel, Securities and Exchange Commission, 100 F Street, N.E., Washington, DC, 20549-5949, scarlatom@sec.gov, with a copy sent to all SEC counsel of record, no later than _____, 2023 at 5:00 p.m.  The Commission may serve and file a reply no later than _____, 2023 at 5:00 p.m., and shall serve such reply brief, if any, on Defendants by the most expeditious means available.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) each Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

4

## II.

## ASSET FREEZE

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pending the determination of the Commission's Motion for a Preliminary Injunction or hearing on the merits:

A.      Defendants BAM Management and BAM Trading and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including without limitation, all financial and brokerage institutions identified on Exhibit A to this Order), and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control, or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including, but not limited to, all funds or assets in those accounts identified on Exhibit A to this Order except as expressly set forth in this Order;

B.      That any financial or brokerage institution or other person or entity holding any funds or other assets in the name of, for the benefit of, or under the custody or control of Defendants BAM Management and BAM Trading, their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as expressly set forth in this Order.

C.      To the extent that a brokerage firm holds a brokerage account for Defendant BAM Management or Defendant BAM Trading that contains options, the brokerage firm shall

exercise business judgment to close or sell the position and/or take other reasonable steps to preserve and maximize the value of Defendant BAM Management or Defendant BAM Trading's accounts and to prevent dissipation of the assets.  The brokerage firm shall ensure that all net proceeds of any such activity remain in that account and subject to the asset freeze ordered in this case.

### III.

### REPATRIATION

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that** on or before **10 days** from the date the Court issues this Restraining Order, each Defendant shall repatriate to the United States all fiat currency and crypto assets that are deposited, held, traded, and/or accrued by investors (referred to herein as "customers") on the Binance.US Platform, including for BAM's staking-as-a-service program, or otherwise held for the benefit of BAM and Binance.US Platform customers, including, but not limited to, any hardware crypto asset wallets, all private keys in any form (or portions thereof), and any device, hardware, or software holding such private key or portion thereof (hereinafter referred to as "Customer Fiat Assets" or "Customer Crypto Assets" and, collectively, "Customer Assets").

### IV.

### CUSTODY AND CONTROL OF BINANCE.US CUSTOMER ASSETS

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, on or before **5 days** from the date the Court issues this Restraining Order, Defendants will transfer to, and otherwise ensure that, BAM Trading, through its officers and employees, will have sole possession, custody, and control of all Customer Assets, and all transfers and withdrawals of Customer

Assets will solely be under the direction and control of Defendant BAM Trading, through officers and employees located in the United States;

1.  **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that within **5 days** of this Restraining Order, Defendants will:

    a.  coordinate the transfer to Defendant BAM Trading of any Customer Assets currently in the possession, custody, or control of Defendant Binance, Defendant Zhao, and any individual or entity with any affiliation, agreement, or other relationship with Defendant Binance, Defendant Zhao, or any Zhao-owned or -controlled entity (collectively, "Binance Entities");

    b.  remove Defendant Binance, Defendant Zhao, and any of the Binance Entities as a signatory or authorized person to transfer or withdraw assets from all accounts and/or wallets containing Customer Assets; and

    c.  ensure that neither Defendant Binance, nor Defendant Zhao, nor any of the Binance Entities obtains possession, custody, or control over Customer Assets, including by being designated as an account holder or signatory of any account or wallet holding Customer Assets, without first obtaining leave of the Court.

2.  **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that within **30 days** of entry of the Restraining Order, Defendants will transfer all Customer Crypto Assets to new wallets with new private keys, including new administrative keys.  These private keys, and any portion or copy thereof, and any device, hardware, or software holding such private keys or any portion or copy thereof, will be in the sole possession, custody, and control of Defendant BAM Trading officers and employees who are located in the United States, and will not be

provided to or in any way shared with Defendant Binance, Defendant Zhao, or any of the Binance Entities.  Defendant BAM Trading will provide counsel of record for the SEC with the addresses for all new wallets holding Customer Assets, both hot and cold, and will identify the specific crypto asset(s) held within each wallet.

3.   **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant BAM Trading may continue to transfer Customer Assets to support redemptions of Customer Crypto Assets, with the exception of and specifically excluding Customer Crypto Assets of any of the Binance Entities and otherwise subject to the prohibition that it not transfer Customer Assets for the benefit of any of the Binance Entities.

4.   **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any transfer of Customer Assets over $100,000 must be approved in writing by the CEO and CFO of Defendant BAM Trading and certified by them to counsel of record for the SEC as being compliant with this Order.

