# EXHIBIT A-85

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Stephanie Brooker
Direct: +1 202.887.3502
Fax: +1 202.530.4216
SBrooker@gibsondunn.com

M. Kendall Day
Direct: +1 202.955.8220
Fax: +1 202.831.6050
KDay@gibsondunn.com

Richard W. Grime
Direct: +1 202.955.8219
Fax: +1 202.530.9652
RGrime@gibsondunn.com

CONFIDENTIAL
FOIA CONFIDENTIAL TREATMENT REQUESTED

June 1, 2023

<u>VIA ELECTRONIC MAIL</u>

Jennifer Farer
U.S. Securities and Exchange Commission
Division of Enforcement
100 F Street NE
Washington, DC 20549

Re:   *In the Matter of Binance.US*, HO-13865

Dear Ms. Farer:

We write on behalf of our client, Binance Holdings Limited ("BHL" or "Binance"), to respond preliminarily to the letter received from you on May 30, 2023 ("May 30 Letter"), requesting voluntary witness testimony on 26 categories (and additional sub-categories) of information, to occur today, June 1, 2023, as well as testimonial or documentary submissions on two additional broad topics. As is evident, the May 30 Letter is based on the Staff's purported concerns with a different subject in an investigation not focused on BHL. Although we discussed the May 30 Letter with you and other counsel on a call yesterday afternoon, BHL feels compelled to submit this letter to note certain facts relevant to the Staff's requests.

As we told you yesterday, BHL can engage with you regarding the information responsive to your requests on a reasonable schedule, to the extent that the information is within BHL's possession. The time frames that you have set forth, however, are not reasonable and contemplate a process designed to fail, perhaps as a pretext for seeking emergency relief that the record will not support. As the Staff knows, a request for witness testimony and documents with less than 48 hours' notice would be highly unusual in any situation. Such a request <u>after</u> the Staff has received Commission authorization to file an enforcement action—demanding, in effect, pre-filing discovery outside the scope of the Federal Rules of Civil Procedure—is, in our experience, unprecedented. The burden on BHL here is compounded by the fact that the vast majority of the documents and information requested are not in BHL's possession, but are in the possession of BAM Trading Services, Inc., and/or BAM Management US Holdings, Inc. (together, "BAM"), which received a nearly identical request from the Staff on May 30 and is responding separately. We understand that the Staff was in dialogue with BAM for months before the May 30 Letter was issued on these topics and BAM has provided voluminous information to the Staff.

The May 30 Letter also suggests, without any support or specificity, that the Staff and/or the Commission believes that the assets of Binance.US users are now somehow at risk. Obviously such an unfounded allegation, if made publicly, especially in a request for emergency relief, could lead to catastrophic harms to those users. That allegation is also a new one to BHL. As described below, the May 30 Letter was sent to BHL months after BHL responded, on an expedited basis, to a Wells notice that did not raise any questions or concerns about BAM customer asset safety, and weeks after the Commission approved an enforcement action against BHL for unrelated alleged conduct. Therefore, the requests that the Staff now characterizes as urgent come months after the Staff's (non-)investigation of BHL was supposed to have concluded. Further, the SEC Enforcement Manual is clear that requests for information on an extremely expedited basis should only be used in "exigent circumstances" which are not applicable here.

**Background**

As we have previously discussed with you, the history of BHL's involvement in the Staff's investigation of BAM is one that has already strained the limits of due process. In summary:

- Prior to February 21, 2023, BHL had extremely limited contact with the Staff in connection with this investigation. Specifically:

  o In November 2021, BHL produced certain mobile data for a BHL employee to the Staff. The data related to the employee's service as a director of a BAM-related entity, not to any conduct related to BHL.

  o In late 2021 and early 2022, BHL worked cooperatively with the Staff to address a potential issue relating to legal privileges held by BHL that might need to be asserted in the testimony of a BAM employee.

  BHL's last contact with the Staff related to either of the above topics was on or about January 13, 2022. Through February 20, 2023, the Staff had posed no substantive investigative questions to BHL during its investigation of BAM, and had requested no documents from BHL.

- Without any warning, on February 21, 2023, the Staff issued a "Wells notice" to BHL, informing it that it had concluded preliminarily to recommend a Commission proceeding against BHL for violation of Securities Exchange Act Sections 5 and 17A on the grounds that BHL allegedly acted as one of the "group of persons" that operated the Binance.US platform as an unregistered securities exchange, as well as allegedly acting as an unregistered clearing agent for that exchange. Few details were provided by the Staff to support these purported registration violations or the Staff's allegations

- that the crypto assets on the Binance.US platform were securities under U.S. law, and that BHL was the custodian of those assets.  Rather, the Staff only indicated that the Commission views many or all of the assets on the Binance.US platform as securities and refused to specify which assets were securities or engage on why it thinks so.  Further, no concern was raised that the safety and availability of BAM assets might be at risk.

