# Exhibit 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES, INC., BAM MANAGEMENT US HOLDINGS, INC., and CHANGPENG ZHAO, <br><br> Defendants. | Civil Action No. _____ |

**PROPOSED STIPULATION AND CONSENT ORDER**

Pursuant to Section 21(d) of the Securities Exchange Act of 1934 and Section 20(b) of the Securities Act, and in order to preserve the status quo, Plaintiff Securities and Exchange Commission ("Commission" or "SEC") and Defendants Binance Holdings Limited ("Binance"), BAM Trading Services, Inc. ("BAM Trading"), Changpeng Zhao ("Zhao"), and BAM Management US Holdings, Inc. ("BAM Management," together with Binance, BAM Trading, Zhao, the "Stipulating Defendants," and together with the SEC the "Stipulating Parties"), hereby stipulate and consent, without a hearing, to the Court's entry of this Stipulation and Consent Order ("Consent Order") as set forth below pending the Court's final adjudication of this matter or until further order of the Court.

The Stipulating Parties agree and the Court finds that the Court has jurisdiction over the subject matter of this action, and that venue properly lies in this District.

Accordingly, based on the agreement of the Stipulating Parties and for good cause shown, it is hereby

1

**ORDERED**:

**I.**

On or before the date the Court issues this Consent Order, the Stipulating Defendants shall repatriate to the United States and confirm that BAM Trading maintains possession, custody and control in the United States of all fiat currency and crypto assets that are deposited, held, traded, or accrued by customers, including affiliated and non-affiliated liquidity providers (hereinafter referred to as "Customers") on the crypto trading platform commonly known as "Binance.US" or otherwise held for the benefit of BAM Customers, including, but not limited to, private and administrative keys, and any portion or copy thereof (including the devices and/or software managing such keys) and any hardware crypto asset wallets (hereinafter referred to as "Customer Fiat Assets" or "Customer Crypto Assets" and, collectively, "Customer Assets"), except as otherwise specified in this Consent Order.  For the avoidance of doubt, U.S.-based personnel for BAM Trading and BAM Management, not to include Zhao, will have complete control over Customer Fiat Assets and Customer Crypto Assets, including all private and administrative keys, and any portion or copy thereof (including the devices and/or software managing such keys) that control any wallets, staking operations, and/or any movement of assets, except as otherwise specified in this Consent Order.  Nothing in this paragraph will prevent BAM Trading from relying on non-affiliated third-party custodians to provide custody and related services.

**II.**

**IT IS FURTHER ORDERED** that on or before the date the Court issues this Consent Order, Stipulating Defendants will, through their officers and employees or a non-affiliated third party custodian, ensure that BAM Trading and BAM Management obtain and maintain sole

2

possession, custody, and control of all Customer Assets, and all transfers and withdrawals of Customer Assets will solely be under the direction and control of BAM Trading and BAM Management, through officers and employees located in the United States, or under the control of a non-affiliated third party custodian;

1. **IT IS FURTHER ORDERED** that BAM Trading and BAM Management will not provide possession, custody, or control over Customer Assets to any individual or entity, including Binance, Zhao, and any individual or entity with any affiliation, agreement, or other relationship with Binance, Zhao, or any Zhao- owned or -controlled entity, with the exception of BAM Trading and BAM Management (collectively, "Binance Entities").  BAM Trading and BAM Management will not designate any such individual or entity as an account holder or signatory of any account holding Customer Assets, without first obtaining leave of the Court. This paragraph does not limit BAM Trading's ability to provide customers other than the Binance Entities with possession, custody, or control over their own Customer Assets or rely on non-affiliated third-party custodians to provide custody and related services for Customer Assets.

2. **IT IS FURTHER ORDERED** that within 14 days of entry of the Consent Order, Stipulating Defendants will begin to transfer all Customer Crypto Assets to new wallets with new private keys. These private keys, and any portion or copy thereof, will be in the sole possession, custody, and control of BAM Trading officers and employees who are located in the United States, and these private keys, and any portion or copy thereof, will not be provided to or in any way shared with the Binance Entities. BAM Trading shall confer with counsel of record for the SEC regarding a reasonable timeline for completing this work and will provide them with the addresses for all new wallets holding Customer Assets, both hot and cold, and

3

will identify the specific crypto asset(s) held within each wallet.

