# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES, INC., BAM MANAGEMENT US HOLDINGS, INC., and CHANGPENG ZHAO, <br><br> Defendants. | Civil Action No. 1:23-cv-01599-ABJ |

**PROPOSED STIPULATION AND CONSENT ORDER**

Pursuant to Section 21(d) of the Securities Exchange Act of 1934 and Section 20(b) of the Securities Act, and in order to preserve the status quo, Plaintiff Securities and Exchange Commission ("Commission" or "SEC") and Defendants Binance Holdings Limited ("Binance"), BAM Trading Services, Inc. ("BAM Trading"), Changpeng Zhao ("Zhao"), and BAM Management US Holdings, Inc. ("BAM Management," together with Binance, BAM Trading, Zhao, the "Stipulating Defendants," and together with the SEC the "Stipulating Parties"), hereby stipulate and consent, without a hearing, to the Court's entry of this Stipulation and Consent Order ("Consent Order") as set forth below pending the Court's final adjudication of this matter or until further order of the Court.

The Stipulating Parties agree and the Court finds that the Court has jurisdiction over the subject matter of this action, and that venue properly lies in this District.

Accordingly, based on the agreement of the Stipulating Parties and for good cause shown, it is hereby

2

**ORDERED**:

## I.

On or before the date the Court issues this Consent Order, the Stipulating Defendants shall repatriate to the United States, transfer to BAM Trading, and confirm that BAM Trading maintains possession, custody and control in the United States of all fiat currency and crypto assets that are deposited, held, traded, or accrued by customers, including affiliated and non-affiliated liquidity providers (hereinafter referred to as "Customers") on the crypto trading platform commonly known as "Binance.US" or otherwise held for the benefit of BAM Customers, including, but not limited to, those assets associated with BAM's staking-as-a-service program, private and administrative keys, and any portion or copy thereof (including any devices, hardware, and/or software managing such keys, and the root access associated with the Amazon Web Services account(s) for the Binance.US Platform) and any hardware crypto asset wallets (hereinafter referred to as "Customer Fiat Assets" or "Customer Crypto Assets" and, collectively, "Customer Assets"), except as otherwise specified in this Consent Order. For the avoidance of doubt, U.S.-based personnel for BAM Trading and BAM Management, not to include Zhao, will have complete control over Customer Fiat Assets and Customer Crypto Assets, including assets associated with BAM's staking-as-a-service program, all private and administrative keys, and any portion or copy thereof (including any devices, hardware, and/or software managing such keys, and the root access associated with the Amazon Web Services account(s) for the Binance.US Platform) that control any wallets, staking operations, and/or any withdrawals, transfers, or movement of assets, which movement will be solely for purposes of honoring BAM Customer redemptions as set forth in Sections II.6-7 of this Consent Order. Nothing in this paragraph will prevent BAM Trading from relying on non-affiliated third-party

custodians located within the United States to provide custody and related services.

## II.

**IT IS FURTHER ORDERED** that on or before the date the Court issues this Consent Order, Stipulating Defendants will, through their officers and employees or a non-affiliated third party custodian, ensure, and each confirm to counsel of record for the SEC, that BAM Trading and BAM Management obtain and maintain sole possession, custody, and control of all Customer Assets and can transfer them solely for purposes of honoring BAM Customer redemptions as set forth in Sections II.6-7, and subject to the other provisions of this Consent Order, and all transfers and withdrawals of Customer Assets will solely be under the direction and control of BAM Trading and BAM Management, through officers and employees located in the United States, not to include Zhao, or a non-affiliated third party custodian located in the United States;

1. **IT IS FURTHER ORDERED** that BAM Trading and BAM Management will not provide possession, custody, or control over Customer Assets to any individual or entity, including Binance, Zhao, and any individual or entity with any affiliation, agreement, or other relationship with Binance, Zhao, or any Zhao- owned or -controlled entity, with the exception of BAM Trading and BAM Management (collectively, "Binance Entities"). BAM Trading and BAM Management, including their officers and employees, will remove and not designate any such individual or entity as an administrator, account holder or signatory of, or otherwise having any authority to transfer or withdraw from, any account or wallet holding Customer Assets, without first obtaining leave of the Court. Further, Stipulating Defendants including their employees or agents, will delete or destroy, and will ensure the Binance Entities delete or destroy, any existing copies of private or administrative keys and/or effect the immediate dissolution of any existing formal or informal agreements (whether written or verbal) for the

control, exercise of control, or transfer of private or administrative keys or Customer Assets, that would facilitate or permit any transactions or actions contrary to this Consent Order's requirement that Customer Assets be held solely by BAM Trading and BAM Management in the United States and may be transferred solely for the purpose permitting customer redemptions not including the Binance Entities as set forth in Sections II.6 -7 herein. This paragraph does not limit BAM Trading's ability to provide customers other than the Binance Entities with possession, custody, or control over their own Customer Assets or rely on non-affiliated third-party custodians to provide custody and related services for Customer Assets.

