**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES, INC., BAM MANAGEMENT US HOLDINGS, INC., and CHANGPENG ZHAO,  )<br><br>Defendants.  ) | Civil Action No. 1:23-cv-01599-ABJ |

**[PROPOSED] STIPULATION AND CONSENT ORDER**

Pursuant to Section 21(d) of the Securities Exchange Act of 1934 and Section 20(b) of the Securities Act, and in order to preserve the status quo, Plaintiff Securities and Exchange Commission ("Commission" or "SEC") and Defendants Binance Holdings Limited ("Binance"), BAM Trading Services, Inc. ("BAM Trading"), Changpeng Zhao ("Zhao"), and BAM Management US Holdings, Inc. ("BAM Management," together with Binance, BAM Trading, Zhao, the "Stipulating Defendants," and together with the SEC the "Stipulating Parties"), hereby stipulate and consent, without a hearing, to the Court's entry of this Stipulation and Consent Order ("Consent Order") as set forth below pending the Court's final adjudication of this matter or until further order of the Court.

The Stipulating Parties agree and the Court finds that the Court has jurisdiction over the subject matter of this action, and that venue properly lies in this District.

Accordingly, based on the agreement of the Stipulating Parties and for good cause shown, and subject to the protective order to be entered in this case, it is hereby

1

**ORDERED**:

## I.

On or before the date the Court issues this Consent Order, the Stipulating Defendants shall repatriate to the United States, transfer to BAM Trading, and confirm that BAM Trading maintains possession, custody and control in the United States of all fiat currency and crypto assets that are deposited, held, traded, or accrued by customers, including affiliated and non-affiliated liquidity providers (hereinafter referred to as "Customers") on the crypto trading platform commonly known as "Binance.US" or otherwise held for the benefit of BAM Trading or BAM Management Customers, including, but not limited to, those assets associated with BAM Trading's staking-as-a-service program, "Private and Administrative Keys," (which are defined as such keys and any portion or copy thereof, any devices, hardware, and/or software managing such keys and any portion or copy thereof), the ledger device described in the SEC's memorandum of law (Docket No. 8-2), and the root access associated with the Amazon Web Services account(s) for the Binance.US Platform), and any hardware crypto asset wallets (hereinafter referred to as "Customer Fiat Assets" or "Customer Crypto Assets" and, collectively, "Customer Assets"), except as otherwise specified in this Consent Order. The term "Customer Assets" includes any New Private and Administrative Keys as defined in II.2 of this Consent Order. For the avoidance of doubt, U.S.-based personnel for BAM Trading and BAM Management will have complete control over Customer Fiat Assets and Customer Crypto Assets, including assets associated with BAM Trading's staking-as-a-service program, all Private and Administrative Keys and New Private and Administrative Keys, that control any wallets, staking operations, and/or any withdrawals, transfers, or movement of assets, except as otherwise specified in this Consent Order. Nothing in this paragraph will prevent BAM Trading

from relying on non-affiliated third-party custodians located within the United States to provide custody and related services.

## II.

**IT IS FURTHER ORDERED** that on or before the date the Court issues this Consent Order, Stipulating Defendants will, through their officers and employees or a non-affiliated third party custodian within the United States, ensure, and each confirm to counsel of record for the SEC, that BAM Trading and BAM Management obtain and maintain sole possession, custody, and control of all Customer Assets and can transfer them solely for purposes set forth in this Consent Order, and subject to the other provisions of this Consent Order, and all transfers and withdrawals of Customer Assets will solely be under the direction and control of BAM Trading and BAM Management, through officers and employees located in the United States, or a non-affiliated third party custodian located in the United States;

1. **IT IS FURTHER ORDERED** that BAM Trading and BAM Management will not provide possession, custody, or control over Customer Assets to any individual or entity, including Binance, Zhao, and, with the exception of BAM Trading and BAM Management, any individual or entity with any affiliation, agreement, or other relationship with Binance, Zhao, or any Zhao- owned or -controlled entity (these individuals and entities collectively, "Binance Entities"). BAM Trading and BAM Management, including their officers and employees, will remove and not designate any of the Binance Entities as an administrator, account holder or signatory of, or otherwise having any authority to transfer or withdraw from, any account or wallet holding Customer Assets, without first obtaining leave of the Court. Further, Stipulating Defendants including their employees or agents, will delete or destroy, and will ensure the Binance Entities delete or destroy, any existing copies of Private and Administrative Keys

