## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

        v.

BINANCE HOLDINGS LIMITED,
BAM TRADING SERVICES INC.,
BAM MANAGEMENT US HOLDINGS INC.,
AND CHANGPENG ZHAO,

        Defendants.

**No. 1:23-cv-01599 (ABJ)**

## DEFENDANTS BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., BINANCE HOLDINGS LIMITED, AND CHANGPENG ZHAO'S MOTION FOR AN ORDER DIRECTING COUNSEL FOR PLAINTIFF SEC TO <u>COMPLY WITH APPLICABLE RULES OF CONDUCT</u>

Defendants BAM Trading Services Inc., BAM Management US Holdings Inc., Binance Holdings Limited, and Changpeng Zhao (together, "Defendants") respectfully request that the Court enter the proposed order attached hereto.  The grounds for this motion are further set forth in the supporting memorandum, dated June 21, 2023.  Counsel for Defendants have conferred with counsel for Plaintiff Securities and Exchange Commission, which opposes this motion.

Dated:  June 21, 2023

/s/ William R. McLucas
William R. McLucas (*pro hac vice*)
Matthew T. Martens (D.C. Bar #1019099)
Matthew Beville (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
William.McLucas@wilmerhale.com
Matthew.Beville@wilmerhale.com
Matthew.Martens@wilmerhale.com

Tiffany J. Smith (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tiffany.Smith@wilmerhale.com

*Attorneys for Defendants BAM Trading
Services Inc. and BAM Management
Holdings US Inc.*

Respectfully submitted,

/s/ George S. Canellos
George S. Canellos (*pro hac vice*)
Adam J. Fee (*pro hac vice*)
Matthew J. Laroche (*pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, NY 10001
GCanellos@milbank.com
AFee@milbank.com
MLaroche@milbank.com

Andrew M. Leblanc (D.C. Bar #479445)
MILBANK LLP
1850 K Street, NW, Suite 1100
Washington, D.C. 20003
ALeblanc@milbank.com

*Attorneys for Defendants BAM Trading Services
Inc. and BAM Management Holdings US Inc.*

/s/ Daniel W. Nelson
Michael Celio (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
MCelio@gibsondunn.com

Mary Beth Maloney (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
MMaloney@gibsondunn.com

Daniel W. Nelson (D.C. Bar #433415)
Jason J. Mendro (D.C. Bar #482040)
Stephanie Brooker (*pro hac vice*)
M. Kendall Day (*pro hac vice* pending)
Richard W. Grime (*pro hac vice* pending)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
DNelson@gibsondunn.com
JMendro@gibsondunn.com
SBrooker@gibsondunn.com

KDay@gibsondunn.com
RGrime@gibsondunn.com

*Attorneys for Defendant Binance Holdings Limited*


*/s/ Abid R. Qureshi*
Abid R. Qureshi (D.C. Bar No. 459227)
William R. Baker, III (D.C. Bar No. 383944)
Michael E. Bern (D.C. Bar No. 994791)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
abid.qureshi@lw.com
william.baker@lw.com
michael.bern@lw.com

Douglas K. Yatter (*pro hac vice*)
Benjamin Naftalis (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
douglas.yatter@lw.com
benjamin.naftalis@lw.com

Heather A. Waller (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
heather.waller@lw.com

Melanie M. Blunschi (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600
Fax: (415) 395-8095
melanie.blunschi@lw.com

*Attorneys for Defendant Changpeng Zhao*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BINANCE HOLDINGS LIMITED, <br> BAM TRADING SERVICES INC., <br> BAM MANAGEMENT US HOLDINGS INC., <br> AND CHANGPENG ZHAO, <br><br> Defendants. | **No. 1:23-cv-01599 (ABJ)** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS BAM TRADING SERVICES INC.,
BAM MANAGEMENT US HOLDINGS INC., BINANCE HOLDINGS LIMITED, AND
CHANGPENG ZHAO'S MOTION FOR AN ORDER DIRECTING COUNSEL FOR
<u>PLAINTIFF SEC TO COMPLY WITH APPLICABLE RULES OF CONDUCT</u>**

On the morning of June 17, 2023, the Court entered a Consent Order governing, among other things, the control of BAM Trading Services Inc. (together with BAM Management US Holdings Inc., "BAM") customer assets, which was negotiated by the parties with the assistance of Magistrate Judge Faruqui.  Dkt. 71.  Minutes later, the Securities and Exchange Commission ("SEC") issued a misleading press release stating that the Consent Order was "essential to protecting investor assets" because "Changpeng Zhao and Binance have control of the [BAM] platforms' customers' assets and have been able to commingle customer assets or divert customer assets as they please."  Declaration of Adam J. Fee dated June 19, 2023 ("Fee Decl.") Ex. 1.  Yet, as the SEC acknowledged to the Court just days earlier, the SEC has ***no evidence that BAM customer assets have been dissipated, commingled, or misused in any way***.

