UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO,<br><br>*Defendants*. | No. 1-23-cv-01599-ABJ |

## JOINT STATUS REPORT

Pursuant to the Court's minute order of June 17, 2023, Plaintiff Securities and Exchange Commission ("SEC"), Defendant Binance Holdings Limited, Defendant BAM Trading Services Inc., Defendant BAM Management US Holdings Inc., and Defendant Changpeng Zhao (collectively, the "Parties"), through undersigned counsel, respectfully submit this Joint Status Report setting out their positions regarding the schedule for further proceedings.

**I.   Schedule for Responding to the Complaint**

The Parties jointly propose the following schedule for responding to the complaint:

**A.**   **September 21, 2023**:  Defendants shall file answers or motions in response to the complaint.

**B.**   **November 7, 2023**:  Plaintiff shall file any briefs in opposition to any motions to dismiss.

**C.**   **December 12, 2023**:  Defendants shall file any reply briefs in support of any motions to dismiss.

1

## II.     The Parties' Positions on Discovery

### A.     Position of Plaintiff

The SEC respectfully submits that fact discovery on the merits of this case should begin in September 2023, consistent with the schedule proposed below in Section III.A.  The SEC has a compelling interest to proceed with this matter expeditiously, especially given the extensive and ongoing violations of the federal securities laws alleged in the Complaint.  Delaying discovery will further prejudice the SEC's ability to prosecute this case because evidence will become stale.  In contrast, Defendants' position fails to satisfy their burden of showing a need to stay discovery.  Defendants have demonstrated ample resources to engage in discovery while their (unspecified) motions are pending.  Moreover, Congress has empowered the SEC with administrative subpoena authority, and the SEC in fact typically investigates before filing suit; thus, staying discovery on that basis is both improper and unwarranted.

### B.     Position of Defendants

Defendants respectfully submit that all discovery, except for the discovery expressly permitted by the Consent order entered on June 17, 2023 (Doc. 71), should be deferred pending resolution of any dispositive motions filed on September 21, 2023.  Such deferral is warranted, among other reasons, because the SEC conducted extensive investigative discovery before filing this action, the SEC is conducting expedited discovery at this time that will consume extensive time and resources from the parties, this case presents threshold legal issues of first impression, and this Court's ruling on those issue could significantly shape the scope of any discovery that proceeds in this case.  Defendants would be happy to provide any further briefing or argument on this issue that would be of assistance to the Court.

**III.    The Parties' Positions on the Schedule for Further Proceedings**

    **A.    Position of Plaintiff**

The SEC proposes the following schedule for further proceedings:

| | |
|---|---|
| Deadline for parties to file Rule 26(f) and LCvR 16. 3 report with the Court. | August 15, 2023 |
| Date on which the parties may begin taking fact discovery on the merits of the action.<br><br>Deadline for parties to serve Rule 26 initial disclosures. | September 7, 2023 |
| Deadline to amend pleadings. | March 8, 2024 |
| Deadline to complete fact discovery. | May 3, 2024 |
| Opening expert reports due. | June 11, 2024 |
| Rebuttal expert reports due. | July 30, 2024 |
| Deadline to complete expert discovery. | September 15, 2024 |
| Deadline to file dispositive motions. | October 30, 2024 |
| Deadline to file opposition to dispositive motions. | December 2, 2024 |
| Deadline to file reply in further support of dispositive motions. | December 20, 2024 |

    **B.    Position of Defendants**

Defendants submit that, if any claims survive dismissal, the Parties should meet and confer regarding the schedule for further proceedings within 14 days after this Court rules on Defendants' anticipated motions to dismiss. The Parties should file another joint status report 10 days thereafter setting out their scheduling proposals.

To the extent that the Court wishes to set a further schedule at this time, Defendants are generally agreeable to the timeframes proposed by the SEC, subject to four exceptions:

*First*, Defendants submit that all of these timeframes should be deferred pending resolution of their anticipated motions to dismiss. The deadlines for each event listed should run from the time of a ruling, if any, denying the motions to dismiss, in whole or part.

