UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO,<br><br>　　　　　**Defendants.** | Civil Action No. 1-23-cv-01599 (ABJ) |

**RESPONSE OF DEFENDANTS BINANCE HOLDINGS LIMITED
AND CHANGPENG ZHAO IN OPPOSITION TO EEON'S PETITION TO INTERVENE**

Defendants Binance Holdings Limited ("BHL") and Changpeng Zhao oppose the "Petition to Intervene" filed by "Eeon." *See* ECF 90. The Petition should be denied for at least three independent reasons: (1) intervention is prohibited by 15 U.S.C. § 78u(g) absent the consent of the Securities and Exchange Commission ("SEC"); (2) Eeon fails to establish that it is a real party in interest; and (3) Eeon fails to establish that it meets the requirements for intervention.

On July 13, 2023, an entity, individual, or individuals proceeding as "Eeon" filed a pro se "Petition to Intervene" on behalf of themselves and supposedly a putative class of "owners of cryptocurrency . . . held by Binance," asserting that "[w]e are the proper parties to this matter." ECF 90 at 2.[1] The Petition states that portions of the document were drafted by an artificial-intelligence "language model." *Id.* at 9; *see also id.* at 4 n.4. The Petition to Intervene also attaches a "Redress Petition in the form of a Counterclaim and Challenge to the jurisdiction of the SEC

---

[1] The Petition sometimes refers to Eeon in the singular as "I" and sometimes in the plural as "we."

respecting private interests" ("Redress Petition"), ECF 90-1.  The "Redress Petition" makes vague allegations against the SEC, BHL, and other unspecified "cryptocurrency organizations and/or block chain platforms."  ECF 90-1, at 4, 7–9.  Last, Eeon attaches what appears to be the first two pages of a sealed order from the Southern District of New York, which previously dismissed Eeon's lawsuit against the Federal Reserve and "Does 1—20,000" *sua sponte* and with prejudice.  *See* ECF 90-2; *see also* Order, Dkt. 13, *Eeon v. Federal Reserve Board*, 1:17-cv-6611-RWS (S.D.N.Y. Apr. 4, 2018).

As an initial matter, 15 U.S.C. § 78u(g) prohibits the "consolidation of a private action with one brought by the SEC without its consent."  *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 332 n.17 (1979).  "[S]everal cases [] interpret [15 U.S.C. § 78u(g)] to bar all private cross-claims, counter-claims, and thir[d]-party claims to SEC enforcement actions," *SEC v. Qualified Pensions, Inc.*, 1998 WL 29496, at *2 (D.D.C. Jan. 16, 1998), and Eeon does not and cannot show why the circumstances alleged merit an exception to this principle.

The Petition to Intervene should also be denied because it appears to violate Rule 17 of the Federal Rules of Civil Procedure, which requires an action to be "prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a)(1).  The Petition neither identifies Eeon as a duly established business organization nor as an individual person who would prosecute the proposed claims under a legally recognized name.  *Cf. Qualls v. Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005) (disallowing plaintiffs' use of pseudonyms).  Notably, other actions pursued by a party operating under the "Eeon" name have been dismissed or otherwise raise significant credibility concerns.[2]

---

[2] *See, e.g.*, Dkt. 3, *Wilson v. Planet*, 1:23-mc-26-ACR (D.D.C. Apr. 25, 2023) (dismissing "unclear" complaint sua sponte); Dkt. 50, *PennyMac Loan Servs., LLC v. Innovated Holdings*, 2:19-cv-193-HSO (S.D. Miss. Mar. 26, 2020) (denying intervention motion); Dkt. 58, *Eeon v. U.S. Dep't of Agriculture*, 3:18-cv-3449-JD (N.D. Cal. Feb. 21, 2019) (dismissing "rambling"

Further, the Petition fails to satisfy several requirements for intervention.

First, the Petition fails to satisfy Rule 24(c)'s requirement that every intervention motion "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Here, the attached "Redress Petition" fails to plausibly articulate any "claim." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); Fed. R. Civ. P. 8(a)(2), 10(b). To the extent that the Redress Petition discusses BHL at all, it appears to dispute measures BHL took to comply "with an order from [this] Court," and lacks any plausible allegations of wrongdoing. *See* ECF 90-1, at 7; *id.* at 8 ("We are also challenging the fact that the Court's order also blocks the right of law-abiding civilians to have access to their property."). These vague assertions do not establish an entitlement to relief. *See, e.g.*, *Manafort v. U.S. Dep't of Justice*, 2018 WL 10701253, *1 (D.D.C. Feb. 21, 2018) ("While movant's submission includes some material expressing his concerns about the Special Counsel, it does not comport with Rule 24(c) since it fails to set out any claim that movant would seek to bring against any defendant[.]").

Second, the Petition fails to meet the requirements for intervention of right. To obtain intervention of right, Eeon must identify a federal statute that grants "an unconditional right to intervene" or show that disposing of the case in Eeon's absence would "impair or impede the movant's ability to protect its interest." Fed. R. Civ. P. 24(a)(1)–(2). Eeon has identified no federal statute conferring an unconditional right to intervene. Nor has Eeon articulated any "interest" in this litigation that would be practically impaired unless Eeon is permitted to intervene.

---

complaint with prejudice). The Petition also lacks other indicia of legitimacy, such as the telephone number required by Rule 11(a).

3

Third, the Petition fails to meet the requirements for permissive intervention, which include identifying a federal statute conferring "a conditional right to intervene," Fed. R. Civ. P. 24(b)(1)(A), and "an independent ground for subject matter jurisdiction" over the "claim," *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998); Fed. R. Civ. P. 24(b)(1)(B).  Here, the Petition identifies neither.  Furthermore, Eeon's participation in this case would "unduly delay or prejudice the adjudication of the original parties' rights," given that the filing would complicate this proceeding and inject irrelevant issues and arguments.  Fed. R. Civ. P. 24(b)(3); *cf. Aref v. Barr*, 2020 WL 7974325, *3 (D.D.C. June 25, 2020) ("[T]he Court concludes that allowing the claimants to intervene will not only cause undue delay . . . but will add significant complexity by introducing entirely new issues to the current case.").

The Petition to Intervene should be denied.

Dated: July 27, 2023                                  Respectfully submitted,


   */s/ Daniel W. Nelson*
Daniel W. Nelson (D.C. Bar #433415)
Jason J. Mendro (D.C. Bar #482040)
Stephanie Brooker (*pro hac vice*)
M. Kendall Day (*pro hac vice*)
Richard W. Grime (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
DNelson@gibsondunn.com
JMendro@gibsondunn.com
SBrooker@gibsondunn.com
KDay@gibsondunn.com
RGrime@gibsondunn.com

Michael Celio (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
MCelio@gibsondunn.com

Mary Beth Maloney (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
MMaloney@gibsondunn.com


*Attorneys for Defendant Binance Holdings Limited*

     */s/ Abid R. Qureshi*
Abid R. Qureshi (D.C. Bar No. 459227)
William R. Baker, III (D.C. Bar No. 383944)
Michael E. Bern (D.C. Bar No. 994791)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
abid.qureshi@lw.com
william.baker@lw.com
michael.bern@lw.com

Douglas K. Yatter (*pro hac vice*)
Benjamin Naftalis (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
douglas.yatter@lw.com
benjamin.naftalis@lw.com

Heather A. Waller (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
heather.waller@lw.com

Melanie M. Blunschi (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600
Fax: (415) 395-8095
melanie.blunschi@lw.com

*Attorneys for Defendant Changpeng Zhao*