UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:23-cv-01599-ABJ |
| BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION
TO PETITION TO INTERVENE**

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this Opposition to the "Petition to Intervene" ("Petition") filed by "Eeon." *See* Dkt. No. 90. Eeon purports to be a natural person representing an amorphous group of "Customers" who are "stake holders, investors, and owners of our cryptocurrency held by Binance."[1] *Id.* at 2. As discussed below, Eeon appears to be a serial *pro se* litigant whose causes have failed to gain traction in federal court. In this case, Eeon's Petition and accompanying "Redress Petition in the form of a Counterclaim and Challenge to the jurisdiction of the SEC respecting private interests" ("Redress Petition") (Dkt. No. 90-1) contain wide ranging factual and legal assertions that are difficult to decipher, are sometimes contradictory, and mischaracterize the record. They include variations of Defendants' arguments that crypto assets traded on "Binance" platforms are not securities (*see, e.g.*, Petition at 3, Redress Petition at 9); claims about lack of access to funds, including that

---

[1] The Petition alternates between singular ("I") and plural ("we") pronouns and does not generally distinguish among Binance entities.

unspecified "Binance" entities and "similar companies" are "blocking access to our property" by "seizing control of keys" (Petition At 3-4, 8, 9; Redress Petition at 10); the court-ordered accounting "does not allow and/or permit the customers access to their funds" (Petition at 5, 9); that the SEC has brought claims against the customers themselves in this case (Petition at 4, 8; Redress Petition at 8); and more esoteric assertions about constitutional limitations on issuing money in forms other than gold and silver (*id.* at 7) and the illegitimacy of the United States Code (Redress Petition at 10).

The Petition should be denied for several reasons.

First, section 21(g) of the Exchange Act prohibits a private litigant's intervention in an SEC enforcement action to assert separate claims without the SEC's consent.  15 U.S.C. § 78u(g) ("[N]o action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact").  Courts have affirmed in similar contexts that "this provision bars 'claims for damages by non-SEC parties . . . (without the SEC's consent) in the enforcement action to which they purport to relate.'"  *SEC v. Ripple Labs, Inc.*, No. 20 CIV. 10832 (AT), 2021 WL 4555352, at *2 (S.D.N.Y. Oct. 4, 2021) (quoting *SEC v. Caledonian Bank, Ltd.*, 317 F.R.D. 358, 367–68 (S.D.N.Y. 2016)).  While Eeon's legal theories and factual allegations are often inscrutable, they are all explicitly in support of proposed counterclaims seeking relief *against* the SEC and "Binance."  Redress Petition at 11 ("It is therefore necessary to bring forth our claim against the SEC and against Binance."); *id.* at 10 (proposing damages calculations to be assessed against the SEC and "Binance").  Because the SEC does not consent to the intervention, the Petition should be dismissed under 15 U.S.C. § 78u(g).  *See SEC v. Prudential Secs. Inc.*, No. 93-2164, Fed. Sec. L. Rep. ¶ 99,445, 1997 WL

35393453 at *4 (D.D.C. Mar. 26, 1997) ("Congress enacted Section 21(g) to promote the effective enforcement of federal securities laws by ensuring that the SEC would not be required to litigate the separate issues of private parties during SEC litigation, 'even though [the private] actions may involve common questions of fact.'") (quoting 15 U.S.C. § 78u(g)).

Beyond this statutory authority, the Petition also fails to satisfy the requirements for intervention under Rule 24. Eeon purports to seek intervention as of right under 24(a), but at a minimum he fails to make the required showing of "the absence of adequate representation by any existing party." Fed. R. Civ. P. 24(a)(2).[2] The crux of Eeon's "claims" against the SEC appears to be that crypto assets traded on Binance are not securities, which is also one of Defendants' central argument in this litigation. *See*, *e.g.*, Redress Petition at 11. Courts have repeatedly denied similar attempts to intervene in SEC litigation by holders of crypto assets. *SEC v. LBRY, Inc.*, 26 F.4th 96, 99 (1st Cir. 2022) (affirming district court's denial of Rule 24 motion because intervener merely shared defendant's objective of proving the relevant crypto asset was not a security); *Ripple*, 2021 WL 4555352, at *4 ("[b]oth Movants and Defendants seek the same outcome: a holding that XRP, particularly XRP currently being traded, is not a security."). In addition, Eeon has not offered a basis for intervention based on purported claims concerning lack of access to funds or that the SEC has asserted claims and allegations against customers. Petition at 3-4. The terms of the Consent Order expressly provide for customers' access to and ability to withdraw funds. *See* Dkt. No. 71. In addition, the SEC has not asserted

