UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     *Plaintiff*,<br><br>  v.<br><br>BINANCE HOLDINGS LIMITED,<br>BAM TRADING SERVICES INC.,<br>BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO,<br><br>     *Defendants*. | No. 1-23-cv-01599-ABJ-ZMF |

**[PROPOSED] PROTECTIVE ORDER**

  Upon consideration of the Joint Motion for a Protective Order and pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502(d), and for good cause shown, IT IS HEREBY ORDERED that this Protective Order (hereafter the "Order") shall control the disclosure, dissemination, and use of material produced in discovery in the above-captioned litigation (hereafter the "Litigation").

  This Order shall govern the production, use, and disclosure of all information and materials produced by any party or non-party in response to any discovery request and the informal exchange of information in the Litigation (including, but not limited to, documents, interrogatory answers, responses to requests for admissions, and deposition transcripts and exhibits), all information contained in those materials, and all copies, excerpts, or summaries of those materials (collectively, "Discovery Material").

1

Parties issuing any discovery to a non-party will provide them with a copy of this order at the time discovery is served to ensure the non-parties producing documents and information are aware of the requirements set forth herein.

As described below, the parties shall meet and confer and no later than 60 days before summary judgment briefs are due submit a joint proposal to the Court concerning the use of Protected Material for summary judgment, at trial, and for any subsequent appeal and propose any corresponding modifications to this Protective Order.

## I. PROTECTED CONFIDENTIAL MATERIAL

1. <u>Designation of Protected Material</u>. A party or non-party may, in good faith, designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and therefore subject to the protections and requirements of this Order. Any party may designate Discovery Material as CONFIDENTIAL that the party reasonably believes is confidential information because it falls into at least one of the following categories:

  (a) Nonpublic trade secret, proprietary information, and financial information, including profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sales margins;

  (b) Nonpublic material relating to ownership or control of any non-public company;

  (c) Nonpublic information about the identities of individuals who hold and control any private or administrative keys relating to company or customer crypto assets;

  (d) Nonpublic customer information including the identities of customers;

(e)     Nonpublic business plans, product development information, or marketing plans;

(f)     Any information of a confidential, personal, or intimate nature regarding any individual, including any such individual's status or identification as a whistleblower, victim, or investor related to this Litigation;

(g)     information which an FDIC-Receiver is legally obligated by law to keep confidential or that a FDIC-Receiver would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence;

(h)     any information that could compromise the security of customer accounts or assets held by any party or non-party; or

(i)     Any other category of information hereinafter given confidential status by the Court.

CONFIDENTIAL information also includes any information previously produced and designated as confidential in this litigation.

Any party or non-party may designate Discovery Material as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY that is highly sensitive, non-public information that falls into one of the categories above that the party reasonably believes is so sensitive that its disclosure to persons other than those permitted pursuant to this Order, is substantially likely to result in significant injury to the Designating Party.

The parties recognize that designations of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not apply to all documents and information produced in discovery, and the designation will be applied to only Discovery Material that specifically qualifies as set forth herein.

Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is "Protected Material." Consistent with the requirements of this paragraph, a party may, within twenty-one (21) calendar days of receipt of the Discovery Materials, by written notice to the other parties, designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY any Discovery Materials produced or given by the other parties or by a nonparty but not designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by that other party or non-party.

2. <u>Limitations on Use</u>. Protected Material and its contents, as well as copies (electronic or otherwise), summaries, notes, memoranda, and computer databases (to the extent such materials are reflected or stored in said databases) relating thereto, shall be used solely by the receiving party for the purpose of litigating the Litigation, shall be and remain confidential, and shall not be disclosed in any fashion, nor used for any purpose other than litigating the Litigation pursuant to the terms of this Order. Notwithstanding the foregoing, this Order shall not preclude or in any way limit the SEC from using, retaining, or disclosing any Discovery Materials without notifying or seeking permission from the producing party, including any Protected Material, investigative files, or other information, within the Commission itself; to any other governmental agencies or bodies or other appropriate agencies, entities, or persons consistent with its statutory and regulatory obligations including its "Routine Uses of Information," set forth in the Commission's Forms 1661 (Supplemental Information for Entities Directed to Supply Information to the Commission Other Than Pursuant to Commission Subpoena) and 1662 (Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena), regardless of whether the Form itself

4

applies to the materials or information or the production thereof; and/or to comply with any other statutory or regulatory obligation.

