UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 1:23-cv-01599-ABJ-ZMF |
| BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION TO UNSEAL OR, IN THE
ALTERNATIVE, TO WITHDRAW ITS MOTION TO SEAL**

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this Motion to Unseal or, in the Alternative, to Withdraw its Motion to Seal that was filed at Dkt. No. 102.[1] ("Motion to Unseal").  As set forth herein, the parties have agreed[2] to unseal many of the documents filed with the SEC's Motion to Compel and For Other Relief and Opposition to BAM Defendants' Motion for a Protective Order (Dkt. No. 102-2) ("Motion to Compel").  The SEC also does not oppose the sealing or partial sealing of certain documents designated as confidential by Defendants BAM Trading Services Inc. and BAM Management US Holdings Inc. (together, "BAM"), if they continue to request confidentiality.  Further, the parties continue

---

[1] As of the date of this filing, the original motion to seal is still pending before the Court. Because the documents and information at issue are treated as sealed pending the outcome of the ruling on the motion, the SEC is now moving to unseal or withdraw the pending motion.  *See* Local Civil Rule 5.1(h)(1).

[2] The SEC notes that it took BAM over two weeks to respond to the SEC's repeated requests concerning proposed redactions, and to state any position regarding unsealing information BAM had blanketly designated as confidential, which has resulted in considerable delay despite that BAM has already placed redacted versions of its related filings on the public docket.

to dispute whether certain documents, as explained herein, should remain under seal or partial seal ("Disputed Documents"). Accordingly, the SEC moves to unseal or, in the alternative, withdraws its original motion to seal as follows:

**1.     Documents The Parties Agree Can Be Unsealed**

    a. SEC Motion to Compel (Dkt. No. 102-2)

    b. SEC's Proposed Order to the Motion to Compel (Dkt. No.102-3)

    c. Exhibit 1 to Declaration of Jenifer Farer ("Declaration") (Dkt. No. 102-6)

    d. Exhibit 2 to Declaration (Dkt. No. 102-7)

    e. Exhibit 3 to Declaration (Dkt. No. 102-8)

    f. Exhibit 4 to Declaration (Dkt. No. 102-9)

    g. Exhibit 5 to Declaration (Dkt. No. 102-10)

    h. Exhibit 6 to Declaration (Dkt. No. 102-11)

    i. Exhibit 7 to Declaration (Dkt. No. 102-12)

    j. Exhibit 8 to Declaration (Dkt. No. 102-13)

    k. Exhibit 9 to Declaration (Dkt. No. 102-14)

    l. Exhibit 11 to Declaration (Dkt. No. 102-16)

    m. Exhibit 12 to Declaration (Dkt. No. 102-17)

    n. Exhibit 13 to Declaration (Dkt. No. 102-18)

    o. Exhibit 22 to Declaration (Dkt. No. 102-27)

    p. Exhibit 27 to Declaration (Dkt. No. 102-32)

    q. Exhibit 28 to Declaration (Dkt. No. 102-33)

2. **Documents BAM Proposes to be Kept Under Seal that the SEC Does Not Oppose if BAM Requests Confidential Treatment**

   a. Exhibit 17 to Declaration (Dkt. No. 102-22)

   b. Exhibit 23 to Declaration (Dkt. No. 102-28)

   c. Exhibit 24 to Declaration (Dkt. No. 102-29)

   d. Exhibit 25 to Declaration (Dkt. No. 102-30)

   e. Exhibit 29 to Declaration (Dkt. No. 102-34)

   f. Exhibit 30 to Declaration (Dkt. No. 102-35)

   g. Exhibit 31 to Declaration (Dkt. No. 102-36)

3. **Documents BAM Proposes to be Partially Sealed (Redacted) that the SEC Does Not Oppose if BAM Requests Confidential Treatment**[3]

   a. Exhibit 10 to Declaration (Dkt. No. 102-15)

   b. Exhibit 14 to Declaration (Dkt. No. 102-19)

   c. Exhibit 15 to Declaration (Dkt. No. 102-20)

   d. Exhibit 16 to Declaration (Dkt. No. 102-21)

   e. Exhibit 19 to Declaration (Dkt. No. 102-24)

   f. Exhibit 21 to Declaration (Dkt. No. 102-26)

   g. Exhibit 26 to Declaration (Dkt. No. 102-31)

4. **Disputed Documents**

   a. <u>Documents BAM Proposes to be Partially Sealed (Redacted) that the SEC Opposes</u>[4]

      i. Memorandum in Support of the SEC's Motion Compel (Dkt. No. 102-4)

      ii. The Declaration of Jenifer Farer (Dkt. No. 102-5)

---

[3] BAM's proposed redacted versions of these documents are attached as exhibits to this Motion.

[4] BAM's proposed redacted versions of these documents are attached as exhibits to this Motion.

    b.  <u>Documents Nonparty FGMK, LLC Proposes to be Kept Under Seal that the SEC Opposes</u>[5]

      i.  Exhibit 18 to Declaration (Dkt. No. 102-23)

      ii.  Exhibit 20 to Declaration (Dkt. No. 102-25)

BAM or BAM's auditor, FGMK, LLC ("FGMK") are the proponents of the relevant confidentiality designations, and therefore, they bear the burden of demonstrating a basis for withholding these judicial documents from public disclosure. *See, e.g., FTC v. Match Grp., Inc.,* No. 1:22-MC-54, 2023 WL 3181351, at *8 (D.D.C. May 1, 2023) ("The burden is on the party seeking to restrict disclosure 'to come forward with specific reasons why the record, or any part thereof, should remain under seal'") (quoting and citing *Johnson v. Greater Southeast Community Hosp. Corp.,* 951 F.2d 1268, 1278 (D.C. Cir. 1991)).[6] This Court should order BAM and FGMK, within seven days, to provide the Court with their basis for maintaining the seal over these documents. The SEC does not oppose the sealing of the documents described above except for the Disputed Documents.

  For the foregoing reasons, this Court should enter the proposed order attached hereto.

---

[5] Based on correspondence with counsel for FGMK, LLC, the SEC is uncertain whether it continues to assert confidentiality over these documents, but these documents correspond with proposed redactions from FGMK LLC, and, in abundance of caution, the SEC is noting that they may be in dispute.

[6] This approach is also consistent with the procedures the parties have agreed to pursuant to the proposed protective order the parties have proposed for this litigation. *See* Dkt. No. 106. In particular, under the proposed protective order, the burden would be on the designating party to move the court within a time certain to maintain under seal any documents or information designated as confidential that is used in a court filing.

Dated: September 14, 2023

Respectfully submitted,

/s/ Matthew Scarlato
Matthew Scarlato (D.C. Bar No. 484124)
Jennifer L. Farer (D.C. Bar No. 1013915)
J. Emmett Murphy
David A. Nasse (D.C. Bar No. 1002567)
Jorge G. Tenreiro
SECURITIES AND EXCHANGE
COMMISSION
(202) 551-3749 (Scarlato)
scarlatom@sec.gov

*Attorneys for Plaintiff*