# EXHIBIT 14

| | |
|---|---|
| **From:** | Murphy, J. Emmett |
| **To:** | Martens, Matthew T.; Beville, Matthew; gcanellos@milbank.com; McLucas, William; mlaroche@milbank.com; Adler, Jeremy |
| **Cc:** | Smith, Tiffany; Scarlato, Matthew; Farer, Jennifer; Tenreiro, Jorge |
| **Subject:** | RE: SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599) |
| **Date:** | Wednesday, August 16, 2023 10:26:32 PM |

Matt –

Please advise on date(s) for Mr. Shuster and locations for his and other scheduled depositions. Thanks.

Emmett

---

**From:** Murphy, J. Emmett
**Sent:** Monday, August 14, 2023 9:27 PM
**To:** Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; gcanellos@milbank.com; McLucas, William <William.McLucas@wilmerhale.com>; mlaroche@milbank.com; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Scarlato, Matthew <scarlatom@SEC.GOV>; Farer, Jennifer <FarerJ@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599)

Matt,

We are not willing to withdraw the deposition notices of Mr. Shroder and Ms. Lee, and BAM has not raised any specific objections to the notices of these two witnesses that would give us a basis to do so. Despite our having had multiple communications regarding the depositions generally, today is the first time BAM has even mentioned these two specific witnesses in the nearly two weeks since we noticed their depositions. We also reiterate our request for dates for Mr. Shuster. There is no basis in the Consent Order or the Federal Rules for BAM to dictate whom the SEC may depose. For all depositions, we again ask that BAM propose locations. We are happy to host any deposition at our DC headquarters.

As to documents, we reject your characterizations about our repeated requests for and multiple discussions about communications, and will not spend any more time at this late stage addressing each of them. We do note that the handful of communications that have been produced in large part reflect a response to specific discussions on other document issues. BAM's position on communications is inconsistent with the Consent Order, and it appears we will each be seeking relief from the Court on the issue.

Finally, on a separate document-related issue – we understand from counsel for FGMK that they are withholding documents from production to the SEC based on BAM's potential assertion of work product protection. Please provide a log identifying each document and the basis for such assertion by Thursday so we can evaluate and raise the issue with the Court, if necessary.

Regards,

Emmett

**From:** Martens, Matthew T. <Matthew.Martens@wilmerhale.com>
**Sent:** Monday, August 14, 2023 8:14 AM
**To:** Murphy, J. Emmett <MurphyJoh@SEC.GOV>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; gcanellos@milbank.com; McLucas, William <William.McLucas@wilmerhale.com>; mlaroche@milbank.com; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Scarlato, Matthew <scarlatom@SEC.GOV>; Farer, Jennifer <FarerJ@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599)

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Emmett:

We propose August 24 for Mr. Kellogg's deposition and confirm August 31 for Mr. Zhang's deposition. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ We do not agree to depositions of Brian Shroder or Jasmine Lee nor do we understand why you intend to take them consistent with the purpose of the Consent Order and given the other witnesses we've offered to make available.

We disagree with your assertion that we "have now for the first time expressed a willingness to run targeted email searches." We previously produced email communications based on a targeted request. Moreover, we have asked you on several occasions to propose more limited requests, but you have declined to do so. Regardless, we do not think it would be useful for us to propose search parameters. We do not understand (and you have not explained) why you need communications to assess the custody and security of customer assets, which leaves us guessing as to what subset of communications about customer assets would satisfy your requests.

We assume we are at an impasse on the depositions of Mr. Shroder and Ms. Lee and the production of communications. Please let us know by 5pm today whether you withdraw your requests; otherwise we will move for a protective order with the Court.

Finally, we agree to accept service on behalf of the individuals identified below.

Best regards,
--Matt

**From:** Murphy, J. Emmett <MurphyJoh@SEC.GOV>

**Sent:** Thursday, August 10, 2023 7:43 PM
**To:** Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; gcanellos@milbank.com; McLucas, William <William.McLucas@wilmerhale.com>; mlaroche@milbank.com; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Scarlato, Matthew <scarlatom@SEC.GOV>; Farer, Jennifer <FarerJ@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599)

**EXTERNAL SENDER**

Matt:

It is clear from your responses that we have a fundamental disagreement as to the scope of the Consent Order and BAM's compliance with it. These issues, ranging from the scope, substance, timing, and format of BAM's document productions and interrogatory responses, and now extending to depositions, have been set out extensively in prior correspondence and our calls. We will be following up shortly regarding some of the broader set of issues and outstanding items, which will likely need to be presented to the Court for resolution given where we are.

