# EXHIBIT 4

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | **No. 1:23-cv-01599 (ABJ)** |
| BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO, | |
| Defendants. | |

**DEFENDANTS BAM TRADING SERVICES INC. AND BAM MANAGEMENT US
HOLDINGS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND INSPECTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia (the "Local Rules"), any order entered in or applicable to the above-referenced litigation (the "Action"), and any other applicable law or rule, Defendants BAM Trading Services Inc. and BAM Management US Holdings Inc. (collectively, "BAM") submit these responses and objections to Plaintiff's First Set of Requests for Production of Documents and Inspection (the "Requests"). BAM's counsel is prepared to meet and confer with Plaintiff regarding any disputes that may arise concerning the meaning, scope, or relevance of the Requests or of BAM's Responses and Objections as set forth below.

**GENERAL RESPONSES AND OBJECTIONS**

The General Responses and Objections set forth below apply to the Requests generally and to each Definition, Instruction, and specific Request included in the Requests. Unless otherwise stated, the General Responses and Objections have the same force and effect as if set forth in full in response to each Definition, Instruction, and specific Request. Any undertaking to search for,

**CONFIDENTIAL**                                    - 1 -

or provide information in response to, any item sought by the Requests remains subject to, and without waiver of, the General Responses and Objections.  The fact that a General Response and Objection is not specified in this Response does not constitute a waiver of that objection or otherwise preclude BAM from raising that objection at a later time.

1.      BAM objects to the Requests to the extent they purport to seek documents or information that are outside of its possession, custody, or control and/or are appropriately directed to individuals or entities other than BAM.  None of the responses or objections constitute an admission that BAM has any responsive documents in its possession, custody, or control, or that BAM has any knowledge of such documents.

2.      BAM objects to the Requests to the extent that they purport to impose burdens or obligations on BAM that are broader than, inconsistent with, not authorized by or otherwise impermissible under the Federal Rules of Civil Procedure, the Local Rules, the Consent Order entered in this matter on June 17, 2023 (Dkt. 71, hereinafter the "Consent Order"), any other orders that may be entered in this Action, and any other potentially applicable rules or laws (collectively, the "Applicable Orders and Rules").

3.      BAM objects to the Requests to the extent that they are vague, ambiguous, overbroad, lacking in particularity or oppressive and/or call for information or documents beyond the relevant scope of or disproportionate to the needs of the Consent Order, as well as on the grounds that they are unduly burdensome because they would impose a significant expense and inconvenience on BAM.  If and to the extent BAM were to undertake a search for documents, BAM does not concede that any of the Requests seek information or documents that are within the relevant scope of the Consent Order or otherwise are appropriate for discovery in this Action.

**CONFIDENTIAL**

4.      BAM objects to the Requests as overbroad and unduly burdensome to the extent that they purport to require the production of "all" or "any" documents where a subset of documents would be sufficient to provide the pertinent information.

5.      BAM objects to the Requests to the extent that they are duplicative of one another or of other discovery requests or subpoenas that have been or may be served in this Action, including but not limited to the SEC's First Set of Interrogatories to BAM, dated June 23, 2023 (the "Interrogatories").

6.      BAM objects to the Requests to the extent that they impose an undue burden on BAM by requiring it to: (i) create, generate, compile, or develop documents not currently in BAM's possession, custody, or control; (ii) produce documents that either can be obtained from a more convenient, more efficient, less burdensome, or less expensive source than BAM or that contain information that can be obtained through means less burdensome or less expensive than the Requests; (iii) produce documents that are public, equally available to, or already in the possession, custody, or control of Plaintiff or its representatives; or (iv) discern or inquire about persons or entities other than BAM.

7.      BAM objects to the Requests to the extent that they impose an undue burden on BAM by requiring it to conduct anything beyond a reasonable and diligent search for readily accessible files to BAM.

8.      BAM objects to the Requests, and to Instruction No. 15 in particular, to the extent that they impose an undue burden on BAM by requiring the preservation and/or production of ESI or documents not stored on active systems, but rather on systems, backup tapes and other media no longer in BAM's possession, custody, or control.  Such ESI is not reasonably accessible. Because of the lack of relevance of such ESI and the cost associated with searching, preserving,

and accessing these data sources, BAM is not agreeing to search such sources in responding to the Requests.

