# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED,<br>BAM TRADING SERVICES INC.,<br>BAM MANAGEMENT US HOLDINGS INC.,<br>AND CHANGPENG ZHAO,<br><br>Defendants. | No. 1:23-cv-01599 (ABJ) |

**DEFENDANTS BAM TRADING SERVICES INC. AND BAM MANAGEMENT**
**US HOLDINGS INC.'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules

of the United States District Court for the District of Columbia (the "Local Rules"), any order

entered in or applicable to the above-referenced litigation (the "Action"), or any other applicable

law or rule, Defendants BAM Trading Services Inc. and BAM Management US Holdings Inc.

(collectively, "BAM") submit these responses and objections (the "Responses") to Plaintiff's First

Set of Interrogatories (collectively, the "Interrogatories" and each an "Interrogatory"), without

waiver of any objections or defenses that BAM asserts in these Responses, previously has asserted,

or hereafter may assert in this Action. Until a Protective Order is entered in this matter, these

Responses and the accompanying production are designated pursuant to the agreement

memorialized in email correspondence dated July 7, 2023.

## GENERAL OBJECTIONS

These General Objections apply to the Interrogatories generally and to each Definition,

Instruction, and Interrogatory included in the Interrogatories. These General Objections are

**CONFIDENTIAL**

incorporated by reference as though set forth in full in the Responses and Objections to Specific Interrogatories (the "Specific Responses").  Any objection to a Definition or Instruction shall also apply equally to any other Definition, Instruction, or Interrogatory that incorporates that Definition or Instruction.  These General Objections are neither waived nor limited by the Specific Responses. The fact that a General Objection is not specified in the Responses does not constitute a waiver of that objection or otherwise preclude BAM from raising that objection at a later time.

1.      BAM objects to the Interrogatories and the Definitions and Instructions therein to the extent that they seek or may be construed to impose burdens or obligations that are broader than, inconsistent with, not authorized by, or otherwise impermissible under the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules (including Local Civil Rule 26.2), the case law interpreting them, the Consent Order entered in this matter of June 17, 2023 (Dkt. 71, hereinafter "Consent Order"), any orders entered (or that may be entered) in this Action, or any other potentially applicable rules or laws  (collectively, the "Applicable Orders and Rules").

2.      BAM objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad, lacking in particularity, and/or call for information beyond the relevant scope of or disproportionate to the needs of the Consent Order, as well as to the extent that they are unduly burdensome because they would impose a significant expense and inconvenience on BAM.  By agreeing to provide certain information, BAM does not concede that any of the Interrogatories seeks information that is within the relevant scope of the Consent Order or otherwise is appropriate for discovery in this Action.

3.      BAM objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they purport to seek information that is unreasonably cumulative or duplicative of one another or of other discovery requests or subpoenas that have been or may be

**CONFIDENTIAL**

served in this Action, including but not limited to the SEC's First Set of Requests for Production of Documents and Inspection to BAM, dated June 23, 2023 (the "RFPs"), and the Consent Order.

4.      BAM objects to the Interrogatories, together with their accompanying Definitions and Instructions, to the extent they seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive, or is publicly available, including but not limited to (a) documents that have or will be produced to Plaintiff in this Action, (b) deposition testimony in this Action, and (c) documents filed in this case.

5.      BAM objects to the Interrogatories to the extent that they seek information or legal theories that are protected by the attorney-client privilege, the work-product doctrine, the joint-defense or common-interest privilege, domestic or foreign criminal or civil laws (including privacy laws), or any other applicable privilege, immunity, or protection from discovery or disclosure ("Protected Information").  Nothing contained in this Response is intended to be, nor shall in any way be construed as, a waiver of any such privilege, immunity, or protection of any other grounds for objecting to discovery or admissibility of such material, its subject matter, or the information contained therein.  The absence of an Objection to a specific Interrogatory on this ground is neither intended, nor should be interpreted, as evidence that BAM does not object to an Interrogatory on the basis of an applicable privilege, immunity, or protection.  Inadvertent production of Protected Information shall not constitute a waiver of any privilege, immunity, or protection or of any other grounds for objecting to discovery or admissibility of such material, its subject matter, or the information contained therein, nor shall such production constitute a waiver of BAM's rights, under any applicable protective order and the Applicable Orders and Rules, to (i) claw back and seek the return of such materials, or (ii) object to its use at any stage of this Action or in any other action or proceeding.   Further, if BAM at any time discovers that it disclosed Protected

**CONFIDENTIAL**

Information, the receiving party shall promptly undertake commercially reasonable efforts to return to BAM, sequester, or destroy all copies of such information and documents, as set forth in the Protective Order.  In all events, such return, sequestration, destruction, and/or certification must occur within ten (10) business days of receipt of the request, unless the parties agree otherwise.

