# EXHIBIT 19

| | |
|---|---|
| **From:** | Murphy, J. Emmett |
| **To:** | Mendro, Jason J.; Laroche, Matthew; Adler, Jeremy; McLucas, William; Martens, Matthew T.; Beville, Matthew; Smith, Tiffany; Graziosi, Kyrie P.; Canellos, George; Fee, Adam; DaSilva, Joe; Heather.Waller@lw.com; Celio, Michael D.; Nelson, Daniel W.; Grime, Richard W.; Brooker, Stephanie; Day, M. Kendall; Maloney, Mary Beth; abid.qureshi; michael.bern@lw.com; William.Baker@LW.com; Douglas.Yatter@lw.com; Benjamin.Naftalis@lw.com; Feagles, Amy; Iris.Xie@lw.com |
| **Cc:** | Farer, Jennifer; Nasse, David; Scarlato, Matthew; Tenreiro, Jorge |
| **Subject:** | RE: SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599) |
| **Date:** | Wednesday, August 2, 2023 2:31:32 PM |
| **Attachments:** |  |

Counsel,

Attached are deposition notices for the BAM employees listed below. While we have set dates in the attached notices, we will work with you to find mutually agreeable dates and times that are reasonably within the current expedited discovery schedule. Based on current information, we anticipate some of these depositions may be shorter, and therefore would consider taking more than one deposition on the same day and adjusting the schedule accordingly.

Below is the current list of deponents and our proposed dates:

- ▆▆▆▆▆▆▆ August 14
- ▆▆▆▆▆▆▆ August 15
- ▆▆▆▆▆▆▆ – August 16
- Tao Zhang – August 17
- ▆▆▆▆▆▆▆ August 18
- ▆▆▆▆▆▆▆ – August 21
- ▆▆▆▆▆▆▆ – August 22
- ▆▆▆▆▆▆▆ – August 23
- ▆▆▆▆▆▆▆ – August 24
- Sara Sisenwein – August 25
- ▆▆▆▆▆▆▆ – August 28
- Erik Kellogg – August 29
- Jasmine Lee – August 30
- Brian Shroder – August 31

As we have discussed a number of times, it is our view that BAM has so far failed to provide adequate responses to the SEC's discovery requests that would enable the SEC to fairly question the witnesses (or even to confirm the most appropriate deponents). Particularly relevant is BAM's failure to produce communications responsive to our document requests. Given BAM's failure to provide appropriate responses to date, we are reserving our rights to reopen the depositions after the SEC receives additional discovery and to notice additional

depositions. To avoid further delay and reduce the likelihood of having to reopen depositions, please produce BAM communications responsive to our RFPs for the above-named deponents, starting on a rolling basis based on order of deposition to be completed no later than August 11th.

Finally, we are talking to counsel for FGMK to schedule a deposition, which will either be in Chicago or be conducted remotely. As of now, the likely date appears to be August 22 or 23. Please hold those dates and we will confirm ASAP.

Regards,

Emmett

---

**From:** Farer, Jennifer <FarerJ@SEC.GOV>
**Sent:** Friday, July 28, 2023 10:02 PM
**To:** Mendro, Jason J. <JMendro@gibsondunn.com>; Laroche, Matthew <MLaroche@milbank.com>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>; Scarlato, Matthew <scarlatom@SEC.GOV>; Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Cc:** McLucas, William <William.McLucas@wilmerhale.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Graziosi, Kyrie P. <Kyrie.Graziosi@wilmerhale.com>; Canellos, George <GCanellos@milbank.com>; Fee, Adam <AFee@milbank.com>; DaSilva, Joe <JDaSilva@milbank.com>; Heather.Waller@lw.com; Celio, Michael D. <MCelio@gibsondunn.com>; Nelson, Daniel W. <DNelson@gibsondunn.com>; Grime, Richard W. <RGrime@gibsondunn.com>; Brooker, Stephanie <SBrooker@gibsondunn.com>; Day, M. Kendall <KDay@gibsondunn.com>; Maloney, Mary Beth <MMaloney@gibsondunn.com>; abid.qureshi <abid.qureshi@lw.com>; michael.bern@lw.com; William.Baker@LW.com; Douglas.Yatter@lw.com; Benjamin.Naftalis@lw.com; Feagles, Amy <AFeagles@gibsondunn.com>; Iris.Xie@lw.com
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599)

Counsel,

   We write to follow up on the outstanding issues discussed during Monday's meet and confer.

