UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO,<br><br>Defendants. | No. 1:23-cv-01599-ABJ-ZMF |

## [PROPOSED] ORDER

Upon consideration of Defendants BAM Trading Services Inc. and BAM Management US Holdings Inc.'s (together, "BAM") Motion for a Protective Order (the "BAM Motion") (Dkt. No. 95) and Plaintiff Securities and Exchange Commission's ("SEC") Motion to Compel and Opposition to the BAM Motion ("SEC Motion"), IT IS HEREBY ORDERED THAT:

1. The BAM Motion is denied.

2. The SEC Motion is granted.

3. BAM is ordered to make Brian Shroder, Jasmine Lee, and other BAM personnel identified in Ex. 31 to the SEC Motion available for deposition by the SEC within the extended expedited discovery period as set forth in this Order.

4. BAM is ordered within 14 days of this Order to produce to the SEC communications from BAM personnel that the SEC has already deposed and is entitled to depose pursuant to the June 17, 2023 Consent Order (Dkt. No. 71) and this Order on the pending BAM Motion and SEC Motion that are responsive to the SEC's First Set of Requests for Production of

Documents to the BAM ("RFP"), Nos. 1 through 6, 9, 10, 11, 14, 15, 18 through 28, 30 through 33, and 38.

5. BAM is ordered within 14 days of this Order to produce to the SEC documents and communications responsive to RFP Nos. 6, 18 and 20, concerning any entity, including, but not limited to Ceffu, providing wallet custody software and related services to BAM and further discovery regarding the technical architecture, infrastructure, systems, software, controls, and access.

6. BAM is ordered within 14 days of this Order to produce to the SEC the following documents concerning BAM's accounting and other financial information responsive to RFP Nos. 6, 7, 8, 9, 16, 17, 20, 25, 32, 33 39:

   a. General ledgers that track deposits, trading, transfers, and withdrawals through quarter end 2023;
   b. Bank account opening documents, including for new accounts within the past few months, and documents sufficient to show authorized signatories on key financial accounts;
   c. Trial balances;
   d. Detailed monthly financial statements; and
   e. Documents concerning the reconciliation performed between the accounting ledgers and the newly-created wallet addresses that would show the movement of the customer crypto assets

7. BAM is ordered within 14 days of this Order to produce documents and communications responsive to RFP Nos. 1, 2, 4 through 8, 9, 11, 12, 14, 15, 18, 20 through 24, 28, 32, 33, 34 concerning technical documentation, controls, and access governing the

architecture, infrastructure, systems, user applications, software, and protocols relating to clearing; custody and control of the wallets and private keys wallet; and whitelisting implementation including:

    a. All diagrams and memoranda;

    b. Logs identifying all root and administrative account holders and other users with any rights or access, along with their respective rights;

    c. User and access logs;

    d. Technical documentation regarding BAM's key shard implementation, including overall system architecture, the TSS cryptographic protocol implementation, user applications involved in generating key shards or reviewing and confirming a transfer request involving Customer Assets[1] (including, but not limited to, web and/or mobile applications), and any supporting backend infrastructure;

    e. Technical documentation regarding BAM's key shard processes, including communications, historical records, audit logs, or other documentation related to the generation, transfer, or revocation of keys or key shards used to control wallets holding Customer Assets.

    f. Audit logs or other records related to use of key shards, including internal requests to transfer Customer Assets, the BAM Trading or Binance Person who initiated the transfer request, the source and destination wallet addresses and value of the transfer, and which key shard holders

---

[1] This Order adopts the defined terms in the Court's Consent Order, Dkt. No. 71.

       participated in approving and signing the associated blockchain transactions.

    g. Technical documentation regarding BAM's wallet whitelisting implementation, as described in section 4.7 of the Binance.US Digital Asset & Custody Operations Policy, including overall system architecture, user applications involved in requesting and confirming changes to the whitelist (including, but not limited to, web and/or mobile applications), and any supporting backend infrastructure.

    h. Documentation describing how changes can be made to BAM's wallet whitelist implementation and by whom, including descriptions of the software development lifecycle, controls that prevent unauthorized deployment of code, and the names and titles of any individuals who can unilaterally make changes to BAM's wallet whitelist implementation; and

    i. All documents and communications that the SEC requested during depositions taken during expedited discovery.

