IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., and CHANGPENG ZHAO,<br><br>Defendants. | No. 1:23-cv-01599-ABJ-ZMF |

**MOTION OF PARADIGM OPERATIONS LP FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS**

Rodrigo Seira
(admission *pro hac vice* pending)
PARADIGM OPERATIONS LP
548 Market Street
San Francisco, CA 94104
(415) 986-9283
rodrigo@paradigm.xyz

Andrew Kim (D.C. Bar No. 1029348)
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, D.C. 20036
(202) 346-4000
AndrewKim@goodwinlaw.com

*Counsel for Proposed Amicus Curiae
Paradigm Operations LP*

Dated:  September 28, 2023

Pursuant to LCvR 7(o)(1), Paradigm Operations LP ("Paradigm") respectfully requests leave to file an amicus brief in support of the motion to dismiss filed by Defendants BAM Management US Holdings Inc. and BAM Trading Services Inc. (ECF No. 117), and the motion to dismiss filed by Defendants Binance Holdings Limited and Changpeng Zhao (ECF No. 118) (collectively, "Motions").  Defendants consent to this request.  Plaintiff Securities and Exchange Commission ("SEC") takes no position on Paradigm's request for leave at this time, but it states that it reserves the right to object to Paradigm's brief upon review of the filing.

A copy of Paradigm's proposed amicus brief is attached to this motion as Exhibit A.

## INTEREST OF THE *AMICUS CURIAE*[1]

Paradigm Operations LP ("Paradigm") is a research-driven investment firm that focuses on crypto and related technologies at the frontier.  Paradigm takes a hands-on approach to help projects reach their full potential, from the technical (mechanism design, security, engineering) to the operational (recruiting, go-to-market, legal and regulatory strategy).

Crypto and the blockchain technology that powers it have the potential to create a new computational framework that can democratize the internet and revamp many sectors of the economy, including the global financial system.  Blockchain-based protocols can be decentralized by distributing their operations across a network of computers and using crypto assets (tokens) as a mechanism to enable coordination.  These systems are, in effect, community owned and operated.

---

[1] No counsel for any party authored the attached brief in whole or in part, and no entity or person, aside from the proposed *amicus curiae* and its counsel, made any monetary contribution intended to fund the preparation or submission of the attached brief.  As of the time of this motion's filing, the undersigned counsel and his law firm do not represent any of the parties before this Court with respect to this case or any related matters, although other attorneys in the same law firm currently represent BAM Trading Services Inc. with respect to unrelated matters.

Despite the great promise of crypto, the SEC has pursued an incoherent approach to regulating crypto assets that is premised on its mistaken assertion that a crypto asset falls within the reach of the Securities Act of 1933, 15 U.S.C. §§ 77a *et seq.*, and the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq.* (collectively, "Securities Laws"), so long as that asset might potentially yield a profit to its purchaser. That extraordinary and overreaching construction of the Securities Laws threatens the development of crypto technology in the United States and could destabilize other significant markets that are widely understood to be outside the SEC's jurisdiction.

Paradigm did not invest in Defendants, and has no financial or other interest tied to Defendants. And Paradigm takes no view on any of the SEC's allegations against Defendants, other than those concerning ordinary transactions for the purchase and sale of tokens on Defendants' exchange platforms.

But Paradigm has a strong interest in ensuring that the Securities Laws are interpreted correctly and in a way that is not colored by the tint of misconduct, like the allegations leveled by the SEC in this case. Here, and in other cases, the SEC has acted in excess of its statutory authority. The agency's arrogation of authority cannot stand, regardless of whatever the SEC may say about a particular defendant—unsavory allegations should not define the scope of an agency's powers. Paradigm seeks to participate as an amicus here, as it has done in other cases,[2] to ensure that the SEC's regulatory overreach does not serve as an impediment to innovation, and

---

[2] *SEC v. Coinbase, Inc.*, No. 23-cv-04738 (S.D.N.Y. Aug. 11, 2023) (ECF No. 50); *SEC v. Bittrex Inc.*, No. 23-cv-580 (W.D. Wa. July 7, 2023) (ECF No. 41); *SEC v. Terraform Labs Pte Ltd.*, No. 23-cv-1346 (S.D.N.Y. Apr. 21, 2023) (ECF No. 27); *SEC v. Wahi*, No. 22-cv-1009 (W.D. Wash. Mar. 9, 2023) (ECF No. 67); *SEC v. Ripple Labs*, No. 20-cv-10832 (S.D.N.Y. Nov. 11, 2022) (ECF No. 701-1).

does not interfere with Congress's ability to create a framework for sensible, effective regulation of crypto assets.

## ARGUMENT

"[T]his Court has 'broad discretion' in determining whether to permit a party to participate in a lawsuit as *amicus curiae*." *Commonwealth of the N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (citation omitted). "Amicus participation is normally appropriate when," among other reasons, "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Hard Drive Prods., Inc. v. Does 1-1, 495*, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) (citation omitted).

Paradigm respectfully submits that it should be granted leave to file the attached amicus brief because the brief will assist the Court in its disposition of Defendants' Motions, and provide insights not presented by the parties. In particular, Paradigm's proposed brief explains just how far the SEC's authority would reach—to cover sales of precious metals, fine art, and other items that plainly are not securities—under the SEC's views on what constitutes an "investment contract" under federal securities law. In addition, Paradigm's brief illustrates how the SEC's square-peg-round-hole approach to regulating crypto assets is not just implausible as a legal matter, but as a practical one as well. The brief sheds light on how crypto asset issuers and exchanges that have tried to follow the SEC's rules have only ended up in failure, largely because the SEC has not articulated *any* actionable standards by which crypto issuers and exchanges should abide.

As Paradigm's proposed brief "present[s] ideas, arguments, theories, insights, facts, or data that are not to be found in the parties briefs," and will assist this Court in its consideration of

3

Defendants' Motions, Paradigm submits that "[t]he filing of [Paradigm's] amicus brief should be permitted." *Mashpee Wampanoag Tribe v. Bernhardt*, No. 18-2242, 2020 WL 2615523, at *1 (D.D.C. May 22, 2020) (citation and internal quotation marks omitted).

## CONCLUSION

For these reasons, this Court should grant Paradigm's motion for leave to file the amicus brief attached hereto as Exhibit A.

Dated: September 28, 2023

Rodrigo Seira
(admission *pro hac vice* pending)
PARADIGM OPERATIONS LP
548 Market Street
San Francisco, CA 94104
(415) 986-9283
rodrigo@paradigm.xyz

Respectfully submitted,

/s/ Andrew Kim
Andrew Kim (D.C. Bar No. 1029348)
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, D.C. 20036
(202) 346-4000
andrewkim@goodwinlaw.com

*Counsel for Proposed Amicus Curiae
Paradigm Operations LP*