IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| *Plaintiff,* | ) ) | CIVIL ACTION NO. 1:23-cv-01599 |
| v. | ) ) | |
| BINANCE HOLDINGS LIMITED, et al., | ) ) ) | |
| *Defendants.* | ) | |

**MOTION OF CIRCLE INTERNET FINANCIAL, LLC
FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF
NEITHER PARTY ON DEFENDANTS' MOTIONS TO DISMISS**

Proposed *amicus*, Circle Internet Financial, LLC, respectfully requests leave to file the attached *amicus curiae* brief in support of neither party on defendants' motions to dismiss. Pursuant to Local Civil Rules 7(m) and (*o*), Circle states that it has contacted counsel for both plaintiff and defendants. The SEC states that it does not take a position at this time, but "reserves its right to object to the filing of the brief upon review of the filing." Defendants consent to the filing of Circle's *amicus* brief. A proposed order accompanies this motion.

Federal district courts have "broad discretion" to grant a proposed *amicus* leave to participate in cases. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). Leave is appropriate when a proposed *amicus* can provide information that is "'timely and useful,'" such as when a movant has "a special interest in this litigation as well as a familiarity and knowledge of the issues raised therein that could aid in the resolution of this case." *Ellsworth Assocs. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (quoting *Waste Mgmt. of Pa. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). Thus, "[a]n amicus brief should normally be allowed when the amicus has … perspective that can help the court beyond the help

that the lawyers for the parties are able to provide." *Mashpee Wampanoag Tribe v. Bernhardt*, No. 18-cv-2242, 2020 WL 2615523, at *1 (D.D.C. May 22, 2020) (cleaned up). That precisely describes Circle's role here.

Circle Internet Financial, LLC is a global financial technology company that works to increase economic opportunity and prosperity through the power of digital currency. Circle is the issuer of USDC, one of the world's most popular payment stablecoins. Like other U.S. dollar-backed payment stablecoins, USDC is a digital asset designed to be used to make payments or settlements, whose redemption value is pegged to the U.S. dollar at a 1:1 ratio.

Circle has a strong interest in this case because the SEC has alleged that Binance has offered BUSD—its competing payment stablecoin—as an unregistered security. This marks the first time that the SEC has taken enforcement action in the context of *bona fide* payment stablecoins. So the resolution of this case has significant implications for the regulatory landscape in this important context.

As a leading issuer of payment stablecoins, Circle has considerable expertise in this sector and therefore can assist the Court in understanding and evaluating the SEC's stablecoin-specific allegations. Circle's proposed *amicus* brief provides clarifying background on the importance of payment stablecoins and how they work. It also provides important legal analysis for how payment stablecoins fit—or more precisely, generally do not fit—in the framework of the SEC's authority under the federal securities laws. In doing so, Circle provides much more extensive analysis of payment stablecoins than the parties can provide in their briefs, given the range of issues in this case beyond the legal status to be accorded payment stablecoins. Accordingly, this Court should grant Circle's motion for leave to file its *amicus* brief here.

## CONCLUSION

For these reasons, Circle respectfully requests that it be granted leave to file the attached *amicus curiae* brief.

Dated:  September 28, 2023

Respectfully submitted,

*/s/ Jacob ("Yaakov") M. Roth*

| | |
|---|---|
| Heath P. Tarbert (D.C. Bar No. 468065)** | Yaakov M. Roth (D.C. Bar No. 995090) |
| Daniel Kaleba** | Alexis Zhang (D.C. Bar No. 90008032)* |
| Jeremy Gray** | JONES DAY |
| CIRCLE INTERNET FINANCIAL, LLC | 51 Louisiana Avenue, N.W. |
| 99 High Street, Suite 1801 | Washington, D.C. 20001 |
| Boston, MA 02110 | Telephone: 202.879.3939 |
| Telephone: 617.326.8326 | yroth@jonesday.com |
| heath.tarbert@circle.com | |
| | |
| Mark W. Rasmussen** | Eric Tung** |
| JONES DAY | JONES DAY |
| 2727 North Harwood Street, Suite 500 | 555 South Flower Street, Fiftieth Floor |
| Dallas, TX 75201 | Los Angeles, CA 90071 |
| Telephone: 214.220.3939 | Telephone: 213.489.3939 |
| mrasmussen@jonesday.com | etung@jonesday.com |

*admission pending*
**pro hac forthcoming*

*Counsel for Amicus Curiae*

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to all counsel of record.

/s/ Jacob ("Yaakov") M. Roth
Yaakov M. Roth