IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO,<br><br>        Defendants. | Civil Action No. 1:23-cv-01599 |

**MOTION OF INVESTOR CHOICE ADVOCATES NETWORK
FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS**

Pursuant to Local Rule 7(o) of this Court, Investor Choice Advocates Network ("ICAN"), through its undersigned attorneys, respectfully moves this Court for leave to file an *amicus curiae* brief in support of defendants' motions to dismiss in the above-captioned matter. The proposed *amicus curiae* brief of ICAN is attached to this Motion as Exhibit A.

**STATEMENT OF INTEREST**

ICAN is a nonprofit organization that advocates for expanding access to markets for underrepresented investors and entrepreneurs. As explained more fully in the attached brief, ICAN has a strong interest in this case, but its perspective differs from the parties. ICAN's focus on investor choice positions it as an *amicus curiae* that can offer valuable input to aid the Court in deciding significant issues relating to the scope of the SEC's authority to regulate digital assets as securities.

**ARGUMENT**

Because an *amicus curiae* "'does not represent the parties but participates only for the benefit of the Court . . . [i]t is solely within the discretion of the Court to determine the fact, extent, and manner of the participation.'" *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). Among other reasons, an *amicus curiae* brief "should normally be allowed . . . when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," *id.* at 137, including by "presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *Arias v. Dyncorp*, 2001 WL 13377371, at *1 (D.D.C. Nov. 21, 2011) (quoting *Commonwealth of the N. Mariana Islands v. U.S.*, 2009 WL 596986, at *1 (D.D.C. Mar. 9, 2009)). *See also Hard Drive Prod., Inc. v. Does* 1-1,495, 892 F. Supp. 2d 334, 338 (D.D.C. 2012) (allowing *amicus curiae* brief that raised "issue not developed fully in the motions" filed by the parties); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (allowing *amicus curiae* brief where "movants have a special interest in [the] litigation as well as a familiarity and knowledge of the issues raised therein"). ICAN's proposed *amicus curiae* brief meets these standards.

ICAN's proposed *amicus curiae* brief provides a perspective that is central to the litigation but offered by neither the SEC nor the defendants—the interests of investors who choose to invest in digital assets, including those at issue here. The brief highlights how the positions taken by the SEC in this litigation could hinder investors' opportunities to invest in digital assets at home and abroad, ultimately leaving them with fewer choices of digital assets and less information about them.

In particular, the brief explains that the SEC's apparent residency-based approach toward the *Morrison* test for extraterritorial application of the securities laws risks undoing technological

2

progress that has enabled investors who choose to pursue opportunities in foreign asset markets to do so using the Internet and blockchain a residency-based framework would risk turning the SEC into a global digital asset regulator, while creating an unworkable web of conflicting regulatory regimes.  Investors would ultimately bear the cost through higher prices and reduced opportunities.

The brief also explains certain technical features of digital assets, including "burning" and "staking" mechanics, that the SEC relies upon in contending that the assets constitute investment contracts.  The brief discusses why those features are inherent to the programming of the assets and do not evince an investment contract, and how concluding otherwise would harm investors and consumers by removing features they desire from the marketplace.

Finally, the brief provides an investor perspective on statements made by creators of digital assets, which the SEC relies upon in contending that they constitute investment contracts. The SEC's use of such statements to suggest an expectation of profit, without any accompanying promise or guarantee, is an incorrect interpretation of the *Howey* test that would risk chilling important commercial speech and silencing innovators, leaving investors and consumers with less information about the assets they wish to purchase.

Taken together, ICAN's brief offers novel insights and an important perspective that may assist the Court in evaluating the scope of the federal securities laws and the interpretation of "investment contract."  While the interests of investors are central to this dispute, investors themselves often have limited ability to participate in these suits, and none are present in this case to advocate for themselves.  *See, e.g.*, *SEC v. Everest Mgmt. Corp.*, 475 F.2d 1236 (2d Cir. 1972).  ICAN's brief helps to provide the perspective of investors who believe in freedom of

choice, including the choice to invest in digital assets such as those at issue here. Absent ICAN's *amicus curiae* brief, those important interests might be overlooked.

This motion is timely filed before resolution of the pending motions to dismiss. Pursuant to Local Rule 7(m), counsel for ICAN discussed this motion with both parties. Defendants do not oppose ICAN's filing of an *amicus curiae* brief. Plaintiff has taken no position on ICAN's filing of an *amicus curiae* brief and has reserved the right to object to the filing upon review of the proposed brief.

## CONCLUSION

For the foregoing reasons, ICAN respectfully requests leave to file the attached *amicus curiae* brief. A proposed order is attached.

Dated September 28, 2023                                   Respectfully submitted,

| | |
|---|---|
| **KIRK & INGRAM, LLP** | **MILES & STOCKBRIDGE, PC** |
| David E. Kirk  *(pro hac vice filed)* | |
| 43 West 43rd St., Suite 279 | By:  /s/ *John T. Farnum* |
| New York, NY 10036 | John T. Farnum *(DC Bar 983831)* |
| Tel: (302) 593-0650 | 1201 Pennsylvania Ave., Suite 900 |
| dkirk@kirkingram.com | Washington, DC 20004 |
| | Tel: (202) 465-8385 |
| Michael W. Ingram  *(pro hac vice filed)* | jfarnum@milesstockbridge.com |
| 100 Wilshire Blvd., Suite 700 | |
| Santa Monica, CA 90401 | **GRAY REED McGRAW LLP** |
| Tel: (310) 487-0270 | Chris Davis  *(pro hac vice filed)* |
| mingram@kirkingram.com | 1601 Elm Street, Suite 4600 |
| | Dallas, Texas 75201 |
| | Tel: (469) 320-6215 |
| | cdavis@grayreed.com |
| | |
| | *Attorneys for Amicus Curiae* |
| | *Investor Choice Advocates Network* |