UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO,<br><br>*Defendants*. | No. 1-23-cv-01599-ABJ-ZMF |

## JOINT STATUS REPORT

Pursuant to the Court's September 18, 2023 Minute Order, all Parties to this litigation respectfully submit this Joint Status Report.

**I.   BAM-Related Discovery**

   **A.   SEC's Position**

   **1.   SEC's Position Concerning Document Discovery**

Following the Court's guidance at the September 18 hearing, on September 21, 2023, Plaintiff Securities and Exchange Commission ("SEC") sent Defendants BAM Management US Holdings Inc. and BAM Trading Services Inc. (collectively, "BAM") a list of specific documents (or related categories of documents) it requested that BAM produce ("September 21 Requests"), all of which are responsive to the SEC's First Requests for Production of Documents to BAM. Ex. 1.  The SEC had already requested many of these documents on the record of depositions

1

where BAM witnesses readily revealed their existence, but that BAM had not produced.  *See id.*, Attachment A, Section I Nos. 4-28; Section 2 Nos. 3-19.

On September 26, 2023, the SEC and BAM held a call on these requests.  On that call, BAM's counsel was not prepared to state its definitive position on any of the September 21 requests.  Instead, BAM identified various categories for which it could likely identify and produce documents, voiced general objections on burden and scope on some of requests, and stated its belief (but did not confirm) that it had satisfied some requests with prior productions.  BAM's counsel agreed to state its position as to each of the requests in writing, including whether it believed it had already satisfied any requests.  The SEC twice followed up on these discussions on September 27 and on September 29.  Ex. 2 (Emails from E. Murphy and J. Farer dated September 27 and 29).

On October 2, 2023, BAM's counsel responded that it was "working through those requests and will provide you our position and productions on a reasonable timeframe."  *Id.* (M. Laroche email dated October 2).  With the deadline for the Joint Status Report approaching, the SEC followed up asking for a call to discuss specific requests again, which the parties held on October 6.[1]  Once again, BAM counsel declined to say on that call whether it would search for and produce documents in response to the vast majority of the requests.  On Saturday, October 7, BAM for the first time gave a definitive position, but only as to six of the September 21 Requests, which it objected to in their entirety.  *Id.* (M. LaRoche email dated October 7).

The upshot is that as of today, almost four months after the Consent Order was entered, and three weeks following the last hearing, BAM has only produced approximately 382

---

[1] On October 4, BAM sent its first discovery production since the September 18 hearing.  In the cover letter to that production, BAM identified documents it had produced in response to certain of the September 21 Requests.

2

documents and refuses to provide its position on the whether it will even agree to search for responsive documents that should have been produced long ago.

The SEC respectfully submits that this is entirely consistent with BAM's pattern of conduct during discovery under the Consent Order: *i.e.*, asserting conclusory objections as an excuse not to search for *any* documents and communications responsive to certain requests, while refusing to engage on other more specific requests.[2] The SEC has consistently attempted to meet and confer with BAM throughout this expedited discovery process, including pursuant to the Court's guidance after the recent hearing. These efforts have been unsuccessful. Accordingly, the SEC believes that Court intervention is necessary and respectfully requests that the Court order BAM to immediately search for and produce documents in response to the September 21 Requests.

Further, this Court should reject BAM's general assertions that the six requests identified in its October 7 email (Document Request Nos. 1,3, 23, 30, 31, Communications Request No.2) are "substantially overbroad, unduly burdensome, and go far beyond the scope of the Consent Order and the guidance provided by Judge Faruqui at our last hearing." Ex. 2 (M. Laroche email dated October 2).

