# Exhibit 2

| | |
|---|---|
| **From:** | Laroche, Matthew |
| **To:** | Scarlato, Matthew; Beville, Matthew; Canellos, George; Martens, Matthew T.; McLucas, William; Smith, Tiffany; Adler, Jeremy |
| **Cc:** | Nasse, David; Tenreiro, Jorge; Farer, Jennifer; Murphy, J. Emmett; Solomon, Elisa |
| **Subject:** | RE: SEC v. Binance Holdings Ltd., et al. -- ▇▇▇ Deposition |
| **Date:** | Saturday, October 7, 2023 8:40:14 AM |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Matt,

Thanks for the call yesterday. Confirming ▇▇▇ deposition on October 18. We understood from the call that you had confirmed all dates except for ▇▇▇ If that's not correct, please let us know because we told witnesses to start booking travel. As to ▇▇▇ are there other dates during the week of October 16 that would work for you?

We disagree that we have been "unable to state" our position on the document requests. As we explained on the call and in prior correspondence, we believe that many of your requests are substantially overbroad, unduly burdensome, and go far beyond the scope of the Consent Order and the guidance provided by Judge Faruqui during our last hearing. These include Document Request Nos. 1, 2, 23, 30, and 31, and Communication Request No. 2. We do not agree to conduct any searches specific to those requests (though we believe many of your other requests overlap with them) or that it is our obligation to propose how to limit them. We will, however, continue to look for documents beyond what we have already produced that would further demonstrate that BAM licenses wallet custody software from BHL and has no relationship with Ceffu.

As to the remaining requests, many of which have similar deficiencies, we do not agree that BAM is obligated to fully comply with all of them as drafted and the fact that we did not identify them in the preceding paragraph is not a concession that we agree to search for and produce any potentially responsive document. Rather, we are continuing to review these requests, including by conferring with our client, and will continue to make productions on a rolling basis to the extent we identify documents responsive to appropriate requests. As we also explained on our call, our general approach is to search for documents that were specifically identified by you and to conduct targeted searches to your more limited communications requests. We also anticipate that we may need to confer with you again about some of those requests as issues arise based on our diligence and review, including but not limited to the issues raised today concerning requests for source code.

Finally, we ask that you please share any specific questions or concerns you have concerning the availability of customer assets based on the verified accounting and other productions so that we can confer about how best to address them.

Thanks,
Matt

**From:** Scarlato, Matthew <scarlatom@SEC.GOV>

**Sent:** Friday, October 6, 2023 6:10 PM
**To:** Laroche, Matthew <MLaroche@milbank.com>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Canellos, George <GCanellos@milbank.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; McLucas, William <William.McLucas@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Farer, Jennifer <FarerJ@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>; Solomon, Elisa <SolomonEl@SEC.GOV>
**Subject:** [EXT] RE: SEC v. Binance Holdings Ltd., et al. -- ▮▮▮▮ Deposition

Counsel:

As discussed on our call today, the SEC still needs to understand BAM's positions as to our September 21 requests so we can determine the issues we need to raise to the Court in the joint status report. But it is now after business hours and the report is due at 9 am the next business day, so it appears unlikely we can obtain an extension of the deadline even if we wanted to. Further, Monday is a holiday, and it is unclear the extent to which the SEC will be able to continue to negotiate these issues with you before the deadline. Thus, the SEC may have no choice but to file its own status report that will, among other things, note BAM's inability to state its positions to permit the SEC a reasonable opportunity to respond, let alone resolve, any outstanding disputes.

That said, please advise when you expect to send us BAM's positions on our September 21 requests. The SEC will do what it can to respond over the holiday weekend.

Finally, on a separate issue, we can confirm that we are available to depose ▮▮▮▮▮▮ (or any other shard holder) in DC on October 18. It will begin with an inspection of the key shard device, as we discussed. Please confirm it ASAP.

Thank you.

