UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,  )<br>)<br>*Plaintiff*,  )<br>)<br>v.  )<br>)<br>BINANCE HOLDINGS LIMITED, et al.,  )<br>)<br>)<br>*Defendants*.  ) | CIVIL ACTION NO. 1:23-cv-01599 (ABJ-ZMF) |

**MOTION OF CHAMBER OF DIGITAL COMMERCE
FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS**

Pursuant to Local Rule 7(o) of this Court, The Chamber of Digital Commerce ("The Chamber"), through its undersigned attorneys, respectfully moves this Court for leave to file an *amicus curiae* brief in support of defendants' motion to dismiss in the above-captioned matter. The proposed *amicus curiae* brief of the Chamber of Digital Commerce is attached to this Motion as Exhibit A.

**STATEMENT OF INTEREST**

Founded in 2014, The Chamber is the world's largest digital asset and blockchain trade association. The Chamber represents more than 200 diverse members of the blockchain industry globally, including digital asset exchanges, leading banks and investment firms, startups, and other digital asset economy participants. Guided by the principle of promoting industry compliance with applicable law, The Chamber seeks to foster a legal and regulatory environment in which digital asset users can enjoy regulatory certainty as they apply blockchain technologies to an array of commercial, technological, and social purposes. An important aspect of that mission is

representing the interests of its members, including regularly filing briefs as *amicus curiae* in novel cases that implicate issues of importance to the blockchain community.[1]

Pursuant to its mission, The Chamber also sponsors several compliance-focused initiatives, in addition to advocating for legislative and regulatory clarity. These include the Blockchain Alliance, which since 2015 has combatted criminal uses of blockchain technology, providing technical assistance and information-sharing resources. This initiative serves over 100 governmental and commercial entities, including the Securities and Exchange Commission (the "SEC"). The Chamber also encourages industry compliance with federal securities law through initiatives like the Token Alliance, a network of 400+ thought leaders and technologists that has developed numerous tools and resources for industry and policymakers as they engage with the blockchain and digital asset community.

## ARGUMENT

"[T]his Court has 'broad discretion' in determining whether to permit a party to participate in a lawsuit as amicus curiae." *Commonwealth of the N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (citation omitted). "Amicus participation is normally appropriate when," among other reasons, "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Hard Drive Prods., Inc. v. Does 1-1*, 495, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) (citation omitted). The Chamber's proposed *amicus curiae* brief meets these standards.

The Chamber and its members have a strong interest in this case. The gravamen of the

---

[1] For example, The Chamber recently filed an amicus brief in *Securities and Exchange Commission v. Coinbase, Inc., et al., and Coinbase Global, Inc. See* Brief of Amicus Curiae, The Chamber of Digital Commerce, *SEC v. Coinbase Inc. et al.*, Case No. 1:23-cv-04738-KPF, Dkt. No. 55 (S.D.N.Y. filed Aug. 11, 2023).

SEC's Complaint is a novel misapplication of almost 100 years of U.S. securities law precedent, including recent court decisions directly addressing the intersection of digital assets and the U.S. securities laws. The SEC's aggressive assertion of its jurisdiction over the blockchain economy through enforcement actions against market participants and intermediaries creates further legal and regulatory uncertainty, stifles innovation, and hurts the U.S. innovator, consumer, and worker.

As articulated more fully in The Chamber's proposed brief, the SEC's aggressive enforcement program against digital asset market participants and intermediaries is premised on a flawed theory that collapses the long-recognized distinction between the *subject* of an investment-contract security, which could be virtually any type of asset, and the "investment contract" itself, which may be a security under applicable U.S. securities laws. Further, The Chamber's proposed brief explains why the SEC's regulation-by-enforcement approach is not only destructive to the development of an already trillion-dollar industry, but also presents a "major question" under the U.S. Supreme Court's Major Questions Doctrine. The SEC should seek proper authorization from Congress through legislative action rather than rushing into a perceived void to capture a bigger piece of the regulatory and enforcement pie through litigation.

As the world's largest digital assets and blockchain trade association, The Chamber is uniquely well positioned to aid the Court in understanding the negative consequences on the industry of the SEC's legal positions. The Chamber is also uniquely well placed to assist the Court in understanding the salient technical aspects of digital assets, including why those assets, when stripped of any accompanying promises, rights or obligations, do not fit within the SEC's established investment contract framework.

This motion is timely filed before resolution of the pending motions to dismiss. Pursuant to Local Rule 7(o), counsel for the Chamber has notified the parties of its intention to file this

motion. The Defendants do not oppose the Chamber's filing of an *amicus curiae* brief. The SEC declined to take a position the SEC declined to take a position but reserved the right to object upon review of the brief.

## CONCLUSION

For the foregoing reasons, The Chamber respectfully requests that the Court grant its Motion for leave to file the attached *amicus curiae* brief. A proposed order is being filed alongside this Motion.

Dated:  October 19, 2023                               */s/ Weisiyu Jiang*

                                                Steven F. Gatti*
                                              Weisiyu Jiang
                                              CLIFFORD CHANCE US LLP
                                              2001 K Street NW
                                              Washington, District of Columbia 20006
                                              (202) 912-5000
                                              Steven.Gatti@cliffordchance.com
                                              Weisiyu.Jiang@cliffordchance.com

                                              Jesse Overall*
                                              CLIFFORD CHANCE US LLP
                                              31 West 52nd Street
                                              New York, New York 10019
                                              (212) 878-8000
                                              Jesse.Overall@cliffordchance.com

                                              *pro hac vice to be filed

                                              *Attorneys for Amicus Curiae*
                                              *The Chamber of Digital Commerce*