UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) <br> ) <br> ) |
| *Plaintiff*, | ) <br> ) |
| v. | ) CIVIL ACTION NO. 1:23-cv-01599 (ABJ-ZMF) <br> ) |
| BINANCE HOLDINGS LIMITED, et al., | ) <br> ) <br> ) |
| *Defendants*. | ) |

**RENEWED MOTION OF CHAMBER OF DIGITAL COMMERCE
FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS**

Pursuant to Local Rule 7(o) of this Court, and this Court's October 11, 2023 Minute Order in this matter regarding motions for leave to file *amicus curiae* briefs, the Chamber of Digital Commerce ("The Chamber"), through its undersigned attorneys, respectfully moves this Court for leave to file an *amicus curiae* brief in support of defendants' motion to dismiss in the above-captioned matter. The proposed *amicus curiae* brief of the Chamber of Digital Commerce is attached to this Motion as Exhibit A.

**STATEMENT OF INTEREST**

Founded in 2014, The Chamber is the world's largest digital asset and blockchain trade association. The Chamber represents more than 200 diverse members of the blockchain industry globally, including digital asset exchanges, leading banks and investment firms, startups, and other digital asset economy participants. Guided by the principle of promoting industry compliance with applicable law, The Chamber seeks to foster a legal and regulatory environment in which digital asset users can enjoy regulatory certainty as they apply blockchain technologies to an array

of commercial, technological, and social purposes. An important aspect of that mission is representing the interests of its members, including regularly filing briefs as *amicus curiae* in novel cases that implicate issues of importance to the blockchain community.[1]

Pursuant to its mission, The Chamber also sponsors several compliance-focused initiatives, in addition to advocating for legislative and regulatory clarity. These include the Blockchain Alliance, which since 2015 has combatted criminal uses of blockchain technology, providing technical assistance and information-sharing resources. This initiative serves over 100 governmental and commercial entities, including the Securities and Exchange Commission (the "SEC"). The Chamber also encourages industry compliance with federal securities law through initiatives like the Token Alliance, a network of 400+ thought leaders and technologists that has developed numerous tools and resources for industry and policymakers as they engage with the blockchain and digital asset community.

The Chamber and its members have a strong interest in this case. The gravamen of the SEC's Complaint is a novel misapplication of almost 100 years of U.S. securities law precedent, including recent court decisions directly addressing the intersection of digital assets and the U.S. securities laws. The SEC's regulation-by-enforcement approach has attracted the interest of The Chamber and its members, because this approach stifles innovation while undermining The Chamber's goal of achieving regulatory certainty in the digital assets markets.

## ARGUMENT

On October 11, 2023, this Court issued a Minute Order (the "Minute Order") requiring any

---

[1] For example, The Chamber recently filed an amicus brief in *Securities and Exchange Commission v. Coinbase, Inc., et al., and Coinbase Global, Inc. See* Brief of Amicus Curiae, The Chamber of Digital Commerce, *SEC v. Coinbase Inc. et al.*, Case No. 1:23-cv-04738-KPF, Dkt. No. 55 (S.D.N.Y. filed Aug. 11, 2023).

motions for leave to file *amicus curiae* briefs filed after that date to "explain why the brief would be helpful or necessary, if it sets forth a position already taken in prior amicus briefs filed in this case." The Chamber respectfully submits that its Proposed Brief principally sets forth positions that have not previously been taken by other *amici curiae* who have filed briefs in this case. To the extent, however, that the Court determines that The Chamber's Proposed Brief advances positions already taken by other *amici curiae*, we believe The Chamber's perspective, which is distinct from the other *amici curiae,* would nevertheless be helpful to this Court's understanding of the industry-wide impact of the SEC's regulation-by-enforcement approach as well as its attempt to aggrandize its jurisdiction through classifying substantially all digital assets as securities.

"[T]his Court has 'broad discretion' in determining whether to permit a party to participate in a lawsuit as amicus curiae." *Commonwealth of the N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (citation omitted). "Amicus participation is normally appropriate when," among other reasons, "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Hard Drive Prods., Inc. v. Does 1-1*, 495, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) (citation omitted). In addition to satisfying the requirements of the Minute Order, The Chamber's Proposed *amicus curiae* Brief meets these standards.

I. **The Chamber's Proposed Brief Sets Forth Positions not Previously Taken in Prior Amicus Briefs Filed in this Case**

The Chamber's Proposed Brief makes three principal arguments, two of which have not been addressed by other *amici curiae*.

First, the Chamber's Proposed Brief argues that the legal and regulatory uncertainty created by the SEC's regulation-by-enforcement approach has stifled innovation and harmed

U.S. consumers and U.S. workers.  Ex. A 610.  The Chamber's argument focuses on the negative effects to the blockchain and digital assets community writ large.  This is not an argument that has been advanced by any of the other *amici curiae* in this matter.  *Amicus curiae* Investors Choice Advocates Network ("ICAN") advances an argument that the SEC's enforcement regime harms American *investors*, but does not focus on harm to *digital assets businesses* or *users*.  Dkt. 150, 2–6.  No other *amicus curiae* advances an argument regarding the practical harms that the SEC's enforcement tactics have caused to the commercial use of blockchain technology and digital assets.

