## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE
COMMISSION,

*Plaintiff*,

v.

BINANCE HOLDINGS LIMITED,
BAM TRADING SERVICES INC.,
BAM MANAGEMENT US HOLDINGS
INC., AND CHANGPENG ZHAO,

*Defendants*.

No. 1-23-cv-01599-ABJ-ZMF

## JOINT STATUS REPORT

Pursuant to the Court's direction at the October 13 hearing, Plaintiff Securities and

Exchange Commission ("SEC"), Defendants BAM Management US Holdings Inc. and BAM

Trading Services Inc. (collectively, "BAM"), Binance Holdings Limited ("Binance") and

Changpeng Zhao respectfully submit this Joint Status Report.

I.     **BAM-Related Discovery**

    **A.  Document Discovery**

        **i.  SEC's Position**

At the October 13 hearing the Court directed BAM to make "robust" rolling productions

within two weeks, and to provide written confirmation of the scope and timing of all productions

and other responses in connection with each of the requests the SEC sent BAM on September 21

("September 21 Requests").  *See* Oct. 13, 2023 Tr. pp. 26: 23-25 – 27: 1-3; 28: 4-15.  The Court

also directed that, to the extent BAM believed a request to be overbroad, for BAM to put a "fine

point" on how to address the question presented in the request.  Oct. 13, 2023 Hr'g Tr. p. 31: 7-12.  In short, BAM is required to provide a "crystallized position as to what it is they want to produce and what they don't want to produce," *id.* p. 69, because "generic overbreadth and burden" objections "are not going to carry the day."  *Id.* p. 17.

BAM's first production since the hearing came late in the evening on Friday, October 27, which the SEC has only been able to begin processing and reviewing.  In the production cover letter, BAM represented it was continuing to search for responsive documents, without specifying the scope or timing of the search or production.  In addition, BAM raised objections to certain of the SEC's targeted requests, claiming they are overly broad and unduly burdensome, without further specification.  The parties held a meet and confer call on October 30 to discuss the scope of that production and BAM's ongoing searches for responsive documents but were not able to resolve open questions regarding the productions.

In the Joint Status Report, BAM has articulated that it plans to commit to search for and produce by November 13 responsive documents to all but two of the SEC's document and communications requests, but has also suggested that some requests may be too broad or burdensome, again without explaining why.

As to the agreed inspection of BAM's relevant systems and software, the SEC has identified to BAM counsel the systems and software that would be subject to the proposed inspection.  Consistent with the discussion during the recent hearing, the SEC requested a meet and confer to discuss the manner and means of execution to ensure an efficient and effective process. The SEC continues to reserve its request for source code, particularly if the inspection does not provide the information necessary to assess the custody and control of the private keys.

In short, given the timing of BAM's recent production, and BAM's failure to provide the SEC with its production plan for each of the SEC's requests as directed by the Court (*see, e.g.*, Oct. 13, 2023 Hr'g Tr. 40-42) or the basis for any of its current or potential future objections, the SEC has limited ability to provide a fulsome position in this status report as to where the parties stand on the current status of BAM's productions. The SEC can confirm that its requests are still not satisfied, and it lacks even a general sense of what documents or communications it should expect in response to various outstanding discovery requests, or what custodians or data sources are being searched. For those communications requests for which BAM has produced documents, the productions have been minimal, and BAM has not confirmed these productions are complete. Moreover, during the recent meet and confer, BAM stated it was still evaluating whether it had possession, custody, and control of certain communications about which its own witnesses had testified in depositions.

In light of the current status, the SEC believes that even with BAM's promise to produce additional documents and communications by November 13, there will likely be discovery issues that remain unresolved. The SEC believes a conference with the Court after November 13, when BAM expects to complete its production, would be helpful to address any outstanding issues that the parties cannot resolve. The SEC is ready to coordinate with the Court and the Defendants on the date of such hearing so that it is soon after November 13.

