**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>BINANCE HOLDINGS LTD., ET AL<br><br>*Defendants.* | Civil Action No. 1:23-cv-01599-ABJ-ZMF |

**MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE ADMINISTRATIVE LAW SCHOLARS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS**

Jeffrey B. Dubner (1013399)
Orlando Economos (90013791)*
Sarah Goetz (1645309)*
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
202-788-6052
jdubner@democracyforward.org
oeconomos@democracyforward.org
sgoetz@democracyforward.org

*Counsel for Amici Curiae*

*\* Application for admission pending*

1

Professor Todd Phillips and Beau Baumann respectfully request leave to file the accompanying brief in support of Plaintiff as amici curiae. Pursuant to Local Civil Rules 7(m) and (o), counsel for amici sought the consent of the parties; neither Plaintiff nor any Defendant take any position on the filing of amici's brief. Pursuant to Rule 7(o), a proposed order is attached.

Amicus curiae Todd Phillips is Assistant Professor of Legal Studies at the J. Mack Robinson College of Business at Georgia State University in Atlanta, GA. Professor Phillips's scholarship has focused on financial regulation, crypto assets, and administrative law. *See, e.g.*, Todd Phillips, *Commission Chairs*, 40 Yale J. Regul. 277 (2023); Todd Phillips, *In Support of Supervisory Guidance*, 3 Corp. & Bus. L.J. 344 (2022); Todd Phillips, Ctr. for Am. Progress, *The SEC's Regulatory Role in the Digital Asset Markets*, (Oct. 4, 2021).

Amicus curiae Beau Baumann is an attorney and Doctoral candidate at Yale Law School. His work focuses on administration law and statutory interpretation. *See, e.g.*, Beau J. Baumann, *Americana Administrative Law*, 111 Geo. L.J. 465 (2023); Beau J. Baumann, *The Turney Memo*, 97 Notre Dame L. Rev. Reflection 155 (2022).

Amici and their counsel have authored and funded this brief entirely by themselves, and amici join this brief in their individual capacities, listing their institutional affiliations for identification purposes only. They have no financial stake in this litigation.

Amici should be granted leave to file because their review of major questions doctrine precedent offers a unique perspective that may aid the Court in resolving whether the doctrine applies here. District courts have "inherent authority" to grant participation by an amicus curiae, *see Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (citation omitted), and "broad discretion" in determining when to do so, *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). This Court has explained that an amicus brief

2

"should normally be allowed . . . when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin*, 557 F. Supp. 2d at 137 (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F. 3d 1062, 1063 (7th Cir. 1997)).

Amici offer their unique perspective as scholars of administrative law in the area of financial regulation on the history and boundaries of the major questions doctrine. This case involves two pressing issues in the fields of securities and administrative law: whether novel financial products may evade the investor protections that have ensured the vitality and safety of the nation's capital markets for the past eight decades; and the boundaries of the major questions doctrine. Amici take no position on whether the crypto assets at issue are "investment contracts" under securities legislation and the traditional *Howey* test interpreting that term. *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946). Instead, they analyze Defendants' arguments focused on the major questions doctrine and go beyond the briefing of the parties to provide a clear framework for understanding its application in the context of securities enforcement.

Defendants argue that the major questions doctrine should limit the reach of the SEC's statutory authority and supersede judicial precedent regarding the nature of securities. This argument misunderstands the scope of the major questions doctrine as articulated in recent decisions by the Supreme Court and would improperly apply the doctrine beyond its reach. Amici's comprehensive review of the Supreme Court's major questions jurisprudence provides a unique perspective to the Court in this case, beyond what the parties have briefed and absent from the briefs of other amici. Amici therefore ask the Court to grant their motion.

3

Respectfully submitted,

Dated: [November 14, 2023]

*/s/ Jeffrey B. Dubner*

Jeffrey B. Dubner (1013399)
Orlando Economos (90013791)*
Sarah Goetz (1645309)*
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, DC 20043
202-788-6052

*Counsel for Amici Curiae*

*\* Application for admission pending*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2023, a true and correct copy of the foregoing was filed with the Clerk of the United States District Court for the District of Columbia via the Court's CM/ECF system, which will send notice of such filing to all counsel who are registered CM/ECF users.

Respectfully submitted,

Dated: [November 14, 2023]

*/s/ Jeffrey B. Dubner*

Jeffrey B. Dubner (1013399)

*Counsel for Amici Curiae*