UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) ) ) | CIVIL ACTION NO. 1:23-cv-01599-ABJ-ZMF |
| BINANCE HOLDINGS LIMITED, et al., | ) ) ) | |
| *Defendants*. | ) ) ) | |

## MOTION OF NEW FINANCE INSTITUTE FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Pursuant to LCvR 7(o)(1), New Finance Institute, Inc. ("NFI") respectfully requests leave to file an amicus brief in support of plaintiff SEC's opposition of motion to dismiss filed by Defendants BAM Management US Holdings Inc. and BAM Trading Services Inc. (ECF No. 117), and the motion to dismiss filed by Defendants Binance Holdings Limited and Changpeng Zhao (ECF No. 118) (collectively, "Motions").

Movant herein contacted all counsel for Plaintiff and Defendants via email on November 14, 2023. Plaintiff, Securities and Exchange Commission, and Defendants, Binance Holdings Limited and Changpeng Zhao, take no position on NFI's request for leave and reserve their rights to object upon filing accordingly. Defendants BAM Management US Holdings Inc. and BAM Trading Services Inc. and Defendants have not responded by even date and time of this filing.

A copy of NFI's proposed amicus brief is attached to this motion as Exhibit A.

# **INTEREST OF THE AMICUS CURIAE**[1]

New Finance Institute ("NFI") is a public benefit corporation with a dedicated mission to discover financial truths and bring financial empowerment to the masses. NFI's corporate website can be found at: www.newfinanceinstitute.com. NFI publishes two blogs: Finance 2027 ("F27") and Full Court Press ("FCP"). F27 can be found at https://www.finance2027.com/ and, through its publication, NFI aims to build consensus on financial definitions. FCP is available at https://www.fullcourtpress.io/ and is dedicated to exploring the legal implications of financial Definitions. NFI recently filed an amicus brief with the District Court for the Southern District of New York in *SEC v. Coinbase*.

This case necessitates the application of legal principles to a unique set of facts which must be situated within the appropriate historical and financial context. NFI has a strong interest in building consensus on all financial definitions, most notably the word investing, which it sees as a gating item toward prosperity and informed decision-making. This amicus brief, drawing on financial expertise, hones in on the definition of investing, which NFI believes to be central to this case. As such, NFI advocates for an evaluation of the boundaries of investor protection through that lens. This holistic, multi-disciplinary approach is intended to offer the Court a novel and distinct viewpoint.

More specifically, in this brief, NFI proposes a refinement of *Howey* based on fundamental principles of finance ("Modified *Howey*"), an approach that provides a clear bridge from finance

---

[1] No counsel for any party authored the attached brief in whole or in part, and no entity or person, aside from the proposed amicus curiae and its counsel, made any monetary contribution intended to fund the preparation or submission of the attached brief. As of the time of this motion's filing, the undersigned counsel and his law firm do not represent any of the parties before this Court with respect to this case or any related matters.

to law. Under this proposed refinement, NFI rejects the popular, but ultimately incorrect view that *Howey* is a conjunctive test, necessitating the satisfaction of all four prongs, at all times. Instead, NFI contends that *Howey* is meant to be a flexible framework that becomes relevant depending on both the type of asset and the circumstances under which the asset is sold.

That *Howey* is meant to be flexible is well-known; what is different under the proposed framework is an explicit roadmap that maps that flexibility into the prongs themselves, i.e. for any given transaction, the Modified *Howey* analysis starts by first asking: Which prongs are relevant? In that regard, NFI views *Howey* as a set of toggles that the legal analyst chooses to "turn on or off" before proceeding with the full analysis based on the economic realities of the transactions, rather than applying the prongs conjunctively, *all the time*.

Critically, the Modified Howey approach is not an attempt to rewrite the judicial history; in fact, it is largely consistent with *Howey* and its progeny. The approach preserves most decisions that have been rendered; all it does is recognize the fact that the voluminous record of cases largely reflects what was being transacted in markets at the time and under certain conditions: sales of cash-flow-generating assets most of which can be characterized as primary market transactions. The universe of the assets traded has expanded, resulting in a need to revisit *Howey*.

NFI believes that this novel approach, based on the economic realities of a new industry and fundamental principles of finance might be of tremendous assistance to this Court not only in properly resolving this case, but also in taking the first step toward revisiting *Howey* and assessing how it should apply to an entirely new set of products in the marketplace.

## **ARGUMENT**

"An amicus brief should normally be allowed when … the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to

provide." *Citizens Against Cas. Gam., Erie Co. v. Kempthorne*, 471 F. Supp. 2d 295 (W.D.N.Y. 2007) (internal citations omitted). "District courts have broad discretion to permit or deny an appearance as amicus curiae in a case." *Automobile Club of N.Y., Inc. v. the Port Auth. of N.Y. N.J.*, 11 Civ. 6746 (RJH) (S.D.N.Y. Nov. 23, 2011), citing *Jamaica Hosp. Medical v. United Health Group*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008).

By starting the argumentation via basic principles of finance, and following those principles all the way through toward a legal conclusion while also introducing a refinement version of a critical test (*Howey*) in a way that mostly preserves the judicial past, NFI believes that it has a unique perspective that will assist this Court beyond the help that the lawyers for the parties are able to provide.

## CONCLUSION

For these reasons, this Court should grant NFI's motion for leave to file the amicus brief attached hereto as Exhibit A.

Dated: November 14, 2023

                                                            Respectfully submitted,

                                                            /s/ *Timothy C. Parlatore*
                                                            Timothy C. Parlatore (NY0332)
                                                           Scott D. Brenner, Esq. (Admission Pending)
                                                           *Counsel for Proposed Amicus Curiae*
                                                           *New Finance Institute*
                                                           Parlatore Law Group, LLP
                                                           260 Madison Avenue, 17th Floor
                                                           New York, NY 10016