UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE
COMMISSION,

    *Plaintiff*,

  v.

BINANCE HOLDINGS LIMITED,
BAM TRADING SERVICES INC.,
BAM MANAGEMENT US HOLDINGS
INC., AND CHANGPENG ZHAO,

    *Defendants*.

No. 1-23-cv-01599-ABJ-ZMF

## JOINT STATUS REPORT

Pursuant to the Court's direction at the November 27 hearing, Plaintiff Securities and Exchange Commission ("SEC"), and Defendants BAM Management US Holdings Inc., BAM Trading Services Inc. (collectively, "BAM"), Binance Holdings Limited ("Binance" or "BHL"), and Changpeng Zhao, respectfully submit this Joint Status Report.

**I.    BAM-Related Discovery**

    **A.  Document Discovery**

BAM is continuing to produce documents and communications in response to the SEC's September 21, 2023 requests, including productions within the last several weeks that the SEC is processing, reviewing, and (for many documents where necessary) translating. For certain requests for Slack communications, BAM encountered technical issues processing data that have resulted in delays. BAM has resolved those issues and is reviewing communications potentially responsive to the SEC's requests. In addition, BAM is evaluating whether there are certain

1

responsive chats stored on devices within its possession, custody, and control but has not yet identified any such communications. The SEC and BAM are continuing to meet and confer on the SEC's document requests, including as to whether specific document requests have been reasonably satisfied and the anticipated completion date for all productions. The SEC reserves the right to pursue further production of documents and communications consistent with the Consent Order, and BAM reserves the right to ask the Court to end expedited discovery with respect to BAM once BAM believes it has reasonably satisfied the SEC's requests. The parties will continue to attempt to narrow any disputes about BAM's responses to the SEC's document requests before the next status report to the Court.

### B.  Depositions

Since the November 27 hearing, the SEC has taken four additional depositions of BAM personnel and is scheduled to take another deposition on December 15. One of those fact witnesses was also designated as a Rule 30(b)(6) deponent for one noticed topic. The parties will continue to meet and confer on the scope of topics in the SEC's Rule 30(b)(6) deposition notice after the inspection of BAM's systems and software. BAM reserves the right to object to any additional Rule 30(b)(6) deposition following the meet and confer process and in light of the information provided to the SEC through other discovery and depositions.

After completing the meet and confer process for the Rule 30(b)(6) deposition or completing that deposition, whichever is later, consistent with the Court's direction at the September 18 hearing, the parties will submit to the Court their positions on the SEC's pending requests for the depositions of BAM's former CEO and CFO. The SEC reserves the right to seek additional deposition testimony from BAM personnel, including those already deposed, based on ongoing discovery, including documents and communications the SEC did not receive until after

the relevant deposition took place, or that were produced shortly before a deposition such that the SEC lacked sufficient time to include in the examination of relevant witnesses. BAM objects to deposing additional witnesses or re-deposing witnesses, and believes that the SEC has had adequate time to review documents and prepare to question witnesses about pertinent topics.

The parties will continue to meet and confer and attempt to narrow any disagreements regarding depositions before the next status report to the Court.

### C. Inspection

On December 14, BAM proposed that the requested inspection of its technology infrastructure, systems, and software take place virtually at 7 pm ET on December 21, and the SEC is currently considering BAM's proposal. The parties will continue to meet and confer and attempt to narrow any disagreements on the scope, timing, and process of the inspection before the next status report to the Court.

### D. Part IV of Consent Order

BAM has agreed to consider providing information in response to the SEC's remaining questions regarding information produced pursuant to Part IV of the Consent Order. The parties will meet and confer on these issues and will report on any disputes in the next status report to the Court.

## II. Binance/Zhao-Related Discovery

### A. Document Productions

BHL has produced System and Organization Controls ("SOC") reports that BAM's CISO described in his deposition and has also agreed to consider the SEC's request for any other SOC reports that apply to technological infrastructure, systems, and software relevant to BAM's customer or corporate assets. BHL has also agreed to consider producing chat messages over

which BAM confirmed at the last hearing it does not have possession, custody, or control, and the SEC has agreed to identify parameters for this request to help facilitate BHL's search for responsive documents. Before the next status report to the Court, the parties will also continue to meet and confer concerning the SEC's requests.[1] The SEC reserves the right to pursue further production of documents and communications, and BHL and Mr. Zhao likewise reserve the right to object.

