**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:23-cv-01599-ABJ-ZMF** |
| | ) | |
| BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO, | ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

_____

**PLAINTIFF SECURITIES AND EXCHANGE**
**COMMISSION'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this Notice of Supplemental Authority to inform the Court of a recent ruling in _SEC v. Terraform Labs Pte. Ltd._, No. 23-cv-1346 (JSR) (S.D.N.Y.) ("_Terraform_").  On December 28, 2023, the _Terraform_ court issued its opinion on cross motions for summary judgment, resolving in the SEC's favor a number of issues similar to those that Defendants raise here.  _See Terraform_, 2023 WL 8944860 (S.D.N.Y. Dec. 28, 2023), attached as Exhibit A.  The opinion is accordingly relevant to the Court's consideration of Defendants BAM Trading Inc.'s and BAM Management US Holdings Inc.'s Motion to Dismiss ("BAM Motion"), Dkt. No. 117-1; the Joint Motion to Dismiss the Complaint by Defendants Binance Holdings Limited ("Binance") and Changpeng Zhao ("Joint Motion"), Dkt. No. 118; and the SEC's Omnibus Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("SEC Opposition"), Dkt. No. 172, which all addressed the _Terraform_ court's prior opinion denying the motion to dismiss the SEC's complaint in that case.

*See, e.g.*, BAM Mot. 25-26; Joint Mot. 10, 18-19, 24, 32 n.11; SEC Opp. 13, 26, 34, 39-40 (all citing *Terraform*, 2023 WL 4858299 (S.D.N.Y. July 31, 2023)).

First, the *Terraform* court, in addressing the definition of "investment contract," expressly rejected the defendants' efforts to "cast aside decades of settled law"—similar to Defendants' efforts in this case.  Instead, the court stressed that "the Supreme Court held in no uncertain terms that 'an investment contract for purposes of the Securities Act means a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party.'"  *Terraform*, 2023 WL 8944860, at *13 (quoting *SEC v. W.J. Howey Co.*, 328 U.S. 293, 298-99 (1946)).  The court further held that "*Howey*'s definition of 'investment contract' was and remains a binding statement of the law, not dicta."  *Id*.

Second, applying *Howey*, the *Terraform* court held there was no genuine dispute that the crypto assets at issue, UST, LUNA, wLUNA, and MIR, were offered as investment contracts and, therefore, securities.  *See id.* at *13-15.  The court's analysis of the *Terraform* defendants' so-called "stablecoin" UST is particularly relevant to this Court's consideration of Defendants' arguments concerning Binance's so-called "stablecoin" BUSD, and Defendants' staking-as-a-service, BNB Vault, and Simple Earn programs.  *See* SEC Opp. 38-44.  The *Terraform* court rejected the defendants' attempt to artificially separate the schemes offered and sold—similar to Defendants' attempt in this case as to BUSD, *see* Joint Mot. 13-14—holding that the offers and sales of UST constituted an investment contract because UST investors could deposit UST into a protocol that Terraform developed and promoted as a profit-yielding opportunity.  *Id.* at *13-14.  Further, the court pointed to statements about profits and efforts that gave rise to a reasonable expectation of profits from the efforts of others, which are similar to those that Defendants in this

case claim are insufficient as to BUSD, staking-as-a-service, BNB Vault, and Simple Earn programs. *See id.* at \*13-14; *see also* SEC Opp. 38-44.

Third, the *Terraform* court granted summary judgment to the SEC on its claim that defendants violated Section 5 of the Securities Act of 1933 ("Securities Act") by conducting unregistered offers and sales of crypto assets LUNA and MIR. The court pointed to, among other examples, the offer and sale of these crypto asset securities to purchasers on Binance and other crypto trading exchanges. *Id.* at \*16. This reaffirmed the *Terraform* court's analysis and holdings at the motion to dismiss stage—that the manner of sale of crypto asset securities, including to purchasers on Binance and other crypto trading platforms, does not impact whether a crypto asset qualifies as a security. *See id.*; *Terraform*, 2023 WL 4858299, at \*15 (explaining that *Howey* does not distinguish between purchasers because whether the crypto assets are purchased "directly from the defendants or, instead, in a secondary resale transaction has no impact on whether a reasonable individual would objectively view the defendants' actions and statements as evincing a promise of profits based on their efforts.").

Finally, the *Terraform* court held that the defendants violated Securities Act Section 5 and were not entitled to an exemption from that provision under Regulation S because defendants did not point to evidence showing that defendants took steps to ensure LUNA was not resold into the U.S. market, or that they believed there was no substantial U.S. market interest. *Terraform*, 2023 WL 8944860, at \*16 (citing 17 C.F.R. § 230.903). This analysis of Regulation S illustrates that the focus of Securities Act Section 5 claims is whether a defendant offered and sold securities to U.S. investors. *Compare* SEC Opp. 60-63, *with* Joint Mot. 38-42.

Accordingly, the *Terraform* court's opinion provides further grounds for this Court to deny Defendants' motions to dismiss.

Dated:  January 3, 2024                              Respectfully submitted,


                                                     s/ Matthew Scarlato
                                                     Matthew Scarlato (D.C. Bar No. 484124)
                                                     Jennifer L. Farer (D.C. Bar No. 1013915)
                                                     J. Emmett Murphy
                                                     David A. Nasse (D.C. Bar No. 1002567)
                                                     Jorge G. Tenreiro
                                                     Elisa S. Solomon
                                                     SECURITIES AND EXCHANGE
                                                      COMMISSION
                                                     100 F Street, NE
                                                     Washington, DC 20549
                                                     (202) 551-3749 (Scarlato)
                                                     scarlatom@sec.gov

                                                     *Attorneys for Plaintiff*