UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO,<br><br>*Defendants*. | No. 1-23-cv-01599-ABJ-ZMF |

**JOINT STATUS REPORT**

Pursuant to the Court's December 18, 2023 Minute Order, Plaintiff Securities and Exchange Commission ("SEC"), Defendants BAM Management US Holdings Inc., BAM Trading Services Inc. (collectively, "BAM"), Binance Holdings Limited ("Binance"), and Changpeng Zhao ("Zhao"), respectfully submit this Joint Status Report.

**I.     BAM-Related Discovery**

**A.  Document Discovery**

In the last status report to the Court, submitted on December 15, 2023, the parties reported that BAM was continuing to produce documents and communications in response to the SEC's September 21, 2023 requests. *See* Jt. Status Report at 1, Dkt. No. 198. BAM has not produced any documents since the last status report.

The SEC maintains that there are important aspects of discovery from BAM that are outstanding. On December 22, 2023, the SEC sent a letter detailing several gaps in BAM's

1

productions to date, including as evidenced in depositions that revealed specific documents relevant to issues relating to the Consent Order. BAM responded to the SEC's letter on the evening of January 23, 2024. The SEC's position is that there is outstanding discovery necessary to resolve issues relating to the Consent Order and is in the process of reviewing BAM's letter and identifying those issues it believes are ripe for the Court's consideration. The SEC remains committed to working with BAM in the interest of efficiency and in completing discovery related to the Consent Order.

BAM does not believe that there are any gaps in its productions. BAM's position is that it intends to make one final production of documents in response to the SEC's expedited discovery requests next week. At that point, BAM believes it will have more than reasonably complied with its obligations under the Consent Order and requests that expedited discovery be deemed complete as to BAM, particularly given how much harm and burden the SEC's TRO and approach to expedited discovery has caused BAM over the past seven months. BAM understands that the SEC has not yet had an opportunity to review the to-be-produced documents and that the SEC otherwise believes that BAM is obligated to produce additional documents.

The parties propose identifying any open issues that will require resolution by the Court in the next status update, to be submitted on February 15, 2024.

**B. Depositions**

The SEC has not taken any additional depositions of BAM personnel since the last status report was submitted on December 15, 2023, other than the deposition that was taken that same day. The SEC continues to reserve its rights with regard to a Rule 30(b)(6) deposition notice and on the SEC's pending requests for the depositions of BAM's former CEO and CFO, pending its consideration of the information obtained in the January 23, 2024 inspection (discussed below)

and BAM's document productions and letter of this week.  In addition, the SEC reserves the right to seek additional deposition testimony from BAM personnel, including those already deposed, based on ongoing discovery, including documents and communications the SEC did not receive until after the relevant deposition took place, or that were produced shortly before a deposition such that the SEC lacked sufficient time to include in the examination of relevant witnesses.

BAM does not believe that the SEC is entitled to any additional depositions from current or former BAM personnel because, among other reasons, the SEC has already deposed a dozen witnesses during expedited discovery.

The parties will continue to meet and confer and attempt to narrow any disagreements regarding depositions before the next status report to the Court.

### C.  Inspection

On January 23, 2024, in response to the SEC's request for an inspection, BAM conducted a virtual presentation for the SEC concerning certain aspects of its software.  Prior to the inspection, the SEC and BAM were unable to reach agreement concerning many aspects of this inspection, including, among other things, the scope of the inspection, the logistics for memorializing the information presented, and the extent to which the SEC could ask questions during or direct the inspection.  In the interest of progressing this issue, while reserving its rights, the SEC attended BAM's virtual presentation.  The parties will continue to meet and confer concerning the disagreements related to the inspection and will raise any issues for the Court's consideration in the next status report to the Court.

### D. Part IV of the Consent Order

BAM has agreed to consider providing information in response to the SEC's remaining questions regarding information produced pursuant to Part IV of the Consent Order. The parties will meet and confer on these issues and will report on any disputes in the next status report to the Court.

The SEC is also considering whether there is any other outstanding data or information pursuant to the Consent Order and will identify any such information to BAM.

## II. Binance/Zhao-Related Discovery

### A. Document Productions

Neither Binance nor Zhao have produced any documents since the last status report. On December 7, 2023, the SEC met and conferred with Binance concerning the SEC's discovery requests. On January 11, 2024, the SEC sent a letter to Binance and Zhao concerning the October 5, 2023 priority requests referred to in previous reports to the Court, and further identified a few discreet categories of document requests based on deposition testimony and discovery to date. Binance responded on January 16, 2024, noting that it would provide a substantive response under separate cover.

Before the next status report to the Court, the parties will continue to meet and confer concerning the scope of Binance's and Zhao's document productions in response to the SEC's requests.[1] The SEC reserves the right to pursue further production of documents and communications.

---

[1] The SEC continues to reserve the right to seek further relief from the Court if the parties are unable to resolve pending issues regarding Binance's productions in response to Section IV of the Consent Order. *See* Mot. to Compel Memo at 15 n.4, Dkt. No. 102-4. Pending issues include Binance's continued withholding of information required under Section IV pending entry of a protective order.

