UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            **Plaintiff,**<br><br>            v.<br><br>BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO,<br><br>            **Defendants.** | No. 1:23-cv-01599-ABJ-ZMF |

### PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this Notice of Supplemental Authority to inform the Court of a recent ruling in *Williams v. Binance*, No. 22-972, Dkt. No. 97-1 (2d Cir. Mar. 8, 2024) ("*Williams*") that is relevant to this Court's consideration of arguments by Defendants Binance Holding Limited ("Binance") and Changpeng Zhao that the Court should dismiss certain of the SEC's claims here because they are impermissibly extraterritorial. *See* Dkt. No. 118, at 36-42; Dkt. No. 172, at 59-69; Dkt. No. 192, at 19-24. Binance and Zhao cited a district court's dismissal of a private securities class action against them, *Anderson v. Binance*, 2022 WL 976824 (S.D.N.Y. Mar. 31, 2022), in support of their dismissal arguments here. *See* Dkt. No. 118, at 37. However, on appeal, the Second Circuit reversed the district court's dismissal order. *Williams*, at 12 (holding, in relevant part, that plaintiffs "adequately alleged that their claims involved domestic transactions because they

became irrevocable within the United States and are therefore subject to our securities laws.").

The *Williams* opinion is attached hereto as Exhibit A.[1]

Dated: March 8, 2024

Respectfully submitted,

s/ Matthew Scarlato
Matthew Scarlato (D.C. Bar No. 484124)
Jennifer L. Farer (D.C. Bar No. 1013915)
J. Emmett Murphy
David A. Nasse (D.C. Bar No. 1002567)
Jorge G. Tenreiro
Elisa S. Solomon
SECURITIES AND EXCHANGE
 COMMISSION
100 F Street, NE
Washington, DC 20549
(202) 551-3749 (Scarlato)
scarlatom@sec.gov

*Attorneys for Plaintiff*

---

[1] Before the SEC filed this Notice, Defendants asked the SEC to withdraw its March 4, 2024 Notice of Supplemental Authority (Dkt. No. 221) because they believe it was inconsistent with this Court's January 22, 2024 Minute Order ("Order"). *See* Dkt. No. 226, at 1 n.1. This Court, however, regularly considers supplemental notices of authority such as these that inform the Court about relevant cases and events that post-date arguments, and the Court's Order that it would not accept "post-hearing briefs" was not to the contrary. *See, e.g., Cato Institute v. SEC*, 438 F. Supp. 3d 44, 49 & n.6 (D.D.C. 2020); *Burt Lake Band of Ottawa & Chippewa Indians v. Bernhardt*, 613 F. Supp. 3d 371, 374 n.2 (D.D.C. 2020); *Baylor v. Mitchell Rubenstein & Assocs.*, 55 F. Supp. 3d 43, 54 n.6 (D.D.C. 2014).