# Exhibit 38

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Tel 202.955.8500
gibsondunn.com

Daniel W. Nelson
Direct: +1 202.887.3687
Fax: +1 202.530.9571
DNelson@gibsondunn.com

Stephanie Brooker
Direct: +1 202.887.3502
Fax: +1 202.530.4216
SBrooker@gibsondunn.com

Jason J. Mendro
Direct: +1 202.887.3726
Fax: +1 202.530.9626
JMendro@gibsondunn.com

Amy Feagles
Direct: +1 202.887.3699
Fax: +1 202.530.4246
AFeagles@gibsondunn.com

February 7, 2024

<u>VIA ELECTRONIC MAIL</u>

Jennifer L. Farer
J. Emmett Murphy
Matthew F. Scarlato
Elisa Solomon
Senior Trial Counsel
Division of Enforcement
U.S. Securities and Exchange Commission
100 F. Street, NE
Washington, DC 20549

Re:    *Securities and Exchange Commission v. Binance Holdings Limited et al., 1:23-cv-01599*

Dear Counsel:

We write on behalf of our client, Binance Holdings Limited ("BHL") in response to your January 11, 2024 letter containing additional document requests, as well as your e-mail dated February 2, 2024.

<u>Response to October 5, 2023 Requests</u>

First, BHL disagrees with the SEC's characterization of its October 5 requests as "a limited subset of priority items" from the SEC's August 3, 2023 discovery requests.  At the September 18 hearing, the Court instructed the SEC to "bite the bullet and start some tailored requests."  (Sept. 18, 2023 H'rg Trans. at 72.)   BHL's understanding is that the August 3 requests are no longer operative and that the SEC's requests from October 5 and January 11 are the only open requests to BHL.

Regarding Requests 1 and 2, BHL maintains its previous offer from the November 21, 2023 meet and confer that it would be willing to provide the SEC with the relevant open source code.  The SEC has never responded in substance to this offer.

Regarding Request 3, BHL objects to Request 3 and its sub-parts as not narrowly tailored to the Consent Order, inconsistent with the "more targeted" and "tailored" requests that the Court instructed the SEC to serve on September 18, 2023 (Sept. 18, 2023 H'rg Trans. at 43, 72), and inconsistent with the Court's direction regarding source code (Oct. 13, 2023 H'rg Trans. at 36, 38).  BHL has reasonably addressed this request by producing agreements between BHL and BAM, offering to produce public source code, offering to produce a witness to testify on services that BHL provides in support of the BAM Hot Wallet System

**GIBSON DUNN**

Jennifer L. Farer
J. Emmett Murphy
Matthew F. Scarlato
Elisa Solomon
February 7, 2024
Page 2

(including as to "stuck" assets), and offering to produce related Wea chats (as further described below).

Regarding Request 4, BHL has identified no documents showing that BAM entered into any business relationship or agreement with Ceffu.  As BAM witnesses have explained, Ceffu has not provided and does not provide services to BAM (see Brecese Dep. Tr. at 41; Brennan Dep. Tr. at 127-28).

Regarding Request 5, BHL produced a service agreement between PrimeLink Management Limited and Boran Services Limited.  BHL has not identified any other responsive documents and directs the SEC to the BAM deposition testimony that Boran is a payroll service provider (see Fava Dep. Tr. at 48-49).

Response to January 11, 2024 Requests

At the November 27 hearing and the December 7 meet and confer, BHL requested clarification on the SEC's request for Wea chats, including custodians, subject matter, and timeframe, as prior requests had been served on BAM, not BHL. The SEC indicated on both instances that it would take this under advisement and get back to BHL.  The December 15 Status Report stated that "the SEC has agreed to identify parameters for this request to help facilitate BHL's search for responsive documents."  We did not hear from the SEC again on this request until your January 11 letter.

BHL agrees to search the Wea chat group between BHL and BAM personnel relating to wallet services, from June 1, 2023 to present, for documents concerning the security and control of BAM customer assets.  BHL understands that BAM already produced the Telegram chat group between BHL and BAM personnel relating to wallet services.

BHL is willing to meet and confer with the SEC as to what, if any, additional Wea chats it will search for purposes of the limited expedited discovery concerning the security and control of BAM customer assets.  Specifically, BHL requests that the SEC explain why it needs Wea chats about notes, loans, or investments from Mr. Zhao to BAM for purposes of the limited expedited discovery concerning the security and control of BAM customer assets. BHL also requests that the SEC explain the relevance of its request for "Communications between Sigma Chain and any BAM employee, including Rose Gao" for purposes of the limited expedited discovery concerning the security and control of BAM customer assets.

The SEC also makes a broad request for "communications through email or any messaging platform between any BAM employee and any person affiliated with any of the Binance

GIBSON DUNN

Jennifer L. Farer
J. Emmett Murphy
Matthew F. Scarlato
Elisa Solomon
February 7, 2024
Page 3

entities, concerning the Categories above."  This request is overbroad and unduly burdensome given the limited scope of expedited discovery and the discovery already provided by BAM.  BHL is willing to meet and confer with the SEC on this topic.

Finally, BHL agrees to search for documents sufficient to show any compensation, bonuses, allowances or other remuneration paid or reimbursed by BHL to a BAM employee during the June 1, 2023 to present time period.

Depositions

As we noted in our e-mail communication on February 5, BHL's witness can be available to testify remotely or in Dubai on February 29 or March 1; however, we will need to reach agreement on the conditions outlined in our email.  As discussed, we expect the witness to address the services that BHL provides in support of the BAM Hot Wallet System, including as to "stuck" assets.  And please note that although the witness has a technical understanding of these issues, we have not described the witness as an "engineer."

After this deposition, we are willing to meet and confer about what additional witnesses are necessary, if any, to address the limited expedited discovery issue of the security and control of BAM customer assets.

BAM Inspection

Your email of February 2 states that the SEC asked counsel for BHL on a December 19 call "to provide . . . information about TSS access, and BHL's counsel said it would take the request under advisement."  BHL disagrees with the SEC's characterization of the December 19 call regarding BAM's inspection; we did not understand the SEC to have directed any questions or requests to BHL's counsel during this call.  BHL is willing to meet and confer as to what additional information the SEC is requesting from BHL regarding "TSS access."  As BAM's counsel represented on the December 19 call, BAM produced the TSS portal access logs at BAM_SEC_LIT_00005075.

# GIBSON DUNN

Jennifer L. Farer
J. Emmett Murphy
Matthew F. Scarlato
Elisa Solomon
February 7, 2024
Page 4


Sincerely,


*/s/ Jason J. Mendro*


GIBSON, DUNN & CRUTCHER LLP

Daniel W. Nelson
Stephanie Brooker
Jason J. Mendro
Amy Feagles


107057659.4