**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| *Plaintiff*, | |
| v. | No. 1-23-cv-01599-ABJ-ZMF |
| BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO, | |
| *Defendants*. | |

<u>**JOINT STATUS REPORT**</u>

Plaintiff Securities and Exchange Commission ("SEC"), Defendants BAM Management US Holdings Inc., BAM Trading Services Inc. (collectively, "BAM"), Binance Holdings Limited ("BHL" or "Binance"), and Changpeng Zhao ("Zhao"), respectfully submit this Joint Status Report.

I.      <u>**BAM-Related Discovery**</u>

    **A.  The SEC's Position**

        **1.  Document Productions**

Following the February 26, 2024 hearing, the SEC sent a letter to BAM concerning the status of outstanding discovery as discussed during the hearing.  BAM responded on March 19, outlining its proposed responses to certain requests, along with a production of approximately a dozen documents that relate to some of the SEC's outstanding discovery requests.  BAM stated that it intends to produce additional information and documents in response to certain identified

requests and will provide a summary of productions by request.  BAM produced another set of

documents today, March 22, 2024.  In its update below, BAM states that it will likely make the

remaining productions by next week and produce a privilege log by March 22.  Further, for

certain categories of information, BAM's March 19 letter stated that it lacks additional

information and suggested that the SEC direct those requests to BHL.  There are also certain

outstanding requests that BAM did not address in its letter, such as the status of the creation of

new wallets, as required by Section II.2 of the Consent Order, Dkt. No. 71, without any

indication about whether the outstanding information is forthcoming.  Finally, notwithstanding

the discussion with the Court about the production of outstanding metadata, BAM stated in its

letter that it is unsure what metadata is missing and that it does not believe the metadata is

necessary to evaluate the custody and security of BAM's customer assets.

      The SEC is processing and reviewing BAM's productions and is awaiting the production

of further information as set forth in BAM's March 19 letter.  The SEC will continue to meet and

confer with BAM on pending discovery issues and, as described below, will continue to press its

requests for discovery from BHL and Zhao, including those requests that BAM suggested should

be directed at BHL.  Accordingly, the SEC believes it is premature to determine whether

expedited discovery as to BAM is complete, especially while several requests remain

outstanding.  In the next status report proposed below, the SEC will update the Court and

identify any issues for which Court intervention may be helpful.

      **2.  Depositions**

      In the prior joint status report, the SEC suggested to the Court that a targeted Rule

30(b)(6) deposition of BAM would be an efficient step to address outstanding questions, but that

the SEC was open to other options, such as other fact witness depositions, including of witnesses

for which documents and information were produced after the depositions.  The SEC continues to reserve its rights concerning depositions, and it will be in a better position to determine whether there are outstanding issues to be addressed in a deposition once BAM completes its productions and other responses to the SEC's requests.

### B.  BAM's Position

On March 5, 2024, the SEC sent BAM a letter with a series of requests related to expedited discovery.  On March 19, 2024, BAM responded to each of those requests, including by producing additional documents, identifying other documents that will be produced in the near future, or otherwise indicating that no documents were identified for certain requests following a reasonable search.  In addition, BAM provided written responses to the SEC's September 21, 2023 requests and committed to providing a privilege log by March 22, 2024 for the limited number of documents that were redacted on the basis of privilege.  On March 22, 2024, BAM made an additional production of documents consistent with its March 19 letter and expects to make a final production by early next week.

The SEC states that BAM did not address certain outstanding requests in its recent correspondence, but BAM addressed every request that was made by the SEC in its March 5 letter.  If the SEC believes there are certain outstanding issues for which the SEC needs additional information, such as the creation of new wallets, BAM respectfully submits that the SEC should raise those issues directly with BAM before suggesting that BAM has failed to address them in correspondence responsive to other issues.   The SEC also suggests that BAM has not produced metadata for certain documents, but BAM informed the SEC that it is unclear what documents are missing metadata from the SEC's perspective, and the SEC has failed to identify any such documents.  BAM is willing to consider specific requests for metadata and has

done so in the past when the SEC identified specific documents for which it believed metadata was missing.

Irrespective of the foregoing issues, BAM continues to believe that it has more than satisfied its obligations under the Consent Order with respect to expedited discovery.  With the last production, BAM has now produced over 290,000 pages of documents since expedited discovery began in June 2023.  As a result, unless the SEC agrees to end expedited discovery after BAM's remaining productions are complete (likely by early next week), BAM intends to file a motion requesting that expedited discovery be deemed complete as to BAM.

