# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| *Plaintiff*, | |
| v. | No. **1:23-cv-01599-ABJ-ZMF** |
| BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO, | |
| *Defendants*. | |

**BAM MANAGEMENT US HOLDINGS INC.'S AND BAM TRADING SERVICES INC.'S MOTION TO SEAL**

Defendants BAM Trading Services Inc. and BAM Management US Holdings Inc. (collectively, "BAM"), respectfully move the Court, pursuant to the Protective Order Governing Discovery, entered March 13, 2024 (Dkt. 231), Local Civil Rule 5.1(h) and the Court's inherent authority, to enter an order maintaining under seal BAM's Motion for Relief from the Consent Order, the Declaration of Matthew Laroche in Support of BAM's Motion for Relief from the Consent Order, and the Proposed Order Granting BAM's Motion for Relief from the Consent Order (together, the "Motion").[1]

BAM's Motion seeks an order modifying the Consent Order (Dkt. 71) to permit BAM to engage in transactions involving over approximately $300 million in BAM-custodied assets (the "BEP-2 Assets"). In describing the timing, purpose, and nature of those transactions, the Motion

---

[1] The documents BAM seeks to maintain under seal are attached as exhibits to the Declaration of Matthew Laroche in Support of BAM Management US Holdings Inc.'s and BAM Trading Services Inc.'s Motion to Seal (the "Laroche Decl.").

reveals sensitive and highly confidential proprietary business information that could be used by potential criminal actors to target, interdict, and potentially steal the BEP-2 Assets.  Therefore, BAM seeks leave to file and maintain the Motion under seal.

Counsel for BAM have conferred with counsel for Plaintiff Securities and Exchange Commission ("SEC") and understands that Plaintiff opposes BAM's motion to seal to the extent it seeks to maintain under seal BAM's Motion for Relief from the Consent Order in its entirety.  The SEC will meet and confer with BAM on proposed redactions to the Motion for Relief from the Consent Order and the related filings under the Protective Order Governing Discovery (Dkt. No. 231) and the Local Rules.

## **ARGUMENT**

The question of whether to seal documents is left to the discretion of the court and is "to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Harris*, 204 F.Supp.3d 10, 16 (D.D.C. 2016) (citation omitted).  "Although there is a strong presumption in favor of public access to judicial proceedings, in some cases, that presumption may be outweighed by competing interests." *Allen v. Addi*, 2021 WL 5911175, at *5 (D.D.C. Nov. 23, 2021) (internal alterations and quotation marks omitted).  In *United States v. Hubbard*, the D.C. Circuit set forth the following factors to consider in deciding whether to seal documents:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*EEOC v. Nat'l Child.'s Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980)).

"For documents containing sensitive business information . . . , [the *Hubbard*] factors often weigh in favor of sealing . . . ." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661,

671 (D.C. Cir. 2017); *see also Hubbard*, 650 F.2d at 315 (recognizing exception to public access that protects "business information that might harm a litigant's competitive standing"). "Protecting an entity's 'competitive standing' through retained confidentiality in business information has been recognized as an appropriate justification for the restriction of public . . . access." *New York v. Microsoft Corp.*, 2002 WL 1315804, at *1 (D.D.C. May 8, 2002) (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)).

Under the *Hubbard* standard, and considering the facts and circumstances of this case, the Court should maintain the Motion under seal. The Motion contains information that, if made public, could compromise the security of BAM's planned transactions involving the BEP-2 Assets. In particular, BAM is concerned that disclosure of information in the Motion, which would preview BAM's plans to engage in transactions involving over $300 million in BEP-2 Assets, could be used by criminal actors to target those transactions and steal customer assets. *See* Laroche Decl. ¶ 6. Moreover, the exposure of this information, which has nothing to do with the merits of the underlying claims in this case, is of minimal public interest but risks compromising the safety and security of the BEP-2 Assets.

## **CONCLUSION**

For the foregoing reasons, BAM respectfully requests that the Motion be maintained under seal.

