# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:23-cv-01599-ABJ-ZMF ) |
| BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL**

Pursuant to Local Civil Rule 5.1(h) and paragraph 11(c) of the Protective Order Governing Discovery ("Protective Order") (Dkt. No. 231), Plaintiff Securities and Exchange Commission ("SEC") moves for an order sealing the SEC's Response to BAM Trading Services Inc. and BAM Management US Holdings Inc.'s (together, "BAM") Motion for Relief from Consent Order ("Response"). The Response is attached as Exhibit A to this Motion. The SEC has conferred with Defendants who consent to the SEC's Motion to Seal.

In support of this Motion, the SEC states the following:

1.  On May 8, 2024, BAM filed a Motion for Relief from Consent Order under seal with an accompanying motion to seal to address information designated Confidential contained therein. *See* Dkt. No. 237. As reflected in BAM's Motion to Seal, the SEC opposes the sealing in its entirety of BAM's Motion for Relief from Consent Order and is continuing to meet and confer with BAM concerning confidentiality designations and corresponding redactions. *See id.* at 2.

2.  The SEC's Response contains information that BAM has designed Confidential and,

therefore, Protected Material under the Protective Order

3. As recognized in the Protective Order, "a party that includes in its own filing Protected Material designated by another Designating Party is not in the best position to sufficiently substantiate the request for confidentiality and should not assume the procedural or substantive burden of justifying sealing in such a situation." Dkt. No. 231 at ¶ 11(a). To address this issue, the Protective Order outlines a process for filings under seal where the Designating Party substantiates the request for redaction or sealing.

4. Specifically, in relevant part, under paragraph 11(c) of the Protective Order, when a party includes in its filing material that a different party has designated as Protected Material, the filing party will submit the filing under seal, accompanied by a motion to seal pursuant to Local Civil Rule 5.1(h), without prejudice to its right to challenge the confidentiality designation. The accompanying motion to seal must state that the underlying filing contains material designated as Protected Material, identify the Designating Party, and state that, pursuant to the Protective Order, the Designating Party will follow the Protective Order's process for filing a public redacted version and, within seven (7) calendar days, either file (a) a notice withdrawing the relevant designations (such that the filing can be made public), or (b) file a brief in support of the motion to seal pursuant to Local Civil Rule 5.1(h) to justify redaction or sealing. *Id.* at ¶ 11(c).

5. Pursuant to this provision, the SEC is hereby requesting leave to file its Response under seal because the Response includes information that BAM has designated as Confidential. As the Designating Party, BAM is required to follow the process set forth in the Protective Order for filing a public redacted version and, within seven (7) calendar days, it must file either (a) a notice withdrawing the confidentiality designations to allow the filing to be made public or (b) a brief in support of the sealing motion pursuant to Local Civil Rule 5.1(h) to justify redaction or sealing. *See*

*id.*

6.  The SEC will meet and confer with BAM concerning these issues and reserves all rights to challenge the confidentiality designations in BAM's Motion for Relief from Consent Order and the SEC's Response as necessary.

Accordingly, for the foregoing reasons and good cause shown, without conceding that the confidentiality of the attached is appropriate, the SEC respectfully requests that the Court GRANT the SEC's Motion and enter an order that grants the SEC leave to file its Response under seal pending further filings under the Protective Order and Local Rules relating to the sealing or redactions.

Dated: May 9, 2024                                  Respectfully submitted,

 

s/ *Jennifer Farer*
Matthew Scarlato (D.C. Bar No. 484124)
Jennifer L. Farer (D.C. Bar No. 1013915)
J. Emmett Murphy
Elisa Solomon
David A. Nasse (D.C. Bar No. 1002567)
Jorge G. Tenreiro
SECURITIES AND EXCHANGE COMMISSION
(202) 551-3749 (Scarlato)
scarlatom@sec.gov

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I, Jennifer L. Farer, certify that on May 9, 2024, copies of this Motion and all Exhibits were served via email on counsel of record for Defendants BAM Trading Services Inc., BAM Management US Holdings Inc., Binance Holdings Limited, and Changpeng Zhao.

