UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO,<br><br>*Defendants*. | No. 1-23-cv-01599-ABJ |

**JOINT RESPONSE TO THE COURT'S JULY 9, 2024 MINUTE ORDER**

Plaintiff Securities and Exchange Commission ("SEC"), Defendant Binance Holdings Limited, Defendant BAM Trading Services Inc., Defendant BAM Management US Holdings Inc., and Defendant Changpeng Zhao (collectively, the "Parties") respectfully submit this Joint Response pursuant to the Court's July 9, 2024 Minute Order setting forth the parties' respective positions.

**I.      SEC'S PROPOSAL**

The SEC informed Defendants that it intends to seek leave to amend its Complaint, including with respect to the "Third Party Crypto Asset Securities" as defined in the SEC's Omnibus Opposition to Defendants' Motion to Dismiss, Dkt. No. 172, obviating the need for the Court to issue a ruling as to the sufficiency of the allegations as to those tokens at this time. The parties met and conferred and have agreed to the following proposed schedule for briefing on a motion to amend and related pleadings:

1

1. **SEC Motion to Amend**: Due within 30 days of entry of the Scheduling Order by the Court.

2. **Defendants' Responses Either Consenting to or Opposing Motion to Amend**: Due 30 days thereafter.

3. **SEC Reply in Support of Motion to Amend**: Due 21 days thereafter.

4. **Defendants' Answers/Rule 12 Motion(s)**: Due within 30 days of entry of the Court's Order resolving the SEC's motion to amend or, if Defendants do not oppose amendment, within 30 days of the filing of Defendants' response consenting to the amendment of the SEC's Complaint.

5. **SEC's Response to Rule 12 Motion(s)**: Due 30 days thereafter.

6. **Defendants' Reply in Support of Rule 12 Motion(s)**: Due 21 days thereafter.

While the parties agreed to a schedule on briefing and related pleadings, the Parties were unable to reach agreement as to whether discovery should commence (subject to an agreed schedule set forth below) as to the claims the Court already ruled would go forward, or whether the parties need to further meet and confer on this issue.

The SEC proposes that, regardless of any pending motions, discovery will commence pursuant to the proposed agreed schedule below on the SEC's claims that the Court held will proceed pursuant to its June 28, 2024 Memorandum and Order, Dkt. No. 248, and that any other discovery will be addressed after the Court rules on the SEC's motion to amend and any subsequent Rule 12 motion(s).

Defendants were unwilling to agree to the commencement of discovery, claiming they cannot agree to the commencement of discovery without reviewing the SEC's proposed amended complaint. However, the SEC is not asking Defendants to agree to conduct merits discovery as

to potentially new allegations in the SEC's proposed amended complaint. Instead, the SEC's position is that Counts 1 and 3, along with Counts 4-13, have already survived Defendants' motion to dismiss, regardless of any additional allegations the SEC may make in an amended complaint with respect to the scope of Counts 1 and 3. It is not "premature" or "unreasonable" to order the parties to commence discovery as to all of those Counts and the allegations that support them, now. To the extent the SEC makes additional allegations and they survive further motion practice, the parties can discuss what additional discovery, if any, is proper as to those allegations, at that time.

Aside from the issue of whether discovery will commence on the SEC's claims that the Court held will proceed pursuant to its June 28, 2024 Order, the SEC proposes the agreed schedule as follows. The parties propose to meet and confer in accordance with Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Local Rules within 14 days of the SEC filing its motion to amend, and to file their Rule 26(f) report within 14 days of that meet and confer. Further, within 14 days of the entry of the Court's order resolving the SEC's motion to amend or any Rule 12 motion by Defendants, the parties shall meet and confer to discuss any changes to the proposed discovery plan and the Court's scheduling order, and, within 14 days of the meet and confer, file a joint supplemental report proposing changes to the discovery plan, if any.

## II.     DEFENDANTS' PROPOSAL

Defendants BAM Management US Holdings Inc., BAM Trading Services Inc. (collectively, "BAM"), Binance Holdings Limited ("BHL"), and Changpeng Zhao ("Zhao"), respectfully submit their proposed schedule as follows:

During the process of conferring with the SEC, the SEC represented for the first time that it intends to move for leave to file an Amended Complaint. The detail in the SEC's proposal above

regarding amendment was not disclosed to Defendants until 11:53 PM ET on July 29, 2024, and suggests that they intend amendments beyond the claims concerning the Third-Party Tokens.

After working diligently together in numerous exchanges, the Parties reached an agreement on specific language for the joint status report addressing dates for the amendment of pleadings, further motions practice, and a discovery plan, as of approximately 1:44 PM ET on July 29, 2024. Unfortunately, when the SEC sent the draft joint status report at approximately 3:24 PM ET, the SEC added new language falsely stating that the Parties had agreed that discovery should commence shortly after the SEC files a proposed amended complaint—which, again, Defendants still have not seen. After several email exchanges, the SEC ultimately refused to withdraw its new language at 10:43 PM ET, resulting in the Parties now having competing proposals.

