UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) BINANCE HOLDINGS LIMITED, ) BAM TRADING SERVICES INC., ) BAM MANAGEMENT US HOLDINGS ) INC., AND CHANGPENG ZHAO, ) ) Defendants. ) ) | No. 1:23-cv-01599-ABJ-ZMF |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Securities and Exchange Commission ("SEC") respectfully writes to notify the Court of a recent Supreme Court decision, *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570 (2024), that relates to the standard for issuance of temporary or preliminary injunctive relief. The SEC is notifying the Court out of an abundance of caution because of the Consent Order that is currently in place following the SEC's Motion for a Temporary Restraining Order ("TRO Motion") (Dkt. No. 4).

*Starbucks* applied a four-part test for temporary and preliminary injunctions when evaluating the National Labor Relations Board's request for preliminary injunction under the National Labor Relations Act. Although *Starbucks* involved preliminary injunctive relief sought by a different government agency under its separate statutory authority, on July 9, 2024, the Third Circuit in *SEC v. Chappell*, cited *Starbucks* in applying the four-part test to enforcement actions brought by the SEC. 107 F.4th 114, 128 (3d Cir. 2024). That test requires a plaintiff to demonstrate the following factors to obtain a temporary or preliminary injunction: (1) a

likelihood of success on the merits; (2) irreparable harm absent the injunction; (3) that the balance of equities tips in the plaintiff's favor; and (4) that the injunction sought is in the public interest. *Starbucks*, 144 S. Ct. at 1576.

On June 17, 2023, this Court entered a Consent Order governing certain conduct of the parties pending resolution of this case on the merits (Dkt. No. 71) ("Consent Order"). The Consent Order was entered pursuant to a stipulation among all the parties (Dkt. No. 70) following the TRO Motion. Although the TRO Motion articulated a standard for temporary or preliminary injunctive relief under the SEC's statutory authority that differs from the standard applied in *Starbucks*, the Consent Order was entered on consent of the parties, not based on any Court findings under either standard, and should remain in effect.

Dated: September 24, 2024               Respectfully submitted,

/s/ Matthew Scarlato
Matthew Scarlato (D.C. Bar No. 484124)
Jennifer L. Farer (D.C. Bar No. 1013915)
J. Emmett Murphy
David A. Nasse (D.C. Bar No. 1002567)
Jorge G. Tenreiro
Elisa S. Solomon
SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20549
(202) 551-3749 (Scarlato)
scarlatom@sec.gov

*Attorneys for Plaintiff*