UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO,<br><br>Defendants. | No. 1:23-cv-01599-ABJ-ZMF |

## JOINT RULE 26(F) REPORT

Plaintiff Securities and Exchange Commission ("SEC"), and Defendants Binance Holdings Limited ("BHL"), BAM Trading Services Inc., BAM Management US Holdings Inc., (together, "BAM"), and Changpeng Zhao jointly submit this report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3(d). The SEC's proposed scheduling order is attached as Exhibit A, and Defendants' proposed scheduling order is attached as Exhibit B.

**1.   Initial Dispositive Motions and Their Impact on Discovery**

The SEC has moved for leave to amend its Complaint ("Motion for Leave"), Dkt. No. 273. Defendants are evaluating whether to oppose the SEC's motion and/or to file a motion under Rule 12. The parties disagree as to the proper scope of discovery at this stage.

**A.   *SEC's Position***

The Court's August 13, 2024 Interim Scheduling Order ("Interim Order"), Dkt. No. 254, ordered the commencement of merits discovery as of that date, other than as to depositions,

which would be scheduled to begin later. The SEC proposes that all discovery should now be permitted on all claims that the Court did not dismiss in its June 28, 2024 Memorandum Opinion and Order ("MTD Order"), Dkt. No. 248, such that discovery should proceed as to all claims except: (1) Count Two (offers and sales of BUSD); (2) Count Three, but only as it relates to Binance's Simple Earn program; and (3) secondary sales of BNB by sellers other than Binance. As to all other claims, discovery shall proceed, including as to Binance's BNB sales to employees and Defendants' intermediating transactions in the third-party crypto assets identified in Section VIII of the Complaint.

The SEC respectfully submits that this approach is more efficient than Defendants' proposal to impose unwarranted discovery limitations. This case concerns a convoluted set of actions by Defendants that the SEC alleges was specifically designed to avoid U.S. law, dating as far back as 2017. The Court has already ruled that the bulk of the case will proceed. There is thus no reason to further delay any discovery on claims that have not been specifically dismissed by the MTD Order.

Defendants appear to propose to exclude from discovery information about specific assets trading on their platforms that are alleged in the Complaint, but the Court has not dismissed those claims. Moreover, regardless of the outcome of the Motion for Leave, the SEC will be entitled to discovery about the operation of Defendants' platforms in support of the Exchange Act claims that the Court has already sustained. Defendants' proposal would require the parties to engage in discovery as to the operation of the platforms and whether they implicate the securities laws, while artificially *excluding* documents that relate to the named tokens in the Complaint. This approach would unnecessarily *increase*, not decrease, the burden and complexity of discovery, including, among other things, because the parties are likely to disagree

as to whether a particular piece of evidence relates solely to the specifically sustained Exchange Act claims or to the as-of-yet addressed third party tokens.

Similarly, Defendants' proposal to cut-out discovery concerning Binance's sales of BNB to employees is inconsistent with the MTD Order—the Court sustained the SEC's claims based on Binance's post-ICO sales of BNB, relying in part upon the SEC's allegations concerning Binance's sales of BNB to its employees.  MTD Order at 34-36.

There is no reason to further delay merits discovery or to complicate matters.  To streamline discovery in a manner most consistent with the Federal Rules of Civil Procedure, the SEC respectfully requests that the Court allow discovery to proceed as to the matters set forth in the SEC's proposed order.

**B.  *Defendants' Position***

Defendants agree that discovery should proceed with respect to the claims the Court has sustained over their motions to dismiss.  All other discovery should await a ruling on the further motions Defendants may file in support of dismissal or in opposition to the SEC's motion to amend the pleadings.  This approach would conform to the Court's June 26, 2023 order deferring discovery on claims that have not overcome dismissal.  *See* Dkt. No. 88.  As the Court reasoned, the "SEC has already engaged in the administrative discovery that ordinarily precedes the filing of a complaint under the Securities and Exchange Act, the Court has already authorized the SEC to engage in the extensive early discovery detailed in the consent interim order [Dkt. # 71], and the parties anticipate filing dispositive motions that may affect the shape of the case."  *Id.* (brackets in original).  In the fifteen months since the Court's order, this reasoning has only grown stronger.  Following the Court's ruling on Defendants' motions to dismiss, it is even

clearer that there are serious questions about the legal viability of the SEC's untested claims, and the SEC has been permitted to engage in even more discovery, now including merits discovery.

