UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 23-1599 (ABJ) |
| BINANCE HOLDINGS LIMITED, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**SCHEDULING ORDER**

In light of the Joint Report submitted by the parties pursuant to Local Civil Rule 16.3 [Dkt. # 278] and the Order entered separately on this date [Dkt. # 280], it is hereby **ORDERED** that:

1. Initial disclosures pursuant to Federal Rule of Civil Procedure 26 must be transmitted to the opposing party/parties by **October 25, 2024**. *See* LCvR 26.2(a).

2. Defendants' answers or pleadings in response to the amended complaint will be due on **November 4, 2024.**

3. The opposition(s) to any motion to dismiss will be due on **December 4, 2024**, and any replies by the SEC will be due on **December 26, 2024**.

4. As of August 13, 2024, the parties were authorized to engage in paper discovery only. The parties may now conduct fact discovery, including depositions, on all claims in the complaint that are proceeding pursuant to the Court's June 28, 2024 Memorandum Opinion and Order [Dkt. # 248].  The claims that are proceeding are:  the portions of Count One against Binance relating to the initial coin offering ("ICO") of BNB and Binance's ongoing sales of BNB after the ICO; the claim against Binance in Count Three regarding BNB Vault; the claim in Count Four that BAM Trading offered and sold its Staking Program as an investment contract; the claims that Binance (Counts Five, Six, Seven, Eight, and Ten) and BAM Trading (Counts Eight, Nine, and Ten) failed to register under the Exchange Act; Counts Eleven and Twelve:  the claims in Counts Eleven and Twelve against defendant Zhao as a control person over Binance and BAM Trading for their alleged violations of the Exchange Act; and the claim in Count Thirteen that BAM Management and BAM Trading violated the anti-fraud provisions of the Securities Act.

5. All requests for production of documents and interrogatories must be propounded by **July 18, 2025**; requests for admission must be propounded by **September 19, 2025,** and all **fact discovery will close on November 21, 2025.**

6. **Depositions**: The SEC may take up to 18 depositions, including Rule 30(b)(6) depositions, and the defendants may take up to 18 depositions.  If a party believes that more are necessary, they may seek authorization from the Magistrate Judge overseeing discovery to take additional depositions.

7. **Expert Discovery**:  The SEC's expert disclosures are due by **December 19, 2025**.  Upon request, the SEC must endeavor to make an expert or experts available for deposition by January 23, 2026.  Defendants' expert disclosures are due by **February 6, 2026**.  The SEC's disclosures rebutting defendants' experts are due by **February 27, 2026**.  **Expert discovery closes on March 27, 2026.**

8. A **post-discovery status conference** will be held on **April 2, 2026** 10:00 a.m. in Courtroom 25.

9. Any motion to extend the end of fact discovery must include a proposed revised schedule with all of the other dates extended accordingly.

10. A schedule for the filing of summary judgment motions – which will not be structured as simultaneous motions, oppositions, and replies, but rather, initial motion, opposition and cross motion supported by a single memorandum of points and authorities, combined reply/cross opposition, and cross reply – and for the submission of hyperlinked versions of the Statements of Fact will be established at the post discovery status conference.  A schedule for trial and pre-trial proceedings will be established, if necessary, after the ruling on the motions.

It is **FURTHER ORDERED** that counsel must read and comply with all of the Local Rules of this Court, particularly Local Civil Rules 5.1(a),(b), and (d); 5.2(a); and 5.4.  Rule 5.2(a) shall apply to any initial disclosures or expert disclosures or any other discovery materials transmitted pursuant to Federal Rule of Civil Procedure 26 or this Scheduling Order.  All rules will be enforced by the Court whether they are specifically mentioned in this Scheduling Order or not.

## DISCOVERY

As set forth in the August 13, 2024 Interim Scheduling Order and Referral to a Magistrate Judge [Dkt. # 254], the oversight of discovery and resolution of discovery disputes are referred to

Magistrate Judge Zia M. Faruqui. Counsel are required to confer in good faith in an effort to resolve all discovery disputes before bringing any dispute to the Court.  **The Magistrate Judge may, in his discretion, establish procedures or prerequisites for the filing of discovery motions, such as the requirement of a telephone conference.**

With respect to depositions, the Court expects that counsel will endeavor in good faith to resolve disputes among themselves, and it cautions that while appropriate objections may be noted for the record, no lawyer may instruct a witness not to answer a question unless the question calls for the revelation of privileged material. Disputes brought to the Court for resolution may be subject to the sanctions provisions set forth in Federal Rule of Civil Procedure 37 and Local Civil Rule 26.2(a).

