UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:23-cv-01599-ABJ-ZMF |
| BINANCE HOLDINGS LIMITED, BAM TRADING SERVICES INC., BAM MANAGEMENT US HOLDINGS INC., AND CHANGPENG ZHAO, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF SECURITIES AND EXCHANGE
COMMISSION'S SURREPLY IN RESPONSE TO THE BAM DEFENDANTS'
REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this Surreply to address assertions raised by Defendants BAM Trading Services Inc. and BAM Management US Holdings Inc. (collectively, "BAM Defendants") in their Reply in Support of their Motion to Dismiss the SEC's Amended Complaint, Dkt. 292 ("BAM Reply").

In the BAM Defendants' initial Memorandum in Support of their Motion to Dismiss the Amended Complaint, they asserted that two allegations in paragraphs 655 (concerning SAND) and 740 (concerning AXS) of the Amended Complaint attributing statements to crypto asset issuers were based on "fake" or "scam" posts on an online publishing platform named Medium. BAM Mem., Dkt. No. 287 at 25, n.32; *see also id.* at 36, 39. Both Internet posts purport on their face to be posts made by the issuers of those crypto assets (Axie Infinity for AXS and The Sandbox for SAND).

**RECEIVED**
FEB 13 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

In the SEC's Opposition to Defendants' Motions to Dismiss the Amended Complaint, it argued that the BAM Defendants raised issues of fact that would be the subject of discovery at the appropriate time and are improper for resolution on a Rule 12 motion. SEC Opp., Dkt. No. 290 at 50.

In the BAM Reply, the BAM Defendants claim that the SEC "continue[s] to rely on allegations that it *knows* to be based on fake evidence." BAM Reply at 13 (emphasis added). In support of this assertion, they repeat their prior arguments, but also cite the additional fact that, at some point after the Amended Complaint was filed, one of the two Medium webpages was taken down and replaced by an Internet web post stating that the posting account was "under investigation or was found in violation of the Medium Rules." BAM Reply at 2 n.1. The BAM Defendants also invoked the SEC's duty of candor in criticizing the "SEC's failure to correct the record." BAM Reply at 13.

The SEC takes the BAM Defendants' assertions seriously and rejects any suggestion that it has not complied with its candor obligations to the Court. The information they provided is certainly not dispositive, and the SEC maintains that the question of who created these posts remains a factual issue that requires additional third-party discovery and should not be resolved on a Rule 12 motion. Notably, although these posts have been available online since 2023, the SEC is not aware of, and the BAM Defendants have not cited, any statements by these issuers (or anyone else) informing investors that the statements are "fake," or warning investors only to rely on identified "official" webpages (a term that the BAM Defendants do not define and that does not appear on any of the cited webpages). While one of the posts has now been taken down, the cause for removal or whether it has anything to do with the SEC's allegations is not known based on the website's assertions of an "investigation" or unspecified "rule violations."

However, upon reviewing the information the BAM Defendants cite in their briefs, including the additional fact raised in their Reply, the SEC acknowledges that the information raises questions about whether the posts described in paragraphs 655 and 740 of the Amended Complaint concerning two of the third-party tokens at issue were, in fact, posted (directly or indirectly) by the relevant issuers.

Accordingly, out of an abundance of caution, the SEC agrees to forego any reliance on paragraphs 655 and 740 of the Amended Complaint for purposes of its Opposition to the Defendants' Motions to Dismiss and respectfully requests that the Court not consider them in considering the Defendants' Motions to Dismiss.

Dated: February 10, 2025                              Respectfully submitted,

s/ Matthew Scarlato
Matthew Scarlato (D.C. Bar No. 484124)
Jennifer L. Farer (D.C. Bar No. 1013915)
David A. Nasse (D.C. Bar No. 1002567)
SECURITIES AND EXCHANGE
COMMISSION
100 F Street, NE
Washington, DC 20549-9040
(202) 551-3749 (Scarlato)
scarlatom@sec.gov

Elisa S. Solomon
J. Emmett Murphy
SECURITIES AND EXCHANGE
COMMISSION
100 Pearl Street
New York, NY 10004

Rachel Yeates
SECURITIES AND EXCHANGE
COMMISSION
1961 Stout Street, Suite 1700
Denver, CO 80294

*Attorneys for Plaintiff Securities and Exchange Commission*