5.   **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant BAM Trading may transfer custody of Customer Crypto Assets deposited, held, traded, staked, and/or accrued through BAM Trading's staking-as-a-service program "Staking Assets" to the third-party custodians BitGO and Aegis, provided the following criteria are met:

   a.   the wallets are located within the United States and directed solely by BAM Trading officers and employees located in the United States;

   b.   the private keys for these wallets, or any portion or copy thereof, and any device, hardware, or software holding such private keys or any portion or copy thereof, are held in the United States by officers and employees of

BAM Trading, BitGO, and/or Aegis, respectively, located in the United States;

c.  all transfers require the approval of both Defendant BAM Trading and, if held by BitGO or Aegis, as necessary, BitGO or Aegis; and

d.  The Binance Entities shall <u>not</u> have possession, custody, or control of these Staking Assets, including, but not limited to, any authority, formally or informally, directly or indirectly, to control, transfer, or withdraw, these Staking Assets.

**V.**

**PRESERVATION OF DOCUMENTS AND INFORMATION**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with anyone or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to Defendants, wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

**VI.**

**ACCOUNTING**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, on or before **5 days** from the date the Court enters this Restraining Order, each Defendant, to the best of their knowledge and ability, provide counsel for the SEC with a preliminary list of:

1.      accounts and wallets holding Customer Fiat Assets, Customer Crypto Assets, and funds or assets of either BAM entity and the value of assets held;

2.      customers of the Binance.US Platform and related services, and the balance of Customer Assets associated with each customer's Binance.US account and/or wallet; and

3.      United States customers of the Binance.com crypto asset trading platform and related services, and the balance of Customer Assets associated with each United States customer's Binance.com account.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, on or before **30 days** from the date the Court issues this Restraining Order, each Defendant shall serve upon the Commission a verified written accounting, which each Defendant must sign under penalty of perjury, providing the following information;

1.      Each account or wallet holding Customer Assets or assets of either BAM entity or maintained in any Defendant's name, held by any Defendant or for any Defendant's direct or indirect beneficial interest, or over which any Defendant exercised any direct or indirect control from January 1, 2023 through the date of the accounting, including the name of the financial institution, exchange, or other entity holding such account or wallet, name and last four digits of the account number, and the wallet address;

2.      All assets, funds, crypto assets, securities, or other property, real or personal, within each Defendant's possession, custody, or control, that is valued greater than $1,000, that was transferred to or for the benefit of any Defendant or other person or entity from January 1, 2023 to the date of the accounting, including a description of each transferred asset, the name of the recipient, the date of the transfer, and the reason for the transfer; and

## VII.

## <u>EXPEDITED DISCOVERY</u>

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

1.      For the next **60 days**, the SEC may conduct expedited discovery of Defendants and third parties concerning the Customer Assets and their security, segregation, availability, and any encumbrances or limitations that would make them unavailable for transfer or withdrawal by customers, including, but not limited to type, identity, location, value, custody, control, restrictions, and whether there are sufficient assets to satisfy customer liabilities or meet customer claims for Customer Assets held on their behalf.  This limited expedited discovery pertaining to the Customer Assets shall not be counted against any discovery limits imposed under the Federal Rules of Civil Procedure;

2.      Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the SEC may take depositions upon oral examination on **7 calendar days'** notice of any such deposition.  As to Defendants and their agents, servants, employees, and associates, the SEC may depose such witnesses after serving a deposition notice by email, hand, or overnight courier upon such individuals, and without serving a subpoena on such witness.  If the Parties agree to conduct any depositions virtually, such depositions shall be conducted pursuant to the SEC's procedures, and the oath of the deponent may be administered remotely by the court reporter, through audio-video means, and this oath shall have the same effect as if given in the physical presence of the

deponent. Depositions that have not been signed by the witness may be used for purposes of any hearing relating to this preliminary injunction;

3.      Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, Defendants shall answer any interrogatories served by the SEC within **10 calendar days** of service of such interrogatories;

4.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendants shall produce all documents requested by the SEC within **10 calendar days** of service of such request, with production of the documents made to counsel of record for the SEC or such other person or place as counsel for the SEC may direct in writing; and

5.      All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered electronically, or such other place and person as counsel for the SEC may direct in writing.

## VIII.

## <u>ALTERNATIVE SERVICE</u>

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** in addition to any means allowed by Federal Rules of Civil Procedure 4 and 5, the SEC may serve the summons and Complaint, any orders entered pursuant to this Motion (and all related papers), and any future filings, notices, subpoenas, or other process in the above-captioned case upon Defendants Changpeng Zhao and Binance Holdings Limited by sending copies by email to the attorneys who represented them during the investigation that led to this proceeding.

## IX.

## <u>RETENTION OF JURISDICTION</u>

**IT IS HEREBY FURTHER ORDERED** that this Court shall retain jurisdiction over this matter and the Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.


**SO ORDERED.**


Dated this____day of June, 2023:

_____
UNITED STATES DISTRICT JUDGE

SERVE:

Richard Grime, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306

*Counsel for Binance Holdings Limited*


William McLucas, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington D.C. 20037

George Canellos, Esq.
Milbank LLP
55 Hudson Yards
New York, NY  10001-2163

*Counsel for BAM Trading Services Inc. and*
*BAM Management US Holdings Inc.*


Douglas Yatter, Esq.
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020

*Counsel for Changpeng Zhao*