- The Wells notice gave BHL a mere 13 business days, until March 10, 2023, to respond, despite the fact that no investigation of BHL had actually occurred.  After BHL requested an extension of a modest three weeks, the Staff responded by granting only three extra business days, to March 15, 2023.  BHL complied and submitted a Wells response on March 15, 2023.

- On March 23, 2023, the Staff posed over 50 questions to BHL about its involvement in the Binance.US platform.  At no time did the Staff suggest that it was concerned about "the safety of customer assets" as alleged in the May 30 Letter.  Instead, the purpose of the March 23 questions appeared to be to provide the Staff with the purported investigative basis (which it had not compiled before the Wells notice) to allege that BHL's involvement in the Binance.US platform was significant enough to violate Sections 5 and 17A.  Regardless, the Staff initially gave BHL only six business days to respond, before extending the deadline another ten business days, to April 14, 2023.  On that day, BHL's answers to the Staff's questions were met with a new round of 23 questions.  As the parties moved into settlement discussions the Staff never followed up after April 14 to suggest to BHL that answers to these 23 questions were still of relevance to the Staff.

- Over the past several weeks, as you know, the parties have been engaged in active negotiations to resolve this matter.  During those discussions, the Staff informed BHL that the Commission has already authorized an enforcement action.  However, at no time during those discussions did the Staff express specific concerns to BHL that the safety of user assets on the Binance.US platform might be at risk.

**The May 30 Request**

In light of the history of this matter as described above, the request for testimony and document production in less than 48 hours is inconsistent with the SEC Enforcement Manual ("Manual"). For example, the Manual directs that "forthwith subpoenas" requiring immediate production of information be used only in "exigent circumstances," such as where "records are sought from a witness or custodian who: (i) we have specific reason to believe may destroy or falsify

records, (ii) is a flight risk, or (iii) has been uncooperative or obstructive during the investigation." Manual § 3.2.8.[1]  None of those circumstances is present here.

Moreover, there is also no basis for the Staff to propound identical lists of 26 questions with over 20 additional sub-parts to both BHL and BAM and to request independent responses, via the simultaneous testimony of two corporate representatives, within 48 hours.  As we discussed on the call yesterday, BHL stands ready to discuss what information is not in BAM's possession and might be able to be provided by BHL.  However, the Staff has identified no evidence, either in its letter or the call yesterday, that calls into question the security of user assets on the Binance.US platform.  In short, there is simply no legitimate reason for the crisis that the May 30 Letter manufactures.

**Conclusion**

BHL is prepared to engage further with the Staff regarding its May 30 Letter, which it expects to be addressed primarily by BAM.  In the meantime, it strongly disputes any suggestion, without any factual basis, for heightened concern by the Staff about the security of customer assets on the Binance.US platform.

\*       \*       \*

This letter contains confidential business information of Binance.  On behalf of Binance, we request that this letter, and all other information or documents that may be supplied by Binance to the SEC, be accorded confidential treatment under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b).

Binance requests, under 17 C.F.R. § 200.83, that the SEC afford confidential treatment to, and not disclose, this transmission—as well as any other such information or documents that may be provided to the SEC in the future by Binance—in response to any request under FOIA.  The transmission referenced above contains confidential business information belonging to Binance.  A copy of this written request for confidential treatment will be mailed to the SEC Office of Freedom of Information and Privacy Act Operations at 100 F Street NE, Washington, DC 20549.  Should the SEC receive a request under FOIA for disclosure of the information to which this request for confidential treatment relates, Binance requests immediate notification of the undersigned by telephone or electronic mail, so that we may provide any additional information necessary regarding this request for confidential treatment.

---

[1] BHL recognizes that the May 30 Letter is styled as a request rather than a subpoena (forthwith or otherwise).  But with the threat of Commission action looming, that is a distinction without a difference.

# GIBSON DUNN

June 1, 2023
Page 5

We request that the SEC use this letter only in furtherance of this investigation and not use it for unrelated purposes without first consulting with, and obtaining the prior written consent of, Binance. Binance also requests that, upon completion of your investigation into this matter, all documents produced by Binance promptly be returned and that no copies be retained.

* * *

Should you have any questions, please do not hesitate to contact me at (202) 887-3502 or my colleagues Kendall Day at (202) 955-8220 or Richard Grime at (202) 955-8219.

Sincerely,

*[signature: Stephanie Brooker]*

Stephanie Brooker
M. Kendall Day
Richard W. Grime