3. **IT IS FURTHER ORDERED** that BAM Trading and BAM Management may continue to make payments for the purchase of goods and services, salaries for BAM Trading and BAM Management personnel, including preexisting benefits, professional fees, and other similar ordinary-course expenditures for the operation of their businesses, provided, however, that BAM Trading and BAM Management may not in any circumstance make payments, or transfer any assets, to or for the benefit of any Binance Entity or any individual or entity acting on behalf of any such Binance Entity without further order of the Court.

4. **IT IS FURTHER ORDERED** that within **14 days** of entry of the Consent Order, Stipulating Defendants will ensure that private keys, and any portion or copy thereof, will be in the sole possession, custody, and control of BAM Trading officers and employees who are located in the United States, or by non-affiliated third-party custodians. These private keys, and any portion or copy thereof, will not be provided to or in any way shared with the Binance Entities. BAM Trading will keep current its list of hot and cold wallets and make that list available to counsel of record for the SEC upon request.

5. **IT IS FURTHER ORDERED** that BAM Trading may continue to transfer Customer Assets to support redemptions of Customer Crypto Assets by the relevant customer, excluding the Binance Entities, and otherwise subject to the prohibition above that BAM Trading may not in any circumstance transfer Customer Assets to or for the benefit of any of the Binance Entities.

6. **IT IS FURTHER ORDERED** that BAM Trading may transfer custody of Customer Crypto Assets deposited, held, staked, or accrued through BAM Trading's staking-as-a-service program ("Staking Assets") to custodians BitGO or Aegis provided the following

Case 1:23-cv-01599-ABJ   Document 41-8   Filed 06/12/23   Page 6 of 11

criteria are met:

    a. the control of assets in these wallets is maintained and directed solely by BAM Trading officers and employees located in the United States or by BitGO and Aegis;

    b. if BAM Trading holds the private keys for these wallets, or any portion or copy thereof, custody and control of these keys is held in the United States by BAM Trading personnel; and

    c. all transfers require the approval of both BAM Trading and, as necessary, BitGO and Aegis.

    d. The Binance Entities shall not have possession, custody, or control of these Staking Assets, including, but not limited to, any authority, formally or informally, directly or indirectly, to control, transfer, or withdraw, these Staking Assets.

### III.

**IT IS FURTHER ORDERED** that Stipulating Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to Stipulating Defendants, wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

**IV.**

**IT IS FURTHER ORDERED** that, on or before **20 days** from the date the Court enters this Consent Order, the Stipulating Defendants, to the best of their knowledge and ability, provide counsel for the SEC with a preliminary list of:

1. accounts and wallets holding Customer Fiat, Customer Crypto Assets, and funds or assets of either BAM entity; and

2. customers of the Binance.US trading platforms and related services, and the balance of Customer Assets associated with each customer's Binance.US account.

**IT IS FURTHER ORDERED** that, on or before **20 days** from the date the Court enters this Consent Order, Binance will provide counsel for the SEC with details about the users on the Binance.com platform previously reflected in the aggregate U.S. KYC and potential U.S. non-KYC trading datasets produced to the SEC on December 6, 2021 and August 18, 2022 reflecting U.S. KYC users who engaged in transactions on Binance.com beginning on June 1, 2019 and ending in September 2021 and potential U.S. non-KYC users who engaged in transactions on Binance.com beginning on June 1, 2019 and ending on January 19, 2022. To the extent such users remain on the Binance.com platform, Binance will provide counsel for the SEC with details of their restricted account balances.

**IT IS FURTHER ORDERED** that, on or before **45 days** from the date the Court issues this Consent Order, the Stipulating Defendants shall serve upon the Commission a verified written accounting, which the Stipulating Defendants must sign under penalty of perjury, providing the following information;

1.      Each account or wallet holding Customer Assets or assets of either BAM entity, or maintained in any BAM entity's name, held by any BAM entity or for any BAM entity's

direct or indirect beneficial interest, or over which any BAM entity exercised any direct or indirect control from January 1, 2023, through the date of the accounting, including the name of the financial institution, exchange, or other entity holding such account or wallet, name and last four digits of the account number, and the wallet address; and