2. **IT IS FURTHER ORDERED** that within 14 days of entry of the Consent Order, BAM Trading and BAM Management will establish new wallets, and Stipulating Defendants will begin to transfer all Customer Crypto Assets to the new wallets with new private keys. These private keys, and any portion or copy thereof, (including any devices, hardware, and/or software managing such keys, and the root access associated with the Amazon Web Services account(s) for the Binance.US Platform) will be in the sole possession, custody, and control of BAM Trading officers and employees who are located in the United States, and these private and administrative keys, and any portion or copy thereof (including any devices, hardware, and/or software managing such keys, and the root access associated with the Amazon Web Services account(s) for the Binance.US Platform), will not be provided to or in any way shared with the Binance Entities. BAM Trading shall confer with counsel of record for the SEC regarding a reasonable timeline for completing this work and will provide them with the addresses for all new wallets holding Customer Assets, both hot and cold, and will identify the specific crypto asset(s) held within each wallet.

3.     **IT IS FURTHER ORDERED** during the pendency of this litigation that:

a. Defendants BAM Management and BAM Trading and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including without limitation, all financial and brokerage institutions identified on Exhibit A to this Order), and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of BAM Management and BAM Trading's funds or other assets or things of value presently held by them, under their control, or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including, but not limited to, all funds or assets in those accounts identified on Exhibit A to this Order except as expressly set forth in Sections II. 5-7 of this Consent Order;

b. That any financial or brokerage institution or other person or entity holding any funds or other assets in the name of, for the benefit of, or under the custody or control of Defendants BAM Management and BAM Trading, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as expressly set forth expressly set forth in Sections II .5-7. of this Consent Order.

c. To the extent that a brokerage firm holds a brokerage account for Defendant BAM Management or Defendant BAM Trading that contains options, the brokerage firm shall exercise business judgment to close or sell the position and/or take other reasonable steps to preserve and maximize the value of Defendant BAM Management or Defendant BAM Trading's accounts and to prevent dissipation of the assets. The brokerage firm shall ensure that all net proceeds of any such activity remain in that account and subject to the asset freeze ordered in this case.

4.  **IT IS FURTHER ORDERED** that the asset freeze ordered in Section II.3 above shall be modified within 10 days of the entry of this Order to permit BAM Management and BAM Trading to pay existing, ordinary-course business expenses as that term is further defined by agreement and mutual consent of the Stipulating Parties or, absent agreement of the Stipulating Parties, by further order of the Court, and shall not include, under either circumstance, payments, or transfer of any funds or assets, to or for the benefit of any Binance Entity or any individual or entity acting on behalf of any such Binance Entity, including any individual or entity with any affiliation, agreement, or other relationship with Binance, Zhao, or any Zhao- owned or -controlled entity, without further order of the Court, and that the parties shall engage in expedited discovery for the next 10 days in furtherance of reaching agreement as to the proper scope of this potential carveout for payment by BAM Management and BAM Trading of existing, ordinary course business expenses.  Further, BAM Trading and BAM Management shall not incur any new obligations for ordinary-course expenditures under this provision without providing prior notice to counsel of record for the SEC with sufficient time for the SEC to object to such new obligation.

5.  **IT IS FURTHER ORDERED** that within **14 days** of entry of the Consent Order, Stipulating Defendants will ensure that private keys, and any portion or copy thereof (including any devices, hardware, and/or software managing such keys, and the root access associated with the Amazon Web Services account(s) for the Binance.US Platform), will be in the sole possession, custody, and control of BAM Trading officers and employees who are located in the United States, or by non-affiliated third-party custodians under the direction and control of BAM Management and BAM Trading officers and employees located in the United States.  These private keys, and any portion or copy thereof (including any devices, hardware,

7

and/or software managing such keys, and the root access associated with the Amazon Web Services account(s) for the Binance.US Platform), will not be provided to or in any way shared with the Binance Entities.  BAM Trading will keep current its list of hot and cold wallets and make that list available to counsel of record for the SEC upon request.

6.  **IT IS FURTHER ORDERED** that BAM Trading may continue to transfer Customer Assets solely to support redemptions of Customer Assets by the relevant customer, excluding the Binance Entities, and otherwise subject to the prohibition above that BAM Trading and BAM Management, including their officers and employees, may not in any circumstance transfer Customer Assets to or for the benefit of any of the Binance Entities, including any individual or entity with any affiliation, agreement, or other relationship with Binance, Zhao, or any Zhao- owned or -controlled entity,  Further, upon entry of this Consent Order, BAM Management and BAM Trading shall not accept any deposits of Customer Assets.