and/or effect the immediate dissolution of any existing formal or informal agreements (whether written or verbal) for the control, exercise of control, or transfer of Private and Administrative Keys or Customer Assets, that would facilitate or permit any transactions or actions contrary to this Consent Order's requirement that Customer Assets be held solely by BAM Trading and BAM Management in the United States and may be transferred solely for the purposes set forth in this Consent Order. This paragraph does not limit BAM Trading's ability to provide customers other than the Binance Entities with possession, custody, or control over their own Customer Assets or rely on non-affiliated third-party custodians in the United States to provide custody and related services for Customer Assets.

2.      **IT IS FURTHER ORDERED** that within 14 days of entry of the Consent Order, BAM Trading and BAM Management will begin to establish new wallets, and Stipulating Defendants will begin to transfer all Customer Crypto Assets to the new wallets with new private and administrative keys. These "New Private and Administrative Keys" (which are defined as such keys and any portion or copy thereof, any devices and/or software managing such keys, and any portion or copy thereof for the new wallets) will be in the sole possession, custody, and control of BAM Trading officers and employees who are located in the United States.  These New Private and Administrative Keys, will not be provided to or in any way shared with the Binance Entities.  BAM Trading shall confer with counsel of record for the SEC regarding a reasonable timeline for completing this work and will provide them with the addresses for all new wallets holding Customer Assets, both hot and cold, and will identify the specific crypto asset(s) held within each wallet.

3.      **IT IS FURTHER ORDERED** that for the pendency of this litigation Defendants BAM Management and BAM Trading may dispose, transfer, pledge, encumber, or assign assets

presently owned by BAM Management or BAM Trading, in whatever form such assets may exist and wherever located, solely to make payments for expenses or to satisfy obligations incurred in the ordinary course of business as set forth in Docket No. 62 ("BAM Ordinary Course Business Expenses") and for no other purpose. BAM Trading and BAM Management may not in any circumstance make payments, incur any new obligations, or transfer any assets, to or for the benefit of any of the Binance Entities or any individual or entity acting on behalf or for the benefit of any such Binance Entity.

4.      **IT IS FURTHER ORDERED** that, during the pendency of this action, BAM Trading and BAM Management shall provide, subject to a protective order entered in this case, the SEC's counsel of record with a copy of its monthly report of BAM Ordinary Course Business Expenses (substantially in the form set forth in Exhibit A in the mediation) that include the total amount spent, a breakdown of the amounts in each category and subcategory enumerated in Exhibit A, and any amounts aggregating in excess of $150,000 to foreign payees. The SEC may seek further information from BAM Management and BAM Trading concerning the monthly BAM Ordinary Course Business Expenses information as set forth in Exhibit A.

5.      **IT IS FURTHER ORDERED** that within **14 days** of entry of the Consent Order, Stipulating Defendants will ensure that "Private and Administrative Keys," as defined in Section I (page 2) of this Consent Order, and, upon creation, New Private and Administrative Keys, will be in the sole possession, custody, and control of BAM Trading officers and employees who are located in the United States, or by non-affiliated third-party custodians in the United States under the direction and control of BAM Management and BAM Trading officers and employees located in the United States.  The Private and Administrative Keys and New Private and Administrative Keys, will not be provided to or in any way shared with the

Binance Entities.  BAM Trading will keep current its list of hot and cold wallets and make that list available to counsel of record for the SEC upon request.

6. **IT IS FURTHER ORDERED** that BAM Trading may continue to transfer Customer Assets to external wallets or accounts solely at the direction of the beneficial owners of such Customer Assets or to support redemptions or transfers directed by such customers subject to the prohibition above that BAM Trading and BAM Management, including their officers and employees, may not in any circumstance transfer Customer Assets to or for the benefit of any of the Binance Entities.  Notwithstanding the foregoing and subject to BAM Trading's inclusion of the details of any such redemptions in or alongside its monthly report of BAM Ordinary Course Business Expenses and subject to a protective order entered in this case, BAM Trading may support redemptions of Customer Assets belonging personally to U.S.-based employees of Binance Entities.