The SEC's press release is disappointing given the SEC's prior concessions before this Court about its lack of evidence on this issue and the fact that Defendants worked in good faith before and after the Complaint was filed to address the SEC's unsubstantiated concerns about BAM customer assets.  The SEC's press release also appears to be designed to introduce unwarranted confusion into the marketplace, which could have the effect of harming BAM customers rather than protecting them.  It also risks tainting the jury pool with misleading descriptions of the evidence concerning the Defendants.

For these reasons, as outlined below, Defendants BAM, Binance Holdings Limited, and Changpeng Zhao (collectively, "Defendants") respectfully request that the Court issue an order directing counsel for the SEC to comply with all applicable rules of conduct concerning extrajudicial statements, including Rule 3.6 of the D.C. Rules of Professional Conduct, which provides that counsel cannot make misleading extrajudicial statements that may materially impact court proceedings.

## BACKGROUND

As set forth in the declarations accompanying BAM's opposition to the SEC's Emergency

Motion for a Temporary Restraining Order (Dkt. 40, "BAM Opposition" or "BAM Opp."), BAM

customer fiat and crypto assets are secure; the SEC's motion did not identify a single instance in

which BAM customer assets were mishandled or misused; and there was no "emergency" because,

among other reasons, BAM had been cooperating in good faith with the SEC for years, knew that

the SEC planned to file claims for several weeks, and had been negotiating a stipulation addressing

the SEC's concerns before the SEC's motion was even filed.  *See* BAM Opp. at 2-3; 11-15.

During the June 13 hearing on the SEC's motion, the Court repeatedly asked SEC counsel

whether it had any evidence that Defendants had misused, dissipated, or commingled BAM

customer assets.  Indeed, the Court asked that question and made related inquiries to two SEC

attorneys on no less than a dozen occasions.[1]  SEC attorneys initially failed to provide answers

responsive to the Court's question, but they eventually confirmed what Defendants argued in their

opposition briefs—there is no evidence that BAM customer assets have been misused or

dissipated:

> COURT:     Well, if you're saying we need to shut down and impose this regime
> on the U.S. companies because we're concerned about the
> dissipation of assets from the U.S. companies, I want to know,

---

[1]     For example, the Court's inquiries to one SEC attorney included: (i) "Can you clarify or walk me through the transfers you allege were made specifically from the U.S. entities, as opposed to the international Binance platform, to offshore accounts held by Zhao and how you know that those were customer assets," Fee Decl. Ex. 2 (transcript of June 13, 2023 hearing) at 30:6-10; (ii) "[W]hat I want to know is where specifically are the allegations about transfers from BAM Trading – BAM Trading – out, offshore, as opposed to the examples you're giving me are still Binance.com, not Binance.US.com," *id.* at 32:1-4; (iii) "Q. I want to know, where have you made a showing that it is the money from the U.S. companies that is moving out? A. It hasn't happened yet, Your Honor," *id.* at 33:4-6; (iv) "But, I want to know, besides the interlocking relationships then, what have you seen of money going out that supports those concerns," *id.* at 34:1-3; *see also* *id.* at 34:17-21, 35:5-8, 36:7-11, 36:20-24, 43:3-4, 44:6-9, 44:22-23, 44:25-45:2.

>|      | where have you made a showing that it is money from the U.S. companies that is moving out? |
>| --- | --- |
>| [SEC]: | It hasn't happened yet, Your Honor. |

. . . .

>| COURT: | I want to know, are [BAM] assets going offshore? . . . [A]re you saying it's happening or it's not?  And it's kind of stunning to me that I've now asked this question to each of [the SEC attorneys] five times. |
>| --- | --- |
>| [SEC]: | So currently the assets are not going offshore. . . . [W]e're not seeing any flows of money outside of the United States. |

Fee Decl. Ex. 2 at 33:1-6; 44:22-45:9.