*Second*, Defendants oppose the SEC's proposed deadline for amended pleadings. The deadlines for amended pleadings should be governed by Rule 15 of the Federal Rules of Civil Procedure, and any amendment sought after the deadline for amending as a matter of course should require all parties written consent or leave of the Court.

*Third*, the deadlines for summary judgment briefing should be expanded to allow at least 90 days after the close expert discovery to file principal briefs in support of summary judgment; 60 days to oppose summary judgment; and 45 days to reply.

*Fourth*, Defendants submit that it may be appropriate to revisit the timeframes provided in the schedule after the case progresses and, particularly, in light of the Court's rulings on the motions to dismiss.

*   *   *   *

Dated: June 23, 2023                                   Respectfully submitted:


   */s/ J. Emmett Murphy*
Matthew Scarlato (D.C. Bar No. 484124)
Jennifer L. Farer (D.C. Bar No. 1013915)
J. Emmett Murphy
U.S. SECURITIES AND EXCHANGE
COMMISSION
100 F Street N.E.
Washington, D.C. 20549
(202) 551-3746 (Scarlato)
(202) 551-5072 (Farer)
(212) 336-0078 (Murphy)
scarlatom@sec.gov
farerj@sec.gov
murphyJoh@sec.gov

*Attorneys for the Plaintiff*


Of Counsel:   Jorge G. Tenreiro
               David L. Hirsch
               David A. Nasse
               Michael Baker
               Kathleen Hitchins
               Donna Norman
               Ann Rosenfield
               Colby Steele
               Martin Zerwitz


SECURITIES AND EXCHANGE
COMMISSION

 /s/ Andrew M. LeBlanc
Andrew M. Leblanc (D.C. Bar #479445)
MILBANK LLP
1850 K Street, NW, Suite 1100
Washington, D.C. 20003
ALeblanc@milbank.com

George S. Canellos (*pro hac vice*)
Matthew J. Laroche (*pro hac vice*)
 MILBANK LLP
55 Hudson Yards
New York, NY 10001
GCanellos@milbank.com
MLaroche@milbank.com

Adam J. Fee (*pro hac vice*)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
AFee@milbank.com


 /s/ Matthew T. Martens
William R. McLucas (*pro hac vice*)
Matthew T. Martens (D.C. Bar #1019099)
Matthew Beville (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
William.McLucas@wilmerhale.com
Matthew.Beville@wilmerhale.com
Matthew.Martens@wilmerhale.com

Tiffany J. Smith (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tiffany.Smith@wilmerhale.com


*Attorneys for Defendants BAM Trading Ser-vices Inc. and BAM Management Holdings US Inc.*

 /s/ Jason J. Mendro
Daniel W. Nelson (D.C. Bar #433415)
Jason J. Mendro (D.C. Bar #482040)
Stephanie Brooker (*pro hac vice*)
M. Kendall Day (*pro hac vice*)
Richard W. Grime (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
DNelson@gibsondunn.com
JMendro@gibsondunn.com
SBrooker@gibsondunn.com
KDay@gibsondunn.com
RGrime@gibsondunn.com

Michael Celio (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
MCelio@gibsondunn.com

Mary Beth Maloney (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
MMaloney@gibsondunn.com

*Attorneys for Defendant Binance Holdings Limited*

6

/s/ Abid R. Qureshi
Abid R. Qureshi (D.C. Bar No. 459227)
William R. Baker, III (D.C. Bar No. 383944)
Michael E. Bern (D.C. Bar No. 994791)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
abid.qureshi@lw.com
william.baker@lw.com
michael.bern@lw.com

Douglas K. Yatter (*pro hac vice*)
Benjamin Naftalis (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
douglas.yatter@lw.com
benjamin.naftalis@lw.com

Heather A. Waller (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
heather.waller@lw.com

Melanie M. Blunschi (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600
Fax: (415) 395-8095
melanie.blunschi@lw.com

*Attorneys for Defendant Changpeng Zhao*