---

[2] Intervention of right requires the movant to show four factors: "(1) the timeliness of the motion; (2) whether the applicant 'claims an interest relating to the property or transaction which is the subject of the action'; (3) whether 'the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest'; and (4) whether 'the applicant's interest is adequately represented by existing parties.'" *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003) (quoting *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998)).

any claims or allegations against any customers not affiliated with Defendants; indeed, it brings this action in the interest of protecting investors.

The Court should also deny Eeon's request for permissive intervention.  Rule 24(b) gives the Court discretion to permit intervention to an interested party while balancing concerns that "intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  Courts strongly disfavor permissive intervention in SEC enforcement actions because of obvious concerns of undue delay and prejudice, and those concerns are only heighted here given the nature of the Petition's assertions.  *SEC v. Everest Mgmt. Corp.*, 475 F.2d 1236, 1240 (2d Cir. 1972); s*ee also SEC v. Bear, Stearns & Co., Inc.*, No. 03 Civ. 2937, 2003 WL 22000340, at *5 (S.D.N.Y. Aug. 25, 2003) ("[c]oncerns about undue delay and complication resulting from permissive intervention are acute where the Government, and particularly the SEC, is a party to the underlying action.").

Finally, to the extent some other basis for intervention might be inferred from Eeon's papers, the motion should be denied for failure to satisfy Rule 24's requirement that the Petition "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).  The Redress Petition states no cognizable claim at all, let alone one that satisfies Rule 8's requirement for a "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  This appears to be a pattern in Eeon's litigation conduct that has caused other courts to dismiss actions it filed.  *See Frye v. Cooper*, No. 23-MC-0028 (TSC), 2023 WL 2809061, at *2 (D.D.C. Apr. 6, 2023) (Eeon's "petition does not meet the Rule 8 pleading standard.  His factual allegations are unclear—as is the legal theory ostensibly providing the basis for the petition. Thus, he has not given the Respondents 'fair notice of what the claim is and the grounds upon which it rests.'")

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Eeon, Ronnie, & Sunshine Kahapea v. Fed. Rsrv. Bd.*, No. 23-MC-00012 (TSC), 2023 WL 2327867, at *1 (D.D.C. Mar. 2, 2023) (dismissing action for failure to satisfy Rule 8 requirements). "On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered." *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).[3]

For the reasons stated above, the Petition should be denied.

Dated:  July 27, 2023                                      Respectfully submitted,


                                                        s/ J. Emmett Murphy
                                                        Matthew Scarlato (D.C. Bar No. 484124)
                                                        Jennifer L. Farer (D.C. Bar No. 1013915)
                                                        J. Emmett Murphy
                                                        David A. Nasse (D.C. Bar No. 1002567)
                                                        Jorge G. Tenreiro
                                                        SECURITIES AND EXCHANGE COMMISSION
                                                        (202) 551-3749 (Scarlato)
                                                        scarlatom@sec.gov

                                                        *Attorneys for Plaintiff*

---

[3] Eeon attached to its Petition what appears to be the first two pages of a sealed opinion from *Eeon v. The Federal Reserve Board, et al.*, No. 17-Civ-6611, 2018 WL 10050314 (S.D.N.Y. Apr. 4, 2018). Dkt. No. 90-2. The reason for this attachment is not clear, particularly given that case is another example in which a court dismissed a case brought by Eeon with prejudice. *Eeon*, 2018 WL 10050314, at *1-2.

## **CERTIFICATE OF SERVICE**

I, J. Emmett Murphy, certify that on July 27, 2023, the foregoing was filed using the Court's CM/ECF system, which constitutes service upon all registered ECF users.

In addition, I hereby certify that a copy of this filing is being provided to movant Eeon at the address below via First Class Mail or Federal Express:

**EEON**
304 South Jones Blvd
Las Vegas, NV 89107
PRO SE

                                               s/ J. Emmett Murphy
                                               J. Emmett Murphy

                                               *Counsel for Plaintiff*