3. <u>Limited Disclosure of Protected Material Designated as CONFIDENTIAL</u>. Protected Material designated as CONFIDENTIAL may be disclosed, subject to the specific procedures and provisions contained in this Order, to the following persons and/or entities only:

(a) The parties;

(b) This Court and the officers, employees, and any stenographic reporters of such courts, under seal, in camera or ex parte;

(c) Counsel representing the parties in the Litigation and counsel and personnel of the SEC advising the SEC in the Litigation, as well as counsel's support personnel whose functions require access to Protected Material (collectively "Attorney Professionals");

(d) Outside vendors who perform scanning, photocopying, computer classification, translation, or similar clerical functions, or who process electronically stored documents and trial technology, and graphics, retained by the parties or their counsel in the Litigation, but only for the purposes of performing such services and only so long as necessary to perform those services;

(e) Experts consulted or retained by counsel for assistance in the preparation or prosecution of claims or defenses in the Litigation, for the purposes of performing such services, preparing a written opinion, preparing to testify, or assisting counsel in the Litigation;

(f) A witness who has been noticed or subpoenaed for deposition or a court appearance in the Litigation to the extent reasonably necessary for the preparation

or giving of his or her testimony about Protected Material, and such witness may not retain the Protected Material;

(g)     An author or recipient of the Protected Material who is identified on the face of the Protected Material;

(h)     Arbitrators or mediators engaged by the parties in connection with this action;

(i)     Any other person who is so designated by order of this Court or by written agreement of the producing party.

4. No Protected Material designated as CONFIDENTIAL may be disclosed to persons identified in subparagraphs (e), (f), or (i) of the prior Paragraph until they have reviewed this Order and have executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the party making the disclosure to such persons (provided that Counsel who makes such disclosure shall retain the written agreement but shall not be required to produce it to opposing counsel until the deposition of the person or unless ordered by the Court).  To the extent any materials or information subsequently designated CONFIDENTIAL has already been disclosed, counsel for the disclosing party must ensure the recipient(s) of such Protected Material is notified of the designation and has reviewed and will comply with the Order that shall apply to the Protected Material already disclosed.

5. <u>Limited Disclosure of Protected Material Designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>.  Protected Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed, subject to the specific procedures and provisions contained in this Order, to the following persons and/or entities only:

(a) This Court and the officers, employees, and any stenographic reporters of such courts, under seal, in camera or ex parte;

(b) Attorney Professionals;

(c) Outside vendors who perform scanning, photocopying, computer classification, translation, or similar clerical functions, or who process electronically stored documents and trial technology, and graphics, retained by the parties or their counsel in the Litigation, but only for the purposes of performing such services and only so long as necessary to perform those services;

(d) Experts consulted or retained by counsel for assistance in the preparation or prosecution of claims or defenses in the Litigation, for the purposes of performing such services, preparing a written opinion, preparing to testify, or assisting counsel in the Litigation;

(e) An author or recipient of the Protected Material who is identified on the face of the Protected Material;

(f) Arbitrators or mediators engaged by the parties in connection with this action;

(g) Any other person who is so designated by order of this Court or by written agreement of the producing party.

6. No Protected Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed to persons identified in subparagraphs (d) or (g) of the prior Paragraph until they have reviewed this Order and have executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the party making the disclosure to such persons (provided that Counsel who makes such

disclosure shall retain the written agreement but shall not be required to produce it to opposing counsel until the deposition of the person or unless ordered by the Court).  To the extent any materials or information subsequently designated HIGHLY CONFIDENTIAL has already been disclosed, counsel for the disclosing party must ensure the recipient(s) of such Protected Material is notified of the designation and has reviewed and will comply with the Order that shall apply to the Protected Material already disclosed.