In the interest of moving at least some discovery forward, while we disagree with your objection to the number of depositions and continue to reserve all rights, we will amend our current list to the following BAM deponents, subject to further modification based on an order from the Court:

1. Rule 30(b)(6) of BAM Trading Inc. (notice with topics will follow)
2. Erik Kellogg
3. ███████████
4. Brian Shroder
5. Jasmine Lee
6. Tao Zhang

Based on the dates you provided today, we will plan to depose Zhang on August 31. Regarding Erik Kellogg, whom we noticed for August 29, we have confirmed that Michael Fernandez of FGMK LLP is available to be deposed remotely on August 23, so we ask that you provide alternative dates for Mr. Kellogg for August 24 or 25 or another day during the week of the 28th, if he is unavailable on the 29th. Please also provide dates for the other individuals, and we can negotiate dates for the 30(b)(6) deposition once you have reviewed the forthcoming notice. We also ask, once again, that you confirm whether you are authorized to and agree to accept service for the individuals listed above.

We will seek further relief from the Court regarding the number of depositions as necessary. Given BAM's position that we are only entitled to 10 depositions under the Consent Order and our discussions to date, we understand that you oppose such a request, but let us know if you would like to discuss further.

Finally, as to BAM's position regarding the scope of communications BAM is willing to produce, to date you have failed to elaborate on any purported burden, and as you acknowledged we have already narrowed the scope of our requests for communications. You have now for the first time expressed a willingness to run targeted email searches. As we stated, BAM has access to the data and custodians and is in the best position to identify search terms (and to determine whether email is in fact the most appropriate source of relevant communications). If BAM would like to propose search parameters to mitigate its general objections and refusal to produce communications to date, we will consider them. But such proposal must be provided no later than tomorrow COB. We are not willing to have extended negotiations further delay presenting the issue to the Court.

Finally, given the numerous unresolved discovery issues, we reserve our right to reopen any deposition based on additional discovery received.

Regards,

Emmett

---

**From:** Martens, Matthew T. <Matthew.Martens@wilmerhale.com>
**Sent:** Thursday, August 10, 2023 11:00 AM
**To:** Murphy, J. Emmett <MurphyJoh@SEC.GOV>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; gcanellos@milbank.com; McLucas, William <William.McLucas@wilmerhale.com>; mlaroche@milbank.com; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Scarlato, Matthew <scarlatom@SEC.GOV>; Farer, Jennifer <FarerJ@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599)

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Emmett:

As an initial matter, we take issue with your suggestion that we have "unreasonably limited" discovery to date. You conducted a multi-year investigation and uncovered no evidence of misappropriation of client assets. Nevertheless, during this litigation, BAM provided a sworn accounting, produced 194 documents (totaling 4,481 pages), and offered to make four witnesses available for deposition. This is more than sufficient for what the Consent Order calls the "limited" purposes of this expedited discovery. See Consent Order at 9 (authorizing "limited expedited discovery").

As for depositions, the Consent Order expressly provides that depositions are governed by FRCP 30(a), which includes a 10 deposition limit. See Consent Order at 9 ("Pursuant to Rule 30(a) . . . , the SEC may take depositions"). While the Order states that these depositions do not count against the limit that will apply to merits discovery, the expedited discovery permitted by the Consent Order is itself subject to Rule 30(a)'s 10 deposition limit. Thus, your request for 14 depositions of BAM employees, not to mention your deposition of the auditor, is inappropriate. Your suggestion that I

provided no basis for BAM's objections to the additional depositions is incorrect. I explained in my prior email that your request also violates FRCP 26(b)(1). BAM is willing to make available a reasonable number of deponents, and in that regard has agreed to make Erik Kellogg, Sara Sisenwein, Tao Zhang, ▮▮▮▮▮▮▮ available for deposition. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ We expect to provide proposed deposition dates shortly for the witnesses.

Finally, as for your request for communications, we have repeatedly stated that we believe a communications search in the context of expedited discovery is inappropriate and unnecessary for your purposes. And the proposal in your August 2 email to "limit" your communications requests to "all" communications that meet broadly defined criteria for 14 custodians is unreasonably burdensome relative to the benefit, FRCP 26(b)(1), much less to do so by August 11. We fail to understand how this burden can be justified, particularly given your years-long investigation and now that BAM has provided a sworn accounting. Again, if you would like to request some targeted email searches, we are amenable to such a request. But what you have proposed to date is unreasonable.