9.     BAM objects to the Requests to the extent that they seek information or documents that are protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, domestic or foreign criminal or civil laws (including privacy laws), or any other applicable privilege, immunity, or protection from discovery or disclosure ("Protected Information"). Nothing contained in this Response is intended to be, nor shall in any way be construed as, a waiver of any such privilege, immunity, or protection. The absence of an Objection to a specific Request on this ground is neither intended, nor should be interpreted, as evidence that BAM does not object to a Request on the basis of an applicable privilege, immunity, or protection. Inadvertent production of Protected Information shall not constitute a waiver of any privilege, immunity, or protection or of any other grounds for objecting to discovery or admissibility of such material, its subject matter or the information contained therein, nor shall such production constitute a waiver of BAM's rights, under any applicable protective order and the Applicable Orders and Rules, to (i) claw back and seek the return of such materials, or (ii) object to its use at any stage of this Action or in any other action or proceeding. Further, if BAM at any time discovers that it produced Protected Material, the receiving party shall promptly undertake commercially reasonable efforts to return to BAM, sequester, or destroy all copies of such information and documents, as set forth in the applicable protective order. In all events, such return, sequestration, destruction, and/or certification must occur within ten (10) business days of receipt of the request, unless the parties agree otherwise.

10.     BAM objects to the Requests to the extent that they purport to seek the production of information or documents that reflect (i) trade secrets; (ii) information that is otherwise confidential, proprietary, commercially sensitive, or competitively significant to BAM or any

**CONFIDENTIAL**                                    - 4 -

affiliate thereof, current and former directors, employees, consultants, clients, and/or customers BAM or any affiliate thereof; (iii) personal information of any present and/or former employee, consultant, client, and/or customer of BAM or any affiliate thereof; and/or (iv) information that is subject to other protective orders, non-disclosure agreements, or other confidentiality undertakings.

11.     BAM objects to the Requests to the extent that they purport to require BAM to draw legal conclusions or are predicated on legal conclusions or arguments.  Subject to and without waiver of its objections in this response, BAM states that any written response or provision of information in response to the Requests is not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission.

12.     BAM objects to the Requests to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place.  This Response is not intended, and shall not be construed, as an admission that any allegations, assertions, or factual predicates stated in the Requests are accurate and shall not constitute or be construed as providing a legal conclusion or admission concerning any of the Requests.

13.     BAM objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate allegations and assertions that are disputed, erroneous or irrelevant to this Action.  In responding and objecting to the Requests, BAM does not admit or concede the correctness of any such allegations or assertions.

14.     Any undertaking to meet and confer regarding, search for, or provide information in response to any Request remains subject to the objections in this Response.  If and to the extent BAM were to undertake a search for documents, such an undertaking is not intended, and shall not be construed, as an admission that any responsive documents exist.

**CONFIDENTIAL**                                           - 5 -

15.    Irrespective of whether BAM provides information in response to the Requests, BAM reserves the right (but does not assume the obligation) to (i) revise, correct, supplement, amend, modify or clarify the content of this Response; (ii) provide additional responsive information in the future; (iii) object to further discovery in this Action; (iv) use or rely upon any information produced in this Action in any hearing, proceeding, or trial; (v) use or rely upon subsequently discovered information or information omitted from this Response as a result of mistake, error, oversight, or inadvertence in any hearing, proceeding or trial; and (vi) challenge the authenticity or admissibility of any information or documents in any hearing, proceeding or trial.

16.    Except as otherwise indicated below, BAM intends to withhold any responsive materials based on its objections to each specific Request.  BAM, however, remains willing to meet and confer concerning the Requests.

<u>**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**</u>

1.    BAM's Responses and Objections to the Definitions and Instructions are incorporated by reference in each and every Specific Response and Objection below and have the same force and effect as if fully set forth therein.  By responding to the Requests with a defined term, BAM is not by implication agreeing with any such definition.

2.    BAM objects to the Definitions and Instructions to the extent that they seek to impose obligations on BAM greater than, or different from, the obligations contained in the Applicable Orders and Rules.

3.    BAM objects to the definitions of "BAM Trading," "BAM Management," and "Binance" set forth in Instruction Nos. 1 through 3 as unduly burdensome, vague, and ambiguous to the extent they include the terms "predecessors," "successors," "parents," "subsidiaries," "affiliates," "general partners," "limited partners," "partnerships" and "aliases, code names, or

trade or business names used by" those entities, which are undefined and not reasonably calculated to lead to the discovery of information within the relevant scope of the Consent Order. BAM further objects to the definitions of "BAM Trading," "BAM Management," and "Binance" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of information within the relevant scope of the Consent Order to the extent it includes all "officers, directors, employees, [and] agents" and "all entities" in which BAM Trading, BAM Management, and Binance "has or has had a controlling interest." BAM will interpret BAM Trading, BAM Management, and Binance to mean the legal entities identified as defendants in this action. If Plaintiff wishes to include other persons, Plaintiff should so specify, and BAM will meet and confer in good faith.

4.     BAM objects to Instruction No. 4 to the extent it requires BAM, for any entity referenced in the Requests, to be aware of that "entity's parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing." BAM further objects to Instruction No. 4 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of information within the relevant scope of the Consent Order, for the same reasons BAM objected to Instruction Nos. 1 through 3.