6.    BAM objects to the Interrogatories to the extent that they purport to seek the production of information that reflects (i) trade secrets; (ii) information that is otherwise confidential, proprietary, commercially sensitive, or competitively significant to BAM or any affiliate thereof, current and former directors, employees, consultants, clients, and/or customers of BAM or any affiliate thereof; (iii) personal information of any present and/or former employee, consultant, client, and/or customer of BAM or any affiliate thereof; and/or (iv) information that is subject to other protective orders, non-disclosure agreements, or other confidentiality undertakings.

7.    BAM objects to the Interrogatories to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place.  By responding to an Interrogatory, BAM does not accept or concede any assertions, definitions, technical descriptions, express or implied characterizations, or assumptions contained therein, does not admit that any factual predicate stated in the Interrogatories is accurate, and such response shall not constitute or be construed as providing an admission concerning any of the Interrogatories.

8.    BAM objects to the Interrogatories to the extent that they are argumentative, lack foundation, or incorporate allegations and assertions that are disputed, erroneous or irrelevant to this Action.  In responding and objecting to the Interrogatories, BAM does not admit or concede the correctness of any such allegations or assertions.

**CONFIDENTIAL**

9.      BAM objects to the Interrogatories to the extent that they purport to require BAM to draw legal conclusions or are predicated on legal conclusions or arguments.  Subject to and without waiver of its objections in this Response, BAM states that any written response or provision of information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, a legal conclusion or admission.

10.     None of BAM's Responses should be construed to prevent it from presenting additional facts and evidence in support of its arguments or defenses at the appropriate stage of this case.

11.     These Responses are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documents presently known to BAM.  Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Responses.  Irrespective of whether BAM provides information in response to the Interrogatories, BAM reserves the right (but does not assume the obligation) to (i) revise, correct, supplement, amend, modify, or clarify the content of these Responses; (ii) provide additional responsive information in the future; (iii) object to further discovery in this Action; (iv) use or rely upon any information produced in this Action in any hearing, proceeding, or trial; (v) use or rely upon subsequently discovered information or information omitted from this Response as a result of mistake, error, oversight, or inadvertence in any hearing, proceeding, or trial; and (vi) challenge the authenticity or admissibility of any information in any hearing, proceeding, or trial.

12.     Any undertaking to meet and confer regarding, search for, or provide information in response to, any Interrogatory remains subject to the objections in this Response.  If and to the extent BAM were to undertake a search for information, such an undertaking is not intended to be, and shall not be construed as, an admission that such information exists.

**CONFIDENTIAL**

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      BAM's Responses and Objections to the Definitions and Instructions are incorporated by reference in each and every Specific Response and Objection below and have the same force and effect as if fully set forth therein.  By responding to the Interrogatories with a defined term, BAM is not by implication agreeing with any such definition.

2.      BAM objects to the Definitions, individually and collectively, and to any Definition, Instruction, or Interrogatory that incorporates the Definitions, to the extent that they are overbroad, unduly burdensome, vague, and ambiguous.

3.      BAM objects to the Definitions, individually and collectively, and to any Definition, Instruction, or Interrogatory that incorporates the Definitions, to the extent that they purport to impose obligations on BAM greater than, or different from, the obligations contained in the Applicable Orders and Rules.

4.      BAM objects to the Instructions to the extent that they are vague and unduly burdensome and purport to impose obligations on BAM that go beyond, or that are otherwise inconsistent with, the Applicable Orders and Rules.

5.      BAM objects to Instruction No. 4 to the extent it requires BAM, for any entity referenced in the Interrogatories, to be aware of that "entity's parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, agents, partners, and independent contractors, as well as aliases, code names, trade names, or business names used by, or formerly used by, any of the foregoing." BAM further objects to Instruction No. 4 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of information within the relevant scope of the Consent Order.

6.      BAM objects to Instruction No. 5 to the extent it requires BAM, for any individual referenced in the Interrogatories, to be aware of that "individual's counsel, agents, representatives,

**CONFIDENTIAL**

or any other person or entity acting or purporting to act on his or her behalf." BAM further objects to Instruction No. 5 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of information within the relevant scope of the Consent Order.

7.      BAM objects to Definition No. 11 to the extent it refers to a "subpoena."  BAM will interpret Definition No. 11 by replacing "subpoena was" with "Interrogatories were."