   As discussed during the meet and confer, the discovery responses and productions to date—comprised now of less than 50 documents (less than 60 if you include the productions under other provisions of the Consent Order) and limited information in response to interrogatories—have been wholly inadequate in timing, volume, scope, substance, and format. We have now discussed the various issues for each of the Requests for Production and Inspection and Interrogatories and your objections and responses thereto, and you were going to take these issues back and let us know the BAM Defendants' final position on these requests and pending issues. We asked that you provide a response by Wednesday, so we can consider what steps are necessary to move forward, and we have yet to hear back. In a final

attempt to resolve outstanding issues and/or determine those issues where we cannot reach an agreement and may need to go to the Court, please provide the information set forth below by close of business on Monday.

(1) **The plan for the BAM Defendants' completion of all discovery responses and productions for the first set of discovery.** The plan should include the date of anticipated production(s) and any further responses; identification of the documents and information that will be produced in each production and response; identification of any RFPs or RFIs to which Defendants will not produce anything further and stand on its objections; and confirmation that the productions will conform with the data delivery standards.

(2) **Response to our proposed edits to the Protective Order.** We provided our proposed edits weeks ago, and Defendants have withheld certain information on the basis that it will be produced upon entry of a Protective Order. The SEC does not agree this is a proper basis for withholding this information. Please let us know when you are available to discuss, and hopefully we can resolve any issues with respect to the Protective Order without going to the Court.

(3) **Information about accounts on Binance.com.** As discussed, please provide the current status and plan for the accounts and assets reflected in Binance Holding's production under Section IV of the Consent Order.

Thank you.

**Jennifer L. Farer**
U.S. Securities and Exchange Commission
100 F Street N.E. | Washington, D.C. 20549

---

**From:** Farer, Jennifer
**Sent:** Thursday, July 20, 2023 6:50 PM
**To:** Mendro, Jason J. <JMendro@gibsondunn.com>; Laroche, Matthew <MLaroche@milbank.com>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>; Scarlato, Matthew <scarlatom@SEC.GOV>; Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Cc:** McLucas, William <William.McLucas@wilmerhale.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Graziosi, Kyrie P. <Kyrie.Graziosi@wilmerhale.com>; Canellos, George <GCanellos@milbank.com>; Fee, Adam <AFee@milbank.com>; DaSilva, Joe <JDaSilva@milbank.com>; Heather.Waller@lw.com; Celio, Michael D. <MCelio@gibsondunn.com>; Nelson, Daniel W. <DNelson@gibsondunn.com>; Grime, Richard W. <RGrime@gibsondunn.com>; Brooker, Stephanie <SBrooker@gibsondunn.com>; Day, M. Kendall <KDay@gibsondunn.com>; Maloney, Mary Beth <MMaloney@gibsondunn.com>; abid.qureshi <abid.qureshi@lw.com>; michael.bern@lw.com; William.Baker@LW.com; Douglas.Yatter@lw.com; Benjamin.Naftalis@lw.com; Feagles, Amy <AFeagles@gibsondunn.com>; Iris.Xie@lw.com
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599)

Counsel:

We have a conflict tomorrow at 1:00, so let's plan on Monday at 10:00.  Hopefully that works for Gibson.  If not, please propose additional times on Monday, and we can coordinate on our end.

To provide for a productive meet and confer and hopefully bring to a close some of the pending issues, please be prepared to discuss the RFPs (including providing greater specificity about the documents and communications you plan to produce in the forthcoming productions), Interrogatories, and the information produced in response to Section IV of the Consent Order.  One specific question it would be helpful for you to run down in advance is your use of "New Private Administrative Keys" (e.g., Response to Interrogatory No. 2), and whether you're using the definition in the Consent Order or some other definition (i.e., whether you're referring to the keys for the new wallets required to be established under II.2 of the Consent Order or something else).