8.    BAM is ordered within 14 days of this Order to supplement its Responses to the SEC's First Set of Interrogatories to BAM ("Interrogatory Responses") with information initially produced in the form of a letter from counsel, and the following information:

    a. Relevant BAM personnel's prior employment, compensation, or other relationship with the Binance Entities (Interrog. Resp. Nos. 1-4);

    b. Explanation as to BAM's prior inconsistent representations regarding its Wallet Custody Agreement with Binance (Interrog. Resp. No. 8);

c. Information concerning how BAM continues to receive the services set forth in the Wallet Custody Agreement (Interrog. Resp. No. 9);

d. Identify all documents and communications concerning internal or external audits of the BAM Entities' possession, custody, control, transfer or movement, security, segregation, availability, and any encumbrances or limitations to its Customer Assets (Interrog. Resp. No. 10);

e. Information requested relating to Ceffu, the wallet custody software and related system architecture, infrastructure, and systems, and concerning the establishment, control, and operation of the crypto asset wallets (Interrog. Resp. Nos. 15, 17, 22, 23, 24);

f. Updated information about current banking partners (Interrog. Resp. Nos. 6, 17);

g. Identify and describe in detail any agreement, relationship, affiliation, or association between any of the Binance Entities and any person with any access, possession, authority, custody, or control of any Customer Assets, fiat or crypto assets of any of the BAM Entities, or any account or wallet holding Customer Assets or the fiat or crypto assets of any of the BAM Entities, including, but not limited to, the extent to which any of the Binance Entities or Zhao has the authority over or the ability to direct or instruct such Persons (Interrog. Resp. No. 15);

h. Identify and describe in detail all systems and Persons involved in the management of any accounts, crypto asset wallets, Customer Assets, and fiat or crypto assets of the BAM Entities (Interrog. Resp. No. 17);

5

      i. Dates of all individuals' possession, custody, or control of any Private and Administrative Keys or New Private and Administrative Keys (Interrog. Resp. No. 2);

      j. Information for new wallets created under the Consent Order, including the date created, addresses, specific crypto assets held in each wallet, and holders of the New Private and Administrative Keys (Interrog. Resp. No. 2, 6, 7, 16, 17, 19, 22); and

      k. Information requested concerning crypto asset wallets for company and Customer Assets (Interrog. Resp. No. 22).

9. BAM is ordered within 14 days of this Order to make available for inspection to the SEC all infrastructure, systems, and software involved in the possession, custody, and control of Customer Assets and the assets of the BAM Defendants, including the Amazon Web Services ("AWS") organizations, environments, and all systems and servers contained therein that host or support any services for Binance.US and BAM; the PNK system; the wallet custody software; and at least one device holding a key shard, the key shard, and related communication channel. This inspection should include everything that is identified, documented, or diagramed in the following documents produced in this action: FGMK_SEC_004998, FGMK_SEC_049561, and FGMK_SEC_055185.

10. BAM is ordered to make all productions of documents, communications, or electronically stored information consistent with Fed. R. Civ. P. 34 and in accordance with the format requested by the SEC.

11. The expedited discovery period set forth in the Consent Order (Dkt. 71) is extended as follows:

        a.        For BAM, 30 days starting the day after the date of BAM's substantial completion of the production of documents, communications, and supplemental Interrogatory Responses in compliance with this Order and the Consent Order.[2]

SO ORDERED this _____ day of _____, 2023.

_____
Magistrate Judge Faruqui

---

[2] Further, the Court recognizes that, pursuant to Section VII of the Consent Order, the SEC, Defendants Binance Holdings Limited ("Binance"), and Changpeng Zhao have separately agreed to an extension of the expedited discovery period as to those two Defendants. Specifically, the SEC, Binance, and Zhao have agreed to suspend the 45-day discovery period as to those two Defendants (Consent Order Section V.1) and begin a 45-day discovery period the day after either (1) the Court enters an order denying the SEC's motion to compel and granting BAM's motion for protective order or (2) the date upon which the Court orders BAM to comply with the SEC's discovery requests. During that suspended time period, the SEC agrees it will not serve any additional discovery requests on Binance or Zhao, but the parties agree to meet and confer in good faith on Binance's and Zhao's objections to all discovery and deposition notices issued to date. Further, Binance and Zhao will continue collecting documents and information during the suspended time period, such that, on the first day the 45-day discovery period begins as set forth above, Binance and Zhao will begin producing documents in response to the SEC's document requests, serve responses to the SEC's interrogatories, and be prepared to set dates for depositions, or, alternatively, file a motion for protective order. Further, the SEC, Binance, and Zhao have reserved the right to move the Court on additional discovery motions concerning any discovery disputes that become ripe after the 45-day period resumes.