Specifically, Document Requests Nos. 1-2 and Communication Request 2 seek documents to provide more clarity on the issue of which entity is actually providing BAM's wallet software and related services, such as documents "sufficient to identify all wallet custody software and related services provided by any Binance entity including Ceffu." Ex 1. These

---

[2] BAM's counsel has also made various iterations of a request that the SEC agree that responses to the September 21 requests will satisfy all of BAM's document discovery obligations under the Consent Order. The SEC believes this condition (if it is one) is inconsistent with the Court's guidance concerning the iterative process of discovery and generally inappropriate, especially given that BAM refuses to say whether it will actually respond to many of the requests.

issues strike at the heart of the Consent Order's expedited discovery provisions, and substantial questions remain outstanding such that this discovery remains critical. If, as BAM now asserts, Ceffu has nothing to do with BAM's wallet custody practices, it should be simple to produce evidence of their recent representations on this issue (which documents are specifically requested in Document Request No. 2), as its counsel's representations have proven unreliable. *See*, *e.g.*, Mot. to Compel, at 9-13. And BAM should be able to produce reliable documentary evidence as to who does provide those services, including the extent, if any, of Binance's role (which documents are specifically requested in Document Request No. 1).

Similarly, Request 23 seeks notes of meetings with BAM's auditors concerning the security, custody, and control of assets and reconciliation of assets. *Id.* This is an extremely tailored request concerning relevant documents discussed at depositions and that relate to key representations made to a third party on the issue of custody.

Finally, Requests 30 and 31 seek source code and other technical documentation to clear up ongoing confusion by BAM witnesses on what Binance is doing (and able to do) behind the scenes in connection with crypto asset wallets, especially as it relates to the TSS protocol and PNK system, both of which BAM touts as the key control preventing Binance from transferring customer assets. *Id.* From the start of expedited discovery, the SEC has endeavored to work with BAM to get the diagrams and other technical information necessary to evaluate the controls upon which BAM relies in claiming it has exclusive possession, custody, and control over company and Customer Assets—to the exclusion of Binance. Among other things, the SEC has consistently stated that it is open to reasonable alternative means of obtaining this evidence, such as conducting an inspection. Instead of productively engaging with the SEC, BAM has simply claimed that diagrams and technical documentations don't exist (which was later determined to

be inaccurate, *see* Mot. to Compel at 13), and raised various, ever-changing objections to related requests and proposed alternatives, without proposing any alternatives themselves.

### 2. SEC's Position Concerning Depositions

At the September 18 hearing, the SEC understood the Court to suggest that it should be entitled to depose all of the witnesses identified in Exhibit 31 to the SEC's Motion to Compel and other current BAM's shardholders, but that it would defer for now the depositions of BAM's CEO and CFO. Since that time, the SEC has tried to meet and confer on scheduling these depositions. BAM did not even provide any proposed dates until October 3, and still has not provided dates for two of these witnesses. As of now, BAM and the SEC have confirmed the next deposition for October 18, with several to follow through the rest of October and into November.

But the parties have reached an impasse as to the scope of the depositions of BAM's remaining shardholders. BAM acknowledges that this Court agreed that the SEC is entitled to depose BAM's shardholders, but BAM believes that these depositions (1) should be limited in scope to their personal knowledge relating to their status as a BAM shardholder, and (2) should be limited to 3.5 hours on the record.

The SEC's position is that these limitations are unwarranted and do not align with the Court's guidance at the September 18 hearing. First, the Consent Order already provides the scope of permissible discovery, and in the September 18 hearing, the Court did not give any further limiting instructions as to the scope of the shardholder depositions. Many of these shardholders have other roles at BAM that gives them significant personal knowledge concerning Customer Assets and the other topics permitted under the Consent Order, and the SEC should be entitled to ask about that personal knowledge. Indeed, the SEC acknowledged at

5

the hearing that the duration for each deposition would depend on the witness's role and scope of relevant knowledge (if any) beyond that which relates to the role of shardholder.

Second, BAM's attempt to limit the SEC's deposition time is inconsistent with Rule 30 of the Federal Rules of Civil Procedure, and BAM raises no grounds to deviate from that rule. At this time, the SEC does not know if it will need the full seven hours to depose these witnesses, but it sees no basis to arbitrarily agree to such a limitation before the depositions commence, and before BAM complies with the SEC's document requests that could further inform the need for time to depose these witnesses. The SEC also does not believe that any time limitation will significantly reduce any claimed burdens, but instead could increase those burdens if the SEC later has a basis to seek a second deposition of any of these witnesses because it did not have sufficient time or documents to fairly question them in the first instance.