**Matthew Scarlato**
*Senior Trial Attorney*
U.S. Securities & Exchange Commission
Division of Enforcement
100 F Street, NE
Washington, DC 20549
(202) 551-3749

---

**From:** Laroche, Matthew <MLaroche@milbank.com>
**Sent:** Thursday, October 5, 2023 8:36 AM
**To:** Scarlato, Matthew <scarlatom@SEC.GOV>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Canellos, George <GCanellos@milbank.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; McLucas, William <William.McLucas@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Adler,

Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Farer, Jennifer <FarerJ@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>; Solomon, Elisa <SolomonEl@SEC.GOV>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. -- ▉▉▉▉ Deposition

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Matt – we're trying to align schedules but I think it's unlikely that we're going to find a time earlier than tomorrow morning.  Please let us know your team's availability.

Thanks,
Matt

---

**From:** Scarlato, Matthew <scarlatom@SEC.GOV>
**Sent:** Tuesday, October 3, 2023 10:42 PM
**To:** Laroche, Matthew <MLaroche@milbank.com>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Canellos, George <GCanellos@milbank.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; McLucas, William <William.McLucas@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Farer, Jennifer <FarerJ@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>; Solomon, Elisa <SolomonEl@SEC.GOV>
**Subject:** [EXT] RE: SEC v. Binance Holdings Ltd., et al. -- ▉▉▉▉ Deposition

Matt:

 We obviously disagree with your characterization of the record. We have been trying to, as you say, "meaningfully negotiate" for several weeks but have received zero progress on your end, which I think we can all agree is not what the Magistrate expected.

Since time is short before the required status report and ensuing hearing, can we meet to discuss these issues before Friday?  We will also get back to you on the deposition dates, but for now, note that, given the schedule for next week, it is unlikely we can move forward with ▉▉▉▉▉▉ on 10/12.

Thanks.


**Matthew Scarlato**
*Senior Trial Attorney*
U.S. Securities & Exchange Commission
Division of Enforcement
100 F Street, NE
Washington, DC 20549

(202) 551-3749

---

**From:** Laroche, Matthew <MLaroche@milbank.com>
**Sent:** Tuesday, October 3, 2023 7:06 PM
**To:** Scarlato, Matthew <scarlatom@SEC.GOV>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Canellos, George <GCanellos@milbank.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; McLucas, William <William.McLucas@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Farer, Jennifer <FarerJ@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>; Solomon, Elisa <SolomonEl@SEC.GOV>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. -- ▓▓▓▓ Deposition

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Matt,

Thanks. We have a different view of what happened at the hearing. On documents, our strong sense was that Judge Faruqui expected the SEC to serve document requests that were limited and targeted the topics/documents/issues of most concern to the SEC. Instead, the SEC served over 60 requests many of which are not targeted, have no date restriction, and cover topics far beyond those raised at the hearing. You note below that this is a "substantial narrowing" of the SEC's initial requests, but those initial requests asked for every document in our possession concerning customer assets. Regardless, as I noted in my email below, we're working through your requests and will provide our position on a reasonable timeframe.

On depositions, during the hearing, we raised that the one deposition of a shardholder to date took almost seven hours. In response, the SEC sought to assure the Court that the other shardholder depositions would be much shorter and more limited. Now, the SEC's position is that it is entitled to seven hours for each shardholder and is not limited to questioning them about their role as shardholders. This is not consistent with the SEC's position at the hearing or our understanding of what Judge Faruqui contemplated when he indicated that BAM should consider agreeing to shardholder depositions. Moreover, questioning shardholders about unlimited topics would be inefficient and is unnecessary given that the SEC also requested a 30(b)(6) deposition, which will presumably cover those same topics, many of which were already addressed by those deposed to date. Again, BAM is willing to make shardholders available for depositions on the conditions outlined in my earlier email, and we propose dates for six of those witnesses further below.