Second, the Chamber's Proposed Brief argues that the SEC's theory in this case improperly collapses the long-recognized distinction between the *subject* of an investment-contract security, which could be virtually any type of asset, such as citrus groves (real estate)in the landmark 1946 Supreme Court decision in *S.E.C. v. W.J. Howey Co.,* 328 U.S. 293 (1946), and the "investment contract" itself, which may be a security under applicable U.S. securities laws, such as the right to receive a share of the grove's profits in *Howey*.  Ex. A 1016. This argument, as well, has not been advanced by any other *amici curiae*.  *Amicus Curiae* Paradigm Operations LP ("Paradigm") advances a facially similar but distinct argument, which focuses on the requirement that an investment contract include a contractual undertaking to deliver *future value* to the investor.  Dkt. 147, 411.  Unlike Paradigm, The Chamber's argument focuses on the notion that anonymous secondary transactions in digital assets necessarily eliminate any promises or undertakings that may have accompanied those assets, and may therefore have constituted investment contracts when those assets were initially sold.  Ex. A, 1113.  The other *amici curiae* focus on distinct arguments, and do not advance a similar argument to that offered by The Chamber.  The Chamber's investment contract argument also focuses on recent digital assets decisions from other courts,

which do not feature in the briefs of other *amici curiae*.  Ex. A, 1318.

Finally, The Chamber's Proposed Brief argues that the regulatory treatment of digital assets is a "Major Question" that should be reserved to Congress under the Supreme Court's Major Questions Doctrine.  Ex. A, 1619.  The Chamber concedes that Paradigm advances a similar argument.  Dkt. 147, 1722.  The Chamber, however, respectfully submits that the Proposed Brief would nevertheless be helpful and necessary to this Court's understanding of the Major Questions Doctrine implications of this matter, as the Proposed Brief will bring to this Court's attention statements and communications by members of Congress regarding the SEC's enforcement overreach, which do not feature in the briefs of other *amici curiae*.  *See, e.g.*, Ex. A at 7 (statements of Representative McHenry and Torres); *id.* at 18 n.8 (Letter from Representatives Hill & Johnson to SEC Chair Gary Gensler).  The Chamber's Proposed Brief also reframes the Major Questions Doctrine analysis from a narrow focus on digital assets to an assessment of the impact of the SEC's aggressive assertion of jurisdiction over subject assets that are not securities, which could conceivably touch markets in a wide range of assets well outside the SEC's historical purview.

**II.     The Chamber's Proposed Brief would be Helpful and Necessary to the Court's Understanding of the Issues in this Case.**

Even if the Court finds that The Chamber is advancing positions previously taken by other *amici curiae* in this matter, The Chamber nevertheless respectfully submits that the Proposed Brief would be helpful and necessary to the Court's understanding of the issues in this case, as required by the Minute Order.  As the world's largest digital assets and blockchain trade association, The Chamber is uniquely well positioned to aid the Court in understanding how the SEC's aggressive assertion of its jurisdiction over the blockchain economy through enforcement actions creates legal and regulatory uncertainty, stifles innovation, and hurts the U.S. innovator, consumer, and worker. Moreover, given The Chamber's expertise in digital assets, it is also uniquely well placed to assist

the Court in understanding the salient technical aspects of the digital assets at issue in this case, including why those assets, when stripped of any accompanying promises, rights or obligations, do not fit within the SEC's established investment contract framework.

\*     \*     \*

This motion is timely filed before resolution of the pending motions to dismiss. Pursuant to Local Rule 7(o), counsel for the Chamber has notified the parties of its intention to file this motion. The Defendants do not oppose the Chamber's filing of an *amicus curiae* brief. The SEC declined to take a position but reserved the right to object upon review of the Proposed Brief.

## CONCLUSION

For the foregoing reasons, The Chamber respectfully requests that the Court grant its Motion for leave to file the attached *amicus curiae* brief. A proposed order is being filed alongside this Motion.

Dated:  October 27, 2023　　　　　　　　　　/s/ Weisiyu Jiang

　　　　　　　　　　　　　　　　　　　　　　Steven F. Gatti*
　　　　　　　　　　　　　　　　　　　　　　Weisiyu Jiang
　　　　　　　　　　　　　　　　　　　　　　CLIFFORD CHANCE US LLP
　　　　　　　　　　　　　　　　　　　　　　2001 K Street NW
　　　　　　　　　　　　　　　　　　　　　　Washington, District of Columbia 20006
　　　　　　　　　　　　　　　　　　　　　　(202) 912-5000
　　　　　　　　　　　　　　　　　　　　　　Steven.Gatti@cliffordchance.com
　　　　　　　　　　　　　　　　　　　　　　Weisiyu.Jiang@cliffordchance.com

　　　　　　　　　　　　　　　　　　　　　　Jesse Overall*
　　　　　　　　　　　　　　　　　　　　　　CLIFFORD CHANCE US LLP
　　　　　　　　　　　　　　　　　　　　　　31 West 52nd Street
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　　　　　　(212) 878-8000
　　　　　　　　　　　　　　　　　　　　　　Jesse.Overall@cliffordchance.com

　　　　　　　　　　　　　　　　　　　　　　*pro hac vice to be filed

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Amicus Curiae*
　　　　　　　　　　　　　　　　　　　　　　*The Chamber of Digital Commerce*