### ii. BAM's Position

Following the Court conference on October 13, 2023, BAM has made substantial progress in responding to the Document and Communications Requests. On October 27, 2023, BAM made a document production consisting of 3,675 pages of documents responsive to 14 of the SEC's Document Requests and two of the SEC's Communications Requests. In addition,

BAM informed the SEC that it has been unable to locate any documents responsive to three Document Requests and one subsection of a Document Request after a reasonable search.  To date, BAM has produced documents or confirmed that it was unable to locate responsive documents for approximately 65% of the SEC's Document Requests.

BAM has also made substantial progress in responding to the SEC's other Communications Requests.  As BAM informed the SEC in its October 27 letter, BAM is in the process of reviewing email data collected from the Company's Chief Information Security Officer ("CISO").  BAM has agreed to produce all responsive, non-privileged documents identified through a reasonable search of that data on or before November 13, 2023. Furthermore, as BAM informed the SEC on the October 30 call, BAM is continuing to search for communications over Slack and other chat programs that are responsive to the Communications Requests.  BAM believes that these documents will adequately address the SEC's Communications Requests that have not been previously addressed through BAM's document productions.

As instructed by the Court, BAM has also identified to the SEC the Requests to which it is objecting.  In an effort to narrow BAM's objections to the Document Requests, BAM's October 27 letter identified documents and deposition testimony responsive to Document Request Nos. 1 and 2.  BAM continues to object to Document Request Nos. 30 and 31, which seek highly sensitive source code, but, as noted, otherwise is making an effort to search for and produce documents responsive to each of the SEC's Document Requests.  BAM also informed the SEC in its October 27, 2023 letter that it objects to Document Request Nos. 39 and 40 on the grounds that they are overly broad and unduly burdensome, and identified the documents that BAM has produced to date which it believes satisfied those Requests.  Requests 39 and 40 seek

reconciliation information concerning corporate and customer fiat and digital assets on a monthly basis. BAM produced a detailed accounting of BAM's corporate and customer assets as of June 30, 2023 on August 7, 2023 pursuant to the Consent Order. This was a significant endeavor, and BAM continues to believe that the SEC's request for similar information on a monthly basis is overly broad and unduly burdensome.

BAM is currently performing targeted searches for each one of the Document and Communications Requests to which it has agreed to produce documents, and it expects to produce documents responsive to most, if not all, of the remaining Document Requests (or inform the SEC that it has been unable to locate responsive documents after a reasonable search) on or before November 13, 2023. BAM believes that this production plan is entirely consistent with the Court's instructions, and does not agree with the SEC's suggestion that BAM has failed to provide any information that the Court required.

Because of the recent reductions in force at BAM, BAM anticipates that there may be a small number of Requests for which BAM may require additional time to identify responsive documents, or for which it would be unduly burdensome for BAM to produce responsive documents. To the extent BAM determined that it requires additional time to produce documents in responsive to any of the Requests, or that it would be unduly burdensome to do so, BAM proposes that the parties meet and confer after November 13, 2023 to discuss alternative means of providing the information sought by those Requests. To be clear, BAM is not currently aware of any specific Requests that it does not expect to satisfy by November 13, 2023. However, given the number and breadth of the Requests contained in the SEC's September 21, 2023 letter, BAM believes that it is prudent to consider how to proceed if it finds that it is unable to produce documents in response to any of the SEC's requests without undue burden.

Finally, BAM facilitated the SEC's inspection of a shard device on October 24, 2023. During a meet and confer on October 18, 2023, BAM also confirmed that it is willing to allow the SEC to conduct an inspection of certain other of its systems and provided an overview of what it expected that inspection would entail. The SEC indicated that it would discuss the inspection internally and provide BAM with its position as to its desired scope of the inspection. Although the SEC states above that it has provided its expectations concerning the scope of the inspection, this is incorrect. The SEC has not yet provided its position and on the evening of October 25, proposed another meet and confer on this issue.