### B. Depositions

BHL has proposed producing a fact witness to address the issues regarding access to BAM's customer and corporate crypto assets discussed at the last hearing, subject to certain conditions the parties are negotiating. Before the next status report to the Court, the parties will meet and confer and seek to schedule the date and location of this deposition. The SEC plans to also seek deposition testimony from other BHL and Zhao-related fact and corporate representative witnesses, including those the SEC previously noticed. BHL and Mr. Zhao reserve the right to object to such deposition requests. The parties will continue to meet and confer and attempt to narrow any disagreements regarding the scope, timing, location, and number of depositions.

## III. Proposed Protective Order

On December 12, 2023, the SEC asked Defendants to propose a protective order to address Defendants' concerns about the confidentiality of their information as well as the Court's November 14, 2023 Minute Order, and Defendants intend to do so.

---

[1] The SEC continues to reserve the right to seek further relief from the Court if the parties are unable to resolve pending issues regarding Binance's productions in response to Section IV of the Consent Order. *See* SEC Memo. Supp. Mot. to Compel, at 15 n.4, Dkt. No. 114-1. Pending issues include Binance's continued withholding of information required under Section IV pending entry of a protective order.

### IV. Proposed Status Update

The parties propose providing the Court with the next status report on January 25, 2023. The parties reserve the right to seek a hearing with the Court sooner if necessary to resolve ongoing disputes.

Dated: December 15, 2023

Respectfully submitted,

/s/ Daniel W. Nelson
Daniel W. Nelson (D.C. Bar #433415)
Richard W. Grime
Jason J. Mendro (D.C. Bar #482040)
Stephanie Brooker
M. Kendall Day
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036-5306
DNelson@gibsondunn.com
RGrime@gibsondunn.com
JMendro@gibsondunn.com
SBrooker@gibsondunn.com
KDay@gibsondunn.com

*Attorneys for Defendant Binance Holdings Limited*

/s/ Matthew Scarlato
Matthew F. Scarlato (D.C. Bar No. 484124)
Jennifer L. Farer (D.C. Bar No. 1013915)
David A. Nasse
SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20549-9040
(202) 551-3749 (Scarlato)
nassed@sec.gov
farerj@sec.gov
scarlatom@sec.gov

J. Emmett Murphy
Jorge G. Tenreiro
Elisa S. Solomon
SECURITIES AND EXCHANGE COMMISSION
100 Pearl Street
New York, NY 10004
(212) 336-0078 (Murphy)
murphyjoh@sec.gov
tenreiroj@sec.gov
solomonel@sec.gov

*Attorneys for Plaintiff Securities and Exchange Commission*

| | |
|---|---|
| */s/ Abid Qureshi*<br>Abid R. Qureshi (D.C. Bar No. 459227)<br>William R. Baker, III (D.C. Bar No. 383944)<br>Erik S. Volkman (D.C. Bar No. 490999)<br>Michael E. Bern (D.C. Bar No. 994791)<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC 20004<br>Tel: (202) 637-2200<br>Fax: (202) 637-2201<br>abid.qureshi@lw.com<br>william.baker@lw.com<br>eric.volkman@lw.com<br>michael.bern@lw.com<br><br>Douglas K. Yatter<br>Benjamin Naftalis<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Tel: (212) 906-1200<br>Fax: (212) 751-4864<br>douglas.yatter@lw.com<br>benjamin.naftalis@lw.com<br><br>Heather A. Waller<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>Tel: (312) 876-7700<br>Fax: (312) 993-9767<br>heather.waller@lw.com<br><br>Melanie M. Blunschi<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111-6538<br>Tel: (415) 391-0600<br>Fax: (415) 395-8095<br>melanie.blunschi@lw.com<br><br>*Attorneys for Defendant Changpeng Zhao* | */s/ Matthew T. Martens*<br>Matthew T. Martens<br>William R. McLucas<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>2100 Pennsylvania Avenue NW<br>Washington, DC 20037<br>(202) 663-6921<br>Fax: (202) 663-6363<br>matthew.martens@wilmerhale.com<br>william.mclucas@wilmerhale.com<br><br>Tiffany J. Smith<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>tiffany.smith@wilmerhale.com<br><br>George S. Canellos<br>Matthew Laroche<br>MILBANK LLP<br>55 Hudson Yards<br>New York, NY 10001-2163<br>212-530-5792<br>gcanellos@milbank.com<br>mlaroche@milbank.com<br><br>*Attorneys for Defendants BAM Trading Services Inc. and BAM Management Holdings US Inc.* |

6