### B. Depositions

Binance has proposed producing a technical fact witness to address the services that BHL provides in support of the BAM Hot Wallet System, including as to "stuck" assets.  The parties have different views concerning the scope of such testimony.  The SEC's view is that the Consent Order defines the scope of deposition for this fact witness.  The parties will continue to meet and confer on these scope issues and concerning certain confidentiality issues related to this deposition.  Binance proposed producing a witness located in Singapore on February 8, 2024 and the SEC is working to address issues and obtain necessary approval for conducting depositions of witnesses located in that country, which may impact scheduling.

The SEC also noticed depositions of Zhao and other Binance witnesses and followed up with Binance on January 3 and January 11, 2024.  The parties will continue to meet and confer and attempt to narrow any disagreements regarding the scope, timing, location, and number of depositions, and Binance and Zhao continue to reserve all their rights to object to the SEC's deposition requests.

### III. Proposed Protective Order

Defendants confirmed in the last status report that they intended to propose a protective order, as the SEC requested on December 12, to address Defendants' concerns about the confidentiality of their information as well as the Court's November 14, 2023 Minute Order. Defendants anticipate sending the SEC the draft protective order early next week.

### IV. Proposed Status Update

The parties propose providing the Court with the next status report on February 15, 2024. The SEC requests a status hearing shortly after the next status report, at the Court's convenience.

Defendants suggest that the timing of a future status conference would be most appropriately evaluated in conjunction with the status report submitted on February 15.

Dated: January 25, 2024                                    Respectfully submitted,

| | |
|---|---|
| */s/ Daniel W. Nelson* | */s/ Elisa S. Solomon* |
| Daniel W. Nelson (D.C. Bar #433415) | Elisa S. Solomon |
| Richard W. Grime (*pro hac vice*) | J. Emmett Murphy |
| Jason J. Mendro (D.C. Bar #482040) | Jorge G. Tenreiro |
| Stephanie Brooker (*pro hac vice*) | SECURITIES AND EXCHANGE COMMISSION |
| M. Kendall Day (*pro hac vice*) | 100 Pearl Street |
| Amy Feagles (*pro hac vice*) | New York, NY 10004 |
| Matt Gregory (D.C. Bar #1033813) | (212) 336-0078 (Murphy) |
| GIBSON, DUNN & CRUTCHER LLP | murphyjoh@sec.gov |
| 1050 Connecticut Avenue, N.W. | tenreiroj@sec.gov |
| Washington, D.C.  20036-5306 | solomonel@sec.gov |
| DNelson@gibsondunn.com | |
| RGrime@gibsondunn.com | Matthew F. Scarlato (D.C. Bar No. 484124) |
| JMendro@gibsondunn.com | Jennifer L. Farer (D.C. Bar No. 1013915) |
| SBrooker@gibsondunn.com | David A. Nasse |
| KDay@gibsondunn.com | SECURITIES AND EXCHANGE COMMISSION |
| AFeagles@gibsondunn.com | 100 F Street, NE |
| MGregory@gibsondunn.com | Washington, DC 20549-9040 |
| | (202) 551-3749 (Scarlato) |
| *Attorneys for Defendant Binance Holdings Limited* | nassed@sec.gov |
| | farerj@sec.gov |
| | scarlatom@sec.gov |
| | |
| | *Attorneys for Plaintiff Securities and Exchange Commission* |

*/s/ Abid R. Qureshi*
Abid R. Qureshi (D.C. Bar No. 459227)
William R. Baker, III (D.C. Bar No. 383944)
Erik S. Volkman (D.C. Bar No. 490999)
Michael E. Bern (D.C. Bar No. 994791)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
abid.qureshi@lw.com
william.baker@lw.com
eric.volkman@lw.com
michael.bern@lw.com

Douglas K. Yatter (*pro hac vice pending*)
Benjamin Naftalis (*pro hac vice pending*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
douglas.yatter@lw.com
benjamin.naftalis@lw.com

Heather A. Waller (*pro hac vice pending*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
heather.waller@lw.com

Melanie M. Blunschi (*pro hac vice pending*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600
Fax: (415) 395-8095
melanie.blunschi@lw.com

*Attorneys for Defendant Changpeng Zhao*

*/s/ Daniel J. Davis*
Daniel J. Davis (D.C. Bar #484717) (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Ave NW
Washington DC 20006
daniel.davis@katten.com

Christian T. Kemnitz (*pro hac vice*)
Levi Giovanetto (D.C. Bar #1001160) (*pro hac vice*)
Sheehan H. Band (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661
christian.kemnitz@katten.com
levi.giovanetto@katten.com
sheehan.band@katten.com

Gary DeWaal (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020
gary.dewaal@katten.com

George S. Canellos (*pro hac vice*)
Matthew Laroche (*pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163
212-530-5792
gcanellos@milbank.com
mlaroche@milbank.com

*Attorneys for Defendants BAM Trading Services Inc. and BAM Management Holdings US Inc.*