## II.   **BHL-Related Discovery**

### A.  The SEC's Position

#### 1.  Document Productions

At the February 26, 2024 status conference, BHL agreed to produce certain documents and was otherwise continuing to consider its position on several of the SEC's requests for documents and communications.  Since the hearing, two days before a scheduled international deposition, BHL produced a small set of documents related to the deponent.  On March 8, the SEC sent BHL a letter concerning the status of outstanding discovery as discussed prior to and during the hearing.  BHL responded on March 15, agreeing to continue to search for responsive documents or consider certain requests, without identifying a production or response date, and stating that certain requested documents do not exist.

The SEC and BHL will continue to meet and confer regarding these outstanding requests. The SEC has requested that BHL complete its production of outstanding discovery and provide written responses to the SEC's discovery requests that include a description of BHL's search parameters and privilege log information for any documents or information that have been withheld on the basis of any asserted privilege.  The SEC has also requested that the production

of these responses and discovery be completed in short order, with sufficient time in advance of the Rule 30(b)(6) deposition (discussed below) and so that the SEC can raise any issues with the Court as necessary.  The SEC will provide an update and identify any issues that may need Court intervention in the next status report.

### 2.  Depositions

As previewed at the last status conference, the SEC took the deposition of a BHL witness on February 29, 2024 in Dubai.  The parties disagree on the extent to which that witness provided sufficient information concerning the outstanding issues relevant to the Consent Order. Putting those disagreements aside, the SEC and BHL have agreed as a next step to schedule a Rule 30(b)(6) deposition, subject to the parties' agreement on topics.  The SEC also maintains that BHL must complete its discovery productions prior to this deposition, and BHL agreed to work towards that goal.

The SEC had also requested, consistent with the Court's directives at the hearing, that BHL propose dates for the remaining fact witnesses that the SEC noticed or that BHL provide specific bases for its refusal to do so.  Although the SEC believes some or all of these fact witnesses may still be necessary, the SEC has agreed to prioritize a Rule 30(b)(6) deposition and to schedule the fact witnesses after the Rule 30(b)(6) deposition has taken place.

### B.  BHL's Position

### 1.  Deposition Testimony

Although BHL views its February 29 witness's testimony as fully addressing any open questions about the wallet software and associated custody of BAM customer assets, the SEC requested and BHL agreed to prioritize a Rule 30(b)(6) deposition at this time, subject to the parties' agreement on topics, reserving all rights and objections related to individual depositions.  The parties have agreed that the deadline for designating the deponent will be one week from either (a)

April 5, 2024, if by that point the parties have agreed to the 30(b)(6) topics, or (b) one week from the date the Court resolves any disagreement on the topics that the parties bring to the Court. The parties will negotiate topics and timing of the Rule 30(b)(6) deposition in good faith and advise the Court of disputes, if any.  While BHL maintains that additional depositions are not necessary, the parties have agreed that dates for additional depositions do not need to be scheduled until after the conclusion of the Rule 30(b)(6) deposition.

### 2.  Document Production

BHL continues to meet and confer with the SEC regarding its document requests and to work toward addressing any remaining issues that have not been sufficiently covered by prior discovery or that will not be covered by depositions.  BHL is endeavoring to complete document productions before the Rule 30(b)(6) deposition.

BHL has now produced all Wea and CCUS chats from June 1, 2023 to February 5, 2024 from the "US Wallet" chat group between BHL and BAM personnel.  BHL will be providing, by the end of the week, the links to the open-source code relating to BAM's wallet software.  BHL is in the process of collecting and reviewing documents sufficient to show any compensation paid to BAM personnel since January 1, 2023; BHL anticipates producing these documents by early April.  BHL has also agreed to conduct reasonable searches and produce non-privileged, responsive communications between BHL and BAM employees related to the wallet services that BHL provides to BAM to the extent the SEC is unable to obtain them from BAM.  Finally, BHL has not identified any additional SOC 2 reports, or any diagrams, memoranda, server maps, or similar documentation that would visually illustrate the BAM wallet software, after conducting a reasonable and diligent search.