Dated: May 8, 2024

Respectfully submitted,

/s/ Daniel J. Davis

Daniel J. Davis (D.C. Bar #484717) (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Ave NW
Washington DC 20006
daniel.davis@katten.com

Christian T. Kemnitz (*pro hac vice*)
Levi Giovanetto (D.C. Bar #1001160) (*pro hac vice*)
David Luger (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661
christian.kemnitz@katten.com
levi.giovanetto@katten.com
david.luger@katten.com

Gary DeWaal (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020
gary.dewaal@katten.com

*Attorneys for Defendants BAM Trading Services Inc. and BAM Management Holdings US Inc.*

/s/ George S. Canellos

George S. Canellos (*pro hac vice*)
Matthew J. Laroche (*pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, NY 10001
GCanellos@milbank.com
MLaroche@milbank.com

*Attorneys for Defendants BAM Trading Services Inc. and BAM Management Holdings US Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2024, I filed the foregoing document under seal through the Court's ECF system, and caused to be served via email copies of the following documents upon Plaintiff the Securities and Exchange Commission and Defendants Binance Holdings Limited and Changpeng Zhao:

a) Defendants BAM Trading Services Inc. and BAM Management US Holdings Inc.'s (collectively, "BAM") Motion to Seal,

b) Proposed Order Granting the Motion to Seal, and

c) Declaration of Matthew Laroche in Support of this Motion to Seal and accompanying exhibits.

Dated: May 8, 2024                        /s/ *Matthew Laroche*
                                              Matthew Laroche

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

SECURITIES AND EXCHANGE
COMMISSION**,**

                Plaintiff,

   v.

BINANCE HOLDINGS LIMITED,
BAM TRADING SERVICES INC.,
BAM MANAGEMENT US HOLDINGS INC.,
AND CHANGPENG ZHAO,

              Defendants.

</td><td>

**No. 1:23-cv-01599-ABJ-ZMF**

</td></tr>
</table>

<u>**DECLARATION OF MATTHEW LAROCHE**</u>

I, MATTHEW J. LAROCHE, declare pursuant to 28 U.S.C. § 1746 as follows:

1.   I am a partner of the law firm Milbank LLP, counsel to Defendants BAM Trading Service, Inc. ("BAM Trading") and BAM Management US Holdings Inc. ("BAM Management," collectively with BAM Trading, "BAM"). I submit this declaration in support of BAM's Motion to Seal.

2.   My knowledge of the information set forth herein is based on my representation of BAM in this matter; my discussions with BAM personnel, including personnel with roles in Information Security, Compliance, Treasury, and Clearing; and my review of documents, including public source documents and BAM internal documents.

3.   Attached hereto as **Exhibit A** is a true and correct copy of BAM's Motion for Relief from the Consent Order (Dkt. 71) (the "Motion").

4.   Attached hereto as **Exhibit B** is a true and correct copy of the Declaration of Matthew Laroche in Support of the Motion (the "Laroche Declaration").

5.   Attached hereto as **Exhibit C** is a true and correct copy of a proposed order granting BAM's Motion (the "Proposed Order").

6.   Based on my discussions with BAM personnel, I understand that the Motion, the Laroche Declaration, and the Proposed Order contain information that, if made public, could compromise the security of BAM's planned transactions involving the BEP-2 Assets.   In particular, BAM is concerned that disclosure of information in the Motion, which would preview BAM's plans to engage in transactions involving over $300 million in BEP-2 Assets, could be used by criminal actors to target those transactions and steal customer assets.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on May 8, 2024                         */s/ Matthew Laroche*_____
New York, New York                              Matthew Laroche

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> *Plaintiff*, <br><br> v. <br><br> BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO, <br><br> *Defendants*. | **No. 1:23-cv-01599-ABJ-ZMF** |

**BAM MANAGEMENT US HOLDINGS INC.'S AND BAM TRADING SERVICES INC.'S MOTION RELIEF FROM CONSENT ORDER**

Defendants BAM Trading Services Inc. and BAM Management US Holdings Inc., (together, "BAM") respectfully request that the Court enter an order granting BAM relief from the Consent Order (Dkt. No. 71) pursuant to its inherent authority and Section IX of the Consent Order. As set forth below, BAM is seeking authorization to engage in transactions designed to ensure that a significant amount of customer assets remain available for withdrawal when a certain blockchain ecosystem soon becomes inactive. Based on the exigencies and security concerns described herein, BAM respectfully requests that the Court consider this Motion on an expedited basis and under seal.