<pre>                              /s/ Jennifer L. Farer
                              JENNIFER L. FARER

                              <i>Attorney for Plaintiff</i></pre>

# EXHIBIT A

# SEC'S RESPONSE TO BAM'S MOTION FOR RELIEF FROM CONSENT ORDER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO,<br><br>Defendants. | No. 1:23-cv-01599-ABJ-ZMF |

**SECURITIES AND EXCHANGE COMMISSION'S RESPONSE
TO BAM MANAGEMENT US HOLDINGS INC.'S AND BAM TRADING SERVICES INC.'S
<u>MOTION FOR RELIEF FROM CONSENT ORDER</u>**

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this response to BAM Trading Services Inc. and BAM Management US Holdings Inc.'s (together, "BAM") Motion for Relief from Consent Order (Dkt. No 237, Ex. A to Decl. of Matthew LaRoche).  As set forth in more detail below, the SEC does not oppose the relief BAM requests in its Motion as set forth in the accompanying proposed order, and it submits this Response on an expedited basis to explain its position to the Court.

<b>BACKGROUND</b>

On March 27, 2024, BAM's counsel first notified the SEC of the "BEP-2 network sunset," explaining that BAM's BEP-2 token holdings would become valueless when the network sunset was complete.  BAM planned to deposit its BEP-2 tokens with Binance Holdings Limited ("BHL") in exchange for native chain tokens of equivalent value on a token-by-token basis, with BAM receiving the native tokens in advance of sending BHL the BEP-2 tokens.  In response, the SEC told BAM that

this plan would require relief from the Court under the Consent Order and requested information concerning the proposed transactions, customer notification, and the impact on BAM's Customer Assets, to help inform its position on the issues, protection of Customer Assets, and implication of the Consent Order.[1]

On May 2, 2024, while these discussions were ongoing, the SEC separately identified that BAM had executed certain exchanges of BEP-2 tokens for native chain tokens using a third-party liquidity provider based outside the United States as an intermediary between BAM and Binance. The SEC immediately raised the issue with BAM's counsel. BAM's counsel subsequently confirmed that these crypto asset transactions (totaling a U.S. Dollar value of approximately $188 million), had indeed occurred. BAM's stated view was that these transactions were outside the scope of the Consent Order, and, thus, did not require relief from the Court. The SEC explained its position that these transactions implicate the Consent Order (Sections II.1, II.3, and II.6) because the transactions involved transfers of Customer Assets outside of the United States and BAM's exclusive possession, custody, and control, and because Binance was the ultimate recipient of the Customer Assets. Moreover, the SEC raised concerns that, unlike the proposal that was the subject of ongoing discussions, the BEP-2 tokens held by BAM were transferred out before the native assets were transferred to BAM—a sequence that could create more risk to customers.[2] The SEC agreed not to

---

[1] As part of these discussions, upon review of the relevant wallets and crypto assets that BAM identified would be part of the proposed transactions, the SEC requested information about what appeared to be BEP-2 tokens in BAM's wallets that were not identified by BAM. BAM's counsel represented that certain of these BEP-2 tokens held in its wallets are not supported by BAM, and it has otherwise confirmed all Customer Assets are accounted for. The SEC and BAM will continue to meet and confer to address any remaining questions on this issue.

[2] The SEC also raised questions given public information indicating a connection between the wallet address of the third-party liquidity provider and Binance. According to BAM's counsel, the third-party liquidity provider provided this wallet address to BAM, and counsel did not know whether this was a deposit address for the liquidity provider on the Binance.com platform.

immediately seek a remedy from the Court based on BAM's confirmation that it received an equivalent number of native assets in exchange for the BEP-2 tokens that were transferred, and BAM agreed it would not undertake further swap transactions pending the resolution of this Motion. The SEC reiterated its position that these transactions implicate the Consent Order and made clear that these transactions should be disclosed to the Court and included (albeit post hoc) in the relief sought in its Motion. BAM agreed to include these transactions in its request for relief.

Additionally, on May 6, 2024, BAM identified for the first time that it had $73 million in staked BEP-2 assets and explained its plan to transfer these assets as outlined in its Motion. BAM has not provided further information in response to the SEC's questions, including about the sequencing and any corresponding impact to Customer Assets of any staking and unstaking during this transfer process. While BAM does not believe the Consent Order is implicated as set forth in its Motion, the SEC's position is that these planned transfers likely implicate the Consent Order because the prohibition on transfers to Binance Entities is not limited to external transfers, and based on public information, Binance (or other Binance Entities) developed and continue to be involved with the BNB Smart Chain and BEP-20 tokens that are part of this exchange. The SEC's assessment of whether these transactions implicate the Consent Order is hampered by the limited information provided by BAM to date concerning these transactions. Given the exigent circumstances, to facilitate resolution of this issue, BAM agreed to include these staked assets in its request for relief in light of the SEC's position.