After the SEC seeks leave to amend, the Parties should meet and confer to discuss further steps regarding the claims that the Court previously sustained, including a plan for discovery, and then submit a Rule 26(f) report. Defendants propose the following schedule be adopted by the Court, which is what Defendants previously agreed to with the SEC and which the SEC also accepted, subject to its insistence this afternoon and evening that Defendants agree to commence discovery without having an opportunity to see the SEC's proposed amended complaint:

- **SEC Motion to Amend**: Due within 30 days of entry of the Scheduling Order by the Court.

- **Defendants' Responses Either Consenting to or Opposing Motion to Amend**: Due 30 days thereafter.

- **SEC Reply in Support of Motion to Amend**: Due 21 days thereafter.

- **Defendants' Answers/Rule 12 Motion(s)**: Due within 30 days of entry of the Court's Order resolving the SEC's motion to amend or, if Defendants do not oppose

4

    amendment, within 30 days of the filing of Defendants' response consenting to the amendment of the SEC's Complaint.

- **SEC's Response to Rule 12 Motion(s)**: Due 30 days thereafter.

- **Defendants' Reply in Support of Rule 12 Motion(s)**: Due 21 days thereafter.

- **Discovery:** The Parties will meet and confer in accordance with Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Local Rules within 14 days of the SEC filing its motion to amend, to address a discovery plan for the claims this Court held will proceed pursuant to its June 28, 2024 Memorandum and Order, Dkt. 248, and will file their Rule 26(f) report within 14 days of that meet and confer. Further, within 14 days of the entry of the Court's order resolving the SEC's motion to amend or any Rule 12 motion by Defendants, the Parties shall meet and confer to discuss any changes to the proposed discovery plan and the Court's scheduling order, and, within 14 days of the meet and confer, file a joint supplemental report proposing changes to the discovery plan, if any.

Consistent with the discussion at the July 9, 2024 hearing, this proposal provides that further proceedings will start with the SEC either seeking leave to amend the Complaint or confirming that it plans to proceed with the current Complaint. *See* July 9, 2024 Tr. at 10:11-19. Until Defendants have a set of proposed amended allegations in front of them, it is premature and unreasonable for the SEC to expect them to agree to conduct merits discovery for claims on which the SEC may soon seek leave to amend its allegations (e.g., Counts 1 and 3).

Dated:  July 29, 2024                                              Respectfully submitted,

s/ Daniel W. Nelson                                                s/Matthew Scarlato
Daniel W. Nelson (D.C. Bar #433415)                                Matthew Scarlato (D.C. Bar No. 484124)
Jason J. Mendro (D.C. Bar #482040)                                 Jennifer L. Farer (D.C. Bar No. 1013915)
Stephanie Brooker (*pro hac vice*)                                 David A. Nasse (D.C. Bar No. 1002567)
M. Kendall Day (*pro hac vice*)                                    SECURITIES AND EXCHANGE
Amy Feagles (*pro hac vice*)                                       COMMISSION
Matt Gregory (D.C. Bar #1033813)                                   100 F Street, NE
Jeremy M. Christiansen (D.C. Bar #1044816)                         Washington, DC 20549-9040
GIBSON, DUNN & CRUTCHER LLP                                        (202) 551-3749 (Scarlato)
1050 Connecticut Avenue, N.W.                                      scarlatom@sec.gov
Washington, D.C.  20036-5306
(202) 887-3687 (Nelson)                                            Elisa S. Solomon
DNelson@gibsondunn.com                                             J. Emmett Murphy
                                                                   Jorge G. Tenreiro
                                                                   SECURITIES AND EXCHANGE
*Attorneys for Defendant Binance*                                  COMMISSION
*Holdings Limited*                                                 100 Pearl Street
                                                                   New York, NY 10004

                                                                   *Attorneys for Plaintiff Securities and*
                                                                   *Exchange Commission*

s/Abid R. Qureshi
Abid R. Qureshi (D.C. Bar No. 459227)
William R. Baker, III (D.C. Bar No. 383944)
Erik S. Volkman (D.C. Bar No. 490999)
Michael E. Bern (D.C. Bar No. 994791)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
abid.qureshi@lw.com
william.baker@lw.com
eric.volkman@lw.com
michael.bern@lw.com

Douglas K. Yatter (*pro hac vice*)
Benjamin Naftalis (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
douglas.yatter@lw.com
benjamin.naftalis@lw.com

Heather A. Waller (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
heather.waller@lw.com

Melanie M. Blunschi (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: (415) 391-0600
Fax: (415) 395-8095
melanie.blunschi@lw.com

*Attorneys for Defendant Changpeng Zhao*

s/ Daniel J. Davis
Daniel J. Davis (D.C. Bar #484717) (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Ave NW
Washington DC 20006
daniel.davis@katten.com

Christian T. Kemnitz (*pro hac vice*)
Levi Giovanetto (D.C. Bar #1001160) (*pro hac vice*)
David Luger (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661
christian.kemnitz@katten.com
levi.giovanetto@katten.com
david.luger@katten.com


George S. Canellos (*pro hac vice*)
Matthew Laroche (*pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163
212-530-5792
gcanellos@milbank.com
mlaroche@milbank.com

*Attorneys for Defendants BAM Trading Services Inc. and BAM Management Holdings US Inc.*

7