Accordingly, Defendants submit that discovery should not proceed as to claims concerning (i) secondary sales of any tokens; (ii) BUSD; (iii) BHL's Simple Earn program; (iv) employee compensation; and (v) third-party tokens.

These limitations are consistent with the Court's ruling on the motions to dismiss. The Court dismissed all claims related to BUSD and Simple Earn. *See* MTD Order at 47–53. It concluded that the SEC failed to allege "that *any particular* secondary sales satisfy the *Howey* test for an investment contract." *Id.* at 43 (emphasis added). Although this reasoning was included in the portion of the opinion related to BNB, it is equally applicable to the third-party tokens, and the Court clearly did not sustain any claims concerning those tokens. *See id.* at 57. Finally, the Court reasoned that the SEC had not stated "an independent claim alleging that the offer to employees [of BNB] was an investment contract." *Id.* at 35, n.11. Defendants intend to challenge these claims, and discovery should not proceed on them until those challenges are decided.

The SEC's contention that it would be more "efficient" to conduct discovery on these untested claims now is implausible. Such discovery would be enormously costly and burdensome to Defendants, who are already addressing other sweeping discovery requests and could file "motions that may affect the shape of the case," resulting in the dismissal of these claims entirely. Dkt. No. 88. Allowing discovery related to tokens issued by third parties who are not before the Court is particularly unjustified given that the SEC has represented that even "addressing the sufficiency of the allegations as to the Ten Crypto Assets is not needed." SEC Mem. In Support of Motion for Leave to Amend, Dkt. No. 273-1, at 23. And while it is unclear

4

what discovery the SEC needs on the "operation of the platforms" to determine whether any secondary trades or third-party tokens are "securities," it should be clear that more discovery on more issues is not "streamlining."  The SEC's proposal of allowing discovery to move forward on multiple claims that the Court expressly did not reach or sustain would unreasonably burden not only Defendants but also the Court, which will inevitably be forced to adjudicate disputes regarding the scope of discovery into untested allegations that may be mooted by a subsequent ruling.

Finally, it bears mention that the Court has not yet addressed the SEC's claims regarding employee compensation—which were not even pled in the original complaint—and third-party tokens.

**2.      Joining Additional Parties and Amending Pleadings**

The Interim Order provides deadlines for briefing on the SEC pending Motion for Leave to Amend its Complaint or, if unopposed, Defendants' responsive motions or pleadings.  As to any further motions to amend or joining parties, the parties disagree on an appropriate deadline.

A.  *SEC's Position*

The SEC has timely moved for leave to amend its Complaint, and, as this case moves into discovery, it respectfully submits that it should be entitled to a reasonable period to move to join additional parties or further amend its pleadings for reasons other than in response to the Court's MTD Order, as is typically done under the Federal Rules of Civil Procedure.  Thus, the SEC proposes that it should be given 90 days from Defendants' answer to move to amend or join parties.

Defendants' position appears to be that there should be no schedule for further amendments given that the SEC has already moved for leave to amend once.  However, there is

5

no basis in law for this position. The SEC's position is that the Court should set a *deadline* for the SEC to potentially move for leave to amend. Whether the SEC is granted any such leave is a matter best left for resolution on the merits of such motion, if one is ever filed. There is no reason to foreclose this motion at this time.

**B.   *Defendants' Position***

Defendants propose that the deadline for any additional motions to join parties or amend the pleadings be within 30 days after Defendants' deadline to file further motions to dismiss— *i.e.*, December 4, 2024. This deadline would enable the SEC to decide whether to seek further leave to amend after it knows whether Defendants will move to dismiss and on what grounds. The only apparent disagreement among the parties is whether the Court should be compelled to issue another decision on the legal sufficiency of the claims before the SEC must finalize its allegations. It should not. The SEC already has the benefit of an extensive pre-suit investigation and the Court's detailed ruling on the prior motions to dismiss. The SEC will soon have the further benefit of seeing any further arguments Defendants may make in support of dismissal. That is the time for the SEC to commit to the allegations it will pursue. If the SEC wishes to "move this case along expeditiously," as it says it does, then it should finalize its claims and allegations at the outset of merits discovery rather than reserving the right to make major changes to the scope of its case after discovery is well underway.