## SCHEDULING MATTERS

Counsel are directed to contact the Court's Courtroom Deputy in the first instance to request the rescheduling of court appearances. The party seeking the change in schedule must first confer with counsel for all other parties and be prepared to provide the Courtroom Deputy with proposed mutually agreeable dates.

Extensions of time to file dispositive motions, status reports, or expert witness designations, or to complete discovery, will be granted as a matter of course if all parties consent and if the extensions will not require a change in any scheduled court appearance (status conference, motion hearing, pretrial conference, trial). But **any motion to extend a deadline set by the Court must be filed at least two business days prior to the date to be extended**. Motions that do not comply with this requirement, including consent motions, will be denied absent a statement demonstrating good cause for the failure to do so.

## MOTIONS

Motions that do not comply with Local Civil Rule 7 may be denied or stricken *sua sponte*.

A party seeking leave to file a pleading in excess of the page limits set by Local Rule 7(e) must request leave to do so at least one week before the pleading is due.

Parties must comply with Local Civil Rule 5.1(d), which requires the use of 12 point font for footnotes as well as the body of any pleading.

A party may not file a sur-reply without first requesting leave of the Court.

Motions for reconsideration of prior rulings are strongly discouraged. They may be filed only when the requirements of Federal Rules of Civil Procedure 54(b), 59(e), and/or 60(b) are met. If such a motion is filed, it shall not exceed ten (10) pages in length. Moreover, the Court may strike: (a) motions which simply reassert arguments previously raised and rejected by the Court; or (b) arguments which should have been previously raised, but are being raised for the first time. *See Nat'l Trust v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1995).

The parties may file a joint motion for a protective order governing the treatment of confidential material such as medical or personnel records. However, the order may not require that if submitted to the court, confidential material "must be filed under seal"; it may provide that such material must be filed with a motion for leave to file under seal in accordance with Local Civil Rule 5.1(h)(1).

## MOTIONS FOR SUMMARY JUDGMENT

Counsel should take care to comply with Local Civil Rule 7(h). In circumstances in which Rule 7(h)(1) is applicable, the parties must abide by the following guidelines in complying with the rule:

1. The memorandum of points and authorities must list the elements of any count for which summary judgment is sought.

2. The statement described in Local Civil Rule 7(h)(1) listing the facts as to which the moving party contends there is no material issue must be a separate document.

3. Each material fact included in the statement must be numbered individually, and a citation to the evidentiary support in the record must be provided for each numbered fact.

4. The Court will not consider any fact (a) not supported by a reference to evidence; (b) supported by a citation to a pleading rather than to evidence; (c) that states a legal conclusion; or (d) that is asserted in a brief and not in the movant's statement of material facts.

5. The opposition to a motion for summary judgment must be accompanied by a separate document that responds directly and individually to the movant's material facts. The opposition should clearly indicate which elements of which counts are subject to genuine factual disputes.

6. The response must contain numbered responses that correspond to each numbered material fact listed in the moving party's statement and indicate whether or not a dispute exists as to each. (The Court would greatly appreciate a response that provides this information in the form of a table with two columns – one for the movant's numbered material facts, and one for the response to each.)

7. For each fact that is disputed, the response should contain (in the appropriately numbered individual paragraph) a concise, non-argumentative response and a citation to the evidence supporting that response.

8. The Court will deem the movant's citations to be supportive of its facts unless the respondent specifically informs the Court to the contrary in its response.

9. The opposition to a motion for summary judgment must also include the statement of genuine issues described in Local Civil Rule 7(h)(1) that lists any additional facts which the respondent contends are material and present a genuine issue for trial.  The statement must comply with the guidelines set out in paragraphs 1–3 above.

10. If a respondent provides a statement of additional material facts which are in dispute, then, within the time permitted for a reply, the movant may file a concise and supported response to each of the respondent's facts, also in a numbered format that corresponds to the numbers in the respondent's statement.

## **SETTLEMENT**

Counsel are expected to continue to evaluate their respective cases for settlement purposes, and the parties may notify chambers at any time if they jointly conclude that the case would benefit

from the assistance of the Court's Mediation Program or a Magistrate Judge. If the case settles in whole or in part, plaintiff's counsel shall advise the Court by promptly filing a stipulation.

**SO ORDERED**.

*[signature: Amy B Jackson]*

AMY BERMAN JACKSON
United States District Judge

DATE:  October 17, 2024