    2.    All assets, funds, crypto assets, securities, or other property, real or personal, within each BAM entity's possession, custody, or control, that is valued greater than $1,000, that was transferred to or for the benefit of any Defendant or any Binance Entity from January 1, 2023, to the date of the accounting, including a description of each transferred asset, the name of the recipient, the date of the transfer, and the reason for the transfer;

## V.

**IT IS FURTHER ORDERED THAT**, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

    1.    For the next 90 days, the SEC may conduct expedited discovery of the Stipulating Defendants, provided that such expedited discovery shall not commence against Binance and Zhao for 45 days, concerning the possession, custody, control, transfer or movement of Customer Assets and their security, segregation, availability, and any encumbrances or limitations that would make them unavailable for transfer or withdrawal by customers, including, but not limited to type, identity, location, value, custody, control, restrictions, and whether there are sufficient assets to satisfy customer liabilities or meet customer claims for Customer Assets held on their behalf. This limited expedited discovery pertaining to the Customer Assets shall not be counted against any discovery limits imposed under the Federal Rules of Civil Procedure;

2. Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the SEC may take depositions of BAM Trading or BAM Management personnel or Binance personnel involved in asset custody or related software development tasks regarding the possession, custody, control, transfer or movement of Customer Assets upon oral examination on 10 calendar days' notice of any such deposition. As to such personnel, the SEC may depose such witnesses after serving a deposition notice by email, hand, or overnight courier upon such individuals, and without serving a subpoena on such witness. If the Parties agree to conduct any depositions virtually, and the oath of the deponent may be administered remotely by the court reporter, through audio-video means, and this oath shall have the same effect as if given in the physical presence of the deponent. Depositions that have not been signed by the witness may be used for purposes of any hearing relating to this preliminary injunction. Absent good cause, depositions of persons located outside the United States shall be conducted remotely;

3. Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure the Stipulating Defendants shall answer any interrogatories served by the SEC regarding the possession, custody, control, transfer or movement of Customer Assets within 20 calendar days of service of such interrogatories;

4. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the Stipulating Defendants shall produce all documents requested by the SEC regarding the possession, custody, control, transfer or movement of Customer Assets within 10 calendar days of service of such request, with production of the documents made to counsel of record for the SEC or such other person or place as counsel for the SEC may direct in writing; and

5. All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered electronically, or such other place and person as counsel

for the SEC may direct in writing.

**IT IS FURTHER ORDERED THAT** nothing in this Consent Order shall otherwise alter the rights, obligations, or duties of the Stipulating Defendants.

**VI.**

**IT IS FURTHER ORDERED THAT** for purposes of this action only Stipulating Defendants have agreed to waive service of the Summons and Complaint pursuant to Federal Rule of Civil Procedure 4(d) and to accept service through counsel of record of any further filing or other process in this case.

**IT IS FURTHER ORDERED THAT** nothing in this Consent Order shall otherwise alter the rights, obligations, or duties of the Stipulating Defendants.

**VII.**

**IT IS FURTHER ORDERED THAT** this Court shall retain jurisdiction over the Stipulating Defendants in order to implement and carry out the terms of this Consent Order.

**VIII.**

The parties retain the right to seek additional relief, or relief from this Consent Order, as available under the Federal Rules of Civil Procedure and applicable law, including but not limited to Binance's and Zhao's ability to contest jurisdiction other than jurisdiction to impose and enforce this Consent Order.

**SO AGREED** this _____ day of June, 2023

| | |
|---|---|
| s/Matthew Scarlato<br>Matthew Scarlato<br>Jennifer L. Farer<br>J. Emmett Murphy<br>U.S. SECURITIES AND EXCHANGE COMMISSION<br>100 F Street N.E.<br>Washington, D.C.<br>Phone: (202) 551-3746 (Scarlato)<br>         (202) 551-5072 (Farer)<br>         (212) 336-0078 (Murphy)<br>Emails:    scarlatom@sec.gov<br>           farerj@sec.gov<br>           murphyJoh@sec.gov<br><br>*Counsel for Plaintiff* | _____<br>Counsel for BAM Trading Services, Inc.<br><br><br>_____<br>Counsel for BAM Management US Holdings, Inc.<br><br><br>_____<br>Counsel for Binance Holdings Limited Inc.<br><br><br>_____<br>Counsel for Changpeng Zhao |

**SO ORDERED** this _____ day of June, 2023.

_____
UNITED STATES DISTRICT JUDGE

10