7.  **IT IS FURTHER ORDERED** that BAM Trading may transfer custody of Customer Crypto Assets deposited, held, traded, staked, or accrued through BAM Trading's staking-as-a-service program ("Staking Assets") solely for the purpose of effecting customer redemptions, excluding the Binance Entities, and unstaking pursuant to the terms of the applicable staking agreements, to custodians BitGO or Aegis provided the following criteria are met:

    a. the control of Staking Assets in these wallets, including, but not limited to, private and administrative keys, and any portion or copy thereof (including any devices, hardware, and/or software managing such keys, and the root access associated with the Amazon Web Services account(s) for the Binance.US Platform) is maintained and directed solely by BAM Trading officers and

8

  employees located in the United States or by BitGO and Aegis;

b. if BAM Trading holds the private keys for these wallets, or any portion or copy thereof (including any devices, hardware, and/or software managing such keys, and the root access associated with the Amazon Web Services account(s) for the Binance.US Platform), custody and control of these keys is held in the United States by BAM Trading personnel located in the United States; and

c. all transfers and withdrawals require the approval of both BAM Trading and, as necessary, BitGO and Aegis.

d. The Binance Entities shall not have possession, custody, or control of these Staking Assets, including, but not limited to, any authority, formally or informally, directly or indirectly, to control, transfer, or withdraw, these Staking Assets.

### III.

**IT IS FURTHER ORDERED** that Stipulating Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to Stipulating Defendants, wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

IV.

**IT IS FURTHER ORDERED** that, on or before **140 days** from the date the Court enters this Consent Order, the Stipulating Defendants, to the best of their knowledge and ability, provide counsel for the SEC with a preliminary list of:

1. accounts and wallets holding Customer Fiat, Customer Crypto Assets, and funds or assets of either BAM entity, and the value of the assets held; and

2. customers of the Binance.US trading platforms and related services, and the balance of Customer Assets associated with each customer's Binance.US account and/or Binance.US wallet.

**IT IS FURTHER ORDERED** that, on or before **140 days** from the date the Court enters this Consent Order, Binance will provide counsel for the SEC with details about the users on the Binance.com platform previously reflected in the aggregate U.S. KYC and potential U.S. non-KYC trading datasets produced to the SEC on December 6, 2021 and August 18, 2022 reflecting U.S. KYC users who engaged in transactions on Binance.com beginning on June 1, 2019 and ending in September 2021 and potential U.S. non-KYC users who engaged in transactions on Binance.com beginning on June 1, 2019 and ending on January 19, 2022. To the extent such users remain on the Binance.com platform, Binance will provide counsel for the SEC with details of their restricted account balances.

**IT IS FURTHER ORDERED** that, on or before **30 days** from the date the Court issues this Consent Order, the Stipulating Defendants shall serve upon the Commission a verified written accounting, which each of the Stipulating Defendants must sign, including through an officer for each entity authorized to sign on behalf of and bind the entity Defendants, under penalty of perjury, providing the following information;

1.      Each account or wallet holding Customer Assets or assets of either BAM entity, regardless of the account or wallet holder or signatory, and/or maintained in any BAM entity's name, held by any BAM entity or for any BAM entity's direct or indirect beneficial interest, or over which any BAM entity exercised any direct or indirect control from September 30, 2022, through the date of the accounting, including the name of the financial institution, exchange, or other entity or individual holding such account or wallet, name and the account number, and the wallet address; and

2.      All assets, funds, crypto assets, securities, or other property, real or personal, within each BAM entity's possession, custody, or control, that is valued greater than $1,000, that was transferred to or for the benefit of any Defendant or any Binance Entity from September 30 , 2022, to the date of the accounting, including a description of each transfer and what was transferred, the value of the transfer, the name of the recipient, the date of the transfer, and the reason for the transfer;

V.

**IT IS FURTHER ORDERED THAT**, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

1.      For the next 90 days, the SEC may conduct, in addition to the ordinary-course expenditure discovery set forth in Section II.3 herein, expedited discovery of the Stipulating Defendants, provided that such expedited discovery shall not commence against Zhao for 30 days, concerning Customer Assets and their possession, custody, control, transfer or movement, security, segregation, availability, and any encumbrances or limitations that would make them unavailable for transfer or withdrawal by customers, including, but not limited to type, identity,

location, value, custody, control, restrictions, and whether there are sufficient assets to satisfy customer liabilities or meet customer claims for Customer Assets held on their behalf. This limited expedited discovery pertaining to the Customer Assets shall not be counted against any discovery limits imposed under the Federal Rules of Civil Procedure;