7. **IT IS FURTHER ORDERED** that BAM Trading may transfer custody of Customer Crypto Assets deposited, held, traded, staked, or accrued through BAM Trading's staking-as-a-service program ("Staking Assets") to custodians BitGO or Aegis provided the following criteria are met:

  a. the control of Staking Assets in these wallets, including, but not limited to, Private and Administrative Keys and New Private and Administrative Keys, are maintained and directed solely by BAM Trading officers and employees located in the United States or by BitGO and Aegis;

  b. if BAM Trading holds the Private and Administrative Keys or New Private and Administrative Keys for these wallets, custody and control of these keys is held in the United States by BAM Trading personnel located in the United States; and

    c.   all transfers and withdrawals require the approval of both BAM Trading and, as necessary, BitGO and Aegis.

    d.   The Binance Entities shall not have possession, custody, or control of these Staking Assets, including, but not limited to, any authority, formally or informally, directly or indirectly, to control, transfer, or withdraw, these Staking Assets.

## III.

**IT IS FURTHER ORDERED** that Stipulating Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to Stipulating Defendants relevant to the subject matter of this action, wherever located and in whatever form, electronic or otherwise, until further Order of this Court or as required in Section II.1.

## IV.

**IT IS FURTHER ORDERED** that, on or before **20 days** from the date the Court enters this Consent Order, the Stipulating Defendants, to the best of their knowledge and ability, provide counsel for the SEC with a preliminary list of:

    1.   accounts and wallets holding Customer Fiat, Customer Crypto Assets, and funds or assets of either BAM entity, and the value of the Customer Fiat, Customer Crypto Assets, and funds or assets held; and

2.   customers of the Binance.US trading platforms and related services, and the balance of Customer Assets associated with each customer's Binance.US account and/or Binance.US wallet.

**IT IS FURTHER ORDERED** that, on or before **20 days** from the date the Court enters this Consent Order, Binance will provide counsel for the SEC with details about the users on the Binance.com platform previously reflected in the aggregate U.S. KYC and potential U.S. non-KYC trading datasets produced to the SEC on December 6, 2021 and August 18, 2022 reflecting U.S. KYC users who engaged in transactions on Binance.com beginning on June 1, 2019 and ending in September 2021 and potential U.S. non-KYC users who engaged in transactions on Binance.com beginning on June 1, 2019 and ending on January 19, 2022.  To the extent such users remain on the Binance.com platform, Binance will provide counsel for the SEC with details of their restricted account balances.

**IT IS FURTHER ORDERED** that, on or before **45 days** from the date the Court issues this Consent Order, each of the Stipulating Defendants shall serve upon the Commission a verified written accounting, which the Stipulating Defendants must sign, including through an officer for each entity authorized to sign on behalf of and bind the entity Defendants, under penalty of perjury, providing the following information;

1.   Each account or wallet holding Customer Assets or assets of either BAM Management or BAM Trading ("BAM Entity"), regardless of the account or wallet holder or signatory, and/or maintained in any BAM Entity's name, held by any BAM Entity or for any BAM Entity's direct or indirect beneficial interest, or over which any BAM Entity exercised any direct or indirect control from December 1, 2022, through the date of the accounting, including the name of the financial institution, exchange, or other entity or individual holding

such account or wallet, name and the account number, and the wallet address; and

2.      All assets, funds, crypto assets, securities, or other property, real or personal, within each BAM Entity's possession, custody, or control, that is valued greater than $1,000, that was transferred to or for the benefit of any Defendant or any Binance Entity from December 1, 2022, to the date of the accounting, including a description of each transfer and what was transferred, the value of the transfer, the name of the recipient, the date of the transfer, and the reason for the transfer;

## V.

**IT IS FURTHER ORDERED THAT**, commencing with the time and date of this Order, in lieu of the time periods and notice provisions of Rules 26, 30, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, discovery shall proceed as follows, subject to a protective order entered in this case:

1.      For the next 90 days, the SEC may conduct expedited discovery of the Stipulating Defendants (including their personnel) and of the BAM Entities' third-party auditors and custodians of assets concerning Customer Assets and their possession, custody, control, transfer or movement, security, segregation, availability, and any encumbrances or limitations that would make them unavailable for transfer or withdrawal by customers, including, but not limited to type, identity, location, value, custody, control, restrictions, and whether there are sufficient assets to satisfy customer liabilities or meet customer claims for Customer Assets held on their behalf. Such expedited discovery shall not commence against Binance, Binance personnel, and Zhao for 45 days. This limited expedited discovery pertaining to the Customer Assets shall not be counted against any discovery limits imposed under the Federal Rules of Civil Procedure;