The Court ultimately referred the parties to mediation before Judge Faruqui.  The Court explained that it was "looking for . . . some variation of what we almost already have, which is something that permits BAM Trading to operate, permits the government to be comfortable that the 2.2 billion is secure, [that] U.S. customer assets don't leave the country and don't leave the U.S. company's control, and that [the SEC] get[s] the additional information and documents that [it is] seeking." *Id.* at 54:12-18.

With the assistance of Judge Faruqui, the parties ultimately agreed on the stipulated Consent Order.  In that order, the SEC withdrew its request for a total asset freeze and agreed that BAM could continue operating in the ordinary course of business.  BAM, in turn, agreed to provide the SEC with a monthly summary of ordinary business expenses.  Immediately following entry of the Consent Order, the SEC issued a press release titled, "SEC Secures Emergency Relief to Protect Binance.US Customers' Assets."  Fee Decl. Ex. 1.  Among other things, the press release stated: "Given that Changpeng Zhao and Binance ***have control*** of the platforms' customers' assets and ***have been able*** to commingle customer assets or divert customer assets as they please, as we have alleged, these prohibitions are essential to protecting investor assets." *Id.* (emphasis added).

## APPLICABLE RULES

Attorneys engaged in a case before the U.S. District Court for the District of Columbia must comply with the Rules of Professional Conduct as adopted by the District of Columbia Court of Appeals.  D.D.C. LCvR 83.15(a).  Rule of Professional Conduct 3.6 prohibits "[a] lawyer engaged in a case being tried to a judge or jury" from "mak[ing] an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of mass public communication and will create a serious and imminent threat of material prejudice to the proceeding."

SEC employees also are required to comply with the SEC's Canons of Ethics (17 C.F.R. § 200.51-72, the "Canons of Ethics") and Regulation Concerning Conduct of Members and Employees and Former Members and Employees of the Commission (17 C.F.R. § 200.735-1-18, the "Regulation Concerning Conduct").  5 C.F.R. § 4401.101.  The Canons of Ethics require an SEC employee's conduct "in the performance of the duties of his office" to be "beyond reproach." 17 C.F.R. § 200.56.  The Regulation Concerning Conduct mandates that "[i]n view of the effect which Commission action frequently has on the general public, it is important that members, employees, and special Government employees maintain unusually high standards of honesty, integrity, impartiality and conduct."  17 C.F.R. § 200.735-2.

## ARGUMENT

### THE COURT SHOULD ISSUE AN ORDER DIRECTING THE SEC TO FOLLOW APPLICABLE RULES CONCERNING EXTRAJUDICIAL STATEMENTS

The SEC's press release is misleading, contains statements that the SEC knows to be unsupported by evidence, and is inconsistent with the rules of professional conduct.  At a minimum, the SEC's statement contravenes the principle that the SEC so frequently cites—it omits material facts necessary to ensure the statements being made are not false and misleading.  The

SEC's statement that Defendants "have been able to commingle customer assets or divert customer assets as they please" is directly contradicted by the SEC's statements to the Court that the SEC has no evidence of that ever occurring.  *See* Fee Decl. Ex. 2 at 33:1-6; 44:22-45:9.  Furthermore, the SEC's statements that it had "secured emergency relief" and that this relief was "essential to protecting investor assets" are misleading given that the Consent Order was the result of weeks of negotiations between the parties, was entered with Defendants' consent, and there is no evidence whatsoever that BAM customer assets are in danger.

The SEC's press release creates a risk of material prejudice to this proceeding.  D.C. LCvR 83.15(a); D.C. Rule of Professional Responsibility 3.6.  As explained in the BAM Opposition, the mere filing of the SEC's motion risked harming BAM's customers, effectively ending BAM's business, and preventing BAM from defending itself in this litigation.  During the TRO hearing, the Court pressed the SEC on these issues, confirmed that the SEC had no evidence to support its allegations that BAM had misused or dissipated customer assets, and reinforced that BAM should be able to continue operating its business.  Nevertheless, as soon as the Consent Order was entered, the SEC immediately issued a press release reasserting unsupported allegations about the misuse of customer assets that served only to reinforce confusion and uncertainty among BAM's customers and banking partners.