7. <u>Parties' Use of Their Own Documents and Records</u>.  Nothing in this Order shall prevent a party or non-party that produces Discovery Material from using or disclosing its own information, including Discovery Material and Protected Material, in any manner it chooses.

8. <u>Mechanics of Designation</u>. No designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be effective as to any element of Protected Material unless there is placed on or affixed to each page of such Protected Material a marking of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  In the case of electronic documents produced in native format, such designation may be made on the physical media (e.g., disk, flash drive) containing such electronic documents and on a slipsheet accompanying the native file if the file is served electronically. Testimony may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY within thirty (30) calendar days after receipt of a certified transcript of said testimony by furnishing to counsel for the other parties a detailed statement of the specific portions of any such information, by page and line number or exhibit number: by designating lines and pages as confidential by highlighting or digital marking; or by a statement on the record at the time the testimony is given.  Pending the expiration of said thirty (30) calendar days, all parties shall presumptively treat the entire deposition transcript as CONFIDENTIAL.  In addition to the requirements of this Order, the court

reporter before whom a deposition or other testimony relating to Protected Material is taken shall, at the request of any party, designate a portion of the deposition or any exhibits or portions thereof containing Protected Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

        9.      <u>Challenges to Designation</u>.  Any party may seek an order from the Court determining that specified Protected Material is not entitled to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  Prior to seeking such an order, the party seeking the order must notify the designating party in writing specifying the confidentiality designation it is challenging, and the basis for such challenge. The designating party shall then have seven (7) calendar days from receipt of that notice to respond explaining its basis for the designation.  The challenging party may then, at any time thereafter, file a motion challenging the designation. Failure to provide a timely response to a written notification of a challenge to a confidentiality designation shall be deemed a waiver of the right to demand confidential treatment of the challenged material, and no motion challenging the designation for the material subject to the waiver shall be necessary.  In addition, a challenging party may also challenge a confidentiality designation in connection with a motion and accompanying motion to seal provided, however, that the moving party comply with the notice and timing provisions in this paragraph.  The challenging party may identify for the court that certain information is subject to a challenge of the confidentiality designation.  Material subject to a challenged confidentiality designation shall remain Protected Material under the terms of this Order unless and until the right to demand confidential treatment has been waived pursuant to this paragraph, or the Court determines that such material is not entitled to such designation.  For the purposes of any motion or other request brought by a party seeking an order from the Court determining that specified Protected Material

is not entitled to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, the burden shall be on the designating party to demonstrate that such designation is appropriate.

10. <u>Late Designation</u>.  The failure of a party or nonparty to designate information or documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with this Order, and the failure to object to such a designation, is not a waiver of the right to do so and shall not preclude a party or nonparty at a later time from subsequently designating or objecting to the designation of such information or documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  However, the parties understand and acknowledge that a party's or nonparty's failure to designate information or documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY relieves the other parties of any obligation of confidentiality until such a designation is made.  Promptly after written notice to the receiving parties of any such subsequent designation by the producing party or nonparty, which notice shall specifically identify the documents or information to be designated, the parties and, if applicable, nonparties, shall confer and agree upon a method to mark as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY any such subsequently designated documents or information, as well as copies, excerpts, or summaries of those materials.  All documents containing any such subsequently designated information will be thereafter treated in accordance with this Order.

11. <u>Use of Protected Material in Court Filings and Proceedings</u>.

(a) Parties seeking to file with the Court any motions, briefs, supporting documents, or other filings containing Protected Material (including any unresolved challenge to a Confidentiality designation) shall redact such Protected Material in the public filing or file the

Protected Material under seal and submit an unredacted version to all parties and the Court at the time of filing.  Notwithstanding Local Rule 5.1(h), parties may file any document that is entirely Protected Material under seal without filing a motion to seal at the time of filing, as long as the parties comply with the procedure for motions to seal set forth in subpart (b) immediately below. Parties should minimize the need to file documents under seal.