Best regards,
--Matt

---

**From:** Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Sent:** Wednesday, August 9, 2023 1:52 PM
**To:** Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; gcanellos@milbank.com; McLucas, William <William.McLucas@wilmerhale.com>; mlaroche@milbank.com; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Scarlato, Matthew <scarlatom@SEC.GOV>; Farer, Jennifer <FarerJ@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599)

**EXTERNAL SENDER**

Matt,

On August 2, we noticed 14 depositions of BAM employees, in part based on the unreasonably limited discovery that BAM has provided and your repeated statements that the SEC should substitute discovery we requested through documents and interrogatories by "tak[ing] advantage of the availability of witnesses who are best positioned to answer your questions." M. Beville Letter, July 31, 2023. In response to the notices, on Friday BAM proposed instead that we take the depositions of only Erik Kellogg, Sara Sisenwein, Tao Zhang, ▮▮▮▮▮▮▮. You provided no basis for objecting to the depositions of other witnesses other than by citing the total number of notices. We explained that the objection solely to the number of deponents did not adequately address the scope of discovery to which we are entitled. We cited as an example the shard holders, whose role is obviously central to discovery the SEC is entitled to under the Consent Order. We also expressed our willingness

to address burden concerns by potentially agreeing to shorter depositions of the shard holders. Finally, we reiterated that our ability to prioritize or narrow the list has been hindered by BAM's failure to provide documents or other discovery about these witnesses and the topics we expect them to address. We encouraged you to reconsider BAM's position with these issues in mind and get back to us.

Your email yesterday fails to address our concerns or provide an adequate basis for objecting to the deposition notices. First, BAM has failed to provide any basis for objecting to the depositions of ███████, Jasmin Lee, ███████, Brian Shroder, and ███████. Second, ███████████████████████████████████████████████████████████████. Your general objection to taking the depositions of all of the shard holders is insufficient, including because we believe a number of the shard holders have relevant information beyond their role as shard holder.

If you are not planning to offer alternative dates or agree to the depositions of all of the noticed witnesses, please state your specific objection for each. We may be willing to at least defer (and potentially withdraw) the deposition notices of some of the witnesses pending completion of other depositions, depending on the information you provide and basis for the objection. But without an appropriate basis for deferring or canceling these specific depositions, we will plan to proceed with the depositions as noticed, absent an order from the Court.

In the meantime, please confirm the availability of Erik Kellogg, Sara Sisenwein, Tao Zhang, ███████████, on the dates noticed, or provide other dates when these witnesses are available by no later than noon tomorrow.

Based on our various communications regarding the depositions to date, in which you have not raised any issue with service, we assume that you are authorized and agree to accept service for all of the noticed witnesses (who we understand are all current BAM officers or employees). Please let us know immediately if that is not the case and we will coordinate service directly as necessary.

Finally, you state that the SEC has not offered a compromise concerning its request for "all communications." To the contrary, my August 2 email proposes that BAM produce communications requested in our RFPs involving the noticed deponents, and the request is limited both by time and subject matter by the RFPs and terms of the Consent Order, which BAM acknowledges allows discovery relating to "the possession, custody, transfer, and control of Customer Assets, including whether BAM can meet customer claims and liabilities." M. Beville Letter, July 31, 2023. We had previously discussed at least certain representative categories of communications we would expect to see. You are in the best position to assess the universe of responsive documents and propose a more limited scope (by repository, custodian, search terms, or otherwise). We have repeatedly stated our willingness to consider your proposals for a reasonable search for such responsive communications. We read your responses to date as a refusal to produce any relevant communications for these witnesses, and we reserve our right to seek relief on this issue from the Court.

Please confirm or provide alternative dates for Erik Kellogg, Sara Sisenwein, Tao Zhang, ███████████████████ by noon tomorrow and provide the basis for your objection for each of the other witnesses by COB tomorrow, so we can take any outstanding disputes to the Court. It seems the issues are well defined enough for you to respond promptly in writing, but if you feel a call would be productive we are available at 5:30 this evening.

Regards,

Emmett

**From:** Martens, Matthew T. <Matthew.Martens@wilmerhale.com>
**Sent:** Tuesday, August 8, 2023 5:21 PM
**To:** Beville, Matthew <Matthew.Beville@wilmerhale.com>; gcanellos@milbank.com; McLucas, William <William.McLucas@wilmerhale.com>; mlaroche@milbank.com; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Cc:** Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Scarlato, Matthew <scarlatom@SEC.GOV>; Farer, Jennifer <FarerJ@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599)

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Emmett:

As we have previously advised, we are prepared to make Erik Kellogg, Sara Sisenwein, Tao Zhang, ▬▬▬▬▬▬▬ available for deposition and will work with you to identify acceptable dates for those depositions to be conducted later this month. As for your request to depose all seven shard-holders, we believe that this is improper under the Consent Order. During the hearings and mediation over the shards held overseas, it was agreed that BAM would domesticate all seven shards such that they are in the possession of individuals in the United States and thus subject to the jurisdiction of the Court and the Court's order precluding improper transfers of assets. Order at 1-2. BAM has complied with that directive, and the SEC has identified no basis to now depose each of those domestic custodians. The request for depositions of all seven domestic shard-holders is not "proportional to the needs of the case" and "the burden and expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). That said, as an accommodation we are willing to make one domestic shard-holder of your choice available for deposition without prejudice to your right to seek depositions of other shard-holders if you can demonstrate good cause. Please advise which of the seven your prefer. Finally, with regard to your request for "all" communications, we have set forth our objections to that unduly broad request in our response to your document requests. You have not proposed a narrowing in response. We are, of course, willing to consider more reasonable proposals.

Best regards,
--Matt

**From:** Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Sent:** Tuesday, August 8, 2023 1:45 PM
**To:** McLucas, William <William.McLucas@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; gcanellos@milbank.com; mlaroche@milbank.com; JDaSilva@milbank.com
**Cc:** Scarlato, Matthew <scarlatom@SEC.GOV>; Farer, Jennifer <FarerJ@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599)

**EXTERNAL SENDER**

Counsel:

We write to follow up on the deposition notices sent on August 2 and related request for production of the deponents' communications.  We understood that you were going to consider Friday's discussion regarding the depositions and get back to us with the deponents you would agree to schedule.  Please let us know as soon as possible -- and in any event no later than today -- your position on the (1) deponents you agree to schedule and their availability (including any that can be scheduled for next week); (2) basis for not agreeing to schedule the additional individuals we noticed, which should be specific to each individual noticed and, as discussed, not simply based on the number of depositions noticed; and (3) the production of communications for these noticed deponents, which we asked for on a rolling basis to be completed by August 11.  Particularly given the approaching discovery deadline, we would like to reach an agreement on these issues to the extent possible, or we will need to consider whether to bring the issue before the Court.

Emmett

---

**From:** Farer, Jennifer
**Sent:** Friday, August 4, 2023 4:42 PM
**To:** Adler, Jeremy <Jeremy.Adler@wilmerhale.com>; Scarlato, Matthew <scarlatom@SEC.GOV>
**Cc:** McLucas, William <William.McLucas@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; gcanellos@milbank.com; mlaroche@milbank.com; DaSilva, Joe <JDaSilva@milbank.com>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599)

Jeremy,

We can do 5:30 today.  Let us know if that works for you.  If so, please send a dial-in.

Thanks.

**Jennifer L. Farer**
U.S. Securities and Exchange Commission
100 F Street N.E. | Washington, D.C. 20549

---

**From:** Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Sent:** Friday, August 4, 2023 4:17 PM
**To:** Farer, Jennifer <FarerJ@SEC.GOV>; Scarlato, Matthew <scarlatom@SEC.GOV>
**Cc:** McLucas, William <William.McLucas@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; gcanellos@milbank.com; mlaroche@milbank.com; DaSilva, Joe <JDaSilva@milbank.com>
**Subject:** SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599)

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Jen and Matt,

In response to certain of the issues raised by you in our call yesterday we propose the following.

1) We will provide any documents BAM has that are relevant to the Ceffu role in creating the new wallets for Customer Crypto Assets (as required by Section II.2. of the Consent Order) and we will explain what we understand the process to entail. We will attempt to do this by early next week.
2) On your request for depositions we propose that you take depositions of Erik Kellogg, Sara Sisenwein and Tao Zhang, who runs BAM's Clearing Team ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇ We also propose that you depose ▇▇▇▇▇▇, a shard holder. If, after deposing ▇▇▇▇▇▇, you have additional questions concerning those holding the shards and their use, we can discuss whether additional shard holders should be deposed.
3) On your request for communications related to the audit of BAM, we assume you have all of the auditors' workpapers. If your questions or concerns relate to the issue of the custody agreement involving BHL and whether it was operational or not, we will explain what we understand the facts are related to that arrangement and how it worked.

Since the expedited discovery is addressed to matters "concerning the Customer Assets and their possession, custody, control, transfer or movement, security segregation, availability and any encumbrances or limitations . . . [that might make them unavailable]," we believe the foregoing should address many of the questions you might have.   However, we think it may be helpful to discuss these items.  Are you available for a call <u>today at either 4:30 or 5pm ET</u>?

Thanks,
Jeremy


**Jeremy Adler | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 295 6417 (t)
+1 212 230 8888 (f)
<u>jeremy.adler@wilmerhale.com</u>

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.