5.     BAM objects to Instruction No. 5 to the extent it requires BAM, for any individual referenced in the Requests, to be aware of that "individual's counsel, agents, representatives, or any other person or entity acting or purporting to act on his or her behalf." BAM further objects to Instruction No. 5 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of information within the relevant scope of the Consent Order, for the same reasons BAM objected to Instruction Nos. 1 through 3.

**CONFIDENTIAL**

6.      BAM objects to the relevant time period set forth in Instruction No. 14 on the grounds that the time period of November 1, 2022 to the present is overbroad, unduly burdensome, and seeks information or documents beyond the relevant scope of and/or disproportionate to the needs of the Consent Order.

7.      BAM objects to Instruction No. 21 to the extent that it seeks to impose an obligation upon BAM to log each and every individual document withheld on the basis of privilege.  If and to the extent BAM were to undertake a search for responsive documents, BAM will produce, if deemed necessary, a categorical log of documents withheld as privileged and then meet and confer regarding any additional information reasonably needed.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications Concerning the policies, procedures, protocols, controls, software, and any changes thereto, as to the deposit, custody, control, storage, transfer, movement, withdrawal, security, segregation, and availability of Customer Assets, and any encumbrances or limitations that would make them unavailable for transfer or withdrawal by Customers, including, but not limited to, Communications with Binance and Zhao.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient.  BAM further objects to this Request to the extent it seeks the production of "software," which is vague and ambiguous.  To the extent "software" is meant to connote or encompass computer code, BAM objects to this Request on the ground that it is unduly burdensome and administratively impractical to comply with the Request, and to the extent that compliance with the Request would require the disclosure of trade secrets and other highly sensitive information.  BAM

**CONFIDENTIAL**                                                    - 8 -

further objects to this Request as vague and ambiguous to the extent it refers to undefined "encumbrances" and "limitations." BAM further objects to this Request as unduly burdensome and duplicative to the extent it seeks documents concerning policies governing Customer Assets that were produced to the SEC before this Action was commenced.

Notwithstanding the foregoing objections, BAM will conduct a reasonable search for responsive, non-privileged documents constituting the policies that currently govern the custody of Customer Assets, and produce them.

**REQUEST FOR PRODUCTION NO. 2***:*

All Documents and Communications Concerning the deposit, custody, control, storage, transfer, movement, withdrawal, security, segregation, and availability of Customer Assets, and any encumbrances or limitations that would make them unavailable for transfer or withdrawal by Customers, including, but not limited to, Communications with Binance and Zhao.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient. BAM further objects to this Request to the extent that other Requests seek duplicative documents and information. BAM further objects to this Request as vague and ambiguous to the extent it refers to undefined "encumbrances" and "limitations." Notwithstanding the foregoing, BAM proposes that the parties meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications Concerning the type, identity, location, value, custody, control, restrictions, segregation, security of Customer Assets, including, but not limited to, whether there are sufficient assets to satisfy customer liabilities or meet customer claims for Customer Assets held on Customers' behalf.

**CONFIDENTIAL**                                           - 9 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient.  BAM further objects to this Request to the extent it seeks to alter the manner and time period for compliance with Part IV of the Consent Order.

Notwithstanding the above, pursuant to Part IV of the Consent Order, BAM will provide a copy of its general ledger as of mutually agreed upon date along with information sufficient to identify the publicly available balances in each of BAM's digital asset wallets as of the same date, which is responsive to your request for information showing that BAM holds sufficient assets to satisfy customer liabilities and meet customer claims.  In this respect, BAM respectfully refers Plaintiff to its Responses to Request Nos. 16 and 17.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications Concerning any disaster recovery policies, procedures, protocols, and controls for Customer Crypto Assets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient.  BAM further objects to this Request as unduly burdensome and duplicative to the extent it seeks documents concerning policies governing disaster recovery that were produced to the SEC before this Action was commenced.  *See* Bates Nos. BTS00159417 through BTS00159427.

**CONFIDENTIAL**

Notwithstanding the foregoing objections, BAM will conduct a reasonable search for responsive, non-privileged documents constituting any disaster recovery policies for Customer Crypto Assets and produce them, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications Concerning the deposit, custody, control, storage, transfer, movement, withdrawal, security, segregation, and availability of Staking Assets, including, but not limited to, Communications with Binance and Zhao, Documents Concerning Your policies and procedures, and Documents sufficient to show segregation of Staking Assets from any crypto assets staked through the Binance.com trading platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient.  BAM further objects to this Request to the extent that other Requests seek duplicative documents and information, including Request Nos. 1 and 2. Notwithstanding the foregoing objections, BAM will conduct a reasonable search for responsive, non-privileged documents constituting the policies, procedures, protocols, and controls governing the segregation of Staking Assets, and produce them, to the extent any exist.  BAM also proposes that the parties meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications Concerning the opening, creation, maintenance, custody, and control of any (i) crypto asset wallets, including, but not limited to, deposit wallets, hot wallets, cold wallets, hardware wallets, and any (ii) financial account, such as an account at a bank or with a payment processor, that have held or are holding Customer Assets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or

**CONFIDENTIAL**

proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient.  BAM further objects to this Request to the extent use of the term "maintenance" in connection with crypto wallets and financial accounts is vague and ambiguous. BAM further objects to this Request to the extent it seeks historical information about the opening and creation of accounts that goes beyond the scope of discovery permitted by the Consent Order.