8.      BAM objects to Definitions No. 13 and 14 as overly broad, unduly burdensome, and inconsistent with the Applicable Orders and Rules.  To the extent an Interrogatory uses the terms "identify" or "identify and describe in detail," BAM will respond completely and accurately to the greatest extent possible, in accordance with its obligations under the Applicable Orders and Rules.  BAM will not otherwise apply the definitions of "identify" and "identify and describe in detail."

9.      BAM objects to the relevant time period set forth in Instruction No. 16 on the grounds that the time period of November 1. 2022 to the present is overbroad, unduly burdensome, and seeks information or documents beyond the relevant scope of and/or disproportionate to the needs of the Consent Order.

10.      BAM objects to Instruction No. 17 to the extent it requires BAM, for any knowledge, information, documents, or communications requested by the Interrogatories, to be aware of knowledge, information, documents, or communications within the possession, care, custody, or control of "Persons with whom you associate, including family members, friends, business associates, attorneys, representatives, and agents." BAM further objects to Instruction No. 17 as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of information within the relevant scope of the Consent Order.

**CONFIDENTIAL**

11.     BAM objects to Instruction No. 18 as overly broad, unduly burdensome, and inconsistent with the Applicable Orders and Rules.  Where BAM is unable to respond fully to any Interrogatory, it will identify the information that it is able to provide and proposes meeting and conferring with Plaintiff.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 1:

Identify all Persons who have access to, possession, custody, or control of any Customer Assets, the fiat or crypto assets of any of the BAM Entities, or any accounts or crypto asset wallets holding Customer Assets or the fiat or crypto assets of the BAM Entities, including, but not limited to, (i) their employment history, including job titles, during the last seven years, including whether they have been employed, affiliated with, or otherwise received compensation from, any of the BAM Entities, Binance Entities, or Zhao; (ii) their residence during the past three years and physical location while working for any of the BAM Entities, Binance Entities, or Zhao; and (iii) the time period and nature of their access, possession, custody, or control of Customer Assets, the fiat or crypto assets of any of the BAM Entities, or any accounts or crypto asset wallets holding Customer Assets or the fiat or crypto assets of the BAM Entities.

### RESPONSE TO INTERROGATORY NO. 1:

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks information concerning (i) employment histories over the last seven years; (ii) residences and physical locations during the last three years; (iii) historical access, possession, custody, or control of Customer Assets; and/or (iv) assets other than Customer Assets.  BAM further objects to this Interrogatory as vague and ambiguous on the ground that it seeks information on persons "affiliated with" any of the BAM Entities, Binance Entities, or Zhao, and will interpret this Interrogatory as if that phrase is not included.

Notwithstanding the foregoing objections, BAM refers Plaintiff to its Response to Interrogatory No. 3.

**CONFIDENTIAL**

**INTERROGATORY NO. 2:**

Identify all Persons who have access to, possession, custody, or control of Private and Administrative Keys or New Private and Administrative Keys or other software or protocols Concerning the deposit, custody, control, security, transfer, segregation, or withdrawal of Customer Crypto Assets, including, but not limited to, (i) their employment history, including job titles, during the last seven years, including whether they have been employed, affiliated with, or otherwise received compensation from any of the BAM Entities, Binance Entities, or Zhao; (ii) their residence during the past three years and physical location while working for any of the BAM Entities, Binance Entities, or Zhao; and (iii) the time period in which they held such Private and administrative Private and Administrative Keys or New Private and Administrative Keys or other software or protocols responsive to this Interrogatory. This response should include the date when any Private and Administrative Key or New Private and Administrative Key holder who was a former employee or in any way affiliated with any of the Binance Entities ended such employment or affiliation and started employment with BAM Trading or BAM Management.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks information concerning (i) employment histories over the last seven years; (ii) residences and physical locations during the last three years; (iii) historical possession of the Private and Administrative Keys; and (iv) the date on which employment or affiliation the Binance Entities was terminated. BAM further objects to this Interrogatory as vague and ambiguous on the ground that it seeks information on whether relevant persons "affiliated with" any of the BAM Entities, Binance Entities, or Zhao, and will interpret this Interrogatory as if that phrase is not included. BAM further objects to this Interrogatory on the ground that "other software or protocols" is vague and ambiguous and will interpret this Interrogatory as though that phrase is not included.

Notwithstanding the foregoing objections, on the document bearing Bates No. BAM_SEC_LIT_00000132, BAM identifies the BAM employees who previously had custody of the Private and Administrative Keys, as well as the individuals who have custody of the New

**CONFIDENTIAL**

Private and Administrative Keys, their current BAM job title, whether they have been employed by the Binance Entities or Zhao, and their current country of residence.