Thanks.

**Jennifer L. Farer**
U.S. Securities and Exchange Commission
100 F Street N.E. | Washington, D.C. 20549

**From:** Mendro, Jason J. <JMendro@gibsondunn.com>
**Sent:** Thursday, July 20, 2023 5:36 PM
**To:** Laroche, Matthew <MLaroche@milbank.com>; Farer, Jennifer <FarerJ@SEC.GOV>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>; Scarlato, Matthew <scarlatom@SEC.GOV>; Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Cc:** McLucas, William <William.McLucas@wilmerhale.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Graziosi, Kyrie P. <Kyrie.Graziosi@wilmerhale.com>; Canellos, George <GCanellos@milbank.com>; Fee, Adam <AFee@milbank.com>; DaSilva, Joe <JDaSilva@milbank.com>; Heather.Waller@lw.com; Celio, Michael D. <MCelio@gibsondunn.com>; Nelson, Daniel W. <DNelson@gibsondunn.com>; Grime, Richard W. <RGrime@gibsondunn.com>; Brooker, Stephanie <SBrooker@gibsondunn.com>; Day, M. Kendall <KDay@gibsondunn.com>; Maloney, Mary Beth <MMaloney@gibsondunn.com>; abid.qureshi <abid.qureshi@lw.com>; michael.bern@lw.com; William.Baker@LW.com; Douglas.Yatter@lw.com; Benjamin.Naftalis@lw.com; Feagles, Amy <AFeagles@gibsondunn.com>; Iris.Xie@lw.com
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599)

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Gibson could join at 1 p.m.  Thanks.

**From:** Laroche, Matthew <MLaroche@milbank.com>
**Sent:** Thursday, July 20, 2023 4:46 PM
**To:** Farer, Jennifer <FarerJ@SEC.GOV>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>; Scarlato, Matthew <scarlatom@SEC.GOV>; Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Cc:** McLucas, William <William.McLucas@wilmerhale.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Graziosi, Kyrie P. <Kyrie.Graziosi@wilmerhale.com>; Canellos, George <GCanellos@milbank.com>; Fee, Adam <AFee@milbank.com>; DaSilva, Joe <JDaSilva@milbank.com>; Heather.Waller@lw.com; Mendro, Jason J. <JMendro@gibsondunn.com>; Celio, Michael D. <MCelio@gibsondunn.com>; Nelson, Daniel W. <DNelson@gibsondunn.com>; Grime, Richard W. <RGrime@gibsondunn.com>; Brooker, Stephanie <SBrooker@gibsondunn.com>; Day, M. Kendall <KDay@gibsondunn.com>; Maloney, Mary Beth <MMaloney@gibsondunn.com>; abid.qureshi <abid.qureshi@lw.com>; michael.bern@lw.com; William.Baker@LW.com; Douglas.Yatter@lw.com; Benjamin.Naftalis@lw.com; Feagles, Amy <AFeagles@gibsondunn.com>; Iris.Xie@lw.com
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599)

**[WARNING: External Email]**

Jen,

BAM is available to meet and confer tomorrow at 1pm or Monday at 10am.  We expect to continue to make rolling productions, to complete our priority productions by next week, and to complete the remaining productions by the following week.

We disagree with a number of the assertions in your email, including that BAM has improperly attempted to alter the scope and timing of discovery under the Consent Order.  As we have explained on several occasions and in correspondence, the SEC's discovery requests are incredibly overbroad, seek information well beyond the scope of the Consent Order, and would have been virtually impossible to respond to on a typical discovery timeframe, let alone the timeframes set forth in the Consent Order.  In fact, 27 of the RFPs seek "All Documents and Communications Concerning" various topics and many other requests contain similarly overbroad language such as seeking "a complete record of the BAM Entities' financial statements and transactions."  The SEC's requests seek information far beyond what is necessary to assess the security of Customer Assets and are contrary to the Consent Order, the Federal Rules, and clear precedent.  The fact that your position "remains that the BAM Defendants are required to produce all documents and communications in response to the RFPs" is surprising and inconsistent with our meet and confers.