### B.  BAM's Position

BAM has worked in good faith but believes that the SEC's requests since the September 18 hearing are unreasonable. Since the hearing, the SEC has demanded that BAM agree to nine additional depositions, including depositions of six current shardholders, one former shardholder, BAM's Head of Product, and a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). The SEC also served BAM with **_over 60 document requests_**, including 42 requests for documents (three of which have multiple subparts) and 19 requests for communications (some of which have no date range and are virtually unlimited in scope). When BAM sought reasonable concessions through the meet-and-confer process, such as time and subject matter limitations on shardholder depositions or some reasonable assurance that expedited discovery will end if BAM complies with the foregoing requests, the SEC rejected them.

BAM does not believe that the SEC's approach is consistent with the Consent Order; the Court's guidance at the hearing, including that the SEC make limited and targeted requests to BAM; or the SEC's representations at that hearing, including that shardholder depositions would be limited.[3] The SEC's expansive requests are particularly unwarranted against the backdrop of everything BAM produced over the past three months of expedited discovery and, prior to that, over the many years of the SEC's underlying investigation. The SEC's approach to discovery has produced no evidence of the dissipation or misuse of assets, yet continues to significantly disrupt BAM's business operations.

Nevertheless, BAM has agreed to take, and has already taken, significant steps toward meeting the SEC's demands in an effort to address the SEC's concerns about BAM's asset custody practices. In fact, BAM is essentially giving the SEC everything it wants—it agreed to conduct reasonable searches for targeted documents and communications in response to almost all the SEC's requests and agreed to nine additional depositions (with a modest request that the SEC agree to limit the length and subject matter of shardholder depositions). The SEC, on the other hand, has not agreed to a single accommodation requested by BAM.

### 1. BAM's Position Concerning the SEC's Document Requests

Contrary to the SEC's description of the record, BAM provided clear guidance to the SEC concerning its position with respect to the SEC's document requests and worked swiftly to respond to them.[4] As BAM informed the SEC during calls and in email correspondence, BAM's general approach to those requests is to search for documents that were specifically identified by

---

[3]   BAM understands that a transcript of the hearing is unavailable.

[4]   The SEC omitted key portions of the meet-and-confer process, including that BAM (i) immediately proposed a global resolution on September 21, 2023, in which BAM agreed to the SEC's proposed depositions subject to reasonable conditions concerning the end of expedited

7

the SEC and to conduct targeted searches to the SEC's more limited communications requests. BAM has already made two document productions and will continue making productions on a rolling basis. To date, BAM believes it has satisfied 11 of the SEC's requests (16 counting subparts).

BAM does not, however, believe it is obligated to fully comply with all the SEC's requests as drafted. Many of the SEC's requests are substantially overbroad, unduly burdensome, and go far beyond the scope of the Consent Order and the guidance provided by the Court during the hearing. BAM understood the Court's guidance to the SEC was to serve document requests that were limited and targeted to the topics, documents, and issues of most concern to the SEC. Instead, the SEC served over 60 requests many of which are not targeted, have no date restriction, contain multiple subparts, and cover topics far beyond those raised at the hearing.

Although BAM believes that many of the requests are inappropriate, with few exceptions, BAM is seeking to respond to the requests, including by conferring with its client and searching for documents, and will continue to make productions on a rolling basis to the extent BAM identifies responsive documents. The exceptions are Document Request Nos. 1, 2, 23, 30, and 31, and Communication Request No. 2, which include requests with no date range, that are substantially overbroad on their face, or that seek highly sensitive source code. BAM does not agree to conduct any searches specific to those requests (though we believe many of the SEC's other requests overlap with them) or that it is BAM's obligation to propose how to limit them.

---

discovery, which the SEC rejected; (ii) consistently stated that it planned to search for documents responsive to the SEC's more limited requests and would respond to all of the requests on a reasonable timeframe; and (iii) objected to being forced to respond to 60-plus requests in less than two weeks.