Finally, we're willing to meet and confer and are available Friday morning to do so. But we do not believe it will be useful if the SEC is unwilling to meaningfully negotiate on these issues. The SEC's position appears to be that BAM must answer 60+ additional requests (including by providing its

position on each request in less than two weeks); have its employees sit for nine additional depositions covering unlimited topics concerning customer assets; and still be subject to more discovery and more depositions with no discernible end point.   When BAM has asked for reasonable concessions, such as time and subject matter limitations on shardholder depositions or some reasonable assurance that there will be an end to expedited discovery requests, the SEC has rejected them.   We believe the SEC's position is unreasonable and if it is not willing to meaningfully change it, then we should simply raise these issues with Judge Faruqui.

**Proposed Deposition Schedule (*subject to agreement on BAM's proposed conditions)**

1. 
2. 
3. 
4. 
5. 
6. 

Thanks,
Matt

---

**From:** Scarlato, Matthew <scarlatom@SEC.GOV>
**Sent:** Monday, October 2, 2023 2:47 PM
**To:** Laroche, Matthew <MLaroche@milbank.com>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Canellos, George <GCanellos@milbank.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; McLucas, William <William.McLucas@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Farer, Jennifer <FarerJ@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>; Solomon, Elisa <SolomonEl@SEC.GOV>
**Subject:** [EXT] RE: SEC v. Binance Holdings Ltd., et al. --  Deposition

Matt:

Thanks for your email.  We should set up a time in the next few days to follow up on our September 26 discussion and walk through the outstanding document and deposition issues in detail.  To frame the discussion as to documents, we have sent you our targeted list as Judge Faruqui indicated—which consists of a substantial narrowing of our prior document requests—and now we need to know BAM's responses to each of them, rather than you simply stating BAM's general view that the SEC's position is unreasonable.  These are not new document requests, but a good faith effort to provide greater fidelity to our existing requests consistent with the Court's guidance, and this additional specificity will naturally lead to an increase in the separately enumerated types of documents requested.

Further, you have now had these requests for 10 days which should be more than enough time (especially in the context of expedited discovery) to be prepared to have detailed and productive meet and confer regarding these document requests.  We thought we had made progress during our last call and, based on our discussion, had expected to receive from you a list identifying the requests you deemed satisfied along with the corresponding documents you believe satisfy such requests and your position as to the remaining requests for further discussion.  Please provide this information by close of business tomorrow, so we can have a productive discussion in an effort to resolve or minimize the open issues.

As to depositions, Judge Faruqui was clear that he envisioned an iterative process and that the SEC is entitled to ***start*** with the depositions of all shard holders and other deponents named in our motion to compel other than ▇▇▇▇ and Lee, with the understanding that the SEC may require more depositions (including ▇▇▇▇/Lee) after this next round is completed.  We also do not recall Judge Faruqui indicating that the SEC's deposition time should be limited in any way.  Rather, at the hearing, we specifically discussed the SEC's position that the shard holder deposition time cannot be arbitrarily limited as BAM requests because certain shard holders have relevant roles beyond that of simply a shareholder, but we would endeavor to work with BAM to maximize efficiencies and limit the time where appropriate.  Our position remains the same—that, as appropriate, we are willing to try to work with BAM on this issue to move forward.

As a path forward, we ask that BAM propose dates starting the week of October 16 for the remaining depositions as identified in our September 21 letter, and then we meet and confer in the next couple days to walk through our targeted list of requested documents, deposition scheduling, and any other unresolved discovery issues.  To make the discussion as efficient as possible, please provide the information requested above as to each document request.

To the extent we cannot come to an agreement on these issues, we can memorialize them in the joint status report for the Court and seek a resolution during our next hearing on October 13.

Please let us know when your team is available to meet and confer on the above.

Finally, note that we are including on this email our new team member, Elisa Solomon.  Please include her going forward.

Thanks.