BAM agrees that it would be productive to hold a conference with the Court after BAM completes its production of documents in response to the Requests to the extent there any open issues. However, BAM believes that it would be more productive to hold such a conference on or after November 20, 2023 (one week after BAM expects to complete or substantially complete productions in response to the SEC's Requests) to allow the SEC to review BAM's productions, and allow the parties to discuss any issues that may arise.

### B. Depositions

#### i. Joint Update

In its September 21 letter, the SEC requested the depositions of eight BAM employees in addition to a 30(b)(6) deposition. The SEC conducted the first of those depositions on October 24, 2023. The next deposition is scheduled for October 31, 2023, and the parties are working to schedule depositions for the other witnesses, with all but a few dates confirmed. In addition, the parties are meeting and conferring with regard to the 30(b)(6) topics. On October 18, 2023, BAM informed the SEC that it plans to designate testimony given by BAM witnesses as 30(b)(6) testimony for certain of the topics, and that the parties can then meet and confer with regard to

topics that have not yet been addressed by such designations or for which additional testimony is necessary.

The SEC has not yet agreed to this retrospective approach as consistent with Rule 30(b)(6), but will continue to confer with BAM on this issue after BAM provides its proposed designations, which BAM anticipates providing this week.  Consistent with the Court's direction at the September 18 hearing, the parties will make submissions to the Court stating their positions on the SEC's pending requests for the depositions of BAM's former CEO and CFO after the other agreed depositions have been completed.[1]

### C. Interrogatories

#### i. SEC's Position

In response to the SEC's Motion to Compel, BAM agreed that it would supplement its prior interrogatory response *See* Resp. Mot. to Compel, at 16, Dkt. No. 107.  Likewise, during the October 13 hearing, BAM's counsel indicated that they would provide supplemental interrogatory responses.  *See* Oct. 13, 2023 Tr. pg. 66: 14-25.  Although BAM's counsel represented that it would provide a timeline for these responses within two weeks, BAM has not yet provided such a timeline. *See* Oct. 13, 2023 Tr. pg. 67: 16-25.

---

[1] The SEC reserves the right to raise the issue sooner based on information revealed during ongoing discovery.  During a recent deposition, a witness testified that Jasmine Lee was part of the same reduction in force as BAM's former CEO, and she will be departing (or has already departed) the Company.  In the meantime, she is no longer serving as BAM's CFO, and BAM has an acting CFO.  It would therefore appear that BAM's reliance upon the *Apex* doctrine in support of its objections to Ms. Lee's deposition no longer apply, although the SEC will seek further details form BAM on this issue.

BAM does not believe that the SEC's position that the *Apex* doctrine no longer applies is an accurate statement of the law.  Nor does BAM believe that any additional depositions are necessary given that BAM has already agreed to at least 13 depositions (including a 30(b)(6) deposition) and, to date, the SEC has yet to identify any evidence that BAM's customer assets have been misused in any way.

### ii.  BAM's Position

BAM has prioritized responding to the SEC's Document and Communications Requests and preparing 8 witnesses for depositions.  BAM anticipates being in a position to update its interrogatories by November 20, 2023.

## D.  Part IV of Consent Order

### i.  SEC's Position

Part IV of the Consent Order requires BAM to, among other things, provide information about "each" wallet and account holding company or Customer Assets, and corresponding balances.  Consent Order, IV.  By letter dated October 27, BAM informed the SEC that it will be supplementing its verified accounting with wallet-level balances for the deposit wallets of its customers this week.  By letter dated October 30, the SEC requested that BAM ensure that this anticipated production include the list of all customers, their user IDs, and their customer deposit wallet addresses.  The SEC also reiterated its request for the individual staking information (as required under Section IV) and related financial information to inform the analysis.  The parties will continue to meet and confer on these issues after BAM makes its production.