III.   **Zhao-Related Discovery**

A.  **The SEC's Position**

The SEC's January 11 letter made narrow requests for documents and communications to both BHL and Zhao.  Zhao's February 8 letter joined BHL's objections to certain requests and relied on BHL's agreement to search for documents as to others.  The SEC addressed these objections in a February 13 meet and confer, in the February 15 joint status report, and before the Court in the February 26 status conference in which the SEC reiterated that it is necessary for Zhao to independently search for documents and communications responsive to those requests. As discussed with the Court at the February 26 hearing, the SEC understood that BHL's counsel agreed to reconsider its position on several of the document requests in the January 11 letter.  In light of this discussion before the Court, following the February 26, 2024 hearing, the SEC wrote a letter to Zhao concerning pending discovery issues, including Zhao's position on, and the status of, production of outstanding discovery discussed during the hearing.  In addition, in light of the discussion with the Court concerning other discovery from Zhao, the SEC served him with a set of limited interrogatories, with the view that this discovery could potentially reduce or avert the need for additional discovery from him.  Zhao has not yet responded to the letter or the interrogatories.  Once the SEC receives these responses, the SEC will continue to meet and confer with Zhao and, in the next status report proposed below, will provide an update to the Court and identify whether Court intervention would be helpful to address any issues.

The SEC continues to reserve its rights as to the deposition of Zhao and will be in a better position to address this issue once Zhao responds to the SEC's discovery requests and completes his production of outstanding documents and other information.

**B.  Zhao's Position**

On February 8, 2024, Mr. Zhao wrote to the SEC expressing concerns and articulating objections to the breadth and scope of discovery the SEC had served.  The SEC never responded to Mr. Zhao's February 8 letter.  Instead, and more than two weeks after the February 26 status conference, on March 13, the SEC wrote to Mr. Zhao demanding a response to its document requests and issuing additional interrogatories.  In its March 13 letter, the SEC never addressed the concerns and objections Mr. Zhao had raised more than a month earlier.  Mr. Zhao intends to respond to the March 13 letter this week.  He also intends to respond to the new interrogatories when those responses are due on April 2.

**IV.   Timing of Next Status Report and Completion of Document Productions and Other Discovery**

**A.  The SEC's Position**

The SEC proposes that the parties submit the next status report by April 5.  In this report, the parties can notify the Court of any ripe disputes and state their positions on whether briefing or a hearing would be helpful for the Court to address any issues.  As to the issue now addressed in the paragraph below, the SEC also believes that the Court should order that defendants complete their respective outstanding discovery by March 29 or that the defendants provide a specific timeline for the completion of any remaining discovery.  This should allow sufficient time for the SEC to review and process those productions, and for the parties to prepare a status report and coordinate the anticipated deposition(s) identified above.  The SEC believes that setting this timeline is appropriate to progress expedited discovery and has offered the opportunity for defendants to propose a timeline.  The SEC does not believe additional briefing that does not compel any discovery but merely sets a timeline is necessary at this time.

The SEC has requested that BHL identify any objections to the SEC's noticed Rule 30(b)(6) scope or topics by March 29, to allow sufficient time for the parties to negotiate these topics in advance of the filing of the next joint status report on April 5. In addition, the SEC and BHL have agreed that BHL will designate its Rule 30(b)(6) witness(es) by either (i) April 12, if the parties are able to resolve by April 5 all disputes about Rule 30(b)(6) topics without the Court's intervention or (ii) one week from the date the Court resolves any disputes that remain unresolved by April 5.

## B.  Defendants' Position

### 1.  BHL's Position

BHL agrees to submit the next Status Report on April 5 in order to further update the Court on the Parties' progress and whether the Court's assistance is required in resolving any disputes. BHL intends to work diligently in good faith to produce documents and negotiate the topics for the Rule 30(b)(6) deposition. BHL and the SEC have agreed to either reach agreement or seek the Court's assistance on Rule 30(b)(6) deposition topics by April 5, and that BHL will identify its Rule 30(b)(6) witness within one week once those topics are finalized as discussed above.