Counsel for BAM have conferred with counsel for Plaintiff Securities and Exchange Commission ("SEC") and understands that Plaintiff does not oppose the relief sought in this motion as set forth in the proposed order, but that the SEC intends to file with the Court a response

on an expedited basis to explain its position.  Binance Holdings Limited ("BHL") and Changpeng Zhao do not oppose this motion.

## BACKGROUND

1.      On June 17, 2023, by stipulation of the parties, the Court entered the Consent Order (Dkt. No. 71).

2.      The Consent Order provides, in relevant part, that "BAM Trading and BAM Management will not provide possession, custody, or control over Customer Assets to any individual or entity, including Binance, Zhao, and, with the exception of BAM Trading and BAM Management, any individual or entity with any affiliation, agreement, or other relationship with Binance, Zhao, or any Zhao-owned or -controlled entity (these individuals and entities collectively, 'Binance Entities')."  *Id.* at § II.1.  The Consent Order further provides "that BAM Trading may continue to transfer Customer Assets to external wallets or accounts solely at the direction of the beneficial owners of such Customer Assets or to support redemptions or transfers directed by such customers subject to the prohibition above that BAM Trading and BAM Management, including their officers and employees, may not in any circumstance transfer Customer Assets to or for the benefit of any of the Binance Entities."  *Id.* at § II.6.

3.      On January 11, 2024, the BNB Beacon Chain ("BEP-2") Network, a blockchain ecosystem that supports a wide range of wrapped crypto assets, announced that the BEP-2 network chain would sunset (i.e., become inactive) by June 2024.[1]  Upon sunsetting, customers will be

---

[1] All digital assets trade on their native network.  Certain blockchain networks allow users to "wrap" tokens issued on other blockchains into new tokens, which can then be traded on the secondary network.  The tokens underlying the "wrapped" version of the digital asset are generally locked on the native blockchain and are used as collateral for the wrapped version.

unable to withdrawal assets on the BEP-2 network.  The sunset plan provides a methodology for holders of crypto assets on the BEP-2 network to migrate their assets to other networks.

4.       On February 7, 2024, BHL announced that it would facilitate exchanges of sunsetting BEP-2 network tokens for native-chain tokens of equivalent value currently held by BHL.   BHL has encouraged users to deposit wrapped BEP-2 network tokens into their Binance.com accounts, where the tokens "will be credited, and users can then withdraw them via its native chain or other chains supported by Binance."[2]

5.       BAM presently custodies approximately $163 million of BEP-2 network crypto assets that are unstaked (the "Unstaked BEP-2 Assets") and approximately $73 million of BEP-2 network crypto assets that are staked via BAM's staking program (the "Staked BEP-2 Assets"). Like all centralized exchanges, BEP-2 network tokens are fungible on BAM's platform with tokens on other networks.  For example, BAM customers will see their balances by token (e.g., ETH) as opposed to token-network (e.g., ETH-BEP-2).  However, because customers select token network when depositing to and withdrawing from an external address, BAM regularly rebalances inventory and conducts network swaps to meet customer demand by network.

6.       Due to the impact of the sunset plan on the value of all BEP-2 tokens, including BAM customer positions, BAM must swap out its BEP-2 inventory for tokens of equivalent value (on a token-by-token basis) on other networks prior to May 15, 2024[3] or the BEP-2 inventory could substantially lose its value.