Finally, in connection with all the different types of transactions described in BAM's Motion, the SEC asked BAM about customer notification and how it intended to comply with the Consent Order requirement that BAM may transfer Customer Assets to external wallets or accounts "solely at the direction of the beneficial owners of such Customer Assets or to support redemptions or transfers

directed by such customers." Consent Order § II.6.  BAM's counsel represented that BAM cannot identify a specific group of customers holding tokens on the BEP-2 network, characterizing BEP-2 tokens as fungible with other tokens across networks and explaining that BAM does not track user assets by network.  In addition, it represented that, for purposes of asset security, BAM did not intend to issue a public announcement about the exchange transactions.  Nevertheless, BAM has represented that it will communicate generally to customers that BHL will be supporting the BEP-2 sunset and will highlight the direct impact of the sunset, including the cessation of BEP-2 deposits and withdrawals on the BAM platform.  The SEC made clear its position that this provision of the Consent Order—requiring transfers to be *solely* at the direction of customers—is implicated, and that BAM's request for relief should include relief from this requirement.  BAM has agreed to include this issue in its request for relief.

## SEC POSITION

The public information the SEC has been able to obtain is consistent with BAM's representation of the BNB Beacon Chain (BEP-2) network sunset and the risk of the loss of value associated with BEP-2 token holdings upon completion of the network sunset.  The SEC has not otherwise been able to independently verify the representations from BAM's counsel upon which the SEC relies in stating its position herein, some of which, although not necessary for the Court to resolve for purposes of this Motion, appear to be inconsistent with information available to the SEC.  Nor has the SEC reviewed or endorsed the sufficiency of customer disclosures relating to these issues.

Nevertheless, in light of the exigent circumstances with the timing of the network sunset, the significant amount of Customer Assets at risk of loss, the representations of counsel that the proposed transfers with Binance Entities are necessary to protect its customers' holdings of BEP-2 tokens, and the proposed depositing of native assets in advance to minimize the risk to unstaked assets, the SEC

4

does not oppose the relief requested as set forth in the proposed order to BAM's Motion, which is narrowly tailored to the identified transactions and specific manner of execution.  Finally, the SEC understands that BAM will continue to provide the SEC with information concerning BEP-2 related issues, including the transactions described in its Motion and corresponding means of verification.

The SEC's position on this Motion is not, and should not be construed as, an explicit or implicit agreement or endorsement concerning the factual assertions and characterizations contained in BAM's Motion, Defendants' businesses, or that the transactions described in the Motion are otherwise lawful.  Further, the SEC reserves all rights to seek relief from the Court as necessary.

Dated:  May 9, 2024                                          Respectfully submitted,


                                                                        s/ *Jennifer Farer*
                                                                        Matthew Scarlato (D.C. Bar No. 484124)
Jennifer L. Farer (D.C. Bar No. 1013915)
J. Emmett Murphy
Elisa Solomon
David A. Nasse (D.C. Bar No. 1002567)
Jorge G. Tenreiro
SECURITIES AND EXCHANGE COMMISSION
(202) 551-3749 (Scarlato)
scarlatom@sec.gov

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO,<br><br>Defendants. | No. 1:23-cv-01599-ABJ-ZMF |

**[PROPOSED] ORDER**

This matter is before the Court on Plaintiff Securities and Exchange Commission ("SEC") Motion for Leave to File Document Under Seal ("Motion to Seal"), moving for an order sealing the SEC's Response to BAM Trading Services Inc. and BAM Management US Holdings Inc.'s Motion for Relief from Consent Order ("Response").

Pursuant to Local Civil Rule 5.1(h) and paragraph 11(c) of the Protective Order Governing Discovery ("Protective Order") (Dkt. No. 231), and for good cause shown, the SEC's Motion to Seal is GRANTED. It is further ORDERED that the SEC's Response shall be maintained under seal pending further filings under the Protective Order and Local Rules relating to the sealing or redactions.

SO ORDERED this _____ day of _____, 2024.

_____
Amy Berman Jackson
United States District Court Judge