**3.   Magistrate Referral**

The Interim Order referred the oversight of discovery and resolution of discovery disputes to Magistrate Judge Zia M. Faruqui. The parties do not propose any further referrals at this time.

**4.      Possibility of Settlement**

The parties do not believe there is a realistic possibility of settling the case at this time but will continue to evaluate the possibility of settlement as the case progresses.

**5.      Alternative Dispute Resolution Procedures**

The parties do not believe that alternative dispute resolution procedures would be productive at this time.

**6.      Additional Dispositive Motions**

The parties believe that this case may be resolved in whole or in part on summary judgment.  The parties' respective PSOs provide for summary judgment deadlines eight weeks from their respective dates for the close of expert discovery, but the parties' differ on the timing for subsequent briefing.

   A.  *SEC's Position*

The SEC proposes a summary judgment briefing schedule of six weeks for opposition briefs, and four weeks for reply briefs.  At this time, the SEC does not believe the additional time Defendants propose is necessary, as it would only further delay the resolution of the case.

   B.  *Defendants' Position*

Defendants propose a summary judgment briefing schedule beginning after the close of all discovery, with any motions for summary judgment due by June 30, 2026.  Any oppositions would be due approximately nine weeks later, by August 31, 2026, and reply briefs due six weeks after that, by October 15, 2026.

In a case of this complexity, in which there could be motions and cross motions for summary judgment involving multiple defendants, the modest additional time Defendants propose for briefing is warranted.  The SEC's purported concerns about delay from a short

7

extension of the briefing schedule merit little weight given that the SEC filed this suit six years after BHL launched BNB and the SEC has secured preliminary relief during the pendency of this litigation.  *See* Dkt. No. 71.

**7.     Initial Disclosures**

The parties propose that they serve initial disclosures by October 25, 2024.  The parties do not propose any changes to Rule 26(a)(1)'s requirements regarding the scope or form of initial disclosures.

**8.     Discovery Plan**

The parties do not agree on a proposed schedule for completing discovery.

**A.  *SEC's Position***

As explained above, it is in the interests of justice to move this case along expeditiously. Accordingly, the SEC proposes that fact discovery conclude on October 24, 2025, which is approximately 12 months from the date the parties serve their initial disclosures, and that all written discovery must be served 45 days before the close of fact discovery (*i.e.*, September 9, 2025).  This 45-day deadline is warranted to give the parties the opportunity to review evidence received in discovery and, if necessary, issue a final set of requests before discovery closes.

Defendants' arguments to the contrary are inapposite.  Expedited discovery was limited to specific issues identified in the Consent Order, and Defendants routinely and vehemently objected to any discovery they viewed as even potentially going beyond such issues.  As to the SEC's investigation that preceded this case, "there is no authority which suggests that it is appropriate to limit the SEC's right to take discovery based upon the extent of its previous investigation into the facts underlying its case."  *SEC v. Sargent*, 229 F.3d 68 (1st Cir. 2000) (quoting *SEC v. Saul*, 133 F.R.D. 115, 119 (N.D. Ill. 1990)); *see also SEC v. Softpoint, Inc.*, 958

8

F. Supp. 846, 857 (S.D.N.Y. 1997) (Sotomayor, J.) (same).  In addition, during the SEC's investigation, Binance and Zhao refused to accept service of a subpoena.

The SEC also proposes that, given that there are four Defendants and claims involving numerous alleged securities, including 10 crypto assets issued by third parties, the Court grant an enlargement of the number of depositions prescribed by Rule 30(a)(2).  Absent additional leave of Court or by stipulation, the SEC proposes that it may take up to 25 depositions, and the Defendants, collectively, may take up to 25 depositions.