      2.     Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the SEC may take depositions of BAM Trading, BAM Management, BAM Trading or BAM Management directors, officers, and/or employees, Binance, Binance personnel involved in or otherwise knowledgeable about asset clearing, custody, and control; software development and operational tasks associated with asset clearing, custody, and control, Zhao, and/or third parties regarding the Customer Assets and their possession, custody, control, transfer, movement, security, segregation, availability, and any encumbrances or limitations that would make them unavailable for transfer or withdrawal by customers, including, but not limited to type, identity, location, value, custody, control, restrictions, and whether there are sufficient assets to satisfy customer liabilities or meet customer claims for Customer Assets held on their behalf0 upon oral examination on 10 calendar days' notice of any such deposition. As to such personnel, the SEC may depose such witnesses after serving a deposition notice by email, hand, or overnight courier upon such individuals, and without serving a subpoena on such witness. If the Stipulating Parties agree to conduct any depositions virtually, and the oath of the deponent may be administered remotely by the court reporter, through audio-video means, and this oath shall have the same effect as if given in the physical presence of the deponent. Depositions that have not been signed by the witness may be used for purposes of any hearing relating to this preliminary injunction. Depositions of persons located outside the United States shall presumptively be conducted remotely, provided such persons are located in or will travel to a location where

voluntary depositions and testimony under penalty of perjury pursuant to the Federal Rules of Civil Procedure is permitted. The SEC may request any such deposition occur in person, but will make reasonable efforts to agree to a mutually-acceptable location;

3. Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure the Stipulating Defendants shall answer any interrogatories served by the SEC regarding Customer Assets and their possession, custody, control, transfer, movement, security, segregation, availability, and any encumbrances or limitations that would make them unavailable for transfer or withdrawal by customers, including, but not limited to type, identity, location, value, custody, control, restrictions, and whether there are sufficient assets to satisfy customer liabilities or meet customer claims for Customer Assets held on their behalf, within 14 calendar days of service of such interrogatories;

4. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the Stipulating Defendants shall produce all documents requested by the SEC regarding the Customer Assets and their possession, custody, control, transfer, movement, security, segregation, availability, and any encumbrances or limitations that would make them unavailable for transfer or withdrawal by customers, including, but not limited to type, identity, location, value, custody, control, restrictions, and whether there are sufficient assets to satisfy customer liabilities or meet customer claims for Customer Assets held on their behalf within 10 calendar days of service of such request, with production of the documents made to counsel of record for the SEC or such other person or place as counsel for the SEC may direct in writing; and

5. All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered electronically, or such other place and person as counsel for the SEC may direct in writing.

## VI.

**IT IS FURTHER ORDERED THAT** for purposes of this action only Stipulating Defendants have agreed to waive service of the Summons and Complaint pursuant to Federal Rule of Civil Procedure 4(d) and to accept service through counsel of record of any further filing or other process in this case.

## VII.

**IT IS FURTHER ORDERED THAT** nothing in this Consent Order shall otherwise alter the rights, obligations, or duties of the Stipulating Defendants or the SEC

## VIII.

**IT IS FURTHER ORDERED THAT** this Court shall retain jurisdiction over the Stipulating Defendants in order to impose, implement, carry out, and enforce the terms of this Consent Order.

## IX.

The Stipulating Parties retain the right to seek additional relief, or relief from this Consent Order, as available under the Federal Rules of Civil Procedure and applicable law, including but not limited to Binance's and Zhao's ability to contest jurisdiction other than jurisdiction to impose, implement, carry out, and enforce this Consent Order.

## X.

**IT IS FURTHER ORDERED THAT** this Order binds the following who receive actual notice of this Stipulation and Consent Order by personal service or otherwise: (a) each Stipulating Defendant's officers, agents, servants, employees, and attorneys; (b) other persons in active concert or participation with Stipulating Defendants or with anyone described in (a). Defendants must provide such notice upon entry of this Consent Order.

**SO AGREED** this _____ day of June, 2023

| | |
|---|---|
| s/Matthew Scarlato<br>Matthew Scarlato<br>Jennifer L. Farer<br>J. Emmett Murphy<br>U.S. SECURITIES AND EXCHANGE COMMISSION<br>100 F Street N.E.<br>Washington, D.C. 20549<br><br>Phone: (202) 551-3746 (Scarlato)<br>          (202) 551-5072 (Farer)<br>          (212) 336-0078 (Murphy)<br><br>Emails: scarlatom@sec.gov<br>          farerj@sec.gov<br>          murphyJoh@sec.gov<br><br>*Counsel for Plaintiff* | _____<br>Counsel for BAM Trading Services, Inc.<br><br><br>_____<br>Counsel for BAM Management US Holdings, Inc.<br><br><br>_____<br>Counsel for Binance Holdings Limited Inc.<br><br><br>_____<br>Counsel for Changpeng Zhao |

**SO ORDERED** this ____ day of June, 2023.

_____
UNITED STATES DISTRICT JUDGE