2.      Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure and to the time

periods set forth in paragraph 1 above, the SEC may take depositions of the Stipulating Defendants (including their personnel) and of the BAM Entities' third-party auditors and custodians of assets who are involved in or otherwise knowledgeable about asset clearing, custody, and control, and software development and operational tasks associated with asset clearing, custody, and control, regarding the Customer Assets, and their possession, custody, control, transfer, movement, security, segregation, availability, and any encumbrances or limitations that would make them unavailable for transfer or withdrawal by customers, including, but not limited to type, identity, location, value, custody, control, restrictions, and whether there are sufficient assets to satisfy customer liabilities or meet customer claims for Customer Assets held on their behalf upon oral examination on 10 calendar days' notice of any such deposition.  As to such personnel, the SEC may depose such witnesses after serving a deposition notice by email, hand, or overnight courier upon such individuals, and without serving a subpoena on such witness.  If the Stipulating Parties agree to conduct any depositions virtually, and the oath of the deponent may be administered remotely by the court reporter, through audio-video means, and this oath shall have the same effect as if given in the physical presence of the deponent.  Subject to compliance with all laws, depositions of persons located outside the United States shall presumptively be conducted remotely, provided such persons are located in, or will travel to, a location where voluntary depositions and testimony under penalty of perjury pursuant to the Federal Rules of Civil Procedure are permitted;

3.     Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure and to the time periods set forth in paragraph 1 above, the Stipulating Defendants shall answer any interrogatories served by the SEC regarding Customer Assets and their possession, custody, control, transfer, movement, security, segregation, availability, and any encumbrances or

limitations that would make them unavailable for transfer or withdrawal by customers, including, but not limited to type, identity, location, value, custody, control, restrictions, and whether there are sufficient assets to satisfy customer liabilities or meet customer claims for Customer Assets held on their behalf, within 20 calendar days of service of such interrogatories;

4.      Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure and to the time periods set forth in paragraph 1 above, the Stipulating Defendants shall produce all documents requested by the SEC regarding the Customer Assets and their possession, custody, control, transfer, movement, security, segregation, availability, and any encumbrances or limitations that would make them unavailable for transfer or withdrawal by customers, including, but not limited to type, identity, location, value, custody, control, restrictions, and whether there are sufficient assets to satisfy customer liabilities or meet customer claims for Customer Assets held on their behalf within 10 calendar days of service of such request, with production of the documents made to counsel of record for the SEC or such other person or place as counsel for the SEC may direct in writing; and

5.      All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered electronically, or such other place and person as counsel for the SEC may direct in writing.

## VI.

**IT IS FURTHER ORDERED THAT** for purposes of this action only Stipulating Defendants have agreed to waive service of the Summons and Complaint pursuant to Federal Rule of Civil Procedure 4(d) and to accept service through counsel of record of any further filing or other process in this case.

**VII.**

   **IT IS FURTHER ORDERED THAT** nothing in this Consent Order shall otherwise alter the rights, obligations, or duties of the Stipulating Defendants or the SEC.  Nothing in this Consent Order shall be construed as affecting any party's rights to assert any claims or defenses, to constitute a waiver of any party's right to a trial by jury, as precluding the parties from objecting to the scope or nature of any discovery sought, or seeking to modify, on consent or by order of the Court, any of the deadlines or orders set forth in this Order.  Further, nothing in this Order shall be construed as an explicit or implicit agreement or endorsement by the Commission that the business of BAM Management and BAM Trading may continue or is otherwise lawful, nor as a concession by the Stipulating Defendants that their actions were in any way improper or unlawful.

**VIII.**

   **IT IS FURTHER ORDERED THAT** this Court shall retain jurisdiction over the Stipulating Defendants in order to modify, impose, implement, carry out, and enforce the terms of this Consent Order.

**IX.**

   The Stipulating Parties retain the right to seek additional relief, or relief from this Consent Order, as available under the Federal Rules of Civil Procedure and applicable law, including but not limited to Binance's and Zhao's ability to contest jurisdiction other than jurisdiction to impose, implement, carry out, and enforce this Consent Order.