The SEC's press release also risks tainting the jury pool.  It has been "long recognized that adverse publicity can endanger the ability of a defendant to receive a fair trial."  *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 378 (1979); *see also Warger v. Shauers*, 574 U.S. 40, 50 (2014) ("The Constitution guarantees both criminal and civil litigants a right to an impartial jury.").  This is particularly so where, as here, the case has generated significant media attention.  *See Fourte v. Country Wide Home Loans, Inc.*, 2009 WL 10744339, at *3 (D.N.J. July 31, 2009) (in cases with

"overeager" media following, "court-imposed limitations on extrajudicial statements may be necessary to adequately prevent tainting the jury pool and protect the defendants' right to a fair and impartial trial").  By making misleading assertions that clearly imply that Defendants have dissipated BAM customer assets, potential jurors are left with the impression that Defendants have improperly diverted customer assets and must have been engaged in wrongdoing.

The SEC's use of the phrase "as we have alleged" in the press release does not permit it to make assertions for which it knows it has no supporting evidence.  The placement of "as we have alleged" after the assertion that Defendants "have been able to commingle customer assets or divert customer assets as they please" suggests that the SEC's "allegation" already has been proven.  *See, e.g.*, *United States v. Silver*, 103 F. Supp. 3d 370, 378 (S.D.N.Y. 2015) ("[T]he Court does not . . . accept the Government's suggestion that any prejudicial effect of otherwise improper comments is magically dispelled by sprinkling the words 'allege(d)' or 'allegation(s)' liberally throughout the press conference or speech, or by inserting a disclaimer that the accused is 'innocent unless and until proven guilty' at the end of an otherwise improper press release.").

Based on the foregoing, Defendants respectfully request that the Court issue the attached Proposed Order directing counsel for the SEC to comply with all applicable rules of conduct concerning extrajudicial statements, including D.C. Professional Rule of Conduct 3.6.  Doing so will help ensure that the SEC's public statements do not further prejudice Defendants and materially impact this proceeding.

## CONCLUSION

For the foregoing reasons, the Court should enter the Proposed Order.

Dated:  June 21, 2023

Respectfully submitted,

/s/ William R. McLucas

William R. McLucas (*pro hac vice*)
Matthew T. Martens (D.C. Bar #1019099)
Matthew Beville (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
William.McLucas@wilmerhale.com
Matthew.Beville@wilmerhale.com
Matthew.Martens@wilmerhale.com

Tiffany J. Smith (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tiffany.Smith@wilmerhale.com

*Attorneys for Defendants BAM Trading
Services Inc. and BAM Management
Holdings US Inc.*

/s/ George S. Canellos

George S. Canellos (*pro hac vice*)
Adam J. Fee (*pro hac vice*)
Matthew J. Laroche (*pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, NY 10001
GCanellos@milbank.com
AFee@milbank.com
MLaroche@milbank.com

Andrew M. Leblanc (D.C. Bar #479445)
MILBANK LLP
1850 K Street, NW, Suite 1100
Washington, D.C. 20003
ALeblanc@milbank.com

*Attorneys for Defendants BAM Trading Services
Inc. and BAM Management Holdings US Inc.*

/s/ Daniel W. Nelson

Michael Celio (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
MCelio@gibsondunn.com

Mary Beth Maloney (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
MMaloney@gibsondunn.com

Daniel W. Nelson (D.C. Bar #433415)
Jason J. Mendro (D.C. Bar #482040)
Stephanie Brooker (*pro hac vice*)
M. Kendall Day (*pro hac vice* pending)
Richard W. Grime (*pro hac vice* pending)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
DNelson@gibsondunn.com
JMendro@gibsondunn.com
SBrooker@gibsondunn.com

KDay@gibsondunn.com
RGrime@gibsondunn.com

*Attorneys for Defendant Binance Holdings Limited*


*/s/ Abid R. Qureshi*
Abid R. Qureshi (D.C. Bar No. 459227)
William R. Baker, III (D.C. Bar No. 383944)
Michael E. Bern (D.C. Bar No. 994791)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
abid.qureshi@lw.com
william.baker@lw.com
michael.bern@lw.com

Douglas K. Yatter (*pro hac vice*)
Benjamin Naftalis (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
douglas.yatter@lw.com
benjamin.naftalis@lw.com

Heather A. Waller (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
heather.waller@lw.com

Melanie M. Blunschi (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600
Fax: (415) 395-8095
melanie.blunschi@lw.com

*Attorneys for Defendant Changpeng Zhao*

-8-