(b) Within 7 calendar days of the completion of all briefing with respect to a motion or filing involving Protected Material (*i.e.*, within 7 calendar days after the filing of any opposition and, if applicable, supporting reply), the party that designated the Protected Material CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY when it was produced shall file a motion to seal that either explains the basis for keeping each instance of Protected Material redacted or under seal or agrees to withdraw the confidentiality designation(s). Any party may oppose the motion to seal in whole or in part as to the request to keep the Protected Material redacted or under seal and/or maintain the designation of the Protected Material as CONFIDENTIAL OR HIGHLY CONFIDENTIAL.  Notwithstanding the designation of material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, or initial treatment as redacted or under seal, there is no presumption that Protected Material will be treated by the Court as such and maintained under seal.  The Court retains discretion not to afford confidential treatment to any Protected Material submitted to the Court or presented in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law to retain the confidential nature of such material.

(c) If a non-party designated the Protected Material at-issue in paragraphs 7(a) and 7(b), then the party who obtained that Protected Material from the non-party or used that Protected Material in a filing, is responsible for conferring with the non-party to advise them of procedures

11

set forth in paragraph 7(b) of this Order and to determine whether the non-party believes that the Protected Material should remain under seal or be unsealed in redacted form.

(d) The parties shall meet and confer and, no less than 60 days before summary judgment briefs are due and submit a joint proposal to the Court concerning the use of Protected Material for summary judgment, at trial, and for any subsequent appeal and any corresponding modifications to this Protective Order that may be necessary.

12. Non-Waiver. The designation of Protected Material pursuant to the Order shall not be construed as a waiver of any objection or a concession by any party that such Protected Material is relevant or material to any issue or admissible at trial. Nor shall a failure to object to the designation of any such Protected Material be construed as a concession by the receiving parties that such Protected Material is, in fact, confidential or otherwise entitled to protection under the terms of this Order. All parties maintain their respective rights to object to production of any requested documents on the grounds that they are otherwise not discoverable, including, but not limited to, objections based on any applicable privilege, undue burden, overbreadth, relevance, and proportionality to the needs of the case.

13. Control of Protected Material. All Protected Material shall be maintained under the direct control of counsel of record in the Litigation, who shall be responsible for preventing any disclosure thereof, except as permitted by the terms of this Order. Attorney Professionals may review and make working copies, abstracts, and digests of Protected Material for use in connection with the Litigation, and such working copies, abstracts, and digests shall be deemed Protected Material under the terms of this Order provided that access to Protected Material, in whatever form stored or reproduced, shall be limited to those persons entitled to receive such information pursuant

to the terms of this Order and shall be appropriately marked in accordance with the terms of this Order.

14.     <u>Destruction of Protected Material</u>. Unless otherwise ordered or agreed to in writing by the producing party, within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all parties in receipt of Protected Material shall use reasonable efforts to either return such materials and copies thereof to the producing party or destroy such Protected Material and certify that fact in writing.  The receiving party's reasonable efforts shall not require the return or destruction of Protected Material from (i) disaster recovery or business continuity backups, (ii) data stored in back-end databases critical to application operability and system-generated temporary folders, (iii) archived data with limited end-user accessibility, or (iv) material that is subject to legal hold obligations or commingled with other such material.  Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with the Order and destroyed in due course.

15.     Counsel for the parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports, communications, attorney work product, or any document or material that constitutes a "record" as defined in the Federal Records Act as amended, 44 U.S.C. §§ 2101 *et seq.,* 2901 *et seq.,* 3101 *et seq.,* 3301 *et seq.*("FRA") and SEC rules promulgated thereunder, that contain or refer to Protected Material, provided that such counsel and employees of such counsel shall not disclose such Confidential Material to any person, except pursuant to court order or required by the FRA.  Nothing shall be interpreted in a manner that would violate any applicable law including the FRA, canons of ethics, or codes of professional responsibility.