Notwithstanding the foregoing objections, BAM will conduct a reasonable search for responsive, non-privileged agreements with banks and payment processors, and produce them, to the extent they exist.

## REQUEST FOR PRODUCTION NO. 7:

Documents sufficient to identify all persons, companies, and financial institutions maintaining any account or crypto asset wallet that holds Customer Assets or that otherwise have possession, custody, or control of Customer Assets.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

In addition to BAM's General Objections, BAM objects to this Request to the extent that use of the term "maintaining" in connection with accounts and crypto asset wallets is vague and ambiguous.  BAM further objects to this Request as unduly burdensome, duplicative of Request No. 6, and duplicative of other document productions made to Plaintiff before this Action was commenced.  Notwithstanding the foregoing objections, BAM will conduct a reasonable search to identify responsive, non-privileged documents necessary to supplement its previous production.

## REQUEST FOR PRODUCTION NO. 8:

Documents sufficient to identify the crypto asset wallet or account information for all wallets or accounts holding Customer Assets or any fiat or crypto assets for the BAM Entities, including, but not limited to, (i) account number; (ii) wallet address; (iii) identification of each type and value of Customer Assets, fiat, or crypto held in the account or wallet; (iv) the account holder, identity of signatory and/or anyone with custody, control, and/or authority Concerning the transfer or withdrawal of Customer Assets or fiat or crypto assets for the BAM Entities; (v) all terms relating to the authorization to transfer or withdraw Customer Assets or fiat or crypto assets

for the BAM Entities; (vi) onboarding or other Agreements governing the account or wallet, and (vii) account statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to BAM's General Objections, BAM objects to this Request to the extent it seeks proprietary information about BAM's customers, including personal identifying information that is not within the relevant scope of the Consent Order.  BAM further objects to this Request to the extent it is duplicative of other Requests, including Request Nos. 6 and 7.  BAM further objects to this Request to the extent it is overbroad, vague, and ambiguous in that it seeks "all terms" related to the authorization to transfer or withdraw Customer Assets or fiat or crypto assets for the BAM Entities.  BAM further objects to this Request to the extent it seeks to alter the manner and time period for compliance with Part IV of the Consent Order.  Pursuant to Part IV of the Consent Order, BAM will provide the information required by Part IV of the Consent Order pursuant to the terms of the Consent Order.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications Concerning any freeze, closing, or transfer of any account or crypto asset wallet holding Customer Assets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient.  BAM further objects to this Request to the extent it seeks historical information concerning any freeze, closing, or transfer of any account or crypto asset wallet holding Customer Assets that goes beyond the scope of discovery permitted by the Consent Order.

Notwithstanding the foregoing objections, BAM will conduct a reasonable search for

**CONFIDENTIAL**

- 13 -

responsive, non-privileged communications with BAM's bank and payment processing partners after Plaintiff commenced this Action concerning any freeze, closing, or transfer of any account or crypto asset wallet holding Customer Assets.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications Concerning all accounts holding any funds identified in the "Restricted Cash" section of the Financial Statements and Independent Auditor's Report ("FGMK Report") at BTS00833810.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient. BAM further objects to this Request as unduly burdensome and duplicative to the extent it seeks documents, such as those identifying the accounts holding Restricted Cash, that were produced to the SEC before this Action was commenced. Notwithstanding the foregoing objections, BAM will conduct a reasonable search for responsive, non-privileged documents sufficient to show accounts holding Restricted Cash to supplement its prior production to Plaintiff, as necessary, and produce them.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications Concerning any Private and Administrative Keys and New Private and Administrative Keys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of

**CONFIDENTIAL**

documents would be sufficient.  Notwithstanding the foregoing objections, BAM proposes that the parties meet and confer regarding this Request.

## REQUEST FOR PRODUCTION NO. 12:

Documents sufficient to identify all persons with access to, possession, custody, or control of any Private and Administrative Keys and New Private and Administrative Keys or that served or serve as a validator for the Staking Assets.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is vague and ambiguous by requiring BAM to identify those "that served or serve as a validator for the Staking Assets."  BAM further objects to this Request to the extent it seeks information that is duplicative of information sought by Interrogatories 1, 2 and 15.  BAM proposes that the parties meet and confer regarding this Request after BAM responds to the Interrogatories to discuss whether any additional information responsive to this Request is necessary and appropriate.