**INTERROGATORY NO. 3:**

Identify all Persons involved in, designated to, and/or having authority over the Treasury, Clearing, Security, SecOps, Fraud & Risk, Legal, Compliance, CX, and Custody Partners Teams, including the Persons associated with the following roles: Clearing Member, Clearing Lead, Treasury Member, Treasury Lead, CISO/Security, CFO, VP/Treasury, CX Agent, Fraud/Risk Member (*see* Binance.US Digital Asset & Custody Operations Policy at 4/18, 6/18 - BTS00833839, at BTS00833841), or any other individual or entity that are otherwise involved in the custody, control, security, clearing, settlement, deposits, transfer, withdrawals, movement, segregation, restrictions, or other management of Customer Assets. The response should include, but is not limited to, (i) their employment history, including job titles, over the last seven years, including whether they have been employed by, affiliated with, or otherwise received compensation from any of the BAM Entities, Binance Entities, or Zhao; and (ii) their residence during the past three years and physical location while working for any of the BAM Entities, Binance Entities, or Zhao.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks information concerning (i) employment histories over the last seven years; and (ii) residences and physical locations during the last three years.  BAM further objects to this Interrogatory as vague and ambiguous to the extent that its seeks information on "any other individual or entity that are otherwise involved in the custody, control, security, clearing, settlement, deposits, transfer, withdrawals, movement, segregation, restrictions or other management of Customer Assets," and will interpret this Interrogatory as if that phrase is not included.  BAM further objects to this Interrogatory as vague and ambiguous on the ground that it seeks information on whether relevant persons "affiliated with" any of the BAM Entities, Binance Entities, or Zhao, and will interpret this Interrogatory as if that phrase is not included.

**CONFIDENTIAL**

Notwithstanding the foregoing objections, BAM is producing a spreadsheet bearing Bates No. BAM_SEC_LIT_00000091 that identifies the individuals who presently have a role or responsibility concerning the possession, custody, or control of Customer Assets, as well as their current job title, whether they have been employed by the Binance Entities or Zhao, their current country of residence, and whether they have a role under the Binance.US Digital Asset & Custody Operations Policy. This list includes individuals who have roles related to the possession, custody, or control of Customer Assets, even if they do not personally have the ability to approve any transfers or movements of Customer Assets, either individually or as part of a quorum of other BAM personnel. BAM also has a legal department that, as necessary, advises the personnel identified on the foregoing spreadsheet concerning custody and control of Customer Assets, and accounting and internal audit personnel who provide services related to Customer Assets. Defendants BHL and Zhao do not have possession, custody, or control of any Customer Assets.

**INTERROGATORY NO. 4:**

Identify all BAM Trading and BAM Management officers, employees, and contractors, as of the date of the filing of the SEC's Complaint, ECF No. 1, including, but not limited to, (i) their employment history, including job titles, during the last five years; (ii) any current or past relationship or affiliation with any of the Binance Entities or Zhao; and (iii) their residence during the past three years and physical location while working for any of the BAM Entities, Binance Entities, or Zhao.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order, including to the extent it seeks: (i) information on BAM employees who do not have the ability to control Customer Assets; (ii) employment histories over the last seven years; and (iii) residences and physical locations during the last three years. BAM further objects to this Interrogatory as vague and ambiguous on the

**CONFIDENTIAL**

ground that it seeks information on "any current or past relationship or affiliation with any of the Binance Entities or Zhao," and will interpret this Interrogatory as if that phrase is not used. BAM further objects to this Interrogatory to the extent that it seeks duplicative information, including information contained in documents sought by other Interrogatories and the RFPs.

Notwithstanding the foregoing objections, BAM is producing a spreadsheet bearing Bates No. BAM_SEC_LIT_00000092 that identifies BAM's officers, employees, and contractors as of the date of Plaintiff's complaint, their job title, whether they have been employed by the Binance Entities or Zhao, and the BAM Division within which they work.

**INTERROGATORY NO. 5:**

Identify any Persons with any equity or other ownership interest in BAM Trading and BAM Management, and any changes to the ownership interests of the BAM Entities during the relevant time period.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order, including to the extent it seeks historical information concerning BAM's ownership interests. Notwithstanding the foregoing objections, BAM refers Plaintiff to the documents reflecting BAM's ownership interests at various points in time, which was previously produced at BAM_SEC_LIT_00000067 through 00000071.

**INTERROGATORY NO. 6:**

Identify and describe in detail BAM Trading's policies, procedures, protocols, and controls for the possession, custody, control, transfer, movement, security, segregation, availability, and any encumbrances or limitations of Customer Assets, including (i) the Person(s) involved in their development, maintenance, performance, operation, and enforcement; and (ii) any changes in those policies, procedures, protocols, and controls during the relevant time period.