Regardless, we have worked with you in good faith to appropriately limit the scope of your requests, diligently collected documents and information, made several productions, and provided a substantial amount of additional information through letters, interrogatory responses, and declarations.  We believe that the productions and information provided to date, which will be supplemented by the remaining priority productions, are more than sufficient for the SEC to confirm that Customer Assets are presently secure, in BAM's control, and available to meet customer claims

and liabilities.  We also believe that the SEC has more than enough information and documents to prepare for the depositions of Mr. Kellogg and Ms. Sisenwein.  To the extent the SEC expects specific documents in advance of those depositions, we ask that you please identify them as soon as possible.

Finally, you asked whether "there are any RFPs or Interrogatories for which you intend to continue to stand on your objections and not produce documents."  As to the RFPs, our understanding was that you were open to our discovery plan and otherwise would be proposing more specific requests (e.g., related to audits).  As to the Interrogatories, we have not yet conferred about our responses.  We remain open to working with you in good faith on any specific requests for documents or information.

Thanks,
Matt

**From:** Farer, Jennifer <FarerJ@SEC.GOV>
**Sent:** Wednesday, July 19, 2023 2:55 PM
**To:** Adler, Jeremy <Jeremy.Adler@wilmerhale.com>; Scarlato, Matthew <scarlatom@SEC.GOV>; Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Cc:** McLucas, William <William.McLucas@wilmerhale.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Graziosi, Kyrie P. <Kyrie.Graziosi@wilmerhale.com>; Canellos, George <GCanellos@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Fee, Adam <AFee@milbank.com>; DaSilva, Joe <JDaSilva@milbank.com>; Heather.Waller@lw.com; Mendro, Jason J. <JMendro@gibsondunn.com>; Celio, Michael D. <MCelio@gibsondunn.com>; Nelson, Daniel W. <DNelson@gibsondunn.com>; Grime, Richard W. <RGrime@gibsondunn.com>; Brooker, Stephanie <SBrooker@gibsondunn.com>; Day, M. Kendall <KDay@gibsondunn.com>; Maloney, Mary Beth <MMaloney@gibsondunn.com>; abid.qureshi <abid.qureshi@lw.com>; michael.bern@lw.com; William.Baker@LW.com; Douglas.Yatter@lw.com; Benjamin.Naftalis@lw.com; Feagles, Amy <AFeagles@gibsondunn.com>; Iris.Xie@lw.com
**Subject:** [EXT] RE: SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599)

Counsel,

We write to follow up on a number of outstanding items with respect to your obligations under the Consent Order.  Please address the items below by close of business on July 20 and provide your availability on July 21 for a meet and confer on the discovery issues set forth below.

**Discovery**
The BAM Defendants' responses to our Request for Production of Documents and Inspection ("RFPs") were due on July 3.  At your request, we extended the response deadline in an effort to work with you in good faith and facilitate a substantive production of documents and information.

As discussed, your response to the extended deadline on July 5 was inconsistent with the Consent Order, as you failed to produce any documents or substantive information, and your Responses and Objections and proposed discovery plan improperly attempted to alter the scope and timing of discovery permitted under the Consent Order.  On July 7, we conducted a meet and confer to discuss these issues.  We explained that the interrogatory responses and required items under Section IV of the Consent Order did not satisfy the BAM Defendants' production obligations in response to the RFPS, as you proposed.  However, while our positions remains that the BAM Defendants are required to produce all documents and communications in response to the RFPs, we continued to try to work with you in good faith.  We agreed to a rolling production of materials, prioritizing those items set forth in Section I of the Discovery Plan in your July 5 letter, as expanded during our meet and confer discussion, and the documents in response to Request 18 concerning Ceffu.  To date, the BAM Defendants have not completed the production of even those priority items, and we have yet to receive a response to our request for a schedule of remaining productions.