The SEC's position concerning those specific requests largely misstates the record or misstates what BAM has agreed to produce. As to Document Request Nos. 1 and 2 and Communications Request No. 2, which relate to Ceffu and have no date restrictions, BAM agreed to search for any documents (beyond those already produced) that would further demonstrate that BAM licenses wallet custody software from BHL and has no relationship with Ceffu. However, BAM does not agree to conduct a broad ranging search without any date restriction for any conceivable document concerning Ceffu or BHL's wallet custody services, which is what those requests seek on their face. BAM's position is particularly appropriate given that the SEC has already secured sworn testimony confirming that BAM has always licensed its wallet custody software from BHL; BAM does not have any relationship with Ceffu; and BAM's use of the term Ceffu was based on a mistaken understanding that Ceffu was the name of the BHL wallet custody software. The SEC has not identified any information beyond BAM's mistaken use of the term "Ceffu" that would suggest any other state of affairs.

As to Document Request No. 23, which seeks notes of meetings with FGMK, BAM's outside auditor, the SEC has already obtained thousands of documents from FGMK, including detailed notes of meetings with BAM personnel, and deposed FGMK's lead audit partner for BAM. The SEC has not explained why it needs BAM to conduct a far-ranging search for additional documents, which at best, relate to BAM's historical asset custody practices, not to the current custody and control of such assets. Moreover, BAM has already agreed to provide the SEC with numerous documents concerning the security, custody, and reconciliation of assets through other of the SEC's 60-plus requests. Indeed, last week, BAM produced 122 spreadsheets showing daily reconciliation of the balances reflected in BAM's PNK system and its on-chain wallets for the period of June 1, 2023 through September 30, 2023.

As to Document Request Nos. 30 and 31, which seek source code concerning the TSS portal and cold wallets, the SEC has not explained why it needs source code to evaluate the custody and security of BAM's assets. To the extent the SEC is seeking data logs reflecting who has access to programs involved in the custody of assets, BAM has agreed to produce them and, in fact, has already produced access logs for the AWS environment and PNK system. Moreover, contrary to the SEC's assertions otherwise, BAM is open to an "inspection" on reasonable terms, but the SEC has never proposed any.

### 2.  BAM's Position Concerning Depositions

BAM agreed to the SEC's nine requested depositions, has begun preparing witnesses, and has proposed dates for most depositions beginning as early as October 12, 2023. BAM's position is that shardholder depositions (except for the deposition of one shardholder who holds a position at BAM that is separately relevant) should be limited to 3.5 hours concerning their role as shardholders. These conditions are reasonable for several reasons:

*First*, by agreeing to nine additional depositions, BAM is already going far beyond the "limited" expedited discovery contemplated by the Consent Order. Indeed, after the foregoing depositions are complete, the SEC will have conducted ***13 depositions in expedited discovery***, which is more than what the SEC is entitled to in ***regular discovery***. *See* Fed. R. Civ. P. 30(a)(2)(A)(i) (limiting a party to 10 depositions absent stipulation). In these circumstances, providing BAM with a modest accommodation on the length and subject matter of shardholder depositions is reasonable, especially given that BAM is preparing nine witnesses for depositions that will take place within the next 30 to 45 days and the SEC has stated that it intends to seek even more depositions in the future.

*Second*, the SEC's position that it is entitled to seven hours for each shardholder and is not limited to questioning them about their role as shardholders is inconsistent with their position at the last hearing. During the hearing, BAM raised that the one deposition of a shardholder to date took almost seven hours. In response, the SEC sought to assure the Court and the parties that the other shardholder depositions would be shorter and more limited. The SEC has now done an about face, which materially changes the scope and nature of the additional depositions contemplated at the hearing. The point of allowing the SEC to depose the shardholders is to provide the SEC with comfort that the shardholders are appropriately performing their role as shardholders; it was not to provide the SEC with carte blanche to ask them about *any* potential topic related to customer assets. Indeed, the SEC has not provided any justification for its need to question shardholders on unlimited topics other than a conclusory and unsupported assertion that they *may* have "personal knowledge" concerning customer assets.