---

**From:** Laroche, Matthew <MLaroche@milbank.com>
**Sent:** Monday, October 2, 2023 10:02 AM
**To:** Farer, Jennifer <FarerJ@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>; Beville,

Matthew <Matthew.Beville@wilmerhale.com>; Canellos, George <GCanellos@milbank.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; McLucas, William <William.McLucas@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Scarlato, Matthew <scarlatom@SEC.GOV>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. -- ▇▇▇▇ Deposition

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Jen and Emmett,

We remain willing to work with you but your position is unreasonable. You are demanding that BAM submit to nine additional depositions (without any time or subject matter limitations for shardholders) and respond to over 60 additional document requests, and yet will provide no assurance that expedited discovery will end even if BAM complies. We do not believe this approach is consistent with the Consent Order; Judge Faruqui's guidance at the hearing, including that the SEC make limited and targeted requests to BAM; or the SEC's representations at that hearing, including that shardholder depositions would be limited and less than 7 hours.

We are willing to agree to your requested depositions on the conditions that shardholder depositions (except for ▇▇▇▇▇▇▇▇ are limited to 3.5 hours concerning their role as shardholders. If you do not agree to those conditions, then you will need to raise the issue with Judge Faruqui. As to document requests, you served us with over 60 requests. While some are narrow, many are not. We are working through those requests and will provide you our position and productions on a reasonable timeframe. Finally, as we explained during our meet-and-confer, our position is that once the foregoing depositions and document productions are complete, expedited discovery should be over.

Thanks,
Matt

---

**From:** Farer, Jennifer <FarerJ@SEC.GOV>
**Sent:** Friday, September 29, 2023 4:53 PM
**To:** Murphy, J. Emmett <MurphyJoh@SEC.GOV>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Laroche, Matthew <MLaroche@milbank.com>; Canellos, George <GCanellos@milbank.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; McLucas, William <William.McLucas@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Scarlato, Matthew <scarlatom@SEC.GOV>
**Subject:** [EXT] RE: SEC v. Binance Holdings Ltd., et al. -- ▇▇▇▇ Deposition

Counsel,

Following up on the email below and our September 21 letter. Please send us your position on the issues identified below for each of the document requests and dates for depositions, so we can move forward.

Thanks.

**Jennifer L. Farer**
U.S. Securities and Exchange Commission
100 F Street N.E. | Washington, D.C. 20549

---

**From:** Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Sent:** Wednesday, September 27, 2023 5:51 PM
**To:** Beville, Matthew <Matthew.Beville@wilmerhale.com>; Farer, Jennifer <FarerJ@SEC.GOV>; mlaroche@milbank.com; gcanellos@milbank.com; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; McLucas, William <William.McLucas@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Scarlato, Matthew <scarlatom@SEC.GOV>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. -- ▓▓▓▓ Deposition

Counsel,

Following up on our meet and confer call yesterday, please let us know as soon as possible your position on each of the document requests we sent last Thursday, including (1) whether you agree to search for and produce responsive documents and communications; and (2) confirming whether you believe you have already produced responsive documents such that no further search is necessary for a given request (in which case please identify the documents). Please also let us know whether BAM agrees to produce the witnesses listed in our letter for deposition. Since the requests were sent almost a week ago we ask that your response with proposed dates be no later than tomorrow.

As we discussed yesterday, we are aligned in endeavoring to make all depositions as efficient as possible, and we expect at least one of the shard holder depositions (and perhaps others) will take far less than 7 hours. But given the roles of many of the deponents in matters relevant to the issues covered in the Consent Order we don't believe further strict time limitations are appropriate at this time. We are hopeful that you will provide fulsome discovery responses to the specific requests in our September 21 letter with the production of company documents and communications that will substantially satisfy BAM's discovery obligations under the Consent Order, although of course we reserve the right to seek additional information relating to information that arises in discovery. We also expressly reserve the right to seek additional witnesses' deposition testimony, consistent with the Consent Order, the Federal Rules, and the Court's explicit directive to sequence depositions (including those of Mr. Shroder and Ms. Lee).

Emmett

**From:** Beville, Matthew <Matthew.Beville@wilmerhale.com>
**Sent:** Monday, September 25, 2023 9:48 PM
**To:** Murphy, J. Emmett <MurphyJoh@SEC.GOV>; Farer, Jennifer <FarerJ@SEC.GOV>; mlaroche@milbank.com; gcanellos@milbank.com; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; McLucas, William <William.McLucas@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Scarlato, Matthew <scarlatom@SEC.GOV>
**Subject:** Re: SEC v. Binance Holdings Ltd., et al. -- ▇▇▇▇ Deposition

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Emmett,

Is your team available after 4pm tomorrow?