## E.  BAM's Position

In BAM's verified accounting, BAM provided account level data for all of BAM's hot wallets and cold wallets, and aggregate data for all of BAM's deposit wallets.  As BAM explained in its August 7, 2023 letter, BAM produced this data in the aggregate because there are almost 1.5 million such wallets on BAM's platform.  The SEC has requested that BAM produce account level data for BAM's deposit wallets.

Although BAM does not agree with the SEC's assertions that account level data for BAM's deposit wallets is necessary, BAM has agreed to provide account level data for all of its deposit accounts.  BAM expects to be able to produce this data by November 6, 2023.

## II.     **Binance/Zhao-Related Discovery**

### A.  **SEC's Position**

In accordance with the Court's guidance in the September 18 hearing, on October 5, the SEC sent Defendants Binance Holdings Limited ("Binance") and Changpeng Zhao a targeted list of specific documents it requested that Binance and Zhao produce during the ongoing discussions with BAM while reserving the SEC's right to seek additional documents responsive to the SEC's First Requests for Production of Documents.  The targeted list of requests are not new, but, rather, a subset of priority requests that fall within the SEC's First Requests for Production of Documents served on August 3, seeking discovery that BAM claims it does not have within its possession, custody, and control.  The SEC, Binance, and Zhao held a meet and confer call on October 19 to meet and confer on these requests.  As the SEC explained to Binance during the recent meet and confer, the requested discovery addresses the critical issues of custody and control of BAM and Customer Assets, and the software and related technology developed and operated by Binance governing the custody, control, and transfer of assets; not "hypothetical software security risks."  Binance's counsel expressed willingness to produce documents to address the core concerns of Binance's control over BAM's assets, but has not committed to any specific scope or timing of such production.  Testimony to date continues to suggest that Binance and/or Mr. Zhao possess documents and other information that may be dispositive of the key issues under the Consent Order and now before the Court.  Therefore, the SEC requests a conference with the Court to discuss the scope and timing of Binance's document

productions, to be scheduled on a date soon after November 13 that is determined in coordination with the Court and the Defendants.[2]

### B.  Binance and Zhao's Position

BHL would be pleased to address the Court at any time but respectfully submits that it would be most practical to afford BHL a reasonable time to conduct further diligence on the SEC's discovery requests first.  Although the parties had previously agreed that discovery would be sequenced to focus first on BAM, BHL offered at a hearing before this Court on September 18, 2023 to consider targeted requests from the SEC while discovery as to BAM was ongoing. The SEC served BHL with revised requests about two-and-a-half weeks later, on October 5. BHL met and conferred in good faith with the SEC on October 19 and is working to address the SEC's new discovery requests, as clarified by the parties' conferral.

The SEC nonetheless seeks a hearing "soon after November 13," implying that BHL already had ample time to assess its requests before the parties met and conferred about them even once.  Any suggestion that BHL should already know what it will produce and when ignores the parties' earlier agreement to sequence discovery, the Court's subsequent input on the proper scope of these initial proceedings, and significant changes to the SEC's requests.  The SEC's initial requests sought 35 broad categories of documents, vastly exceeding the scope of discovery permitted under the Consent Order.  And sweeping as they were, the SEC's initial

---

[2] The SEC continues to reserve the right to seek further relief from the Court if the parties are unable to resolve pending issues regarding Binance's productions in response to Section IV of the Consent Order.  *See* Mot. to Compel Memo at 15 n.4.  Pending issues include Binance's continued withholding of information required under Section IV pending entry of a protective order.

requests did not request the production of BHL's "source code"—which is the central focus of many requests the SEC served on October 5.[3]

Under the circumstances, it is unreasonable to expect that BHL could have determined the best means of answering the SEC's new requests, which largely demand that BHL disprove hypothetical software security risks, in just eleven days—less time than it took the SEC to send its revised requests. It is unreasonable to expect that BHL could have determined the best means of answering the SEC's new requests, which largely demand that BHL disprove hypothetical software security risks, in just ten days—far less time than it took the SEC to send its revised requests. BHL, thus, proposes that the parties continue diligent work on this matter, submit another joint status report on or before November 21, 2023, and advise the Court on their views as to whether a hearing would be productive at that time.