BHL disagrees, however, with the SEC's misuse of this Joint Status Report to seek compulsory orders compelling discovery. In the last Status Report, the SEC submitted dozens of pages of argumentative briefing, as well as dozens of exhibits. In this one, the SEC explicitly seeks judicial relief, without filing any motion or briefing in accordance with the rules of this Court. *See* LCvR 7. BHL is increasingly concerned that the Joint Status Reports are being misused by the SEC to circumvent ordinary procedures, instead of providing updates on "status." Regardless, no relief is warranted because the parties are working together cooperatively and there is no dispute ripe for adjudication. In any event, BHL respectfully requests the opportunity for briefing before any orders compelling discovery are considered or granted.

### 2.  Zhao's Position

Mr. Zhao agrees to submit the next Status Report on April 5 in order to further update the Court on the Parties' progress and whether the Court's assistance is required in resolving any disputes.  Mr. Zhao disagrees with the SEC's misuse of the Joint Status Report to seek a compulsory order compelling discovery and believes such a request is premature given that the SEC has not yet engaged on Mr. Zhao's objections.  Mr. Zhao respectfully requests that the Parties confer on resolving objections and then briefing before any orders compelling discovery are considered.

### 3.  BAM's Position

BAM agrees to submit the next Status Report on April 5 and otherwise joins in the objections and concerns about the SEC's misuse of the Joint States Report outlined by BHL and Mr. Zhao in the foregoing sections.

Dated:  March 22, 2024

Respectfully submitted,

*/s/ Daniel W. Nelson*
Daniel W. Nelson (D.C. Bar #433415)
Richard W. Grime (*pro hac vice*)
Jason J. Mendro (D.C. Bar #482040)
Stephanie Brooker (*pro hac vice*)
M. Kendall Day (*pro hac vice*)
Amy Feagles (*pro hac vice*)
Matt Gregory (D.C. Bar #1033813)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
DNelson@gibsondunn.com
RGrime@gibsondunn.com
JMendro@gibsondunn.com
SBrooker@gibsondunn.com
KDay@gibsondunn.com
AFeagles@gibsondunn.com
MGregory@gibsondunn.com

*Attorneys for Defendant Binance
Holdings Limited*

*/s/ Elisa S. Solomon*
Elisa S. Solomon
J. Emmett Murphy
Jorge G. Tenreiro
SECURITIES AND EXCHANGE
COMMISSION
100 Pearl Street
New York, NY 10004
(212) 336-0078 (Murphy)
murphyjoh@sec.gov
tenreiroj@sec.gov
solomonel@sec.gov

Matthew F. Scarlato (D.C. Bar No. 484124)
Jennifer L. Farer (D.C. Bar No. 1013915)
David A. Nasse
SECURITIES AND EXCHANGE
COMMISSION
100 F Street, NE
Washington, DC 20549-9040
(202) 551-3749 (Scarlato)
nassed@sec.gov
farerj@sec.gov
scarlatom@sec.gov

*Attorneys for Plaintiff Securities and
Exchange Commission*

*/s/ Abid R. Qureshi*
Abid R. Qureshi (D.C. Bar No. 459227)
William R. Baker, III (D.C. Bar No. 383944)
Erik S. Volkman (D.C. Bar No. 490999)
Michael E. Bern (D.C. Bar No. 994791)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
abid.qureshi@lw.com
william.baker@lw.com
eric.volkman@lw.com
michael.bern@lw.com

Douglas K. Yatter (*pro hac vice pending*)
Benjamin Naftalis (*pro hac vice pending*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
douglas.yatter@lw.com
benjamin.naftalis@lw.com

Heather A. Waller (*pro hac vice pending*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
heather.waller@lw.com

Melanie M. Blunschi (*pro hac vice pending*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600
Fax: (415) 395-8095
melanie.blunschi@lw.com

*Attorneys for Defendant Changpeng Zhao*

*/s/ Daniel J. Davis*
Daniel J. Davis (D.C. Bar #484717) (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Ave NW
Washington DC 20006
daniel.davis@katten.com

Christian T. Kemnitz (*pro hac vice*)
Levi Giovanetto (D.C. Bar #1001160) (*pro hac vice*)
Sheehan H. Band (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661
christian.kemnitz@katten.com
levi.giovanetto@katten.com
sheehan.band@katten.com

Gary DeWaal (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020
gary.dewaal@katten.com

George S. Canellos (*pro hac vice*)
Matthew Laroche (*pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163
212-530-5792
gcanellos@milbank.com
mlaroche@milbank.com

*Attorneys for Defendants BAM Trading Services Inc. and BAM Management Holdings US Inc.*