---

[2] *See* Laroche Declaration, Exhibit 1 (Binance Will Support the BNB Beacon Chain (BEP2) Network Sunset Plan, https://www.binance.com/en/support/announcement/binance-will-support-the-bnb-beacon-chain-bep2-network-sunset-plan-9effc62ec5f74839a19f8554b5dbb349 (last visited May 6, 2024)).

[3] BHL has indicated that it will close its depositing function for BEP-2 network tokens on May 15, 2024.  Accordingly, BAM respectfully requests that the Court review this motion on an expedited basis.

3

7.      As to the Unstaked BEP-2 Assets, BAM and BHL have reached agreement on a token exchange.  Pursuant to that agreement, BAM will first receive from BHL native tokens of equivalent value (on a token-by-token basis) to BAM's BEP-2 token holdings.  BAM will subsequently deposit its BEP-2 tokens from BAM hot wallets with BHL.  The sequencing of this transaction assures that BAM customer assets would not be transferred to BHL until BAM confirms the receipt of equivalent value native tokens (on a token-by-token basis) from BHL.[4]

8.      BAM seeks relief from the Consent Order to facilitate the token exchange with BHL, which holds substantial reserves of native-chain tokens that it is prepared to swap for BAM's holdings of sunsetting wrapped tokens on the BEP-2 network.  The proposed transactions involving BHL will involve minimal costs to BAM and be executed in a sequence that safeguards customer assets.

9.      As to the Staked BEP-2 Assets, BAM plans to conduct on-chain transfers via smart contracts (i.e., digital contracts that are automatically executed on the blockchain).  The smart contracts will result in the "burning" of the BEP-2 assets (i.e., permanently removing the tokens from circulation) and minting of BEP-20 assets to replace the BEP-2 assets.  BEP-20 assets are

---

[4] Prior to this Motion, while BAM and the SEC were conferring regarding the exchange proposal set forth herein, BAM executed exchanges of BEP-2 tokens valued at approximately $188 million USD for native chain tokens of equivalent value with a third-party liquidity provider not affiliated with any Binance Entities.  BAM views these transactions to be outside the scope of the Consent Order, and, thus, not requiring relief.  However, the SEC raised these transactions with BAM, noting its view that the transactions with a third-party liquidity provider required relief from the Consent Order.  BAM agreed to pause these transactions while BAM and the SEC continued to discuss the proposal for a direct exchange with BHL.  BAM and the SEC subsequently agreed that BAM would file the instant motion seeking relief from the Court, including relief for the transactions with a third-party liquidity provider, notwithstanding the parties' disagreement on the applicability of the Consent Order to these transactions.  BAM and the SEC are continuing to discuss whether the previously-executed transactions with a third-party liquidity provider implicate the Consent Order, and the SEC reserves all rights and objections.  BAM will also continue to work in good faith to respond to the SEC's requests concerning BEP-2-related issues.

functionally equivalent to the Staked BEP-2 Assets.  Notably, the smart contract will not involve an external transfer to any Binance Entities and, thus, BAM does not believe these transactions implicate the Consent Order.  However, as with the transactions set forth in footnote 4, *supra*, out of an abundance of caution, BAM seeks relief from the Consent Order as to the on-chain transfers via smart contracts of Staked BEP-2 Assets.

10.     Finally, BAM will communicate to customers that BHL will be supporting the BEP-2 sunset. The communication will highlight the direct impact to customers of the sunset, including the cessation of BEP-2 deposits and withdrawals on the BAM platform.  As BAM has informed the SEC, BAM does not plan to issue communications specifically related to the proposed token exchange for several reasons.  First, as noted above, BEP-2 tokens are fungible and, thus, customers see their holdings by token, not token network. Second, for purposes of asset security, BAM plans to execute the exchange without a public announcement that could be used by criminal actors to target, interdict, and potentially steal the BEP-2 Assets.

## ARGUMENT

11.     Section IX of the Consent Order provides that "[t]he stipulating parties retain the right to seek additional relief, or relief from this Consent Order, as available under the Federal Rules of Civil Procedure and applicable law."  The Court also has the inherent power to modify the Consent Order.  *See Dietz v. Bouldin*, 579 U.S. 40, 46-47 (2016) ("[A] district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case"); *United States v. DaSilva*, No. 1:21-CR-00564 (CJN), 2024 WL 519909, at *3 (D.D.C. Feb. 8, 2024) ("[A]s long as the district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.") (cleaned up).