Finally, given the pending Motion for Leave, the SEC proposes that, within 14 days of Defendants' answers to the operative complaint in this case, the parties shall file a joint supplemental report indicating each party's position as to whether the Court's scheduling order should be modified.

B.  *Defendants' Position*

Defendants propose that fact discovery conclude on December 15, 2025 and that all written discovery requests be served by no later than June 30, 2025.  The SEC has not articulated any reason why litigation in a case the SEC itself recognizes as complex, involving multiple defendants, multiple experts, and potentially numerous third parties, should be litigated on a rushed timeline.  The SEC already secured preliminary relief in this case through a Consent Order.  Moreover, the SEC has illustrated that discovery will be burdensome and time-consuming, as it served 218 document requests on the Defendants just last week.  The SEC's timeframe for discovery is not realistic.

Nor is there any justification for allowing the parties to launch new waves of discovery requests a mere 45 days before the conclusion of fact discovery.  It is inconceivable that Defendants would be able to complete their responses to the pending 218 document requests in

9

45 days, so the SEC's proposal to require production in that timeframe at the end of fact discovery is a recipe for extensions and delay. Furthermore, the SEC offers no reason why it cannot formulate all of its written discovery requests over the next 8 months and 26 days, by June 30, 2025. That should be easily accomplished given that the SEC already conducted a wide-ranging pre-suit investigation, "expedited discovery" in support of its preliminary relief in this case, and served hundreds of discovery requests on the merits.

The SEC's request for more than double the depositions permitted by the Rules is also unwarranted, especially at this early stage. Rule 30 of the Federal Rules of Civil Procedure allows only 10 depositions per side by default, and Defendants agreed as a compromise to increase that number to 15, limited to no more than 10 depositions of current or former employees of either BHL or BAM. That is a reasonable compromise before initial disclosures have even been served. Defendants are willing to meet and confer with the SEC during discovery if it identifies specific justifications for additional depositions, but the SEC has no justification for them now and should be encouraged to conduct discovery judiciously. It did not do so during the "expedited discovery" phase of this case, during which it took 15 depositions, many of which were duplicative.

Defendants further propose that the parties meet and confer regarding the need for any adjustments to the scheduling order if and when circumstances dictate such modifications may be necessary, rather than schedule status reports on modifications ahead of time in the abstract.

**9.    Electronically Stored Information**

The Court has entered a Protective Order applicable to this case, Dkt. No. 231, that addresses the production of documents in this case, including electronically stored information.

There are no additional issues relating to electronically stored information that require the Court's attention at this time.

**10.     Privilege Claims**

The Court has entered a Protective Order applicable to this case, Dkt. No. 231, that addresses certain issues relating to privilege claims in this case.  There are no additional issues relating to privilege issues that require the Court's attention at this time.

**11.     Expert Discovery**

The parties disagree about an appropriate expert discovery schedule.

**A.  *SEC's Position***

After the completion of fact discovery, the SEC proposes a four-month expert discovery phase, ending February 27, 2026, with interim deadlines as follows:

a) Disclosures for parties with burden of proving a claim/defense:  November 24, 2025

b) Opposition disclosures:   January 9, 2026

c) Reply disclosures:  January 30, 2026

d) Expert depositions completed:  February 27, 2026

This schedule provides the parties' adequate time to engage in expert discovery and ensure a fair and reasonable sequencing in which depositions occur after all expert reports have been served, without further delaying the resolution of this case.

**B.  *Defendants' Position***

Defendants propose that, after the completion of fact discovery, the parties conduct expert discovery consistent with the following schedule, which encompasses approximately the same total amount of time as the SEC's proposal, but occurs slightly later to account for a longer fact-discovery period and the year-end holidays:

11

- a) January 15, 2026: Disclosure of the SEC's expert reports
    - a. If requested by an opposing party, the SEC shall makes its expert(s) available for deposition before March 1, 2026
- b) March 16, 2026: Disclosure of Defendants' expert reports
- c) April 16, 2026: Disclosure of the SEC's expert rebuttal reports, if any, limited to rebutting any new, affirmative opinions offered by Defendants beyond their rebuttals. No party shall offer reply reports in further support of opinions disclosed on January 15 or March 16, 2026.
- d) Expert depositions completed: April 24, 2026

Defendants' proposal affords all parties the same opportunities for opening and rebuttal reports. It also eliminates unnecessary "reply" reports, which multiply expert submissions and often generate avoidable disputes regarding the permissible scope of rebuttal opinions (*i.e.*, a "reply" report should not be used to introduce opinions that should have been disclosed in the initial reports).