**X.**

   **IT IS FURTHER ORDERED THAT** this Order binds the following who receive actual notice of this Stipulation and Consent Order by personal service or otherwise: (a) each Stipulating

12

Defendant's officers, agents, servants, employees, and attorneys; (b) other persons in active

concert or participation with Stipulating Defendants or with anyone described in (a).

**SO AGREED** this          day of June, 2023

| | |
|---|---|
| s/Matthew Scarlato | s/ William R. McLucas |
| Matthew Scarlato (D.C. Bar No. 484124) | Counsel for BAM Trading Services, Inc. |
| Jennifer L. Farer (D.C. Bar No. 1013915) | |
| J. Emmett Murphy | William R. McLucas (*pro hac vice*) |
| David A. Nasse (D.C. Bar No. 1002567) | Matthew T. Martens (D.C. Bar #1019099) |
| Jorge G. Tenreiro | Matthew Beville (*pro hac vice*) |
| U.S. SECURITIES AND EXCHANGE COMMISSION | WILMER CUTLER PICKERING HALE AND |
| 100 F Street N.E. | DORR LLP |
| Washington, D.C. 20549 | 2100 Pennsylvania Avenue NW |
| | Washington, DC 20037 |
| scarlatom@sec.gov | William.McLucas@wilmerhale.com |
| farerj@sec.gov | Matthew.Beville@wilmerhale.com |
| murphyJoh@sec.gov | Matthew.Martens@wilmerhale.com |
| | |
| *Counsel for Plaintiff* | Tiffany J. Smith (*pro hac vice*) |
| | WILMER CUTLER PICKERING HALE AND |
| | DORR LLP |
| | 7 World Trade Center |
| | 250 Greenwich Street |
| | New York, NY 10007 |
| | Tiffany.Smith@wilmerhale.com |
| | |
| | George S. Canellos (*pro hac vice*) |
| | Matthew J. Laroche (*pro hac vice*) |
| | MILBANK LLP |
| | 55 Hudson Yards |
| | New York, NY 10001 |
| | GCanellos@milbank.com |
| | MLaroche@milbank.com |
| | |
| | Adam J. Fee (*pro hac vice*) |
| | MILBANK LLP |
| | 2029 Century Park East, 33rd Floor |
| | Los Angeles, CA 90067 |
| | AFee@milbank.com |

s/ William R. McLucas
Counsel for BAM Management US Holdings, Inc.

William R. McLucas (*pro hac vice*)
Matthew T. Martens (D.C. Bar #1019099)
Matthew Beville (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
William.McLucas@wilmerhale.com
Matthew.Beville@wilmerhale.com
Matthew.Martens@wilmerhale.com

Tiffany J. Smith (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tiffany.Smith@wilmerhale.com

George S. Canellos (*pro hac vice*)
Matthew J. Laroche (*pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, NY 10001
GCanellos@milbank.com
MLaroche@milbank.com

Adam J. Fee (*pro hac vice*)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
AFee@milbank.com

s/ Daniel W. Nelson
Counsel for Binance Holdings Limited Inc.

Daniel W. Nelson (D.C. Bar #433415)
Jason J. Mendro (D.C. Bar #482040)
Stephanie Brooker (pro hac vice)
M. Kendall Day (pro hac vice pending)
Richard W. Grime (pro hac vice pending)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
DNelson@gibsondunn.com
JMendro@gibsondunn.com
SBrooker@gibsondunn.com
KDay@gibsondunn.com
RGrime@gibsondunn.com

Michael Celio (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
MCelio@gibsondunn.com

Mary Beth Maloney (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
MMaloney@gibsondunn.com

s/ Abid R. Qureshi
Counsel for Changpeng Zhao

Abid R. Qureshi (D.C. Bar No. 459227)
William R. Baker, III (D.C. Bar No. 383944)
Michael E. Bern (D.C. Bar No. 994791)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
abid.qureshi@lw.com
william.baker@lw.com
michael.bern@lw.com

Douglas K. Yatter (*pro hac vice*)
Benjamin Naftalis (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
douglas.yatter@lw.com
benjamin.naftalis@lw.com

Heather A. Waller (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
heather.waller@lw.com

Melanie M. Blunschi (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600
Fax: (415) 395-8095
melanie.blunschi@lw.com

**SO ORDERED** this        day of June, 2023.

_____

UNITED STATES DISTRICT JUDGE