16. <u>Subpoena or Other Legal Request For Protected Material</u>. If a person in possession of Protected Material who is not the producing party with respect to that Protected Material receives a subpoena or other request seeking production or other disclosure of Protected Material, then that person shall immediately give written notice to counsel for the producing party, identifying the Protected Material sought and the date and time that production or other disclosure is required. In no event should production or disclosure be made without written approval by counsel for the producing party or by further order of the Court or another court of competent jurisdiction. For purposes of this Order, a party's designation of Protected Material shall be deemed a request for confidentiality under 17 C.F.R. § 200.83 in the event of a Freedom of Information Act request for such material.

This provision does not apply to or in any way limit the Securities and Exchange Commission's disclosure of Protected Material to appropriate agencies, entities, or persons, pursuant to its statutory and regulatory obligations consistent with its Routine Uses of Information, without notice to counsel for the producing party of any requests for or disclosure of such Protected Material.

17. <u>Inadvertent Disclosure</u>. Inadvertent disclosure of any Protected Material, regardless of whether said Protected Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the protectability of the Protected Material in accordance with the terms of this Order, either as to the specific Protected Material disclosed, or as to any other information relating thereto or relating to the same or related subject matter. Should any Protected Material be disclosed, through inadvertence or otherwise, to any person and/or entity not entitled to access or review same, then such person and/or entity:

  (a) Will be informed promptly of all provisions of this Order by the party responsible for the inadvertent disclosure;

  (b) Will immediately be identified to all parties; and

  (c) Will be requested, in writing by the party responsible for the inadvertent disclosure, to return the material to the party responsible for the inadvertent disclosure.

18. To the extent that any federal or state law, regulation, or other legal authority governing the custody, disclosure, or use of specified records, including but not limited to the Right to Financial Privacy Act and the Privacy Act of 1974, imposes a requirement to obtain an order of a court of competent jurisdiction to permit disclosure of such records, this Order shall constitute compliance with such requirement, in accordance with 5 U.S.C. § 552a(b)(11) and 12 C.F.R § 310.10(b)(11).  To the extent that any applicable law requires a producing party or receiving party to obtain a court-ordered subpoena, or give or receive notice to, or proof of notice having been given to, or obtain consent, in any form or manner, from any person or entity before disclosure of any such records, the Court finds that, in view of the protections provided for such disclosed information in this Order, the volume of documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Order shall constitute an express direction that the producing party is exempted from obtaining a court-ordered subpoena, or having to notify and/or obtain consent from any person or entity prior to the disclosure of such records.  Any party may seek additional orders from this Court that such party believes may be necessary to comply with applicable law.

19. <u>Modification</u>.  This Order is without prejudice to the right of any party to apply at any time for additional protection, or to amend, modify, or rescind the restrictions of this Order.

The party must provide written notice to counsel of record for all parties in the Litigation specifying the portion(s) of this Order it seeks to amend, modify, or rescind and any additional provisions it may seek to add to the Order. The written notice must be served seven (7) calendar days in advance of filing any such motion. The parties expressly reserve the right to seek modification, amendment, or rescission of this Order by mutual agreement in writing.

20. <u>Enforcement</u>. All parties and persons to whom Protected Material is disclosed shall be provided a copy of this Order and be subject to the jurisdiction of this Court, for the purpose of enforcing this Order, whether or not they entered into the agreement attached at Exhibit A. This Order shall continue in full force and effect, and shall be binding upon the parties and all persons to whom Protected Material has been disclosed, both during and after the pendency of the Litigation.

## II.   PRIVILEGE AND ATTORNEY WORK-PRODUCT

1. <u>Non-Waiver</u>. Consistent with Federal Rule of Evidence 502(d), the production of Discovery Material, whether or not inadvertent, shall not constitute a waiver of any Privilege (including attorney-client privilege, attorney work-product, deliberative process privilege, law enforcement privilege, or similar protection, and any other protections afforded by Federal Rule of Civil Procedure 26(b)), as to any Discovery Material, or as to any other undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other federal or state proceeding, notwithstanding Fed. R. Evid. 502 (a) and (b).