## REQUEST FOR PRODUCTION NO. 13:

Documents sufficient to identify the name, contact information, employment history, and any Agreement with Zhao, BAM Trading, BAM Management, or any of the Binance Entities for all individuals or entities who have possession and/or any access, custody, authority, or control over BAM Trading and BAM Management financial accounts, crypto asset wallets, and/or any Customer Assets.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, vague, and ambiguous by referring to "all individuals or entities" who have "any" access or control over BAM financial accounts, crypto asset wallets, and/or any Customer Assets.  BAM further objects to this Request to the extent it seeks information that is duplicative of information sought by Interrogatories 1, 2 and 15. BAM proposes that the parties meet and confer regarding this Request after BAM responds to the Interrogatories to discuss whether any

**CONFIDENTIAL**                                        - 15 -

additional information responsive to this Request is necessary and appropriate.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications Concerning any relationship, prior employment, or Agreement – whether formal, information [*sic*], direct, or indirect – between any of the Binance Entities and any individual or entity having any possession, custody, or control over Customer Assets, including, but not limited to, any individual or entity that is signatory or has other custody, authority, or control over any account at any bank or other financial institutions, any crypto asset wallet, or that holds, has rights to, or control of Private and Administrative Keys or New Private and Administrative Keys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient.  BAM further objects to this Request on the grounds that it is overbroad, vague, and ambiguous to the extent it seeks information for individuals having "any relationship," "whether formal, [informal], direct, or indirect," with the Binance Entities.  BAM further objects to this Request to the extent it seeks documents concerning Private and Administrative Keys that was produced to the SEC before this Action was commenced.  BAM further objects to this Request to the extent it seeks information that is duplicative of information sought by Interrogatories 1, 2 and 15. BAM proposes that the parties meet and confer regarding this Request after BAM responds to the Interrogatories to discuss whether any additional information responsive to this Request is necessary and appropriate.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications Concerning which entity and Person requested, instructed, authorized, approved, voted for, or signed for any transfer or withdrawal of Customer Assets, including through the use of any Private and Administrative Key.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient.  BAM further objects to this Request to the extent it seeks information, such as information concerning individuals who approved the transfer or withdrawal of Customer Assets using Private and Administrative Keys, that was produced to the SEC before this Action was commenced.  Notwithstanding the foregoing objections, BAM proposes that the parties meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to identify the balances of Customer Assets for each Customer of the Binance.US trading platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to BAM's General Objections, BAM objects to this Request to the extent it seeks proprietary information about BAM's customers, including personal identifying information that is not within the relevant scope of the Consent Order.  BAM further objects to this Request as duplicative of other Requests.  BAM further objects to this Request to the extent it seeks to alter the manner and time period for compliance with Part IV of the Consent Order.

Notwithstanding the foregoing, pursuant to Part IV of the Consent Order, BAM will provide documents sufficient to show the balances of Customer Assets for each Customer of the Binance.US trading platform as of a mutually agreed upon date, provided that customer names

**CONFIDENTIAL**

will be anonymized.

**REQUEST FOR PRODUCTION NO. 17:**

A complete record of the BAM Entities' financial statements and transactions, including, but not limited to, its general ledger.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "a complete record of BAM Entities' financial statements and transactions" without regard to whether such a record is related to pertinent issues and where a subset of documents would be sufficient.  BAM further objects to this Request to the extent it seeks to alter the manner and time period for compliance with Part IV of the Consent Order.

Notwithstanding the foregoing, BAM will produce its general ledger as of a mutually agreed upon date.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications Concerning Ceffu, including its ownership and management, its relationship and any Agreements with the BAM Entities, its role and responsibilities, and the services they perform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient.  Notwithstanding the foregoing objections, BAM will conduct a reasonable search for responsive, non-privileged documents sufficient to identify Ceffu's ownership and management, its relationship and any Agreements with BAM, its role and

**CONFIDENTIAL**

responsibilities, and any services it performs for BAM, and will produce them, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 19:**

All Document and Communications Concerning any insurance or other financial protection for any liability relating to the custody and control of Customer Assets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient.  Notwithstanding the foregoing, BAM will conduct a reasonable search for responsive, non-privileged documents sufficient to identify any relevant financial protection currently in force, and will produce them, to the extent they exist.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications with third-party financial institutions or other custodians of Customer Assets, including, but not limited to, PrimeTrust LLC, Axos Bank, BitGo, Nuvei, Aegis, and Orum.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient.  BAM further objects to this Request as unduly burdensome and duplicative to the extent it seeks documents, such as those identifying the account numbers and balances with third-party financial institutions or other custodians of Customer Assets, that were produced to the SEC before this Action was commenced.  Notwithstanding the foregoing, BAM