**CONFIDENTIAL**

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks historical information concerning BAM's policies, procedures, protocols, and controls concerning Customer Assets. Notwithstanding the foregoing objections, BAM refers Plaintiff to its policies and procedures produced in discovery and the Declaration of Erik Kellogg, dated June 12, 2023 (Dkt. 42; the "Kellogg Declaration") and the Declaration Sara Sisenwein, dated June 12, 2023 (Dkt. 44; the "Sisenwein Declaration") concerning the possession, custody, and control of digital and fiat assets, respectively.

With respect to Sisenwein Declaration, BAM provides the following updates: (i) since at least the entry of the Consent Order, BAM's banking partners are allowing users to withdraw funds (Sisenwein Decl. ¶ 5); (ii) BAM ceased processing deposits of cash on or about June 13, 2023 and will cease processing withdrawals of cash on or about July 20, 2023. The deadline for processing withdrawals was extended because BAM's banking partners were not permitting withdrawals for a period of time, but have since reenabled withdrawals (*id.* ¶ 13); (iii) BAM no longer maintains customer cash at Axos, Nuvei, Wyre, or Prime Trust (*id.* ¶¶ 15, 16); (iv) BAM customer fiat assets are currently held at BitGo Trust Company Inc. ("BitGo") and Orum Money Movement ("Orum"); (v) BAM customers can no longer deposit cash with Orum but can withdraw cash via ACH until on or about July 20, 2023 (*id.* ¶ 16(d)); and (vi) BAM no longer has a banking relationship with Wyre (*id.* ¶ 16(f)).

With respect to the Kellogg Declaration, BAM (i) refers the SEC to Mr. Kellogg's certifications dated June 29, 2023 and July 7, 2023 and to BAM's Response to Interrogatory No. 2 (Kellogg Declaration ¶ 33(a)(i)); and notes that transfer requests are now sent to BAM personnel

**CONFIDENTIAL**

(not BHL personnel) who then issues the TSS-approval request (*id.* ¶ 33(c)(i)).  BHL personnel no longer have any role with respect to TSS-approval for BAM Customer Assets.

**INTERROGATORY NO. 7:**

Identify all crypto asset wallet addresses that are "white listed" for transfers to or from crypto asset wallets holding Customer Assets, and describe in detail the process by which new crypto asset wallets could be whitelisted, including, but not limited to, the identification of all Persons involved in the whitelisting process, and their employment history over the last seven years, including whether they have been employed by, affiliated with, or otherwise received compensation from any of the BAM Entities, Binance Entities, or Zhao.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks employment histories over the last seven years and information concerning any compensation from any of the BAM Entities, Binance Entities, or Zhao.  BAM further objects to this Interrogatory as vague and ambiguous on the ground that it seeks information on whether relevant persons "affiliated with" any of the BAM Entities, Binance Entities, or Zhao, and will interpret this Interrogatory as if that phrase is not included.

Notwithstanding the foregoing objections, a list of whitelisted wallet addresses is being produced as BAM_SEC_LIT_0000093.  The whitelisting process is described in the Kellogg Declaration at paragraphs 3.b. and 36.b., except that the individuals involved in that process are those that hold the New Private and Administrative Keys as identified in BAM's Response to Interrogatory No. 2.

**INTERROGATORY NO. 8:**

Identify all Documents, Communications, and other evidence to support your contention that the Wallet Custody Agreement between Binance and BAM Trading was "never operationalized" and "was never actually implemented and did not govern BAM's custody practices," *see, e.g.,* BAM Trading Opp. Br., ECF No. 40, at 13, including, but not limited to, all

Documents, Communications, and other evidence you rely upon to rebut (i) BAM Trading's current CEO's affirmation to BAM Trading's auditors that Binance could "exert[] control over any digital wallet holding either corporate or custodial digital assets held on [BAM Trading's] behalf," *see* SEC TRO Mem., ECF No. 28, Ex. A-72, at pg. 4; *id.* Ex. A-73, at pg. 9; (ii) BAM Trading's financial statements stating that, at least until December 1, 2022, Customer Crypto Assets and company crypto assets "were held in custody accounts through the Wallet Custody Agreement." *Id.* Ex. A-74, at BTS00833810; and (iii) counsel for BAM Trading's submissions to SEC staff that identified Binance as its custodian of crypto assets, *see, e.g.,* BTS00042025, at BTS00058738.

## RESPONSE TO INTERROGATORY NO. 8:

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks historical information concerning Customer Assets.  Notwithstanding the foregoing objections, BAM proposes that the parties continue to meet and confer regarding discovery requests related to the Wallet Custody Agreement.