In addition, Defendants' recent production of preliminary information under Section IV of the Consent Order and the BAM Defendants' responses to the First Set of Interrogatories similarly improperly attempt to alter the requirements of the Consent Order and scope and timing of discovery.

To allow us to move forward in finalizing current discovery that is outstanding, we ask that the BAM Defendants please provide a schedule for remaining productions to fully complete the response to the SEC's RFPs and Request for Interrogatories.  When providing that information, please identify if, and to the extent that, there are any RFPs or Interrogatories for which you intend to continue to stand on your objections and not produce documents, which should include identifying those for which you respond that you would like to continue to meet and confer but have not confirmed that you will produce any documents.  Please then let us know your availability on July 21 for a meet and confer on these outstanding issues, so we can determine necessary next steps to ensure compliance with the Consent Order.

Finally, weeks ago, we had requested dates during the last week of July for the depositions of Sara Sisenwein and Erik Kellogg.  Under the discovery response deadlines provided in the Consent Order, dates during that week would have provided sufficient time for us to receive and review the requested discovery in advance of the depositions.  Notwithstanding our meet and confer and repeated requests for productions, the continued delay in discovery productions requires us find new dates for those depositions.  Once we receive your response regarding a proposed production schedule, we will circle back with proposed dates.  As discussed previously, any continued delays in discovery productions will necessarily require an extended discovery period to allow sufficient time to complete the discovery provided in the Consent Order.

**Report of Ordinary Course Business Expenses**
Please provide the monthly report of BAM Ordinary Course Business expenses, which was due Monday under Paragraph II.4 of the Consent Order.

**Protective Order**

Pease let us know where we stand on our proposed edits and comments to the proposed draft protective order, so we can get that finalized. As previously indicated, we are available for a call to discuss as needed.

Thank you.

**Jennifer L. Farer**
U.S. Securities and Exchange Commission
100 F Street N.E. | Washington, D.C. 20549

**From:** Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Sent:** Friday, July 14, 2023 11:26 PM
**To:** Farer, Jennifer <FarerJ@SEC.GOV>; Scarlato, Matthew <scarlatom@SEC.GOV>; Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Cc:** McLucas, William <William.McLucas@wilmerhale.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Graziosi, Kyrie P. <Kyrie.Graziosi@wilmerhale.com>; gcanellos@milbank.com; mlaroche@milbank.com; Fee, Adam <AFee@milbank.com>; DaSilva, Joe <JDaSilva@milbank.com>; Heather.Waller@lw.com; Mendro, Jason J. <JMendro@gibsondunn.com>; Celio, Michael D. <MCelio@gibsondunn.com>; Nelson, Daniel W. <DNelson@gibsondunn.com>; Grime, Richard W. <RGrime@gibsondunn.com>; Brooker, Stephanie <SBrooker@gibsondunn.com>; Day, M. Kendall <KDay@gibsondunn.com>; Maloney, Mary Beth <MMaloney@gibsondunn.com>; abid.qureshi <abid.qureshi@lw.com>; michael.bern@lw.com; William.Baker@LW.com; Douglas.Yatter@lw.com; Benjamin.Naftalis@lw.com; Feagles, Amy <AFeagles@gibsondunn.com>; Iris.Xie@lw.com
**Subject:** SEC v. Binance Holdings Ltd., et al. (1:23-cv-01599)

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

Attached please find a correspondence regarding the above-captioned matter as well as the accompanying password-protected zip file of documents bearing Bates numbers BAM_SEC_LIT_00000133 through BAM_SEC_LIT_00000285. The password for the zip file will be provided in a separate cover.  As I hope you appreciate, we are making every effort to ensure our responses are complete and accurate and we will be producing additional materials early next week.

In addition, please find attached the certifications of Erik Kellogg, Sara Sisenwein and Chase Gharrity that correspond to the relevant Responses to the Interrogatories produced on July 13, 2023.

All the best,
Jeremy

**Jeremy Adler | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 295 6417 (t)
+1 212 230 8888 (f)
jeremy.adler@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.