*Finally*, questioning shardholders about unlimited topics would be inefficient and is unnecessary. The SEC has already deposed BAM's outside auditor, Chief Information Security Officer, Clearing Team Lead, and a shardholder (who testified about other relevant aspects of BAM's operations) on a variety of topics related to customer assets. Moreover, BAM agreed to the SEC's requested 30(b)(6) deposition, which also will cover numerous topics concerning the custody, control, and availability of customer assets. The SEC does not need a third bite at the apple to ask shardholders about the same topics explored in prior depositions and to be explored during the 30(b)(6) deposition.[5]

---

[5] If the Court is inclined to allow the SEC to depose shardholders for seven hours without any subject matter limitations, BAM reserves the right reschedule depositions so that it may appropriately prepare witnesses on any conceivable topic relating to customer assets.

\* \* \*

BAM respectfully submits that it is appropriately addressing the SEC's requests in good faith and consistent with the guidance provided by the Court during the hearing. BAM believes that once the foregoing document productions and depositions are complete, expedited discovery should end absent a showing of new information demonstrating good cause for such a request. BAM will be prepared to address these issues during the hearing on October 13, 2023.

## II.     Interrogatories to BAM

### A.  SEC's Position

In response to the SEC's Motion to Compel, BAM agreed that it would supplement its prior interrogatory response. Resp. Mot. to Compel, at 16, Dkt. No. 107. It still has not done so.

### B.  BAM's Position

BAM has already provided the SEC with the information that supplements its prior interrogatory response in letters provided by counsel. The SEC is requesting that BAM provide updated certifications from a BAM employee or employees with respect to that information. BAM will do so but has prioritized responding to the SEC's recent document and communications requests and preparing witnesses for depositions.

## III.    Consent Order Part IV

### A.  SEC's Position

On July 10 and August 7, 2023, BAM produced materials responsive to Part IV of the Consent Order, which required BAM to, among other things, provide information about "each" wallet and account holding company or Customer Assets, and corresponding balances. Consent Order, IV. At this time, BAM has produced, inter alia, only aggregate data concerning customer accounts and balances. The SEC's position is that this level of data is inadequate. Without

individualized wallet and account data, the SEC cannot determine, among other issues, whether the represented customer balances are accurate, whether there are sufficient assets to cover customer balances for immediate withdrawal (including to evaluate the discrepancy BAM identified when it produced the accounting information) or whether the list of Zhao or Binance-associated individuals with accounts on Binance.US that was provided by BAM is complete.[6]

### B. BAM's Position

The SEC raised this issue for the first time with BAM on October 6, 2023. As BAM informed the SEC in its cover letter to the verified accounting, dated August 7, 2023, BAM provided deposit wallet information in the aggregate rather than by each individual or unique deposit wallet because there are almost 1.5 million such wallets on BAM's platform. Nevertheless, BAM agreed to discuss this issue internally and will respond to the SEC. As a result, this issue is premature.

## IV. Binance/Zhao-Related Discovery

### A. SEC's Position

In accordance with the Court's guidance in the September 18 hearing, on October 5, the SEC sent Defendants Binance Holdings Limited ("Binance") and Changpeng Zhao a targeted list of specific documents it requested that Binance and Zhao produce during the ongoing discussions with BAM (while reserving the SEC's right to seek additional documents responsive to the SEC's First Requests for Production of Documents to BAM). The SEC, Binance, and Zhao will meet and confer on these requests, and will also confer on the SEC's requests for

---

[6] The SEC has also repeatedly requested general ledger, trial balance, and related financial information to facilitate this analysis.

depositions of Zhao and other Binance personnel, and promptly bring any unresolved disputes to this Court.[7]

### B. Binance and Zhao's Position

The SEC sent new document requests to BHL and Mr. Zhao after the close of business on October 5. Thus, at the time of this report, BHL and Mr. Zhao have had minimal time to consider the SEC's requests. Counsel to BHL and Mr. Zhao are reviewing these requests with their clients and intend to meet and confer with the SEC regarding them in good faith and in consideration of the appropriate scope of expedited discovery into the security of BAM customer assets.

## V. Proposed Protective Order

On September 11, 2023, the Parties filed a joint motion that the Court enter a proposed protective order to govern the treatment and disclosure of certain confidential information during the course of the litigation. (Dkt. No. 106). For the reasons stated in that motion, the parties respectfully request that this Court enter the protective order.