Best,
Matt

---

**From:** Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Sent:** Monday, September 25, 2023 3:10:22 PM
**To:** Farer, Jennifer <FarerJ@SEC.GOV>; mlaroche@milbank.com <mlaroche@milbank.com>; gcanellos@milbank.com <gcanellos@milbank.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; McLucas, William <William.McLucas@wilmerhale.com>; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Scarlato, Matthew <scarlatom@SEC.GOV>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. -- ▇▇▇▇ Deposition

**EXTERNAL SENDER**

All,

Following up on Jen's letter and the call Friday: can we get on a call tomorrow to push this forward? If you give us some windows that work we'll plan to send an invite. Thanks.

Emmett

---

**From:** Farer, Jennifer <FarerJ@SEC.GOV>
**Sent:** Thursday, September 21, 2023 4:28 PM
**To:** Laroche, Matthew <MLaroche@milbank.com>; Canellos, George <GCanellos@milbank.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; William.McLucas@wilmerhale.com;

Beville, Matthew <Matthew.Beville@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Scarlato, Matthew <scarlatom@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. -- ▉ Deposition

Matt,

Following up the September 18 hearing, attached please find correspondence regarding the targeted discovery requests that fall within our June 23 Requests for Production and additional depositions. Please let us know when you're available tomorrow or Monday to discuss the attached and your email below.

You'll note we did not include counsel for the other Defendants on this correspondence based on the issue of confidentiality of shard holders that you raised during recent depositions. Let's plan to discuss this issue as well during our upcoming discussion.

Thanks.

Jen

**Jennifer L. Farer**
U.S. Securities and Exchange Commission
100 F Street N.E. | Washington, D.C. 20549

---

**From:** Laroche, Matthew <MLaroche@milbank.com>
**Sent:** Thursday, September 21, 2023 2:45 PM
**To:** Farer, Jennifer <FarerJ@SEC.GOV>; Canellos, George <GCanellos@milbank.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; William.McLucas@wilmerhale.com; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Scarlato, Matthew <scarlatom@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. -- ▉ Deposition

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Jen,

We want to work with you and your team to resolve the remaining issues with expedited discovery. We believe the most efficient way to do so is to come to an agreement concerning the remaining scope of that discovery, including depositions and document productions. As you know, you've already taken four depositions and are now asking for an additional nine depositions, which is several more than authorized under the Federal Rules. We also are awaiting more limited document requests pursuant to the Court's guidance at the hearing.

In an effort to reach a resolution, we are open to agreeing to the depositions below on the conditions that the SEC (i) agrees to limit the depositions of shard holders (with the exception of ▮▮▮▮▮) to 3.5 hours; (ii) confers with BAM concerning the scope of the 30(b)(6) notice; (iii) agrees to seek no additional depositions of BAM employees absent a showing of new information demonstrating good cause for such a request; and (iv) provides revised document requests per the Court's direction, which substantially limit the SEC's remaining requests.

We think this represents an appropriate compromise that allows the SEC to further explore the specific concerns expressed at the hearing while offering BAM some reasonable end point to expedited discovery. We also note that, to the extent we reach an agreement concerning the additional depositions, the SEC needs to seek permission from our co-defendants as well or otherwise seek leave from the Court under FRCP 30(a)(2).

Please let us know your views.

Thanks,
Matt

---

**From:** Farer, Jennifer <FarerJ@SEC.GOV>
**Sent:** Tuesday, September 19, 2023 10:36 PM
**To:** Laroche, Matthew <MLaroche@milbank.com>; Canellos, George <GCanellos@milbank.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; William.McLucas@wilmerhale.com; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Scarlato, Matthew <scarlatom@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Subject:** [EXT] RE: SEC v. Binance Holdings Ltd., et al. -- ▮▮▮▮ Deposition

Counsel,

Following up on my email below regarding dates for further review of the shard device and software and the production of screenshots.