## III.   **Proposed Protective Order**

Consistent with the Court's direction, the parties will soon file a proposed Protective Order and related motion that limits the scope of the previously filed Protective Order to information disclosed pursuant to the Consent Order.

---

[3] BHL timely produced the information required under Section IV of Consent Order and has also answered several follow up requests, including most recently on September 11, 2023. Aside from ongoing consideration of whether to produce additional personal identifiable information associated with already-identified accounts, as referenced in note 2, the SEC has not asked for further information, and BHL is aware of no pending issues.

Dated:  October 31, 2023                       Respectfully submitted,

*/s/ Daniel W. Nelson*                          */s/ Matthew Scarlato*
Daniel W. Nelson (D.C. Bar #433415)
Richard W. Grime (*pro hac vice*)               Matthew F. Scarlato (D.C. Bar No. 484124)
Jason J. Mendro (D.C. Bar #482040)              Jennifer L. Farer (D.C. Bar No. 1013915)
Stephanie Brooker (*pro hac vice*)              David A. Nasse
M. Kendall Day (*pro hac vice                   SECURITIES AND EXCHANGE
forthcoming*)                                   COMMISSION
GIBSON, DUNN & CRUTCHER LLP                     100 F Street, NE
1050 Connecticut Avenue, N.W.                   Washington, DC 20549-9040
Washington, D.C.  20036-5306                    (202) 551-3749 (Scarlato)
DNelson@gibsondunn.com                          nassed@sec.gov
RGrime@gibsondunn.com                           farerj@sec.gov
JMendro@gibsondunn.com                          scarlatom@sec.gov
SBrooker@gibsondunn.com
KDay@gibsondunn.com                             J. Emmett Murphy
                                                Jorge G. Tenreiro
*Attorneys for Defendant Binance*               Elisa Solomon
*Holdings Limited*                              SECURITIES AND EXCHANGE
                                                COMMISSION
                                                100 Pearl Street
                                                New York, NY 10004
                                                (212) 336-0078 (Murphy)
                                                murphyjoh@sec.gov
                                                tenreiroj@sec.gov

                                                *Attorneys for Plaintiff Securities and*
                                                 *Exchange Commission*

*/s/ Abid Qureshi*
Abid R. Qureshi (D.C. Bar No. 459227)
William R. Baker, III (D.C. Bar No. 383944)
Erik S. Volkman (D.C. Bar No. 490999)
Michael E. Bern (D.C. Bar No. 994791)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
abid.qureshi@lw.com
william.baker@lw.com
eric.volkman@lw.com
michael.bern@lw.com

Douglas K. Yatter (*pro hac vice pending*)
Benjamin Naftalis (*pro hac vice pending*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
douglas.yatter@lw.com
benjamin.naftalis@lw.com

Heather A. Waller (*pro hac vice pending*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
heather.waller@lw.com

Melanie M. Blunschi (*pro hac vice pending*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600
Fax: (415) 395-8095
melanie.blunschi@lw.com

*Attorneys for Defendant Changpeng Zhao*

*/s/ Matthew T. Martens*
Matthew T. Martens
William R. McLucas (*pro hac vice pending*)
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6921
Fax: (202) 663-6363
matthew.martens@wilmerhale.com
william.mclucas@wilmerhale.com

Tiffany J. Smith (*pro hac vice pending*)
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
tiffany.smith@wilmerhale.com

George S. Canellos
Matthew Laroche
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163
212-530-5792
gcanellos@milbank.com
mlaroche@milbank.com

*Attorneys for Defendants BAM Trading Services Inc. and BAM Management Holdings US Inc.*