12.     For the reasons described above, it would be consonant with justice for the Court to exercise its inherent power to grant the relief requested in this motion.  The sunsetting of BEP-2 tokens poses the risk of substantial loss of value to customer assets.  As to the Unstaked BEP-2 Assets, BHL has provided a methodology for BAM to exchange its customers' BEP-2 holdings at minimal cost to BAM while eliminating the risk to BAM customer assets by agreeing to provide native-chain tokens to BAM in advance of BAM's transfer of BEP-2 tokens.  As to the Staked BEP-2 Assets, BAM can replace the BEP-2 assets with functionally equivalent BEP-20 assets without any transfer of assets to any Binance Entities.

13.     BAM's requested relief from the Consent Order—to permit a limited exchange between BAM and BHL of BEP-2 tokens for native chain tokens (and, out of an abundance of caution, to permit previously-executed transactions with a third-party liquidity provider and the to-be-executed on-chain transfers via smart contracts of Staked BEP-2 Assets)—is also narrowly tailored to address a significant issue related to the potential loss of value of BAM customer assets.

## CONCLUSION

For the reasons set forth above, BAM respectfully requests that the Court enter the proposed order attached hereto.

Dated: May 8, 2024

Respectfully submitted,

/s/ Daniel J. Davis
Daniel J. Davis (D.C. Bar #484717) (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Ave NW
Washington DC 20006
daniel.davis@katten.com

Christian T. Kemnitz (*pro hac vice*)
Levi Giovanetto (D.C. Bar #1001160) (*pro hac vice*)
David Luger (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661
christian.kemnitz@katten.com
levi.giovanetto@katten.com
david.luger@katten.com

Gary DeWaal (pro hac vice)
KATTEN MUCHIN ROSENMAN LLP
50 Rockefeller Plaza
New York, NY 10020
gary.dewaal@katten.com

*Attorneys for Defendants BAM Trading Services Inc. and BAM Management Holdings US Inc.*

/s/ George S. Canellos
George S. Canellos (*pro hac vice*)
Matthew J. Laroche (*pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, NY 10001
GCanellos@milbank.com
MLaroche@milbank.com

*Attorneys for Defendants BAM Trading Services Inc. and BAM Management Holdings US Inc.*

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

BINANCE HOLDINGS LIMITED,
BAM TRADING SERVICES INC.,
BAM MANAGEMENT US HOLDINGS INC.,
AND CHANGPENG ZHAO,

Defendants.

No. 1:23-cv-01599-ABJ-ZMF

## <u>DECLARATION OF MATTHEW LAROCHE</u>

MATTHEW J. LAROCHE, pursuant to 28 U.S.C. § 1746, declares as follows:

1.   I am a partner of the law firm Milbank LLP, counsel to Defendants BAM Trading

Service, Inc. ("BAM Trading") and BAM Management US Holdings Inc. ("BAM Management,"

collectively with BAM Trading, "BAM").  I submit this declaration in support of BAM's motion

for relief from the Consent Order (Dkt. 71).

2.   My knowledge of the information set forth herein is based on my representation of

BAM in this matter; my discussions with BAM personnel, including personnel with roles in

Information Security, Compliance, Treasury, and Clearing; and my review of documents,

including public source documents and BAM internal documents.

3.   Based on my review of open source reporting and discussions with BAM personnel, I

understand that BNB Beacon Chain ("BEP-2") Network, a blockchain ecosystem that supports a

wide range of wrapped crypto assets, has announced that the BEP-2 network chain will sunset (i.e.,

become inactive) by June 2024.  When the BEP-2 network sunsets, BAM customers will be unable

to withdrawal wrapped assets on the BEP-2 network.