Defendants' proposal also clarifies the deadlines by specifying when each party's reports are due, rather than tying deadlines to evidentiary burdens that may be disputed.

**12.     Class Actions**

Not applicable.

**13.     Bifurcation of Trial or Discovery**

At this time, the parties do not believe there is a need to bifurcate the trial. Otherwise, the parties disagree about the present scope of discovery as described in Section 1 above.

**14.    Pretrial Conference**

A Pretrial Conference shall be held at the Court's convenience, at least four months after an opinion denying summary judgment. In the meantime, the parties shall confer regarding pretrial motions.

**15.    Trial Date**

A trial date shall be tentatively set, subject to further discussion and the Court's schedule, at the Pretrial Conference, for between 30 to 60 days following the Pretrial Conference.

**16.    Other Matters**

   A.    *SEC's Position*

The SEC makes two additional proposals concerning the management of discovery, to streamline the resolution of disputes and to lower the burden and cost of discovery.

*First*, the SEC proposes that the Court adopt an expedited process for resolving any discovery disputes that the parties are unable to resolve. Under the SEC's proposal, a party seeking relief as to a discovery dispute shall file a motion not to exceed 10 pages in length. The opposing party shall then file their opposition brief within five business days that shall not exceed 10 pages in length. No reply briefs are permitted absent leave of Court. The SEC is also open to other alternative methods of efficiently resolving discovery disputes, such as in-chambers teleconferences or periodic status reports.

The SEC believes, based on its experience with expedited discovery in this litigation so far, that requiring full briefing of discovery disputes (absent extraordinarily complex circumstances or issues) will slow this case to a crawl and interminably delay its resolution. *See, e.g.,* Dkt. Nos. 168 & 215 (status reports setting forth repeated discovery delays during expedited discovery).

*Second*, the SEC requests that the Court require any party who produces documents in a language other than English to also produce English translations of such documents, to the extent the party has already created or otherwise maintains translations of the documents they produce. The SEC believes this proposal is warranted given that Defendants have, and are likely to continue to, produce a large volume of documents in foreign languages even after having had such documents translated for their own review.  To date, this process has slowed both Defendants' production of documents to the SEC and the SEC's ability to review them, and increases the cost of discovery by requiring parties to obtain additional translations.  Thus, to the extent Defendants create or otherwise maintain translations of documents they produce, production to the SEC will permit discovery to move forward expeditiously.  *See, e.g., Nature's Plus Nordic A/S v. Natural Organics, Inc.*, 274 F.R.D. 437, 439-440 (E.D.N.Y. 2011) ("Notwithstanding arguments of work product, courts have concluded that if a responding party to discovery has translations to the foreign documents produced, then it must produce the translated documents as well" and collecting cases).

### B.  *Defendants' Position*

The SEC's additional proposals have no basis in the Federal Rules and should be rejected.

*First*, this Court's Rules should govern briefing on any discovery disputes.  Before there have been any discovery disputes on the merits, the SEC preemptively seeks to make responses to discovery motions due in just 5 business days, as opposed to the 14 calendar days permitted under LCvR 7(b).  The additional week of briefing that is typically permitted would have virtually no effect on the overall timing of discovery, as it would amount to only a small proportion of the discovery period proposed by either party.  On the other hand, eliminating it

would reduce by *half* the time the parties would have to respond to potentially complex discovery disputes, which might involve further negotiation of potential compromises, as well as coordination with document custodians and decision-makers at clients who reside outside the United States and in distant time zones. The SEC's proposed alteration of the ordinary schedule appears designed to provide asymmetrical advantages to the SEC, assuming it already expects to be the proponent of motions to compel, which it can draft on any timetable, with no deadlines whatsoever. Although the SEC claims the Court's ordinary briefing rules will "interminably delay its resolution" of disputes, Defendants are confident that the Court will diligently address those disputes as it is able, regardless of whether briefing extends over one additional week.