2. <u>Claw-back & Challenge Procedures</u>.

   (a) If the producing party determines that a document it has produced, or part thereof, is subject to any Privilege, the producing party shall promptly give the receiving party notice of the claim of Privilege ("Privilege Notice"). The Privilege Notice must contain information sufficient to identify the document including, if

applicable, a Bates number as well as an identification of the Privilege asserted and its basis.

(b) If a party discovers a document, or part thereof, produced by another party that is subject to any Privilege, the receiving party shall promptly notify the producing party and provide a reasonable opportunity for the producing party to give the receiving party a Privilege Notice identifying the Privilege asserted and its basis. However, this Paragraph (and this Order) do not shift the burden to identify privileged and protected documents from the producing party to the receiving party.

(c) Upon receiving the Privilege Notice, if the receiving party agrees with the Privilege assertion made, the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and copies and certify to the producing party that the document(s) and copies have been destroyed. The receiving party must also sequester and destroy any notes taken about the document. If a receiving party disclosed the document or information specified in the notice before receiving the Privilege Notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

(d) Upon receiving the Privilege Notice, if the receiving party wishes to dispute a producing party's Privilege Notice, the receiving party shall promptly meet and confer with the producing party. The document(s) shall be sequestered – and, if applicable, securely stored – and not be used by the receiving party in the Litigation (e.g., filed as an exhibit to a pleading or used in deposition) while the dispute is pending, with the exception that it may be used in the context of a challenge to a

Privilege assertion, as long as the material subject to the Privilege assertion is redacted or sealed pending resolution of the challenge. If the parties are unable to come to an agreement about the Privilege assertions made in the Privilege Notice, the receiving party may contact chambers to propose a telephone conference with the Court and propose times that are convenient to both sides or file a motion with the Court to resolve the issue.

(e)    Pending resolution of the judicial determination, the parties shall each preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of any sealed motion authorized to be filed by the Court pursuant to this Paragraph. To the extent there is a motion or other filing containing documents or information subject to any Privilege or challenge thereto, such motion or other filing must not publicly disclose the information claimed to be privileged. Subsequent briefing or filings by any party shall also not publicly disclose the information claimed to be privileged if the Privilege claim remains unresolved or is resolved in the producing party's favor.

3.    <u>Back-Up Tapes</u>. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

4. <u>Additional Provisions</u>. Nothing in this Order shall constitute an admission that any document or information disclosed in the Litigation is properly subject to any Privilege, or that any party is entitled to raise or assert any Privilege. Nothing in this Order shall prohibit parties from withholding from production or seeking to compel any document covered by any applicable Privilege or other protection.

**SO ORDERED,**
**this _____ day of _____ 2023**.

_____
Amy Berman Jackson
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                *Plaintiff*,<br><br>   v.<br><br>BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO,<br><br>              *Defendants*. | No. 1-23-cv-01599-ABJ-ZMF |

**APPENDIX A**

**AGREEMENT AND CONSENT TO PROTECTIVE ORDER**

The undersigned hereby declares and acknowledges as follows:

      1.    I have read the Protective Order (the "Order") entered in the above-captioned case on _____, and I fully understand its contents.

      2.    I am a person described in Paragraph 3(e), (f), and/or (i) or Paragraph 5(d) and/or (g) of the Order. I understand that by signing this agreement and consent, I will be eligible to receive Protected Material under the terms and conditions of the Order.

      3.    I hereby agree and consent to be bound by the terms of the Order and to comply with it in all respects, and, to that end, I hereby knowingly and voluntarily submit myself to the personal jurisdiction of the United States District Court for the District of Columbia so that the Court shall have the power and authority to enforce the Order and to impose appropriate sanctions upon me for violating the Order, including punishment for contempt of court.

Dated:_____          _____
                                                             (Signature)

                                                             _____
                                                             (Printed Name)

                                                             _____
                                                             (Address)