**CONFIDENTIAL**

proposes that the parties meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications Concerning any Amazon Web Services ("AWS") datacenter, environment, or account that services or holds Customer Digital Assets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds

that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or

proportional to the needs of the Consent Order in requesting "all" documents and communications

without regard to whether those documents are related to pertinent issues and where a subset of

documents would be sufficient.  Notwithstanding the foregoing, BAM proposes that the parties

meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications Concerning the Wallet Custody Agreement between BAM Trading and Binance that is referenced in BAM Trading's December 31, 2022 Financial Statements and Independent Auditor's Report, see BTS00833798, including, but not limited to, Documents and Communications Concerning its drafting, approval, execution, operation, payment and performance, termination, and transfer of any role, responsibilities, or services under the Wallet Custody Agreement to any other person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds

that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or

proportional to the needs of the Consent Order in requesting "all" documents and communications

without regard to whether those documents are related to pertinent issues and where a subset of

documents would be sufficient.  BAM further objects to this Request as unduly burdensome and

duplicative to the extent it seeks documents related to the Wallet Custody Agreement that were

produced to the SEC before this Action was commenced.  Notwithstanding the foregoing, BAM

proposes that the parties meet and confer regarding this Request.

**CONFIDENTIAL**

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications Concerning any person that had and has the role and responsibilities or otherwise has performed and is performing the services identified in the Wallet Custody Agreement, whether or not such role, responsibilities, or services were pursuant to any formal Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient. BAM further objects to this Request to the extent it seeks Documents and Communications concerning persons who had, but no longer have, such roles and responsibilities as such an interpretation would go beyond the scope of discovery permitted by the Consent Order. BAM further objects to this Request as unduly burdensome and duplicative to the extent it seeks documents related to the Wallet Custody Agreement that were produced to the SEC before this Action was commenced. BAM further objects to this Request to the extent it seeks information that is duplicative of information sought by Interrogatory 9. BAM proposes that the parties meet and confer regarding this Request after BAM responds to the Interrogatories to discuss whether any additional information responsive to this Request is necessary and appropriate.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications Concerning Binance's, Guangying Chen's, and/or Zhao's signatory authority or any other access to, authority, or control, whether formal, informal, direct, or indirect, over any wallet, account, Customer Assets, fiat or crypto assets of the BAM Entities, and any transfer or withdrawal of Customer Assets or fiat or crypto assets of the BAM Entities, including, but not limited to, BAM Trading's PrimeTrust Bank account ending x0274.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or

proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient.  BAM further objects to this Request on the grounds that it is vague and ambiguous by seeking documents concerning "any other access to, authority, or control, whether formal, informal, direct, or indirect" over "any" and all assets of the BAM Entities. Notwithstanding the foregoing, BAM proposes that the parties meet and confer regarding this Request.

## REQUEST FOR PRODUCTION NO. 25:

All Documents and Communications Concerning the BAM Entities' efforts to "account[] for and continually verif[y] the amount of crypto assets on its platform" and to "hold[] customer crypto assets on a 1:1 basis," see BTS00833798, at BTS00833819.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient.  BAM further objects to this Request to the extent it is duplicative of other Requests, such as those seeking information about BAM's general ledger and Customer Assets.  BAM further objects to this Request to the extent it seeks to alter the manner and time period for compliance with Part IV of the Consent Order.  Notwithstanding the foregoing, BAM proposes that the parties meet and confer regarding this Request.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications Concerning any internal or external audits conducted for the BAM Entities, including, but not limited to, any audit conducted by Armanino LLP and FGMK LLP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds

that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or

proportional to the needs of the Consent Order in requesting "all" documents and communications

without regard to whether those documents are related to pertinent issues and where a subset of

documents would be sufficient.  BAM further objects to this Request to the extent it seeks

documents concerning internal or external audits having no apparent connection to Customer

Assets.  BAM further objects to this Request as unduly burdensome and duplicative to the extent

it seeks documents related to internal and external audits that were produced to the SEC before

this Action was commenced.  Notwithstanding the foregoing, BAM proposes that the parties meet

and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications Concerning any BAM Entity's internal or external auditors' assessment of internal control deficiencies related to the custody and control of Customer Assets, including, but not limited to, the auditors' findings that BAM Trading "is dependent on the [Binance].com custodian to tell them the addresses holding the assets," and that it "makes it very difficult to ensure the Company is fully collateralized at specific points in time." SEC Mem., Ex. A-89, at Armanino-BAM-000134.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds

that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or

proportional to the needs of the Consent Order in requesting "all" documents and communications

without regard to whether those documents are related to pertinent issues and where a subset of

documents would be sufficient.  BAM further objects to this Request as unduly burdensome and