## INTERROGATORY NO. 9:

Identify all Persons that have or had the role and responsibilities or otherwise performed or continue to perform the services identified in the Wallet Custody Agreement, whether or not such role, responsibilities, or services were pursuant to any formal agreement, including, but not limited to, (i) the role, responsibility, and service(s) performed by such Person(s); and (ii) the corresponding dates such Person(s) had such role or responsibility or performed such service(s).

## RESPONSE TO INTERROGATORY NO. 9:

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks historical information concerning Customer Assets.  Notwithstanding the foregoing objections, BAM intends to identify individuals who had roles with respect to wallet custody during the relevant time period and proposes that the parties confer after BAM does so.

**CONFIDENTIAL**

**INTERROGATORY NO. 10:**

Identify all Documents and Communications Concerning internal or external audits of the BAM Entities' possession, custody, control, transfer or movement, security, segregation, availability, and any encumbrances or limitations to its Customer Assets.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks historical information concerning the custody and control of Customer Assets. Notwithstanding the foregoing objections, BAM proposes that the parties continue to meet and confer regarding discovery requests concerning internal and external audits.

**INTERROGATORY NO. 11:**

Identify all Documents, Communications, or other evidence that the BAM Entities may contend rebuts BAM Trading's auditor's finding in May 2022 that BAM Trading "is dependent on the [Binance].com custodian to tell them the addresses holding the assets," and that it "makes it very difficult to ensure the Company is fully collateralized at specific points in time," SEC TRO Mem., Ex. A-89, at Armanino-BAM-000134, including whether You contend that the statement was not true when the finding was made, and/or is not true today.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks historical information about the custody and control of Customer Assets. Notwithstanding the foregoing objections, BAM proposes that the parties continue to meet and confer regarding discovery requests concerning internal and external audits.

**INTERROGATORY NO. 12:**

Identify and describe in detail the basis for the decision to maintain custody or control of any Customer Assets, including Staking Assets, and any Private and Administrative Keys outside

**CONFIDENTIAL**

of the United States, including the Persons involved in such discussions and decisions, and their employment history or any other relationship or agreement with any of the BAM Entities, Binance Entities, or Zhao.

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks historical information about the custody and control of Customer Assets. Notwithstanding the foregoing objections, BAM proposes that the parties meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 13:**

Identify any Customer Assets or fiat or corporate assets of any of the BAM Entities, including Private and Administrative Keys, that are held outside of the United States or controlled by Persons outside of the United States, including, but not limited to, (i) the type of asset; (ii) current value of the asset; (iii) where the asset is located; (iv) how it is held; (v) the name and contact information of the Persons with custody and control of such assets;(vi) the relationship or affiliation of such Persons with any of the BAM or Binance Entities; and (vii) the time period the assets or keys have been outside of the United States.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks information about the corporate assets of BAM Entities and historical information about Customer Assets. Notwithstanding the foregoing objections, BAM responds that no Customer Assets, including Private and Administrative Keys, are held outside of the United States or controlled by Persons outside of the United States.

**INTERROGATORY NO. 14:**

Identify and describe in detail the role of any of the Binance Entities, including Sigma Chain and Merit Peak, in the possession, custody, or control of Customer Assets.

**CONFIDENTIAL**

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks historical information concerning Customer Assets. BAM further objects to this Interrogatory to the extent that it seeks duplicative information, including information provided by BAM to Plaintiff during the investigation that preceded this Action. Notwithstanding the foregoing, BAM responds that Merit Peak no longer operates on BAM's platform, and Merit Peak and Sigma Chain do not have a role in the possession, custody, or control of Customer Assets.

**INTERROGATORY NO. 15:**

Identify and describe in detail any agreement, relationship, affiliation, or association between any of the Binance Entities and any Person with any access, possession, authority, custody, or control of any Customer Assets, fiat or crypto assets of any of the BAM Entities, or any account or wallet holding Customer Assets or the fiat or crypto assets of any of the BAM Entities, including, but not limited to, the extent to which any of the Binance Entities or Zhao has the authority over or the ability to direct or instruct such Persons.

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks historical information about Customer Assets or information unrelated to Customer Assets. BAM further objects to this Interrogatory as vague and ambiguous on the ground that it seeks information on the "relationships," "affiliations," or "associations" between any of the Binance Entities and any Person with access, possession, authority, custody, or control of any Customer Assets or the fiat or crypto assets of any of the BAM Entities. BAM further objects to this Interrogatory to the extent

**CONFIDENTIAL**

that it seeks duplicative information, including information sought by other Interrogatories and information contained in documents sought by the RFPs.