---

[7] The SEC continues to reserve the right to seek further relief from the Court if the parties are unable to resolve pending issues regarding Binance's productions in response to Section IV of the Consent Order. *See* Mot. to Compel Memo at 15 n.4.

Dated: October 10, 2023    Respectfully submitted,

/s/ Michael Celio

Michael Celio (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
MCelio@gibsondunn.com

Daniel W. Nelson (D.C. Bar #433415)
Jason J. Mendro (D.C. Bar #482040)
Stephanie Brooker (*pro hac vice*)
M. Kendall Day (*pro hac vice forthcoming*)
Richard W. Grime (*pro hac vice forthcoming*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
DNelson@gibsondunn.com
JMendro@gibsondunn.com
SBrooker@gibsondunn.com
KDay@gibsondunn.com
RGrime@gibsondunn.com

*Attorneys for Defendant Binance Holdings Limited*

/s/ Matthew Scarlato

Matthew F. Scarlato (D.C. Bar No. 484124)
Jennifer L. Farer (D.C. Bar No. 1013915)
David A. Nasse
SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20549-9040
(202) 551-3749 (Scarlato)
nassed@sec.gov
farerj@sec.gov
scarlatom@sec.gov

John Emmett Murphy
Jorge G. Tenreiro
Elisa Solomon
SECURITIES AND EXCHANGE COMMISSION
100 Pearl Street
New York, NY 10004
(212) 336-0078 (Murphy)
murphyjoh@sec.gov
tenreiroj@sec.gov

*Attorneys for Plaintiff Securities and Exchange Commission*

15

| | |
|---|---|
| /s/ *Abid Qureshi* | /s/ *George S. Canellos* |
| Abid R. Qureshi (D.C. Bar No. 459227) | George S. Canellos |
| William R. Baker, III (D.C. Bar No. 383944) | Matthew Laroche |
| Erik S. Volkman (D.C. Bar No. 490999) | MILBANK LLP |
| Michael E. Bern (D.C. Bar No. 994791) | 55 Hudson Yards |
| LATHAM & WATKINS LLP | New York, NY 10001-2163 |
| 555 Eleventh Street, NW, Suite 1000 | 212-530-5792 |
| Washington, DC 20004 | gcanellos@milbank.com |
| Tel: (202) 637-2200 | mlaroche@milbank.com |
| Fax: (202) 637-2201 | |
| abid.qureshi@lw.com | Matthew T. Martens |
| william.baker@lw.com | William R. McLucas (*pro hac vice pending*) |
| eric.volkman@lw.com | WILMER CUTLER PICKERING HALE AND DORR LLP |
| michael.bern@lw.com | 2100 Pennsylvania Avenue NW |
| | Washington, DC 20037 |
| Douglas K. Yatter (*pro hac vice pending*) | (202) 663-6921 |
| Benjamin Naftalis (*pro hac vice pending*) | Fax: (202) 663-6363 |
| LATHAM & WATKINS LLP | matthew.martens@wilmerhale.com |
| 1271 Avenue of the Americas | william.mclucas@wilmerhale.com |
| New York, NY 10020 | |
| Tel: (212) 906-1200 | Tiffany J. Smith (*pro hac vice pending*) |
| Fax: (212) 751-4864 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| douglas.yatter@lw.com | 7 World Trade Center |
| benjamin.naftalis@lw.com | 250 Greenwich Street |
| | New York, NY 10007 |
| Heather A. Waller (*pro hac vice pending*) | tiffany.smith@wilmerhale.com |
| LATHAM & WATKINS LLP | |
| 330 North Wabash Avenue, Suite 2800 | *Attorneys for Defendants BAM Trading Services Inc. and BAM Management Holdings US Inc.* |
| Chicago, IL 60611 | |
| Tel: (312) 876-7700 | |
| Fax: (312) 993-9767 | |
| heather.waller@lw.com | |

Melanie M. Blunschi (*pro hac vice pending*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600
Fax: (415) 395-8095
melanie.blunschi@lw.com

*Attorneys for Defendant Changpeng Zhao*