In addition, please provide available dates for in-person depositions in DC for the individuals listed below, preferably in the order they are identified. For certain individuals, we are open to discussing scheduling more than one deposition on a given day, as well as remote options.

1. ▮▮▮
2. ▮▮▮
3. ▮▮▮
4. ▮▮▮
5. ▮▮▮
6. ▮▮▮
7. ▮▮▮

8. ▇

Please also let us know your position on a 30(b)(6) deposition. As discussed, we believe such deposition testimony on the identified topics would be an efficient and effective way to get to the heart of the issues and may alleviate the need for, or at least help streamline, the depositions of some of the other individuals.

Please let us know if you have any questions or want to discuss.

Thank you.

**Jennifer L. Farer**
U.S. Securities and Exchange Commission
100 F Street N.E. | Washington, D.C. 20549

---

**From:** Farer, Jennifer
**Sent:** Friday, September 15, 2023 2:55 PM
**To:** Laroche, Matthew <MLaroche@milbank.com>; Canellos, George <GCanellos@milbank.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; William.McLucas@wilmerhale.com; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Scarlato, Matthew <scarlatom@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. -- ▇ Deposition

Counsel,

Following up on our agreement for another session to review the shard device and software, please provide dates next week or the week after, preferably in DC. In advance of that session, please provide the screenshots you mentioned you are planning to produce.

In addition, please let us know who is the new signatory/authorized personnel on the accounts for which Mr. Shroder (or any other departed or departing employee) are signatories or otherwise have authority to control the accounts and/or transfer or withdraw assets and provide documentation of those changes.

Thank you.

**Jennifer L. Farer**
U.S. Securities and Exchange Commission
100 F Street N.E. | Washington, D.C. 20549

---

**From:** Laroche, Matthew <MLaroche@milbank.com>
**Sent:** Tuesday, September 12, 2023 10:50 AM
**To:** Farer, Jennifer <FarerJ@SEC.GOV>; Canellos, George <GCanellos@milbank.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; William.McLucas@wilmerhale.com; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>;

Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Scarlato, Matthew <scarlatom@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Subject:** RE: SEC v. Binance Holdings Ltd., et al. -- ▮▮▮▮ Deposition

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Jen,

I can speak at 11am if that's still open for you. I'm also free at noon if that's better for you/others.

Thanks,
Matt

---

**From:** Farer, Jennifer <FarerJ@SEC.GOV>
**Sent:** Monday, September 11, 2023 2:35 PM
**To:** Canellos, George <GCanellos@milbank.com>; Laroche, Matthew <MLaroche@milbank.com>; Martens, Matthew T. <Matthew.Martens@wilmerhale.com>; William.McLucas@wilmerhale.com; Beville, Matthew <Matthew.Beville@wilmerhale.com>; Smith, Tiffany <Tiffany.Smith@wilmerhale.com>; Adler, Jeremy <Jeremy.Adler@wilmerhale.com>
**Cc:** Nasse, David <nassed@SEC.GOV>; Tenreiro, Jorge <tenreiroj@SEC.GOV>; Scarlato, Matthew <scarlatom@SEC.GOV>; Murphy, J. Emmett <MurphyJoh@SEC.GOV>
**Subject:** [EXT] SEC v. Binance Holdings Ltd., et al. -- ▮▮▮▮ Deposition

Counsel,

We would like to set up a quick call in connection with ▮▮▮▮▮▮ upcoming deposition to discuss (1) our request for ▮▮▮▮▮ to bring to his deposition the key shard device for inspection and (2) any issues you anticipate concerning questions that address ▮▮▮▮▮ role as a shard holder and the device/software in light of certain objections made during Mr. Zhang's deposition.

Please let us know when you're free to discuss, as we'd like to resolve any issues in advance, to the extent possible.

Thanks.

**Jennifer L. Farer**
U.S. Securities and Exchange Commission
100 F Street N.E. | Washington, D.C. 20549