4.   On February 7, 2024, Binance Holdings Limited ("BHL") publicly announced that it would facilitate exchanges of sunsetting BEP-2 network tokens for native-chain tokens of equivalent value currently held by BHL.  A true and correct copy of BHL's announcement is attached as **Exhibit 1**.  I also understand that BHL has recently indicated that it will close its depositing function for BEP-2 network tokens on May 15, 2024.

5.   Based on my review of BAM's internal documents and discussions with BAM personnel, I understand that BAM presently custodies approximately $163 million of BEP-2 network crypto assets that are unstaked (the "Unstaked BEP-2 Assets") and approximately $73 million of BEP-2 network crypto assets that are staked via BAM's staking program (the "Staked BEP-2 Assets").

6.   Due to the impact of the sunset plan on the value of all BEP-2 tokens, including BAM customer positions, BAM personnel believe they must swap out its BEP-2 inventory for tokens of equivalent value on other networks prior to May 15, 2024.  As a result, I understand that BAM and BHL have reached agreement on a token exchange with respect to the Unstaked BEP-2 Assets. Pursuant to that agreement, BAM will first receive from BHL native tokens of equivalent value to BAM's BEP-2 token holdings.  BAM will subsequently deposit its BEP-2 tokens from BAM hot wallets with BHL.

7.   As to the Staked BEP-2 Assets, based on communications with BAM personnel, I understand that BAM plans to conduct on-chain transfers via smart contracts (i.e., digital contracts that are automatically executed on the blockchain).  The smart contracts will result in the "burning" of the BEP-2 assets (i.e., permanently removing the tokens from circulation) and minting of BEP-20 assets to replace the BEP-2 assets.  Notably, the smart contract will not involve an external transfer to any Binance Entities.

8.   Finally, BAM does not plan to issue public communications specifically related to the proposed token exchange.  Based on my discussions with BAM personnel, I understand that BAM believes that a public announcement in advance of the transactions could be used by criminal actors to target the transactions and potentially steal assets.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on May 8, 2024                    */s/ Matthew Laroche*
New York, New York                         Matthew Laroche

# EXHIBIT 1

# Binance Will Support the BNB Beacon Chain (BEP2) Network Sunset Plan

**Fellow Binancians,**

As announced by the project team in January 2024, BNB Beacon Chain (BEP2) will be sunsetting in the next few months.

Binance will support the BEP2 network sunset plan to ensure the best user experience during the migration process. The Binance team has been proactively working with all listed projects that have tokens deployed on the BEP2 network to ensure that they are able to facilitate a smooth transition for their token holders.

Prior to the BEP2 network sunset, users are encouraged to deposit BEP2 Binance-pegged tokens (B-tokens) into their Binance accounts. These tokens will be credited, and users can then withdraw them via its native chain or other chains supported by Binance.

**Please note:**

- Effective immediately, B-token withdrawals on the aforementioned network are suspended.

- Withdrawals for all other tokens on the aforementioned network will be supported until **2024-02-21 23:59 (UTC)**. After **2024-02-21 23:59 (UTC)**, users will no longer be able to withdraw tokens via the aforementioned network. Users may proceed to withdraw the tokens via other supported networks, where applicable.

- **Deposits** of B-tokens and selected tokens on the aforementioned network will continue to be supported until **further notice**. Users may check the deposit status page for details.

- There may be discrepancies in the translated version of this original article in English. Please reference this original version for the latest or most accurate information where any discrepancies may arise.

Binance will continue to update users via announcements.

For more information, please refer to the following:

- BEP2/BEP8 Asset Sunset Announcement

- Navigating the BNB Beacon Chain Fusion Roadmap: Six Month Plan

Thank you for your support!