The SEC also has offered no justification for departing from the page limitations set forth in LCvR 7(e). As a compromise, Defendants are willing to eliminate reply briefs if that is the SEC's preference. Otherwise, the parties should brief discovery disputes within the deadlines and page-length parameters required by the Court's rules.

*Second*, Defendants object to the SEC's extraordinary proposal to compel Defendants to translate documents on the SEC's behalf during discovery. Even if Defendants create translations of certain documents for attorney review and analysis, they do not create official translations that are certified or that necessarily can be readily shared. At times, Defendants rely on their attorneys for translations—just as they rely on them to create summaries, analysis, and other discovery-related work product that cannot be shared. The SEC is capable of translating its own documents (as it did during expedited discovery). The SEC cites a district court case from New York to support its position on translation but fails to acknowledge authorities holding that "Rule 34 contains no basis for orders" requiring translation, "and that, moreover, such orders violate the well-accepted principle that each party bear the ordinary burden of financing his own

15

suit." *In re Puerto Rico Elec. Power Auth.*, 687 F.2d 501, 506 (1st Cir. 1982). Courts in this district have expressed approval for that position. *See In re Fialuridine (FIAU) Prod. Liab. Litig.*, 163 F.R.D. 386, 387 (D.D.C. 1995) (noting that under the *In re PREPA* decision, "the seminal case on the assessment of translations costs for Rule 34 productions," "a party cannot impose the cost of translating documents that exist in a foreign language on the producing party."). Each side should bear its own costs of discovery, including translation costs, as is the ordinary course in any litigation.

Dated: October 4, 2024

Respectfully submitted,

s/ Daniel W. Nelson
Daniel W. Nelson (D.C. Bar #433415)
Jason J. Mendro (D.C. Bar #482040)
Stephanie Brooker (*pro hac vice*)
M. Kendall Day (*pro hac vice*)
Amy Feagles (*pro hac vice*)
Matt Gregory (D.C. Bar #1033813)
Jeremy M. Christiansen (D.C. Bar #1044816)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
(202) 887-3687 (Nelson)
DNelson@gibsondunn.com

*Attorneys for Defendant Binance Holdings Limited*

s/Matthew Scarlato
Matthew Scarlato (D.C. Bar No. 484124)
Jennifer L. Farer (D.C. Bar No. 1013915)
David A. Nasse (D.C. Bar No. 1002567)
SECURITIES AND EXCHANGE COMMISSION
100 F Street, NE
Washington, DC 20549-9040
(202) 551-3749 (Scarlato)
scarlatom@sec.gov

Elisa S. Solomon
J. Emmett Murphy
Jorge G. Tenreiro
SECURITIES AND EXCHANGE COMMISSION
100 Pearl Street
New York, NY 10004

*Attorneys for Plaintiff Securities and Exchange Commission*

s/William A. Burck
William A. Burck
Avi Perry
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, NW, Suite 900
Washington, DC 2005
Tel.: (202) 538-8120 (Burck)
williamburck@quinnemanuel.com
aviperry@quinnemanuel.com

Emily Kapur (*pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Dr.
5th Floor
Redwood Shores, California 94065
Tel: (650) 801-5122
emilykapur@quinnemanuel.com

*Attorneys for Defendant Changpeng Zhao*

s/Daniel J. Davis
Daniel J. Davis (D.C. Bar #484717) (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
1919 Pennsylvania Ave NW
Washington DC 20006
daniel.davis@katten.com

Christian T. Kemnitz (*pro hac vice*)
Levi Giovanetto (D.C. Bar #1001160) (*pro hac vice*)
David Luger (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661
christian.kemnitz@katten.com
levi.giovanetto@katten.com
david.luger@katten.com

George S. Canellos (*pro hac vice*)
Matthew Laroche (*pro hac vice*)
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163
212-530-5792
gcanellos@milbank.com
mlaroche@milbank.com

*Attorneys for Defendants BAM Trading Services Inc. and BAM Management Holdings US Inc.*