duplicative to the extent it seeks documents related to internal and external audits that were produced to the SEC before this Action was commenced.  Notwithstanding the foregoing objections, BAM proposes that the parties meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications Concerning any deposit, access, possession, custody, control, transfer, or withdrawal of Customer Assets involving any of the Binance Entities or Zhao, including, but not limited to, Sigma Chain AG and Merit Peak Limited.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient.  BAM further objects to this Request to the extent it seeks Documents concerning capital contributions that Zhao made to BAM or asset transfers that Sigma Chain AG and Merit Peak Limited made on the Binance.US Platform involving their own Customer Assets, neither of which implicate the SEC's expressed concerns regarding the protection of Customer Assets.  BAM further objects to this Request to the extent it incorrectly suggests that any additional asset transfers concerning Binance Entities or Zhao have occurred on the Binance.US platform.  BAM further objects to this Request as unduly burdensome and duplicative to the extent it seeks documents involving Sigma Chain AG and Merit Peak Limited that were produced to the SEC before this Action was commenced.  Notwithstanding the foregoing, BAM will conduct a reasonable search for responsive, non-privileged documents sufficient to supplement its previous production of Sigma Chain AG account and transfer information to make it current, to the extent any such supplementation is necessary.

**REQUEST FOR PRODUCTION NO. 29:**

All organizational charts for the BAM Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to BAM's General Objections, BAM objects to this Request as duplicative and unduly burdensome to the extent it seeks documents that were produced to the SEC before this Action was commenced. Notwithstanding the foregoing, BAM will conduct a reasonable search for responsive, non-privileged documents to supplement its previous production and will produce them, to the extent any such documents exist.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications indicating the ownership interests in the BAM Entities, and changes thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient. BAM further objects to this Request as duplicative and unduly burdensome to the extent it seeks documents that were produced to the SEC before this Action was commenced. BAM further objects to this Request to the extent it seeks information that is duplicative of information sought by Interrogatory 5. BAM proposes that the parties meet and confer regarding this Request after BAM responds to the Interrogatories to discuss whether any additional information responsive to this Request is necessary and appropriate.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications relating to the $250 million convertible note between the BAM Entities and Zhao.

**CONFIDENTIAL**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**:

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient.  Notwithstanding the foregoing, BAM proposes that the parties meet and confer about this Request.

**REQUEST FOR PRODUCTION NO. 32**:

All Documents and Communications Concerning all crypto asset wallets governed by a "TSS" protocol.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**:

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient.  BAM further objects to this Request as unduly burdensome and duplicative to the extent it seeks documents concerning the TSS protocol used for hot and cold wallets that were produced to the SEC before this Action was commenced.  BAM further objects to this Request to the extent it seeks information that is duplicative of information sought by Interrogatory 22.  BAM proposes that the parties meet and confer regarding this Request after BAM responds to the Interrogatories to discuss whether any additional information responsive to this Request is necessary and appropriate.

**REQUEST FOR PRODUCTION NO. 33**:

All Documents and Communications Concerning all crypto asset wallets not governed by a "TSS" protocol.

**CONFIDENTIAL**                                    - 26 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient. BAM further objects to this Request on the ground that all BAM crypto asset wallets are currently governed by the TSS protocol. BAM further objects to this Request to the extent it seeks information that is duplicative of information sought by Interrogatory 22. BAM proposes that the parties meet and confer regarding this Request after BAM responds to the Interrogatories to discuss whether any additional information responsive to this Request is necessary and appropriate.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to identify all votes or other authorization by holders of any key or portion therefor for whitelisting, approving, or decommissioning wallets to which assets from the cold wallets, TSS-enabled staking wallets, or any other wallets may be transferred.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to BAM's General Objections, BAM objects to this Request on the ground that it is overbroad, vague, and ambiguous to the extent it seeks documents concerning "any other wallets" without defining the scope of that term. BAM further objects to this Request to the extent it seeks historical information about votes and authorizations that goes beyond the scope of discovery permitted by the Consent Order. Notwithstanding the foregoing, BAM proposes that the parties meet and confer regarding this request.

**REQUEST FOR PRODUCTION NO. 35:**

Documents sufficient to identify all wallets and their respective addresses for wallets that were shared, co-hosted, or used to transfer assets between Binance Holdings, BAM Trading, BAM Management, Zhao, and any Zhao or Binance-affiliated individual or entity, including Sigma Chain AG and Merit Peak Limited. The response to this request should include external wallets

**CONFIDENTIAL**                                                 - 27 -

that are not accounts on either trading platform, deposit addresses, and transfers directly between storage wallets.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 35</u>:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting documents concerning "external wallets that are not accounts on either trading platform, deposit addresses, and transfers directly between storage wallets." BAM further objects to this Request to the extent it seeks to alter the manner and time period for compliance with Part IV of the Consent Order.

Notwithstanding the above, pursuant to Part IV of the Consent Order, BAM will provide the information required by Part IV of the Consent Order pursuant to the terms of the Consent Order. BAM also proposes that the parties meet and confer regarding this Request.