Notwithstanding the foregoing objections, BAM responds that the Binance Entities and Zhao do not have authority over or the ability to direct or instruct any Person with respect to the custody or control of Customer Assets.  BAM refers Plaintiff to its responses to Interrogatory Nos. 1 through 3 for more information on the Persons with custody or control of Customer Assets.

**INTERROGATORY NO. 16:**

For all crypto asset wallets associated with the BAM Entities or Binance.US trading platform, identify each of the assets held in each wallet and the volume and the current value of each asset (including the value of each asset in U.S. Dollars) held in each wallet.

**RESPONSE TO INTERROGATORY NO. 16:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks historical information concerning Customer Assets.  BAM further objects to this Interrogatory to the extent that it seeks duplicative information, including information contained in documents sought by the RFPs or required to be produced pursuant to the Consent Order.  Notwithstanding the foregoing objections, BAM refers Plaintiff to the materials produced on July 10, 2023 pursuant to Part IV of the Consent Order bearing Bates numbers BAM_SEC_LIT_00000072 through BAM_SEC_LIT_00000075.

**INTERROGATORY NO. 17:**

Identify and describe in detail all systems and Persons involved in the management of any accounts, crypto asset wallets, Customer Assets, and fiat or crypto assets of the BAM Entities.

**CONFIDENTIAL**

**RESPONSE TO INTERROGATORY NO. 17:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks information unrelated to Customer Assets or historical information about Customer Assets. BAM further objects to this Interrogatory as vague and ambiguous on the ground that it seeks information on all systems and Persons "involved in the management" of any accounts, crypto asset wallets, Customer Assets, and fiat or crypto assets of the BAM Entities. BAM further objects to this Interrogatory to the extent that it seeks duplicative information, including information contained in documents sought by the RFPs. Notwithstanding the foregoing objections, BAM refers Plaintiff to its Responses to Interrogatory Nos. 1 through 3 and the Kellogg and Sisenwein Declarations, as updated by the Responses to these Interrogatories.

**INTERROGATORY NO. 18:**

Identify and describe in detail all policies, procedures, protocols, and controls Concerning or referenced in the Binance.US Digital Asset & Custody Operations Policy, including identification of the Person(s) involved and their functions or roles.

**RESPONSE TO INTERROGATORY NO. 18:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks historical information concerning Customer Assets. Notwithstanding the foregoing objections, BAM identifies the Binance.US Cyber Risk Management Policy; Binance.US Digital Asset & Custody Security Standard (in draft form); and Binance.US Security Vendor Management Policy, which are being produced pursuant to Bates Nos. BAM_SEC_LIT_0000094 through BAM_SEC_LIT_00000130. As noted in prior productions, BAM is in the process of updating its

**CONFIDENTIAL**

policies in light of changes required by the Consent Order and will provide revised policies once they are available.  BAM refers Plaintiff to its Responses to Interrogatory Nos. 1 through 3 for information on the Persons involved in the custody and control of Customer Assets.

**INTERROGATORY NO. 19:**

Identify and describe in detail how each category of Customer Assets – including Customer Crypto Assets, Staking Assets, and Customer Fiat Assets – are segregated, including from any fiat or crypto assets of the BAM Entities, Binance Entities, Zhao, or any other entity or individual.

**RESPONSE TO INTERROGATORY NO. 19:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks historical information about Customer Assets.  Notwithstanding the foregoing objections, BAM refers Plaintiff to paragraphs 28 through 44 of the Kellogg Declaration for a discussion of Customer Crypto Assets and Staking Assets, and paragraphs 3, 4, and 14 through 20 of the Sisenwein Declaration for a discussion of Customer Fiat Assets, as updated by the Responses to these Interrogatories.

**INTERROGATORY NO. 20:**

Identify and describe in detail the validators of the company's staking program and BNB blockchain, including any affiliation or other relationship they have with the Binance Entities, the BAM Entities, or Zhao.

**RESPONSE TO INTERROGATORY NO. 20:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks historical information about Customer Assets.  BAM further objects to this Interrogatory as vague and ambiguous because the scope of the request is unclear to the extent it refers to the "BNB

**CONFIDENTIAL**

blockchain."  BAM further objects to this Interrogatory as vague and ambiguous on the ground that it seeks information on the validators of the company's staking program, including "any affiliation" they have with the Binance Entities, the BAM Entities, or Zhao, and will interpret this Interrogatory as if that phrase is not used.

Notwithstanding the foregoing objections, BAM is producing a spreadsheet herewith bearing Bates No. BAM_SEC_LIT_00000131 that identifies validators of BAM's staking program.  Synclub is the only validator affiliated with the Binance Entities.