Binance Team

2024-02-08

Trade on-the-go with Binance's crypto trading app (iOS/Android)

Find us on

- [Telegram](#)

- [X](#)

- [Facebook](#)

- [Instagram](#)

*Binance reserves the right in its sole discretion to amend or cancel this announcement at any time and for any reasons without prior notice.*

*__Disclaimer__: Digital asset prices are subject to high market risk and price volatility. The value of your investment may go down or up, and you may not get back the amount invested. You are solely responsible for your investment decisions and Binance is not liable for any losses you may incur. Past performance is not a reliable predictor of future performance. You should only invest in products you are familiar with and where you understand the risks. You should carefully consider your investment experience, financial situation, investment objectives and risk tolerance and consult an independent financial adviser prior to making any investment. This material should not be construed as financial advice. For more information, see our Terms of Use and Risk Warning.*

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> *Plaintiff*, <br><br> v. <br><br> BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO, <br><br> *Defendants*. | No. 1:23-cv-01599-ABJ-ZMF |

**[PROPOSED] ORDER GRANTING BAM'S MOTION FOR**
**RELIEF FROM THE CONSENT ORDER**

Pending before the Court is BAM Trading Services Inc.'s and BAM Management US Holdings Inc.'s (together, "BAM") Motion for Relief from the Consent Order (Dkt. No. 71) to permit the exchange of BAM-custodied BEP-2 unstaked and staked assets (the "Unstaked BEP-2 Assets" and "Staked BEP-2 Assets," respectively). Upon due consideration of the Motion, the Court concludes that the Motion should be granted.

Accordingly, it is hereby **ORDERED** that BAM's Motion is **GRANTED** as follows:

1) BAM is authorized to receive from Binance Holdings Limited ("BHL") native tokens of equivalent value (on a token-by-token basis) to BAM's Unstaked BEP-2 Assets. After BAM has received those native tokens of equivalent value, BAM may then transfer its Unstaked BEP-2 Assets to BHL. For the avoidance of doubt, BAM may not transfer the Unstaked BEP-2 Assets to BHL until it receives native tokens of equivalent value (on a token-by-token basis) from BHL. BAM will identify the Unstaked BEP-2 Assets to the SEC in advance of the transactions,

and BAM may engage in the foregoing transactions notwithstanding the provisions of the Consent Order.

2)  For BAM's Staked BEP-2 Assets, BAM is authorized to conduct on-chain transfers via smart contracts that will result in the "burning" of the BEP-2 assets and the minting of BEP-20 assets to replace the BEP-2 assets.  BAM will identify the Staked BEP-2 Assets to the SEC in advance of the transactions, and BAM may engage in the foregoing transactions notwithstanding the provisions of the Consent Order.

3)  BAM is relieved from any Consent Order requirements with respect to exchanges of BEP-2 tokens for native chain tokens that it conducted with a non-Binance Entity third-party liquidity provider.

4)  BAM is permitted to conduct the above transactions notwithstanding the provision in Section II.6 in the Consent Order stating "that BAM Trading may continue to transfer Customer Assets to external wallets or accounts solely at the direction of the beneficial owners of such Customer Assets or to support redemptions or transfers directed by such customers subject to the prohibition above that BAM Trading and BAM Management, including their officers and employees, may not in any circumstance transfer Customer Assets to or for the benefit of any of the Binance Entities."


Dated: _____         _____
                                       Amy Berman Jackson
                                       UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

SECURITIES AND EXCHANGE
COMMISSION,

          *Plaintiff*,

    v.

BINANCE HOLDINGS LIMITED,
BAM TRADING SERVICES INC.,
BAM MANAGEMENT US HOLDINGS
INC., AND CHANGPENG ZHAO,

         *Defendants*.

**No. 1:23-cv-01599-ABJ-ZMF**

---

**[PROPOSED] ORDER**

    The Court has considered the motion to seal filed by Defendants BAM Trading Services Inc. and BAM Management US Holdings Inc. (together, "BAM"). This motion is supported by good cause.

    It is hereby **ORDERED** that the motion is granted, and BAM's Motion for Relief from the Consent Order (the "Motion"), the Declaration of Matthew Laroche in Support of the Motion, and the proposed order granting BAM's Motion shall be maintained under seal.

Dated: _____

_____
Amy Berman Jackson
UNITED STATES DISTRICT JUDGE