**<u>REQUEST FOR PRODUCTION NO. 36</u>:**

Documents sufficient to identify the names, job titles, and time period of employment for all BAM Trading or BAM Management employees who were formally [*sic*] Binance Holdings employees.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 36</u>:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting documents concerning "all BAM Trading or BAM Management employees who were formally Binance Holdings employees." BAM further objects to this Request on the grounds that its use of "formally" is vague, ambiguous, and unintelligible as written. BAM will interpret this Request by replacing "formally" with "formerly." BAM further objects to this Request to the extent it seeks historical information about former employees of BAM Trading and BAM Management that goes beyond the scope of discovery permitted by the Consent Order. BAM further objects to this Request to the extent it

**CONFIDENTIAL**

seeks information that is duplicative of information sought by Interrogatories 1, 2 and 15. BAM proposes that the parties meet and confer regarding this Request after BAM responds to the Interrogatories to discuss whether any additional information responsive to this Request is necessary and appropriate.

## REQUEST FOR PRODUCTION NO. 37:

Documents sufficient to identify the roles and responsibilities of all directors, officers, or employees of any BAM Entity that reside or are located outside of the United States.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting documents concerning "all directors, officers, or employees of any BAM entities that [*sic*] reside or are located outside of the United States." BAM further objects to this Request to the extent it seeks information that is duplicative of information sought by Interrogatories 1, 2 and 15. BAM proposes that the parties meet and confer regarding this Request after BAM responds to the Interrogatories to discuss whether any additional information responsive to this Request is necessary and appropriate.

## REQUEST FOR PRODUCTION NO. 38:

All Documents and Communications Concerning all policies, procedures, protocols, and controls Concerning or referenced in the Binance.US Digital Asset & Custody Operations Policy.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order in requesting "all" documents and communications without regard to whether those documents are related to pertinent issues and where a subset of documents would be sufficient. BAM further objects to this Request as duplicative and unduly

**CONFIDENTIAL**

burdensome to the extent it seeks documents, such as the Binance.US Digital Asset & Custody Operations Policy, that were produced to the SEC before this Action was commenced. Notwithstanding the foregoing, BAM proposes that the parties meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 39:**

The general ledger that tracks deposits, trading, transfers, and withdrawals of all Customer Crypto Assets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks BAM's general ledger throughout the relevant time period.  BAM further objects to this Request as unduly burdensome and duplicative of other Requests.   Notwithstanding the foregoing and as stated in BAM's Response to Request No. 17, BAM will produce a copy of its general ledger as of a mutually agreed upon date.

**REQUEST FOR INSPECTION:**

Make available for inspection the AWS environment, servers, accounts, wallets, software, applications, devices or hardware holding or involved in any Private and Administrative Keys, and any other hardware or technology Concerning the establishment, management, operation, custody, control, security, segregation, and transfers and withdrawals for wallets holding Customer Crypto Assets or BAM Entity crypto assets, and the deposit, custody, control, transfer, withdrawal, clearing, and settlement of crypto assets.

**RESPONSE TO REQUEST FOR INSPECTION:**

In addition to BAM's General Objections, BAM objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks to inspect the AWS environment.  BAM further objects to this Request as administratively infeasible to the extent it

**CONFIDENTIAL**

requires BAM to make available for inspection a physical datacenter that it does not own or control.  Notwithstanding the foregoing, BAM proposes that the parties meet and confer regarding this Request.


Dated:  July 5, 2023                                          Respectfully submitted,


/s/ William R. McLucas                                       /s/ George S. Canellos

William R. McLucas (*pro hac vice*)                          George S. Canellos (*pro hac vice*)
Matthew T. Martens (D.C. Bar #1019099)                       Adam J. Fee (*pro hac vice*)
Matthew Beville (*pro hac vice*)                             Matthew J. Laroche (*pro hac vice*)
WILMER CUTLER PICKERING HALE                                 MILBANK LLP
    AND DORR LLP                                             55 Hudson Yards
2100 Pennsylvania Avenue NW                                  New York, NY 10001
Washington, DC 20037                                         GCanellos@milbank.com
William.McLucas@wilmerhale.com                               AFee@milbank.com
Matthew.Beville@wilmerhale.com                               MLaroche@milbank.com
Matthew.Martens@wilmerhale.com
                                                             Andrew M. Leblanc (D.C. Bar #479445)
Tiffany J. Smith (*pro hac vice*)                            MILBANK LLP
WILMER CUTLER PICKERING HALE                                 1850 K Street, NW, Suite 1100
    AND DORR LLP                                             Washington, D.C. 20003
7 World Trade Center                                         ALeblanc@milbank.com
250 Greenwich Street
New York, NY 10007                                           *Attorneys for Defendants BAM Trading Services*
Tiffany.Smith@wilmerhale.com                                 *Inc. and BAM Management Holdings US Inc.*

**CONFIDENTIAL**