**INTERROGATORY NO. 21:**

Identify whether any BNB wallet, including the omnibus deposit wallet, is a smart contract.

**RESPONSE TO INTERROGATORY NO. 21:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent that it seeks historical information concerning Customer Assets.  Notwithstanding the foregoing objections, BAM responds that the BAM BNB hot, cold, and deposit wallets are not smart contracts.

**INTERROGATORY NO. 22:**

For each blockchain for which the BAM Entities have any crypto asset wallets for company crypto assets or Customer Assets, identify and describe in detail the following:

a. how the wallets were established;

b. the Person(s) who set up, maintain, have any access to, custody, or control over the wallets;

c. how they are administrated and operated and by whom;

d. information about the coding and software that governs the wallets;

e. the Persons who hold the Private and Administrative Keys or New Private and Administrative Keys;

f. how the keys are issued and held;

**CONFIDENTIAL**

g. the security or consensus protocol terms and other governing policies, procedures, protocols, or controls;

h. the Persons with any authority or control to change the keys, any protocol that governs any wallet, or any other authority, control, or access with respect to administration or operation of the wallet;

i. the authority and role of any of the Binance Entities or Zhao with respect to access, custody, control, administration, and operation of the wallets and Customer Assets, including Concerning the deposit, transfer, custody, control, and withdrawal of Customer Assets

**RESPONSE TO INTERROGATORY NO. 22:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order to the extent it seeks historical information about Customer Assets or information unrelated to Customer Assets. BAM further objects to this Interrogatory to the extent that it seeks duplicative information, including information sought by other Interrogatories and information contained in documents sought by the RFPs.

Notwithstanding the foregoing objections, BAM refers Plaintiff to its Responses to Interrogatory Nos. 1 through 3 and to the Kellogg Declaration. BAM also notes that it is required to begin establishing new wallets pursuant to Part II, Paragraph 2 of the Consent Order. BAM also states that BAM employees who possess the New Private and Administrative Keys have the authority to establish or change the New Private and Administrative Keys. The Binance Entities and Zhao do not have any authority or role with respect to the custody and control of Customer Assets.

**INTERROGATORY NO. 23:**

Identify all Documents and Communications reviewed or relied upon in preparing the response to these Interrogatories or otherwise related to the responses to these Interrogatories.

**CONFIDENTIAL**

**RESPONSE TO INTERROGATORY NO. 23:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order.  Notwithstanding the foregoing objections, BAM will produce all non-privileged documents that form the basis of a response hereto, to the extent they are not identified in the responses to particular Interrogatories.

**INTERROGATORY NO. 24:**

Identify all Persons who provided information in response to these Interrogatories, and describe in detail the information they provided.

**RESPONSE TO INTERROGATORY NO. 24:**

In addition to BAM's General Objections, BAM objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information not within the relevant scope of or proportional to the needs of the Consent Order.  BAM further objects on the ground that it calls for the disclosure of attorney-client privileged information and/or attorney work product.  In responding to this Interrogatory, BAM will not identify any counsel.  Notwithstanding the foregoing objections, BAM identifies Chase Garrity, Erik Kellogg, and Sara Sisenwein who are submitting certifications herewith.

**CONFIDENTIAL**

Dated:  July 13, 2023                                        Respectfully submitted,

/s/ William R. McLucas                                      /s/ George S. Canellos
William R. McLucas (*pro hac vice* pending)                 George S. Canellos (*pro hac vice*)
Matthew T. Martens (D.C. Bar #1019099)                      Adam J. Fee (*pro hac vice*)
Matthew Beville (*pro hac vice* pending)                    Matthew J. Laroche (*pro hac vice*)
WILMER CUTLER PICKERING HALE                                MILBANK LLP
AND DORR LLP                                                55 Hudson Yards
2100 Pennsylvania Avenue NW                                 New York, NY 10001
Washington, DC 20037                                        GCanellos@milbank.com
William.McLucas@wilmerhale.com                              MLaroche@milbank.com
Matthew.Beville@wilmerhale.com
Matthew.Martens@wilmerhale.com                              Andrew M. Leblanc (D.C. Bar #479445)
                                                            MILBANK LLP
Tiffany J. Smith (*pro hac vice* pending)                   1850 K Street, NW, Suite 1100
WILMER CUTLER PICKERING HALE                                Washington, D.C. 20003
AND DORR LLP                                                ALeblanc@milbank.com
7 World Trade Center
250 Greenwich Street                                        *Attorneys for Defendants BAM Trading*
New York, NY 10007                                          *Services Inc. and BAM Management Holdings*
Tiffany.Smith@wilmerhale.com                                *US Inc.*

**CONFIDENTIAL**